UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA DOMSKI,

        Plaintiff,

v.

        Case Number 23-12023
        Honorable David M. Lawson

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

        Defendant.

_____/

## ORDER PARTIALLY CONSOLIDATING CASE FOR DISCOVERY

This case is one of a group of similar cases filed in this district alleging similar claims against defendant Blue Cross Blue Shield of Michigan. The Honorable Steven J. Murphy, the judge assigned to the first such case filed in this district, *Emerson v. Blue Cross Blue Shield of Michigan*, 22-12576, has agreed to accept the consolidation of all filed cases for the sole purpose of addressing and adjudicating discovery disputes. Judge Murphy entered an order in that case prescribing a discovery protocol. *See* 22-12576, ECF No. 29. This Court will adopt that protocol, except where it conflicts with the case management and scheduling order entered in this case.

Accordingly, it is **ORDERED** that this case is consolidated with *Emerson v. Blue Cross Blue Shield of Michigan*, 22-12576 for purposes of discovery **ONLY.**

It is further **ORDERED** that the parties shall follow the protocol outlined in the attached Order Regarding Consolidation and Related Matters that are consistent with the case management and scheduling order entered in this case (ECF No. 9). If any provision in Judge Murphy's order

conflicts with the case management order entered in this case, the case management order shall govern.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  October 10, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIERRA EMERSON,

    Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF MICHIGAN,

    Defendant.

    Case No. 2:22-cv-12576

    HONORABLE STEPHEN J. MURPHY, III

_____/

## STIPULATION AND ORDER
## REGARDING CONSOLIDATION AND RELATED MATTERS

The Court held a scheduling conference and issued a scheduling order. ECF 25. At the conference, the Court discussed with the parties the possibility of consolidating before the Court, for purposes of discovery, thirty-two similar cases filed in this district. The cases include:

1. *Salvatore Biondo v. LifeSecure Insurance Company*, 2:23-cv-11145
2. *Jacqulyn Bradley v. Blue Cross Blue Shield of Michigan*, 4:22-cv-12577
3. *Jamie Burzan v. Blue Cross Blue Shield of Michigan*, 4:22-cv-12900
4. *Chris Casciano v. LifeSecure Insurance Company*, 2:23-cv-11149
5. *Indeiria Clark v. Blue Cross Blue Shield of Michigan*, 2:22-cv-13016
6. *Michael Daubenmeyer v. LifeSecure Insurance Company*, 2:23-cv-10474
7. *Cheryl Dean v. Blue Cross Blue Shield of Michigan*, 2:22-cv-12874
8. *Angela Dickhudt v. Cobx Co.*, 2:22-cv-12838
9. *Ranjeet Escamilla v. Blue Cross Blue Shield of Michigan*, 2:23-cv-10279
10. *Elizabeth Francis v. Blue Cross Blue Shield of Michigan*, 1:22-cv-12890
11. *Lisa Frizzell v. Blue Cross Blue Shield of Michigan*, 2:22-cv-12899
12. *Gina Galli v. Blue Cross Blue Shield of Michigan*, 2:22-cv-12876
13. *Jeff Garczysnki v. Accident Fund Insurance Company*, 2:22-cv-12615
14. *Khaneisha Gardner v. Blue Cross Blue Shield of Michigan*, 4:23-cv-11084
15. *Gina Guerra v. Blue Cross Blue Shield of Michigan*, 5:22-cv-12893
16. *Christie Hayman v. Blue Cross Blue Shield of Michigan*, 2:22-cv-12877
17. *Scott Holley v. Blue Cross Blue Shield of Michigan*, 2:23-cv-11372

