UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA DOMSKI,

        Plaintiff,

v.
                                     Case Number 23-12023
                                     Honorable David M. Lawson

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO ADJOURN TRIAL DATE

The matter is before the Court on the plaintiff's motion to adjourn the trial date. This case presently is set to proceed to trial on October 29, 2024. *See* Scheduling Order, ECF No. 9, PageID.45. On July 8, 2024, attorney Jonathan R. Marko filed a notice of appearance on behalf the plaintiff. The plaintiff already was represented by counsel, but attorney Marko states that he is "trial counsel." ECF No. 22, PageID.184. On July 13, 2024, the plaintiff filed the present motion, which seeks to postpone the final pretrial conference and trial dates "to a date in the first three months of 2025 or, alternatively, to a date that is most convenient for this Court." *Id.* at PageID.185. In support of his request, the plaintiff avers that attorney Marko has two other trials scheduled in Wayne County, Michigan circuit court in October and November of 2024 that conflict with the dates in this case. The defendant does not oppose the plaintiff's request.

The Case Management and Scheduling Order in this case was entered pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, which requires the court to "enter a scheduling order that limits the time . . . to file motions[ ] and . . . to complete discovery." Fed. R. Civ. P. 16(b)(2), (3). Once entered, "[a] schedule shall not be modified except upon a showing of good cause and

by leave of the district judge."  Fed. R. Civ. P. 16(b)(4); *see also Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003).  Moreover, a court may change a schedule "only 'if it cannot reasonably be met despite the diligence of the party seeking the extension'" and the potential for prejudice to the non-moving party.  *Ibid.* (quoting Fed. R. Civ. P. 16, 1983 advisory committee's notes); *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 272-73 (6th Cir. 2021) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).  Stated another way, "the primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  *Inge,* 281 F.3d at 625 (quoting *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir. 2001); citing *see also Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir. 2000) (joining the Eighth, Ninth, and Eleventh Circuits)), *cited in Leary,* 349 F.3d at 906.

The plaintiff has not shown good cause for an adjournment of the final pretrial conference and trial dates.  Although the defendant's non-opposition satisfies any concerns about prejudice caused by a delay, the Court does not believe that the plaintiff has exhibited sufficient diligence in attempting to meet the requirements of the scheduling order.  The trial date in this case has been known to the parties since October of 2023, and the case is not especially complex.  The plaintiff states that her other attorneys are busy litigating approximately 180 similar lawsuits pending in this district, as well as the Western District of Michigan and the Eastern District of Wisconsin.  Counsel should have evaluated whether it was prudent to take on this workload if they were not prepared to litigate each case to completion by the dates established in the Court's scheduling order.  Similarly, if attorney Marko could not honor the dates set out by the Court, he should have reevaluated whether he could serve as counsel in this matter before entering an appearance.

Accordingly, it is **ORDERED** that the plaintiff's motion to adjourn the trial date (ECF No. 22) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 17, 2024