UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA DOMSKI,

        Plaintiff,

v.

BLUE CROSS BLUE SHIELD
OF MICHIGAN,

        Defendant.

Case No. 2:23-cv-12023

Hon. David M. Lawson

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
340 Beakes Street, Suite 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
*Attorneys for Plaintiff*

Jonathan R. Marko (P72450)
MARKO LAW, PLLC
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7529
jon@markolaw.com
*Attorneys for Plaintiff*

Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Zachary L. Pelton (P85197)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI  48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
zpelton@dickinsonwright.com
*Attorneys for Defendant*

---

## DEFENDANT'S MOTION TO EXCLUDE AND STRIKE THE TESTIMONY OF PLAINTIFF'S EXPERT WITNESSES

Defendant Blue Cross Blue Shield of Michigan ("BCBSM") moves, pursuant

to Fed. R. Civ. P. 26 and 37(c)(1), that the Court enter an order: (i) excluding the

testimony of Plaintiff's untimely disclosed expert witnesses Jeffrey Bagalis and Dr. Gerald Shiener; and (ii) striking Plaintiff's related expert disclosure.

In support of its Motion, BCBSM relies on the facts, arguments, and authority set forth in its accompanying Brief in Support.

Pursuant to Local Rule 7.1, the undersigned states that there was a telephonic conference between the parties' counsel August 7, 2024, and additional e-mail correspondence on August 8, 2024, in which counsel for BCBSM explained the nature of this motion and its legal basis and requested but did not obtain concurrence in the relief sought.

WHEREFORE, BCBSM respectfully requests that this Honorable Court grant its Motion, issue an order that precludes Jeffrey Bagalis and Dr. Gerald Shiener from testifying or offering opinions as expert witnesses at trial and striking Plaintiff's expert disclosures, and award BCBSM its reasonable expenses incurred because of Plaintiff's untimely disclosure.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: */s/ Brandon C. Hubbard*
Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Zachary L. Pelton (P85197)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
zpelton@dickinsonwright.com

*Attorneys for Defendant*

Dated:  August 9, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA DOMSKI,

                                        Case No. 2:23-cv-12023

        Plaintiff,

v.                                      Hon. David M. Lawson

BLUE CROSS BLUE SHIELD
OF MICHIGAN,

        Defendant.

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
340 Beakes Street, Suite 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
*Attorneys for Plaintiff*

Jonathan R. Marko (P72450)
MARKO LAW, PLLC
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7529
jon@markolaw.com
*Attorneys for Plaintiff*

Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Zachary L. Pelton (P85197)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI  48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
zpelton@dickinsonwright.com
*Attorneys for Defendant*

---

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE AND
STRIKE THE TESTIMONY OF PLAINTIFF'S EXPERT WITNESSES**

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES.................................................................... ii

ISSUES PRESENTED...........................................................................iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ..............................v

I.    INTRODUCTION ................................................................. 1

II.    STATEMENT OF FACTS .................................................... 2

III.    LEGAL ARGUMENT........................................................... 5

    A.    Legal Standard........................................................... 5

    B.    Plaintiff's Untimely Expert Disclosures Harm BCBSM And Are Not Substantially Justified ................................................... 6

        1.    The factors.................................................... 6

        2.    Plaintiff's expert disclosures and the Bagalis Report are a surprise to BCBSM .................................... 6

        3.    Plaintiff cannot cure the surprise ............................... 8

        4.    Allowing Plaintiff's experts' testimony would disrupt trial ................................................................ 9

        5.    There is no apparent importance to the testimony of Mr. Bagalis or Dr. Shiener ....................................10

    C.    There Is No Substantial Justification For Plaintiff's Untimely Expert Disclosures...............................................11

    D.    BCBSM's Motion Should Be Granted Because Plaintiff Never Sought Leave To Supplement Her Expert Disclosures......................12

    E.    BCBSM Should Also Receive Its Reasonable Expenses...................13

IV.    CONCLUSION..........................................................14

## <u>INDEX OF AUTHORITIES</u>

**Cases**

*Aircraft Parts Exchange, Inc. v. Jet Parts at Cost, Inc.*, 12-62032-CIV; 2013 WL 12109390 (S.D. Fla. Nov. 22, 2013) ........................................................... 13

