## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LISA DOMSKI,

        Plaintiff,

v.

BLUE CROSS BLUE SHIELD
OF MICHIGAN,

        Defendant.

Case No. 2:23-cv-12023

Hon. David M. Lawson

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., Suite 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com
Grant@hurwitzlaw.com

Jonathan R. Marko (P72450)
MARKO LAW, PLLC
*Attorneys for Plaintiff*
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7529
jon@markolaw.com

Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
Davina A. Bridges (P85597)
DICKINSON WRIGHT PLLC
Attorneys for Defendant
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
mmoody@dickinsonwright.com
dbridges@dickinsonwright.com

## PLAINTIFF LISA DOMSKI'S RESPONSE IN OPPOSITION TO DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S MOTION TO EXCLUDE AND STRIKE THE TESTIMONY OF PLAINTIFF'S EXPERT WITNESSES

Plaintiff Lisa Domski, by and through her attorneys, Hurwitz Law PLLC, hereby respectfully requests that this Court deny Defendant Blue Cross Blue Shield of Michigan's Motion to Exclude and Strike the Testimony of Plaintiff's Expert Witnesses [ECF No. 25] in its entirety.  In support of her Response in Opposition, Plaintiff relies on the facts and law contained within the attached Brief in Support.

Respectfully submitted,

HURWITZ LAW PLLC

*/s/  Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorney for Plaintiff*
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com

Dated:  August 23, 2024

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LISA DOMSKI,

       Plaintiff,

v.

BLUE CROSS BLUE SHIELD
OF MICHIGAN,

       Defendant.

Case No. 2:23-cv-12023

Hon. David M. Lawson

| | |
|---|---|
| Noah S. Hurwitz (P74063) | Scott R. Knapp (P61041) |
| Grant M. Vlahopoulos (P85633) | Brandon C. Hubbard (P71085) |
| HURWITZ LAW PLLC | Nolan J. Moody (P77959) |
| *Attorneys for Plaintiff* | Maureen J. Moody (P85032) |
| 340 Beakes St., Suite 125 | Davina A. Bridges (P85597) |
| Ann Arbor, MI 48104 | DICKINSON WRIGHT PLLC |
| (844) 487-9489 | Attorneys for Defendant |
| Noah@hurwitzlaw.com | 123 W. Allegan Street, Suite 900 |
| Grant@hurwitzlaw.com | Lansing, MI 48933 |
| | (517) 371-1730 |
| Jonathan R. Marko (P72450) | sknapp@dickinsonwright.com |
| MARKO LAW, PLLC | bhubbard@dickinsonwright.com |
| *Attorneys for Plaintiff* | nmoody@dickinsonwright.com |
| 220 W. Congress, Fourth Floor | mmoody@dickinsonwright.com |
| Detroit, MI 48226 | dbridges@dickinsonwright.com |
| (313) 777-7529 | |
| jon@markolaw.com | |

## BRIEF IN SUPPORT OF PLAINTIFF LISA DOMSKI'S RESPONSE IN OPPOSITION TO DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S MOTION TO EXCLUDE AND STRIKE THE TESTIMONY OF PLAINTIFF'S EXPERT WITNESSES

## <u>TABLE OF CONTENTS</u>

**TABLE OF AUTHORITIES** ............................................................... iii

**INDEX OF EXHIBITS** .........................................................................v

**CONCISE STATEMENT OF ISSUES PRESENTED** ..................................... vi

**INTRODUCTION**..............................................................................1

**STATEMENT OF FACTS** ...................................................................1

**STANDARD OF REVIEW**..................................................................2

**ARGUMENT** ....................................................................................3

    **I.**    **PLAINTIFF'S EXPERT DISCLOSURES WERE SUBSTANTIALLY JUSTIFIED AND HARMLESS UNDER** *HOWE*.................................................................4

        **A.**    **Plaintiff's Expert Disclosures Did Not Surprise Defendant.**..................................................4

