# Ex. 12

**Secretariat of Pro-Life Activities**
3211 FOURTH STREET NE • WASHINGTON DC 20017-1194
202-541-3070 • FAX 202-541-3054 • EMAIL PROLIFE@USCCB.ORG • WEB WWW.USCCB.ORG/PROLIFE

## Conscience Exemption for Vaccines based on Fetal Tissue from Abortions

The only vaccines readily available in the United States for some contagious diseases (e.g., rubella and Hepatitis A) have been manufactured using fetal tissue from induced abortions. This creates a problem of conscience for some Catholic parents.

The *[Moral Reflections](#)* released by the Pontifical Academy for Life in 2005 have been welcomed by the Catholic Bishops of the United States. Our Secretariat of Pro-Life Activities agrees with the National Catholics Bioethics Center, the Catholic Medical Association, and others that manufacturers should be urged to make alternative vaccines more widely available so that Catholics and others will not face this moral dilemma.

In cases where no alternative is currently available, the Academy said that Catholics may licitly accept vaccination for themselves and their children using a vaccine based on tissue from abortion or may refuse the vaccine "if it can be done without causing children, and indirectly the population as a whole, to undergo significant risks to their health." The Academy specifically cited the potential threat to pregnant women and their unborn children from a failure to vaccinate for rubella (German measles).

Risk to the public health is a factual question. Risk may vary from place to place and from one time to another in the same location; even with the same set of facts, different medical experts may come to different conclusions about the severity of the risk (or about how to weigh that against the conscientious objection of a parent). Therefore, it is not surprising that different Catholic school districts, for example, have developed different policies regarding a "conscience exemption" in such cases.

The United States Conference of Catholic Bishops Committee on Pro-Life Activities received inquiries from dioceses on how to respond to such cases. In March of 2007, the Committee discussed the issue and decided to recommend that diocesan institutions show a willingness to grant the exemption along the lines recommended by the Academy. In particular, in an area where public schools are granting a conscience exemption, based on the view of public health authorities that doing so does not pose a serious risk to the population, Catholic institutions should be willing to do so as well.

What Catholic schools may be required, or permitted, to do under civil law in responding to a parent's wish to waive immunization may also vary from jurisdiction to jurisdiction and from one set of circumstances to another.   For example, as of 2015, 48 of the 50 states allowed a religious exemption, and 20 allowed a broader philosophical or "conscience" exemption, but some of these laws were limited (for example, some may relate only to certain types of schools, or allow an exemption only if a parent objects to vaccination in general or belongs to a religious denomination that requires member to reject it.)[1] Therefore, the responses of Catholic schools to requests for waivers may likewise vary.  Even if a Catholic institution wished to defer to a parent's request for an exemption, medical and legal realities may make it difficult to do so.

A long-term solution lies in working to ensure that future vaccines and other medicines are not based on cooperation with practices demeaning human life.  This applies to products based on abortion, as well as to projected therapies from destruction of human embryos for their stem cells.

Released, April 2007
Updated, April 2015

---

[1] The National Conference of State Legislatures periodically updates its list of such laws at http://www.ncsl.org/research/health/school-immunization-exemption-state-laws.aspx.
Diocesan attorneys should be consulted on this issue to discuss the latest state laws and local policies.