1

18. *Matthew Vaughn Housepian v. Blue Cross Blue Shield of Michigan*, 2:22-cv-12878
19. *Charita Kelly v. LifeSecure Insurance Company*, 4:23-cv-11375
20. *Abigail Langerak v. Blue Cross Blue Shield of Michigan*, 4:22-cv-12880
21. *Juana Lowe v. Blue Cross Blue Shield of Michigan*, 4:22-cv-12881
22. *Najean Lucky v. Cobx Co.*, 4:22-cv-12514
23. *Carmen Peeples v. Blue Cross Blue Shield of Michigan*, 2:23-cv-11147
24. *Brooke Pung v. Tessellate, LLC*, 2:23-cv-10475
25. *Rachel Riesing v. Blue Cross Blue Shield of Michigan*, 2:22-cv-12883
26. *Nina Riley v. Blue Cross Blue Shield of Michigan*, 2:22-cv-12886
27. *Ryan Romano v. Blue Cross Blue Shield of Michigan*, 2:22-cv-12901
28. *Crystal Sesi v. Blue Cross Blue Shield of Michigan*, 2:23-cv-10838
29. *Allyson Silverthorn v. Blue Cross Blue Shield of Michigan*, 2:22-cv-12887
30. *Renee Stallworth v. Blue Cross Blue Shield of Michigan*, 5:22-cv-12898
31. *Nichole Stevens v. Blue Cross Blue Shield of Michigan*, 2:22-cv-12894
32. *Shannon Wojtowicz v. Blue Cross Blue Shield of Michigan*, 2:22-cv-12888

The parties then submitted to the Court's chambers a stipulation in which they agreed to consolidate the above thirty-two cases before the Court, along with 101 putative plaintiffs' anticipated cases, for purposes of discovery. After review of the stipulation, the Court will enter it and consolidate the thirty-two cases, along with the 101 putative plaintiffs' anticipated cases, for purposes of discovery only.[1]

**WHEREFORE**, it is hereby **ORDERED** that the stipulation of the parties is **ENTERED**.

**IT IS FURTHER ORDERED** that the above thirty-two pending cases are **CONSOLIDATED** before the Court, along with the 101 putative plaintiffs' anticipated cases, for purposes of discovery.

---

[1] The thirty-two above-listed cases will not be consolidated or companioned with 2:22-cv-12576 in their entirety. In fact, the consolidation is only for discovery, and the consolidation contemplated in this order is limited to that purpose. As the below stipulation describes, all discovery-related filings will be filed on the 2:22-cv-12576 docket. But all other filings, including dispositive motions, will be filed on the docket of each respective case.

2

**IT IS FURTHER ORDERED** that the Clerk of the Court must **CONSOLIDATE** the above-listed thirty-two cases with the present case, *Emerson v. Blue Cross Blue Shield of Michigan*, 2:22-cv-12576, for purposes of discovery.

**IT IS FURTHER ORDERED** that counsel in each of the above-listed thirty-two pending cases must **FILE** an appearance in *Emerson v. Blue Cross Blue Shield of Michigan*, 2:22-cv-12576.

**IT IS FURTHER ORDERED** that any discovery deadlines currently scheduled in the above-listed thirty-two pending cases are **VACATED**. Any other deadlines in those thirty-two cases, including dispositive motion deadlines, will **REMAIN** as is.

**IT IS FURTHER ORDERED** that the 101 putative plaintiffs, as listed in the stipulation, must **FILE** complaints **no later than August 31, 2023**.

**IT IS FURTHER ORDERED** that all defendants must **RESPOND** to any complaints filed by the 101 putative plaintiffs **no later than October 31, 2023**.

**IT IS FURTHER ORDERED** that, if filed, any of the 101 putative cases must **INCLUDE** the following caption designation in the complaint: "*Consolidated with Case No. 2:22-cv-12576 for purposes of discovery.*"

**IT IS FURTHER ORDERED** that the parties must **EXCHANGE** discovery requests **no later than August 31, 2023**.

**IT IS FURTHER ORDERED** that the parties must **RESPOND** to the discovery requests **no later than November 30, 2023**.

3

IT IS FURTHER ORDERED that the parties must COMPLETE discovery no later than January 31, 2024.

IT IS FURTHER ORDERED that the parties must PROVIDE to the Court joint-proposed party groupings no later than February 29, 2024.

SO ORDERED.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 28, 2023