*Auto Club Grp Ins. Co. v. Omega Flex, Inc.*, *Adkisson*, No. 16-cv-12227, 2017 WL 3263355 (E.D. Mich. Aug. 1, 2017) ................................................................ 9

*Bowe v. Consolidated Rail Corp.*, 230 F.3d 1257 (Table), 2000 WL 1434584 (6th Cir. 2000) ........................................................................................................... 5

*Finley v. Marathon Oil Co.*, 75 F.3d 1225 (7th Cir. 1996) ....................................... 5

*Gatza v. DCC Litigation Facility, Inc.*, 717 Fed. Appx. 519 (6th Cir. 2017) ......... 12

*Hill v. Century Arms, Inc*, No. 3:21-CV-31-TAV-DCP, 2023 WL 7418254 (E.D. Tenn. Nov. 9, 2023) ........................................................................................ 9

*Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015) ................................................ 6

*Johnson v Nat'l Health Ins. Co.*, No. 4:22-CV-1514, 2023 WL 9025661 (N.D. Ohio Dec. 29, 2023) .................................................................................................... 9

*Keith v. J.D. Byrider Systems*, LLC, No. 3:14-CV-1317-D; 2016 WL 7491844 (N.D. Tex. Dec. 29, 2016) ......................................................................................... 10

*Meinert v. Praxair, Inc.*, 2:12-cv-92; 2016 WL 6947023 (N.D. Ind. Nov. 28, 2016) ........................................................................................................................... 13

*RJ Control Consultants, Inc v. Multiject*, LLC, 16-10728, 2022 WL 163614 (E.D. Mich. Jan. 18, 2022) ............................................................... 7, 8, 9, 10

*Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776 (6th Cir. 2003) ........................................................................................................................ 5, 6

*Vance v. United States*, 182 F.3d 920 (Table), 1999 WL 455435 (6th Cir. June 25, 1999) ...................................................................................................................... 5

*Vaughn v. Homegoods, Inc.*, No. 07–CV–15085, 2008 WL 4239505 (E.D. Mich. Sept. 11, 2008) ........................................................................................... 6

*Williams v. Baldwin County Commission*, 203 F.R.D. 512 (S.D. Ala. 2001) ......... 12

**Rules**

Fed. R. Civ. P. 16(b)(4) .................................................................................12

Fed. R. Civ. P. 26(a)(2)(D) ........................................................................5, 12

Fed. R. Civ. P. 37(c)(1) ...................................................................................5

Fed. R. Civ. P. 37(c)(1)(A) ............................................................................13

## <u>ISSUES PRESENTED</u>

(i)    Should the Court strike Plaintiff's untimely disclosure of expert witnesses, made seven months after they were due and over five months after discovery closed, where Plaintiff failed to seek leave from this Court and otherwise lacks any substantial justification for failing to comply with the Case Management Order?

        BCBSM answers:      Yes.

        Plaintiff answers:      No.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. 26 and 37(c)(1)

Fed. R. Civ. P. 37(c)(1)

*Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015)

*Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)

# I.    INTRODUCTION

Blue Cross Blue Shield of Michigan ("BCBSM") moves to strike Plaintiff Lisa Domski's ("Plaintiff") expert witnesses and exclude their corresponding testimony. BCBSM does so because Plaintiff first disclosed her experts and served an expert report seven months after she was required to do so, and five months after discovery closed. The October 29, 2024 trial date (which the Court declined to adjourn upon Plaintiff's motion) is quickly approaching. Under Rule 37(c)(1), the exclusion of such untimely disclosures is mandatory unless there is no harm to BCBSM or there is a substantial justification for Plaintiff's failure. Plaintiff's late disclosures are clearly harmful to BCBSM and without any legitimate justification whatsoever.

Plaintiff's excessively overdue expert disclosures are just the latest example of her dilatory litigation conduct, and failure to meet the requirements of this Court's scheduling order. As the Court recently explained (exactly one day before Plaintiff served her expert report regarding damages), it "does not believe that the plaintiff has exhibited sufficient diligence in attempting to meet the requirements of the scheduling order." (ECF No 23, PageID.197.) There is simply no good reason for Plaintiff's inability to follow this Court's order. And, this time, Plaintiff's failures cause significant harm to BCBSM, as it would be forced to mount a defense at trial

without deposing Plaintiff's experts, conducting discovery, retaining its own expert witnesses, and without an opportunity to file *Daubert* motions.