        **B.**    **Plaintiff Can Cure the Alleged "Surprise" without Delaying Trial.** ..........................................7

        **C.**    **Plaintiff's Expert Disclosures Were Provided Six Months After Filing Her Amended Complaint.** ...................................9

    **II.**    **DEFENDANT IS NOT ENTITLED TO EXPENSES.** ..................11

**CONCLUSION**.................................................................................12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abrams v. Nucor Steel Marion, Inc.*¸694 F. App'x 974 (6th Cir. 2017) ....................7

*Baker Hughes Inc. v. S&S Chem., LLC*, 836 F.3d 554 (6th Cir. 2016).....................4

*Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205 (6th Cir. 2019)................................4

*Borg v. Chase Manhattan Bank USA, N.A.*, 247 F. App'x 627 (6th Cir. 2007)..........7

*Brewer v. Webster Cnty. Coal Corp.*, 145 F.3d 1330 (6th Cir. 1998) ........................8

*Broughton v. Shoe Show, Inc.*, No. 1:20-CV-261, 2022 WL 4484612 (S.D. Ohio
      Sept. 27, 2022) ...................................................................................................1, 7

*Charles D. McNamee, Plaintiffs, v. Nationstar Mortgage LLC, Defendant*, No. 14-
      1948, 2021 WL 4355549 (S.D. Ohio Sept. 24, 2021) .........................................11

*EQT Prod. Co. v. Magnum Hunter Prod., Inc.*, No. 5:16-CV-150-JMH-REW, 2017
      WL 2295906 (E.D. Ky. May 25, 2017) ................................................................9

*Etheridge v. E. I. DuPont De Nemours & Co.*, No. 14-CV-2443-SHL-CGC, 2015
      WL 12516227 (W.D. Tenn. Oct. 14, 2015).....................................................11, 12

*Etheridge v. E.I. DuPont De Nemours & Co., Inc.*, No. 14-CV-2443-SHL-cgc,
      2015 WL 12516227 (W.D. Tenn. Oct. 14, 2015)..................................................10

*Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681 (M.D. Fla. 2010)........................4

*Hinkle v. Ford Motor Co.*, Civil Action No. 3:11-24-DCR, 2013 WL 1992834
      (E.D. Ky. May 13, 2013) ......................................................................................2

*Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015)..............................................3, 4

*In re Cox Motor Express of Greensboro, Inc.*, No. 14-10468, 2016 WL 6661318
      (M.D.N.C. Nov. 4, 2016) .....................................................................................10

*L.V. Nagle & Assocs., Inc. v. Tubular Steel, Inc.*, No. 2:19-CV-11399, 2023 WL
      2575052 (E.D. Mich. Mar. 20, 2023) ...................................................................9

*Matilla v. S. Kentucky Rural Elec. Co-op. Corp.*, No. CIV.A. 6:04-380-DCR, 2006
      WL 7128675 (E.D. Ky. Jan. 20, 2006) ................................................................11

*Phoenix Process Equip. Co. v. Cap. Equip. & Trading Corp.*, No. 3:16-CV-024-
      CHB, 2022 WL 10225005 (W.D. Ky. Aug. 30, 2022)..........................................10

*PNC Equip. Fin. V. Mariani*, 758 Fed. Appx. 384 (6th Cir. 2018)............................6

*Pride v BIC Corp.*, 218 F.3d 566 (6th Cir. 2000) ...................................................11

*Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776 (6th Cir. 2003) ............................................................................................................3, 5

*Rowe v. Case Equip. Corp.*, 105 F.3d 659 (6th Cir. 1997).........................................8

*Russel v. Absolute Collection Servs., Inc.*, 763 F.3d 385 (4th Cir. 2014) .................3

*Sanders v. Elzy*, No. 3:21-CV-75-RGJ, 2022 WL 3439837 (W.D. Ky. Aug. 16, 2022) .................................................................................................................10

*United States v. Tarwater*, 308 F.3d 494 (6th Cir. 2002) ..........................................8

**Rules**

Fed. R. Civ. P. 26(a)(2)(D)...........................................................................................2

Fed. R. Civ. P. 26(a)(2)(D)(i) ......................................................................................8

Fed. R. Civ. P. 37(c)(1)................................................................................................2

## <u>INDEX OF EXHIBITS</u>

1.  Plaintiff's Objections and Answers to Defendant's First Interrogatories, Requests for Admission and Document Requests.