The remedy for BCBSM is simple. The Court and BCBSM should not be forced to hear and litigate, respectively, this case on Plaintiff's unilateral timeline. BCBSM respectfully requests that the Court exclude Plaintiff's experts from testifying or offering opinions at trial and strike her expert disclosures. BCBSM further requests an award of reasonable expenses caused by Plaintiff's dilatory conduct and late disclosure of experts without leave of this Court.

## II.   STATEMENT OF FACTS

In this employment action, Plaintiff sued her former employer, BCBSM, after she was terminated for refusing to comply with BCBSM's COVID-19 Vaccination Policy. (ECF No. 1, PageID.1) Plaintiff brings three counts against BCBSM related to her termination—two counts of religious discrimination under Title VII, and one count for religious discrimination under the Elliot-Larsen Civil Rights Act. (ECF No. 1, PageID.9-14.)

Commensurate with the needs of this case, the Court entered the operative Case Management Order on October 10, 2023. (ECF No. 9.) In relevant part, the Court ordered the following deadlines:

*Expert Disclosure, plaintiff: December 7, 2023*

*Expert Disclosure, defendant: January 8, 2024*

*Pretrial Disclosures (Rule26(a)(3)): August 12, 2024*

*Discovery Cutoff: January 31, 2024*

*Motions Challenging Experts Filed By: February 19, 2024*

*Trial Date: October 29, 2024 at 8:30 a.m.* (ECF No. 9, PageID.45.)

The Court further specified that "disclosure of an expert witness's identity under Rule 26(a)(2)(A) shall be made within three (3) business days of the expert's retention; other disclosure under Rule 26(a)(2)(B) and (C) shall be served on opposing counsel . . . by the party with the burden of proof on the issue on or before **December 7, 2023** and by the opposite party on or before **January 8, 2024**." (*Id*. at PageID.46, II (B).) Rule 26(a)(2)(B) and (C) in turn address disclosure of expert reports and disclosure of necessary information regarding experts who are not required to provide a report.

On July 5, 2024, despite the above-referenced deadlines, Plaintiff made her first expert disclosures in this case. (ECF No. 20, PageID.173.) Plaintiff did so when she abruptly filed a witness list for all witnesses (including fact witnesses) that listed Jeffrey T. Bagalis who supposedly "will provide expert testimony related to [Plaintiff's] economic damages." (*Id*.) Plaintiff's witness list also disclosed that Dr. Gerald Shiener "will provide expert testimony related to [Plaintiff's] psychological damages." (*Id*.)

3

But the Court made clear its expectation that the parties abide by the dates provided in the Case Management Order.  On January 2, 2024, the parties submitted a stipulated motion to modify the scheduling order (ECF No. 15) (filed nearly a month after Plaintiff's expert disclosures were due), which this Court denied except for a modest extension to file dispositive motions (ECF No. 17, PageID.106.) Notably, that stipulated motion did not seek an extension of Plaintiff's deadline for expert disclosures. (ECF No. 15, PageID.103.)

Then recently, on July 13, 2024, Plaintiff filed a motion to adjourn the current October 29, 2024 trial date to early next year. (ECF No. 22, PageID.188.) The Court denied that motion. (ECF No. 23, PageID.196.) In doing so, the Court found the following:

> The plaintiff has not shown good cause for an adjournment of the final pretrial conference and trial dates. …, the Court does not believe that the plaintiff has exhibited sufficient diligence in attempting to meet the requirements of the scheduling order. The trial date in this case has been known to the parties since October of 2023, and the case is not especially complex. [ECF No. 23, PageID.197].

The very next day, July 18, 2024, Plaintiff served on BCBSM a report of a purported economic damages expert, Jeffrey T. Bagalis. (**Exhibit 1**.) Plaintiff served the report of Mr. Bagalis without seeking leave of this Court to extend the deadlines related to expert disclosures or reports. While the soundness of Mr. Bagalis' opinion is not the subject of this motion, he believes that Plaintiff's economic damages

exceed $1.2 million in lost earnings and benefits. (*Id.* at 10.) To date, Plaintiff has not served on BCBSM an expert report of Dr. Shiener. Undersigned counsel certifies that, given Plaintiff's failure to timely disclose its experts, BCBSM has not begun the process of retaining expert witnesses to rebut the testimony of Mr. Bagalis or Dr. Shiener.