2.  Email Serving Jeffrey Bagalis Expert Report

3.  Jeffrey Bagalis Expert Report.

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

I.    Whether this Court should allow Plaintiff to utilize her experts where Defendant knew the identify of Plaintiff's expert witnesses and their areas of anticipated testimony for over six months and where Plaintiff's expert disclosures past this Court's deadline is both substantially justified and harmless and would cause no prejudice to Defendant at trial.

Plaintiff Answers "Yes"

Defendant Answers "No"

This Court Should Answer "Yes"

## INTRODUCTION

Defendant knew that Plaintiff would retain economic and emotional distress damages experts since November 28, 2023, learned the identities of those experts on February 4, 2024, and received the economic damages report 100 days before the October 29, 2023 trial.  Untimely expert disclosures are "harmless" when a party knows "who is going to testify and to what she is going to testify." *Broughton v. Shoe Show, Inc.*, 2022 WL 4484612 (S.D. Ohio Sept. 27, 2022).  When Plaintiff asked Defendant on February 4, 2024 to "let me know if you have any concerns regarding the expert witness plan and I would be happy to discuss the same" (ECF No. 25-3, PageID.265), Defendant never objected.  After receiving the economic damages expert report on July 18, 2024, Defendant waited 22 days to file its motion to strike the expert report instead of asking to depose Plaintiff's expert or retaining its own expert.  Ultimately, admission of Plaintiff's expert report is harmless and substantially justified because it was submitted in a temporally reasonable fashion just six months after the January 19, 2023 Amended Complaint (ECF No. 18, PageID.107), thereby not prejudicing Defendant.

## STATEMENT OF FACTS

This is a lawsuit alleging religious discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Elliott-Larsen Civil Rights Act of 1976. Plaintiff filed her original complaint on August 11, 2023. ECF No. 1, PageID.1.

Plaintiff filed her Amended Complaint on July 19, 2024.  ECF No. 18, PageID.107.

Less than six months later, on November 28, 2023, Plaintiff informed Defendant in

her Interrogatory responses that she "intends to retain the services of experts with

specialization in economic damages and psychiatry."  **Ex. 1**, Plaintiff's Objections

and Answers to Defendant's First Interrogatories, Requests for Admission and

Document Requests at p. 11.  On February 4, 2024, Plaintiff's counsel expressly

advised Defendant's counsel that Plaintiff's economic damages expert would be

Jeffrey Bagalis and Plaintiff's psychological damages expert would be Gerald A.

Shiener, M.D.  ECF No. 25-3, PageID.265.  Plaintiff disclosed the expert report of

Jeffrey Bagalis on July 18, 2024.  **Ex. 2**, Email Serving Jeffrey Bagalis Expert

Report; **Ex. 3**, Jeffrey Bagalis Expert Report.  Plaintiff's July 18, 2024 email

disclosing Jeffrey Bagalis' expert report also requested that Defendant's counsel "let

me know of you would like to schedule Mr. Bagalis' deposition prior to the October

29, 2024 trial."  **Ex. 2**.  Defendant declined to depose Mr. Bagalis.

## **STANDARD OF REVIEW**

Generally, "Rule 26(a) [of the Federal Rules of Civil Procedure] requires that

a party make expert disclosures at the time and in the sequence that the court orders."