## III.    LEGAL ARGUMENT

### A.    Legal Standard

Under Rule 26(a)(2)(D), "[a] party must make [its expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). When "a party fails to . . . identify a witness as required by Rule 26(a) . . . the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Bowe v. Consolidated Rail Corp.*, 230 F.3d 1257 (Table), 2000 WL 1434584, at *2 (6th Cir. 2000) (quoting *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996)); *see also Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance v. United States*, 182 F.3d 920 (Table), 1999 WL 455435, at *3 (6th Cir. June 25, 1999) (Rule 37(c)(1) "requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a

party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified'"").

The burden is on the potentially sanctioned party to prove harmlessness or substantial justification. *Id.*; *see also Vaughn v. Homegoods, Inc.*, No. 07–CV– 15085, 2008 WL 4239505, at *3 (E.D. Mich. Sept. 11, 2008) ("The potentially sanctioned party has the burden to prove the application of one of these exceptions").

### B.   Plaintiff's Untimely Expert Disclosures Harm BCBSM And Are Not Substantially Justified

#### 1.   The factors

Courts in the Sixth Circuit look to the following factors to determine if a failure to disclose is harmless: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. *Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015). While not necessary to grant BCBSM's motion, all factors weigh in favor of BCBSM and an order excluding the testimony of Plaintiff's experts.

#### 2.   Plaintiff's expert disclosures and the Bagalis Report are a surprise to BCBSM

Plaintiff's expert disclosures (in the witness list filed on July 5, 2024 and the Bagalis report served on July 18, 2024) were made seven months too late and come as a total surprise to BCBSM. At no prior time in this litigation has Plaintiff

identified Mr. Bagalis or Dr. Shiener as potential expert witnesses. They were not listed in Plaintiff's initial disclosures or in response to BCBSM's discovery requests. BCBSM did not have an opportunity to depose either witness or seek discovery related to their expected testimony.

Indeed, when the parties submitted a stipulated motion to modify the Case Management Order, Plaintiff did not even ask to extend the expert witness deadlines, leaving BCBSM with only one logical conclusion: Plaintiff was not planning to call expert witnesses in this matter. (ECF No. 15, PageID.103.) Plaintiff's extremely overdue change of course to identify experts was wholly unanticipated. As this Court found in similar circumstances where a plaintiff failed to meet the expert disclosure deadlines, the "surprise to defendants would be extreme" because "defendants would have to confront at trial the opinions of an expert whose detailed report they would not have seen before the . . . deadline, and who they would not have deposed, and cannot depose since the discovery period has closed." *RJ Control Consultants, Inc v. Multiject*, LLC, 16-10728, 2022 WL 163614, at *6 (E.D. Mich. Jan. 18, 2022) (J. Lawson). The exact same is true here. Plaintiff's late disclosure (made over 5 months after discovery closed and on the verge of trial), is an extreme surprise to BCBSM. This factor clearly weighs in favor of excluding the testimony of Mr. Bagalis and Dr. Shiener and striking them from Plaintiff's witness list.

7

### 3.    Plaintiff cannot cure the surprise

To cure the surprise of the untimely disclosures would require a complete revision of the Case Management Order. Specifically, BCBSM would need an opportunity to find and retain rebuttal experts, serve any necessary supplemental discovery requests related to the opinions of Mr. Bagalis and Dr. Shiener, and a chance to challenge their opinions through motion practice. The Case Management order specifically allowed BCBSM one month after Plaintiff's expert disclosures to locate and disclose BCBSM's experts and over two months to file motions challenging Plaintiff's experts. (ECF No. 9, PageID.45-46.) Plaintiff's expert disclosures, which missed the court-ordered deadline by seven months and were made so close to trial, make it impossible to cure the surprise caused to BCBSM and maintain the deadlines ordered by this Court.