*Hinkle v. Ford Motor Co.*, Civil Action No. 3:11-24-DCR, 2013 WL 1992834, at *3

(E.D. Ky. May 13, 2013) (citing FED. R. CIV. P. 26(a)(2)(D)).  If a party fails to timely

disclose the identity of a witness, then the party may not rely on that witness to

supply evidence "***unless the failure was substantially justified or is harmless***."

FED. R. CIV. P. 37(c)(1); *see also Roberts ex rel. Johnson v. Galen of Virginia, Inc.*,

325 F.3d 776, 782 (6th Cir. 2003) (a party does not need to be sanctioned for late

witness disclosures if that party can show the timing of the disclosures was either

justified or harmless).  Because the timing of Plaintiff's exert disclosures was

substantially justified and harmless, this Court should not sanction Plaintiff but

rather let Plaintiff utilize her experts and expert disclosures at trial.

## <u>ARGUMENT</u>

Courts in the Sixth Circuit use five factors to assess whether a late disclosure

was substantially justified or harmless:

> (1) the surprise to the party against whom the evidence
> would be offered; (2) the ability of that party to cure the
> surprise; (3) the extent to which allowing the evidence
> would disrupt the trial; (4) the importance of the evidence;
> and (5) the nondisclosing party's explanation for its failure
> to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015) (citing *Russel v. Absolute*

*Collection Servs., Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014)).  Courts have "broad

discretion in applying [the *Howe* factors] and need not apply each one rigidly.  The

facts simply lend themselves to the task at the heart of Rule 37(c)(1): separating

honest, harmless mistakes from the type of underhanded gamesmanship that

warrants the harsh remedy of exclusion."  *Bisig v. Time Warner Cable, Inc.*, 940 F.3d

205, 219 (6th Cir. 2019); *see also Baker Hughes Inc. v. S&S Chem., LLC*, 836 F.3d

554, 569 (6th Cir. 2016) (affirming the district court's judgment that untimely disclosures were "harmless" without strictly applying *Howe*). "The Advisory Committee Notes to the 1993 Amendments (including Rule 37(c)(1) strongly suggest that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Howe*, 801 F.3d at 747; *see also Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 683 (M.D. Fla. 2010) ("[A] failure to make the required disclosures is harmless when there is no prejudice to the party entitled to receive disclosure."). Here, Defendant fails to demonstrate that the timing of Plaintiff's expert disclosures was not substantially justified or that Plaintiff's expert disclosures harmed Defendant, especially since Defendant has known Plaintiff's expert disclosures were coming for over six months.

## I.   PLAINTIFF'S EXPERT DISCLOSURES WERE SUBSTANTIALLY JUSTIFIED AND HARMLESS UNDER *HOWE*.

### A.   Plaintiff's Expert Disclosures Did Not Surprise Defendant.

Defendant's allegation that Plaintiff's identification of her expert witnesses "was wholly unanticipated" by Defendant is unfounded because as early as November 28, 2023, Plaintiff informed Defendant in her Interrogatory responses that she "intends to retain the services of experts with specialization in economic damages and psychiatry." **Ex. 1**, Plaintiff's Objections and Answers to Defendant's First Interrogatories, Requests for Admission and Document Requests at p. 11. Plaintiff's counsel later confirmed to Defendant's counsel on February 4, 2024 that

Plaintiff secured her expert witnesses and agreed to "make the expert[s] available to Defendant[] for deposition, and allow Defendant[] as much time as necessary to obtain a rebuttal expert."  ECF No. 25-3, PageID.265.  The same email requested that Defendant's counsel let Plaintiff's counsel "know if [Defendant's counsel has] any concerns regarding this expert witness plan[.]"  *Id.*  Until it filed the instant Motion, Defendant's counsel never raised any objection or sought to depose the expert.