This is especially so because discovery closed on January 31, 2024. And this Court made clear that extensions of the deadlines are not appropriate for this case—most recently when it denied Plaintiff's motion to adjourn trial to early 2025. (*See* ECF No. 23.) That leaves in place the current October 29, 2024 trial date, giving BCBSM just over two months before trial to locate and retain rebuttal experts, depose Plaintiff's experts, conduct any further written or document discovery that may be necessary, and file *Daubert* motions as appropriate. As this Court described in *RJ Control Consultants*, "there is no ability to cure that surprise other than

8

rebooting the entire supplemental discovery process." 2022 WL 163614, at *6. And, as discussed further below, there is no legitimate reason to do so. Plaintiff cannot cure the surprise to BCBSM and, respectfully, this Court should exclude the testimony of Plaintiff's experts. *See also Hill v. Century Arms, Inc*, No. 3:21-CV-31-TAV-DCP, 2023 WL 7418254, at *8 (E.D. Tenn. Nov. 9, 2023) ("Plaintiff did not disclose [expert] until . . . approximately seven months after the expert disclosure deadline. While the deadline for discovery does not expire until November 10, 2023 . . . this is not sufficient time for Defendants to take discovery from [the expert] and obtain any rebuttal to [the expert's] opinions.").

### 4. Allowing Plaintiff's experts' testimony would disrupt trial

Allowing Plaintiff's experts' testimony would require adjourning the trial date—and the Court very recently declined Plaintiff's request to do so. The trial date of October 29, 2024 is quickly approaching. Even with more time before trial, or even a trial date not scheduled, courts find that allowing testimony from untimely disclosed experts would disrupt trial. *See Johnson v Nat'l Health Ins. Co.*, No. 4:22-CV-1514, 2023 WL 9025661, at *3 (N.D. Ohio Dec. 29, 2023) (excluding expert where disclosures were made four months before trial); *Auto Club Grp Ins. Co. v. Omega Flex, Inc.*, *Adkisson*, No. 16-cv-12227, 2017 WL 3263355, at *3 (E.D. Mich. Aug. 1, 2017) (excluding as untimely expert disclosed one month before dispositive motion deadline where the surprise could not be cured "absent a significant

adjournment of trial and a reopening of discovery," which "would significantly disrupt the trial"); *RJ Control Consultants*, 2022 WL 163614, at *6 (excluding expert disclosed after deadline "even though no trial date presently has been sent" because the "scheduling order was designed to marshal . . . productive pretrial litigation," but "that goal has been scuttled by the plaintiffs' failure to comply with their essential discovery obligations.").

Given that Plaintiff's expert disclosures are seven months overdue and come well after discovery closed, there is no way to cure the surprise caused to BCBSM without adjourning the trial date. Such a disruption clearly weighs in favor of excluding the testimony of Plaintiff's experts.

### 5.   There is no apparent importance to the testimony of Mr. Bagalis or Dr. Shiener

At most, the testimony of Plaintiff's experts would merely serve as additional evidence that could help her case. That is not the level of importance that Plaintiff must show to carry her burden in avoiding exclusion under Rule 37(c)(1). *See  Keith v. J.D. Byrider Systems*, LLC, No. 3:14-CV-1317-D; 2016 WL 7491844 at *2 (N.D. Tex. Dec. 29, 2016) (where "defendants can only contend that the expert will be helpful" and not that "he is essential[,] . . . the importance of the testimony is either neutral or weighs against" allowing it).  If expert testimony from a damages expert or psychiatrist was necessary to Plaintiff's case, Plaintiff would have made their testimony a priority and timely disclosed Mr. Bagalis and Dr. Shiener when this

Court ordered her to do so. The expert testimony is not so important that it must be allowed despite Plaintiff's failure to timely disclose.

### C.   There Is No Substantial Justification For Plaintiff's Untimely Expert Disclosures

Plaintiff may erroneously endeavor to point to the fact that her attorneys are busy litigating approximately 180 similar lawsuits across other jurisdictions or that she has retained a new lawyer to now assist with her case. However, as this Court found in denying Plaintiff's motion to adjourn the trial date, those reasons are unavailing: "Counsel should have evaluated whether it was prudent to take on this workload if they were not prepared to litigate each case to completion by the dates established in the Court's scheduling order." (ECF No. 23, PageID.197.) As the Court explained in denying that motion, it "does not believe that the plaintiff has exhibited sufficient diligence in attempting to meet the requirements of the scheduling order." (*Id*.)