In *Robert ex rel. Johnson*, the Sixth Circuit considered whether an untimely expert disclosure was harmless or substantially justified.  There, the plaintiff had notice that defendant's expert, Charash, would be testifying, but the defendant never filed a report on Charash's testimony, did not provide Charash's Curriculum Vitae until one week before trial began, and did not disclose Charash's publications.  *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).  Nevertheless, the district court allowed Charash to testify as the defendant's expert at trial.  *Id.*  The plaintiff thereafter appealed.

After considering whether there was any prejudice to the *Roberts* plaintiff, where the plaintiff had a general idea of what Charash would testify before said disclosure, the Sixth Circuit held that the trial court did not err in allowing Charash to testify as an expert witness even though the defendant's expert disclosure was untimely.  *Id.*  The court found that the defendant's late disclosure and failures to

disclose were "relatively harmless" in the context of the case. *Id.* at 783. The *Roberts ex rel. Johnson* court further opined:

> [P]laintiff's counsel knew who was going to testify and to what they were going to testify. This fact alone makes this case atypical of cases where sanctions have been justified under Rule 37(c)(1). . . . We also note [plaintiff's] counsel knew that they had not received these disclosures and waited for five months to voice an objection.

*Id.* The *Robert ex rel. Johnson* court reasoned that because the plaintiff knew the disclosure was coming, yet never asked the defendant to produce and never moved to compel disclosure, the defendant's untimely disclosure was "substantially justified or harmless." *Id.*; *see also PNC Equip. Fin. V. Mariani*, 758 Fed. Appx. 384, 390 (6th Cir. 2018) (holding that because the plaintiff identified two similar expert witnesses and notified the defendant that the witnesses would testify on specific topics, the untimely disclosure was harmless, and the trial court properly admitted the expert witness' affidavit.)

Courts in the Sixth Circuit typically only find that an untimely expert disclosure was neither substantially justified nor harmless when the opposing party had no notice of either the expert or what the expert would testify to. For example, in *Borg v. Chase Manhattan Bank USA, N.A.*, the Sixth Circuit found that the plaintiff's late disclosure was not substantially justified in part because there was "no suggestion that [the defendant] was aware of plaintiff's intent to supply expert testimony, or of [the expert's] identify" and the untimely disclosure therefore

6

prejudiced the defendant and therefor was not harmless.  *Borg v. Chase Manhattan Bank USA, N.A.*, 247 F. App'x 627, 637 (6th Cir. 2007).

Here, however, there is no question Defendant "knew, or could have known" what Plaintiff's expert witnesses "would say" because Defendant knew the identity of Plaintiff's expert witnesses as early as February 4, 2024 when Plaintiff's counsel informed Defendant's counsel via email that Plaintiff's "experts are Jeffrey Bagalis (Economic Damages) and Gerald A. Shiener, M.D. (Psychological Damages)."  ECF No. 25-3, PageID.265; *Abrams v. Nucor Steel Marion, Inc.¸* 694 F. App'x 974, 982 (6th Cir. 2017); *see also Broughton v. Shoe Show, Inc.*, No. 1:20-CV-261, 2022 WL 4484612 (S.D. Ohio Sept. 27, 2022) (internal quotation omitted) ("Because defendant knows who is going to testify and to what she is going to testify, the Court finds that any error would be harmless.").  Defendant's allegation that "[a]t no prior time in this litigation has Plaintiff identified Mr. Bagalis or Dr. Shiener as potential expert witnesses" is blatantly false and the first *Howe* factor favors Plaintiff.