Plaintiff's excessive delay is especially unfounded since Plaintiff's attorney emailed the undersigned counsel on February 4, 2024, explaining that "Plaintiffs in the EDMI, WDMI, and EDWI reserved the right … to retain experts," and specifically mentioned Mr. Bagalis and Dr. Shiener as potential experts that some of his 180+ clients may retain in the future. (**Exhibit 2**.) As Plaintiff's attorney stated, "those Plaintiffs utilizing experts will not obtain expert reports until the courts have adjudicated early dispositive motions.  So there is no prejudice to Defendants,

11

Plaintiffs will alert Defendants as to the status of any expert witness in advance of the close of discovery, make the expert available to Defendants for deposition, and allow Defendants as much time as necessary to obtain a rebuttal expert." (*Id*.)

Plaintiff failed to do any of that in this case. In fact, that email from Plaintiff's counsel came four days *after* discovery closed *in this case* (on January 31, 2024). (ECF No. 9, PageID.45.) Plaintiff simply cannot carry her burden to show substantial justification for the failure to abide by the deadlines set by this Court and, respectfully, this Court should exclude her expert witnesses from testifying at trial and strike them from Plaintiff's witness list.

### D. BCBSM's Motion Should Be Granted Because Plaintiff Never Sought Leave To Supplement Her Expert Disclosures

"A party must disclose his or her expert witnesses by the scheduling-order deadline." *Gatza v. DCC Litigation Facility, Inc.*, 717 Fed. Appx. 519, 521 (6th Cir. 2017) (citing Fed. R. Civ. P. 26(a)(2)(D)). "If the party cannot meet that deadline, he or she can move to amend the scheduling order." *Id*. (citing Fed. R. Civ. P. 16(b)(4)).

Plaintiff's failure to do so here, and decision to instead pretend as if her expert disclosures were not seven months late, is yet another reason to strike and exclude her experts. *Williams v. Baldwin County Commission*, 203 F.R.D. 512 (S.D. Ala. 2001) (striking untimely expert report because the deadline for doing so passed, noting the plaintiff is first required to seek leave to amend the scheduling order);

12

*Meinert v. Praxair, Inc.*, 2:12-cv-92; 2016 WL 6947023 (N.D. Ind. Nov. 28, 2016) (striking untimely expert report and denying motion for leave to identify additional experts where plaintiffs initially attempted to make late disclosure without leave of court); *Aircraft Parts Exchange, Inc. v. Jet Parts at Cost, Inc.*, 12-62032-CIV; 2013 WL 12109390 (S.D. Fla. Nov. 22, 2013) (granting motion to strike, and finding expert witness disclosure improper in that it "is nothing more than a unilateral attempt to extend scheduling deadlines without first seeking leave of the court to do so").

### E.   BCBSM Should Also Receive Its Reasonable Expenses

In addition to the exclusion of Plaintiff's experts' testimony, BCBSM also requests that Plaintiff be ordered to reimburse BCBSM for its reasonable attorney fees incurred in responding to the untimely expert disclosures—including the filing of this instant motion. See Fed. R. Civ. P. 37(c)(1)(A) (allowing court to order "payment of the reasonable expenses, including attorney's fees caused by the failure" to make disclosures required by Rule 26(a) and (e) "in addition to" the sanction of exclusion). Respectfully, Plaintiff's dilatory conduct should not be countenanced by this Court. Had Plaintiff followed the Case Management Order or sought leave to extend the deadline for expert disclosures, this motion would have been unnecessary. Instead, BCBSM is forced to incur costs to protect itself from the

harm caused by Plaintiff's late disclosures. An award of reasonable expenses, including fees, is appropriate. *Id.*

## IV.    CONCLUSION

For the reasons stated here, Plaintiff's experts should be stricken from her witness list, and Mr. Bagalis and Dr. Shiener should be precluded from testifying or offering opinions in this matter. BCBSM also respectfully requests that this Court enter an order awarding it reasonable expenses under Rule 37(c)(1)(A) and any other relief that the Court deems just.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: */s/ Brandon C. Hubbard*
Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Zachary L. Pelton (P85197)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
zpelton@dickinsonwright.com

*Attorneys for Defendant*

Dated:  August 9, 2024

14