**B.     Plaintiff Can Cure the Alleged "Surprise" without Delaying Trial.**

Any "surprise" Defendant alleges is manufactured because Defendant knew the identity of Plaintiff's expert witnesses as early as February 4, 2024.  ECF No. 25-3, PageID.265.  And the ***same documents relied upon by Plaintiff's experts were provided to Defendant during the written discovery period***.  Defendant cannot identify any prejudice because federal law is clear that Defendant is not prejudiced

when it has all the underlying data behind an expert's opinion or report. *See Brewer v. Webster Cnty. Coal Corp.*, 145 F.3d 1330, at *2 (6th Cir. 1998) (Rejecting argument that an expert's testimony "came as a surprise" when the expert "was revealed as an expert witness about a year before trial" and "any surprise that plaintiff may have experienced cannot be laid at the feet of the trial court, but instead would have been the result of his failure to depose [the expert] or otherwise prepare for the trial."); *United States v. Tarwater*, 308 F.3d 494, 516 (6th Cir. 2002) (Holding that the trial court properly denied a motion to strike a revised expert report that defense counsel received the day before trial when defendant was not surprised by the revised report and defendant did not show that the outcome of the case would have been different if he received the report earlier.).

Plaintiff's February 4, 2024 email to Defendant emphasized that Plaintiff would work expeditiously to "make the expert available for deposition, and allow Defendant[] as much time as necessary to obtain a rebuttal expert." ECF No. 25-3, PageID.265. While it is true that a disclosure made near "the eve of trial" might leave the opposing party "little opportunity to depose the expert and secure a rebuttal witness," here, Plaintiff did not disclose her expert on the "eve of trial." *Rowe v. Case Equip. Corp.*, 105 F.3d 659 (6th Cir. 1997). Rather, Plaintiff disclosed her expert witnesses well within the time allowed by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(a)(2)(D)(i). To cure any alleged "surprise," Defendant

8

could have responded to Plaintiff's counsel's email disclosing Plaintiff's expert disclosures objecting to Plaintiff's plan.  Defendant could have moved to compel production of Plaintiff's expert report.  Defendant also could have deposed Plaintiff's experts at any time.  In fact, Plaintiff is still willing to make her expert witnesses available for deposition immediately, as promised in Plaintiff counsel's February 4, 2024 email.  There are still more than two months until trial and plenty of time for any necessary expert depositions.  The second and third *Howe* factors favor Plaintiff.

    **C.**    **Plaintiff's Expert Disclosures Were Provided Six Months After Filing Her Amended Complaint.**

While Plaintiff can prove elements of her claim absent the experts, the reports of Mr. Bagalis and Dr. Shiener's reports and testimony will be helpful to the jury to detail Plaintiff's damages.  *See L.V. Nagle & Assocs., Inc. v. Tubular Steel, Inc.*, No. 2:19-CV-11399, 2023 WL 2575052, at *3 (E.D. Mich. Mar. 20, 2023) ("the second expert report is important because it is Plaintiff's primary method of proving damages.").  Nevertheless, Defendant argues that "[t]here is no apparent importance to the testimony of Mr. Bagalis or Dr. Shiener."  ECF No. 25. PageID.222.  In so arguing, Defendant concedes that there is minimal prejudice to Plaintiff's disclosure of her experts past this Court's original deadline.  *See EQT Prod. Co. v. Magnum Hunter Prod., Inc.*, No. 5:16-CV-150-JMH-REW, 2017 WL 2295906, at *5 (E.D. Ky. May 25, 2017) ("The more important the proof, the greater the effect of

preclusion, but also the greater harm in the tardy disclosure."); *In re Cox Motor Express of Greensboro, Inc.*, No. 14-10468, 2016 WL 6661318, at *5 (M.D.N.C. Nov. 4, 2016) ("[T]he [vital] importance of the evidence weighs in favor of finding that Defendant's failure to disclose was not substantially justified or harmless."); *Etheridge v. E.I. DuPont De Nemours & Co., Inc.*, No. 14-CV-2443-SHL-cgc, 2015 WL 12516227, at *3 (W.D. Tenn. Oct. 14, 2015) ("[B]ecause this evidence is so important to Plaintiff, her explanation for her failure to abide by . . . the Federal Rules of Civil Procedure becomes even less satisfactory.").   Since Defendant concedes that Plaintiff's expert disclosures are not at a high "level of importance," any alleged harm to Defendant by Plaintiff's expert disclosures is therefore minimal and the fourth *Howe* factor favors Plaintiff.

Finally, this "was not a situation of tactical gamesmanship designed to leave [Defendant] with little opportunity to depose" Plaintiff's experts. *Sanders v. Elzy*, No. 3:21-CV-75-RGJ, 2022 WL 3439837, at *5 (W.D. Ky. Aug. 16, 2022); *Phoenix Process Equip. Co. v. Cap. Equip. & Trading Corp.*, No. 3:16-CV-024-CHB, 2022 WL 10225005, at *5 (W.D. Ky. Aug. 30, 2022) (finding the failure to timely disclose "does not merit the exclusion of the witness" where the party did not withhold evidence using "underhanded gamesmanship.").   Here, Defendant knew the identity of Plaintiff's experts for over six months and never sought to depose Plaintiff's experts or compel the production of any expert reports.   Further, as this Court is

aware, this lawsuit was not consolidated with the other over 100 similar civil lawsuits in the Eastern District of Michigan that are still early in litigation and Plaintiff had significantly less time to disclose her expert witnesses to Defendant than in those cases where only limited discovery has occurred and no depositions have been taken while the parties have been busy conducting court-ordered mediations. Because the circumstances of Plaintiff's expert disclosures involve no "gamesmanship," the fifth and final *Howe* factor also favors Plaintiff.[1]

## II.   DEFENDANT IS NOT ENTITLED TO EXPENSES.

"An award of fees under Rule 37(c)(1) is discretionary." *Charles D. McNamee, Plaintiffs, v. Nationstar Mortgage LLC, Defendant*, No. 14-1948, 2021 WL 4355549, at *8 (S.D. Ohio Sept. 24, 2021). In the context of motions to exclude expert witnesses, the awarding of costs is a "severe" sanction. *Etheridge v. E. I. DuPont De Nemours & Co.*, No. 14-CV-2443-SHL-CGC, 2015 WL 12516227, at *4 (W.D. Tenn. Oct. 14, 2015). Here, as explained above, Plaintiff's expert disclosures past this Court's original deadline were harmless and substantially justified and

---

[1] Defendant argues that "Plaintiff's failure to [seek leave to supplement her expert disclosures] . . . is yet another reason to strike and exclude her experts." ECF No. 25, PageID.224-225. But Defendant's Motion does not identify any binding authority for the proposition that leave is required to supplement expert disclosures where the disclosure was harmless and substantially justified as is the case here. District Courts have "broad discretion to determine whether substantial justification can excuse a violation of Rule 26." *Matilla v. S. Kentucky Rural Elec. Co-op. Corp.*, No. CIV.A. 6:04-380-DCR, 2006 WL 7128675, at *4 (E.D. Ky. Jan. 20, 2006) (citing *Pride v BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000)).

Defendant would suffer no prejudice by this Court allowing Plaintiff's experts.  At the very least, Courts in the Sixth Circuit routinely find it "sufficient" to exclude a party's untimely expert disclosures without awarding costs.  *Etheridge*, 2015 WL 12516227 at *4.

## **CONCLUSION**

In light of the foregoing, Plaintiff Lisa Domski respectfully requests that this Court deny Defendant's Motion in its entirety, as well as award Plaintiff any further relief this Court deems equitable and just.

Respectfully submitted,

HURWITZ LAW PLLC

*/s/  Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorney for Plaintiff*
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com

Dated:  August 23, 2024

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on August 23, 2024, I electronically filed or caused to be filed Plaintiff Lisa Domski's Response in Opposition to Defendant Blue Cross Blue Shield of Michigan's Motion to Exclude and Strike the Testimony of Plaintiff's Expert Witnesses with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

<em>/s/  Noah S. Hurwitz</em> (P74063)