# Ex. 24

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TIERRA EMERSON, et al

                         Case No. 2:22-cv-12576

          Plaintiffs,

v.                         Hon. Stephen J. Murphy, III

BLUE CROSS BLUE SHIELD OF
MICHIGAN, et al

          Defendants.

---

### DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' TEMPLATE FIRST INTERROGATORIES, DOCUMENT REQUESTS, AND REQUEST TO ADMIT PURSUANT TO ECF NO. 29

Consolidated Defendants Accident Fund Insurance Company; Blue Cross Blue Shield of Michigan; Tessellate, Inc.; United Wisconsin Insurance; LifeSecure Ins. Co; Advantasure, Inc.; Blue Care Network; and COBX Co. (collectively, "Defendants"), by and through their attorneys, Dickinson Wright PLLC, and pursuant to the Order Regarding Consolidation And Related Matters (ECF No. 29), submit the following Responses and Objections to Consolidated Plaintiffs' (Template) First Interrogatories, Document Requests, and Request to Admit:

### PRELIMINARY STATEMENT

These Objections and Responses are provided solely for purposes of the Consolidated Cases, pursuant to ECF No. 29.

1

Defendants do not admit or concede that any statement contained in these Objections and Responses is relevant or admissible, and no such admission or concession shall be inferred.  These Objections and Responses are subject to all applicable evidentiary objections that would require the exclusion of any statement contained herein if the statement were made by a witness present and testifying in court.  All such objections are reserved and may be interposed at the time of the evidentiary hearing or in any other proceedings.

Defendants' investigation of the facts is ongoing.  Defendants therefore reserve their right to amend, revise or supplement these Objections and Responses at a later date.  However, Defendants assume no obligation to voluntarily supplement or amend these Objections and Responses to reflect evidence, documents, or things discovered following service of these Objections and Responses, except to the extent Defendants are expressly obligated to do so under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Michigan, or other applicable laws or rules.

Defendants also reserve the right to continue their investigation and discovery of facts and evidence, and to produce, refer to, and/or offer into evidence at a future proceeding any additional facts or evidence that Defendants may discover from any source through that continuing investigation and discovery.

## GENERAL OBJECTIONS

Each General Objection is incorporated below into each and every Response to each and every Discovery Request below as if fully set forth therein.  Certain of those Responses restate the substance of certain General Objections for emphasis only.  Regardless of whether or to what extent any of those Responses restates the substance of any General Objection(s), all of the General Objections are intended to be and are incorporated into and set forth as part of each Response.

1.     Defendants specifically reserve their right to refuse to respond to any of the below Discovery Requests, and their responses to each should not be construed as a waiver of this general objection.

2.     Defendants object to each and every Discovery Request to the extent that it seeks information that is within the possession, custody, or control of, or equally available to, Plaintiffs.

3.     Defendants object to each and every Discovery Request to the extent that it seeks information that is not within the possession, custody, or control of Defendants.

4.     Defendants object to each and every Discovery Request to the extent that it seeks information subject to the attorney-client privilege, the work product doctrine, trade secret protection, the right to privacy, the statutory protections for confidential and proprietary information or documents, or any other applicable

privilege, immunity, or other protection from disclosure that is provided by statute, rule, decision, contract, or any other source.

5.      Defendants object to each and every Discovery Request to the extent that it seeks information that is not relevant.

6.      Defendants object to each and every Discovery Request to the extent that it is overly broad, unduly burdensome, harassing, unreasonably duplicative, unreasonably cumulative, seeks information that is not identified with reasonable particularity, and/or otherwise seeks to impose upon Defendants any obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Michigan.

7.      Defendants object to each and every Discovery Request to the extent that it seeks information which is beyond the permissible scope of discovery as provided by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Michigan.

8.      Defendants object to each and every Discovery Request to the extent that it imposes requirements upon Defendants beyond those imposed under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Michigan.

9.      Defendants object to each and every Discovery Request to the extent the definitions (a) are overly broad, vague, and/or ambiguous, (b) violate the right to

privacy and/or other privileges or protections applicable to confidential information, and/or (c) include individuals who, or entities that, do not possess relevant information or possess only privileged information.

10.     Defendants object to each and every Discovery Request, and the Instructions set forth in the Discovery Requests, to the extent it/they seek(s) to impose any obligation on Defendants to prepare a privilege log, if any, in excess of the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Michigan.

11.     Defendants object to each and every Discovery Request, and the Instructions set forth in the Discovery Requests, to the extent it/they seek(s) to impose on Defendants any obligation to identify in any manner any document which is no longer in their possession, custody, or control, including but not limited to its manner of destruction and persons in custody of the document.  Defendants are under no obligation to, and will not, identify such documents or describe the circumstances of their disposal.

## OBJECTIONS AND ANSWERS TO PLAINTIFFS' INTERROGATORIES TO DEFENDANTS

1.     Please identify the name(s), job title(s), and date(s) of employment of the person(s) responding to Plaintiffs' Interrogatories to Defendant and the name(s) and job title(s) of all person(s) who participated in, assisted with, or were consulted

in connection with the drafting, investigation, execution, review, or consideration of responses to these interrogatories.

**ANSWER:**

Defendants object to Interrogatory No. 1 to the extent it seeks the dates of employment for all persons responding to, or supplying information for, Plaintiffs' Interrogatories, as such information is irrelevant to the claims and defenses in this case.  With the assistance of counsel, the following individuals assisted with, or provided information relative to the preparation of answers to these Interrogatories:

1. **Patricia Snyder**
   **Vice President, Employee & Labor Relations**
   **Blue Cross Blue Shield of Michigan**

2. **Vera Grigorian**
   **Director, Employee & Labor Relations**
   **Blue Cross Blue Shield of Michigan**

3. **Jeff Walters**
   **Manager, Employee & Labor Relations**
   **Blue Cross Blue Shield of Michigan**

4. **Jana Lance**
   **Manager, Employee & Labor Relations**
   **Blue Cross Blue Shield of Michigan**

5. **Michelle Ross**
   **Manager/HR Director, Employee & Labor Relations**
   **Blue Cross Blue Shield of Michigan**

6. **Amerique Dockery**
   **Associate Attorney**

**Blue Cross Blue Shield of Michigan**

7. **Kaitlyn Mardeusz**
   **Assistant General Counsel**
   **Blue Cross Blue Shield of Michigan**

8. **Devin Scott**
   **Manager, Employee & Labor Relations**
   **Blue Cross Blue Shield of Michigan**

9. **Bruce Henderson**
   **Senior Attorney**
   **Blue Cross Blue Shield of Michigan**

10. **Bart Feinbaum**
    **Director, Employee & Labor Relations**
    **Blue Cross Blue Shield of Michigan**

11. **Julie Tracy**
    **Senior Attorney**
    **Blue Cross Blue Shield of Michigan**


2.      Please identify all persons whom Defendant intends to call as lay witnesses at trial and give a summary of their anticipated testimony.   Please include:

   a.  The witness's full name, address, and telephone number.

   b.  The witness's relationship to Defendant.

   c.  A summary of his or her expected testimony.

**ANSWER:**

**Defendants object to Interrogatory No. 2 because it is premature. Discovery is ongoing and may reveal witnesses, in addition to those listed below,**

7

who possess relevant testimony.  Subject to the foregoing objection, Defendants

may call the following witnesses at trial, and reserve the right to supplement

their witness list and these Interrogatory answers:

| WITNESS | RELATIONSHIP TO DEFENDANTS | ANTICIPATED TESTIMONY |
|---|---|---|
| **Plaintiffs' religious leaders**<br><br>*Contact information unknown* | **None** | **Plaintiffs' religious leaders presumably have knowledge and information regarding Plaintiffs' religious beliefs and practices, and may be called upon to offer testimony regarding same.** |
| **Plaintiffs' physicians**<br><br>*Contact information unknown* | **None** | **Plaintiffs' physicians may have testimony relevant to any of the Plaintiffs' medical accommodation requests, including the merits of any such request.** |
| **Patricia Snyder**<br><br>*May be contacted through undersigned counsel* | **Vice President, Employee & Labor Relations for BCBSM** | **Ms. Snyder has knowledge and information regarding Defendants' creation and implementation of their COVID-19 vaccination policy, and if called as a witness, may offer testimony regarding same.** |
| **Jeff Walters**<br><br>*May be contacted through undersigned counsel* | **Manager, Employee & Labor Relations for BCBSM** | **Mr. Walters has knowledge and information regarding Plaintiffs' requests for religious accommodation to Defendants' COVID-19 vaccination policy and Plaintiffs' interview with Defendants relative to their accommodation request,** |

| | | |
|---|---|---|
| | | and if called as a witness, may offer testimony regarding same. |
| **Bruce Henderson**<br><br>*May be contacted through undersigned counsel* | **Senior Attorney for BCBSM** | **Mr. Henderson has knowledge and information regarding Plaintiffs' requests for religious accommodation to Defendants' COVID-19 vaccination policy and Plaintiffs' interview with Defendants relative to their accommodation request, and if called as a witness, may offer testimony regarding same.** |
| **Vera Grigorian**<br><br>*May be contacted through undersigned counsel* | **Director, Employee & Labor Relations for BCBSM** | **Ms. Grigorian has knowledge and information regarding Plaintiffs' requests for religious accommodation to Defendants' COVID-19 vaccination policy and Plaintiffs' interview with Defendants relative to their accommodation request, and if called as a witness, may offer testimony regarding same.** |
| **Julie Tracy**<br><br>*May be contacted through undersigned counsel* | **Senior Attorney for BCBSM** | **Ms. Tracy has knowledge and information regarding Plaintiffs' requests for religious accommodation to Defendants' COVID-19 vaccination policy and Plaintiffs' interview with Defendants relative to their accommodation request, and if called as a witness,** |

| | | may offer testimony regarding same. |
|---|---|---|
| **Jana Lance**<br><br>*May be contacted through undersigned counsel* | **Manager, Employee & Labor Relations for BCBSM** | **Ms. Lance has knowledge and information regarding Plaintiffs' requests for religious accommodation to Defendants' COVID-19 vaccination policy and Plaintiffs' interview with Defendants relative to their accommodation request, and if called as a witness, may offer testimony regarding same.** |
| **Michelle Ross**<br><br>*May be contacted through undersigned counsel* | **Manager/HR Director, Employee & Labor Relations for BCBSM** | **Ms. Ross has knowledge and information regarding Plaintiffs' requests for religious accommodation to Defendants' COVID-19 vaccination policy and Plaintiffs' interview with Defendants relative to their accommodation request, and if called as a witness, may offer testimony regarding same.** |
| **Amerique Dockery**<br><br>*May be contacted through undersigned counsel* | **Associate Attorney for BCBSM** | **Ms. Dockery has knowledge and information regarding Plaintiffs' requests for religious accommodation to Defendants' COVID-19 vaccination policy and Plaintiffs' interview with Defendants relative to their accommodation request, and if called as a witness, may offer testimony regarding same.** |
| **Kaitlyn Mardeusz** | **Assistant General Counsel for BCBSM** | **Ms. Mardeusz has knowledge and information** |

| | | |
|---|---|---|
| *May be contacted through undersigned counsel* | | **regarding Plaintiffs' requests for religious accommodation to Defendants' COVID-19 vaccination policy and Plaintiffs' interview with Defendants relative to their accommodation request, and if called as a witness, may offer testimony regarding same.** |
| **Devin Scott**<br><br>*May be contacted through undersigned counsel* | **Manager, Employee & Labor Relations for BCBSM** | **Mr. Scott has knowledge and information regarding Plaintiffs' requests for religious accommodation to Defendants' COVID-19 vaccination policy and Plaintiffs' interview with Defendants relative to their accommodation request, and if called as a witness, may offer testimony regarding same.** |
| **Bart Feinbaum**<br><br>*May be contacted through undersigned counsel* | **Director, Employee & Labor Relations for BCBSM** | **Mr. Feinbaum has knowledge and information regarding Plaintiffs' requests for medical accommodation to Defendants' COVID-19 vaccination policy and Plaintiffs' communications with Defendants relative to their accommodation requests, and if called as a witness, may offer testimony regarding same.** |
| **Dr. James Grant**<br><br>*May be contacted through* | **Chief Medical Officer BCBSM** | **Dr. James Grant may have knowledge and information regarding Plaintiffs' request** |

| *undersigned counsel* | | for a medical accommodation to Defendants' COVID-19 vaccination policy, and if called as a witness, may offer testimony regarding same. |
|---|---|---|
| **Plaintiffs** *Contact information unknown* | **Former employees** | **Plaintiffs have knowledge and information regarding their religious beliefs / practices and medical conditions, and their requests for accommodations to Defendants' COVID-19 vaccination policy, and may be called upon to offer testimony regarding same.** |

3.      Please identify each expert you intend to call as a witness at trial. For each expert you intend to call as a witness at trial, please include:

a.  The expert's full name, address, and telephone number.

b.  The expert's area of expertise.

c.  The subject matter on which the expert is expected to testify.

d.  A summary of the facts and opinions to which the expert is expected to testify.

**<u>ANSWER:</u>**

**Defendants object to Interrogatory No. 3 because it is premature.**

**Discovery is ongoing and may later reveal the need for an expert witness.**

**Subject to the foregoing objection, Defendants state that they have not presently**

12

**retained an expert witness, but reserve the right to retain an expert witness and call upon his/her testimony at trial.**

4.      Please state the name, position, and date(s) of employment of the individual(s) responsible for creating any methodology used to evaluate whether Plaintiffs possessed a sincerely held religious belief at the time they applied for a religious exemption to the COVID-19 vaccine.

**<u>ANSWER:</u>**

**Defendants object to Interrogatory No. 4 because it presupposes a "one-size-fits-all" answer to all employee requests for an accommodation.  Each accommodation request Defendants received was unique and, thus, there was no "one-size-fits-all" criteria for determining whether an employee held a sincerely held religious belief.  Defendants further object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege or protection.  Defendants further object to this Interrogatory because it seeks irrelevant information that is disproportionate to the needs of this case.  Plaintiffs' complaints pertain to their individual requests for a religious and/or medical accommodation to Defendants' Vaccine Policy.  The dates of employment of individuals other than Plaintiffs have no bearing on Plaintiffs'**

accommodation requests.  Defendants further object to this Interrogatory because "methodology" is both vague and undefined.

Subject to the foregoing objections, Defendants state that they did not create a "methodology," at least insofar as Defendants interpret that word, i.e., a body of methods, rules, and postulates employed by a discipline.  Answering further, Defendants incorporate their answer to Interrogatory No. 5 relative to the process they undertook to evaluate religious accommodation requests.

5.      Please describe the methodology, system, formula, criteria, or other process that Defendants used to determine whether Plaintiffs possessed a sincerely held religious belief at the time they applied for a religious exemption to the COVID-19 vaccine.

**ANSWER:**

Defendants object to Interrogatory No. 5 because it presupposes a "one-size-fits-all" answer to all employee requests for an accommodation.  Each accommodation request Defendants received was unique and, thus, there was no "one-size-fits-all" criteria for determining whether an employee held a sincerely held religious belief.  Defendants further object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-

client privilege, the work product doctrine, and/or any other privilege or protection. Defendants further object to this Interrogatory because "methodology" and "system" are both vague and undefined.

Subject to the foregoing objections, Defendants state as follows as to the process they undertook to evaluate religious accommodation requests:

Defendants implemented an enterprise-wide process through which employees were permitted to apply for a religious exemption to the Policy. The process consisted of two steps.

1. Employees completed an online application formally requesting religious accommodation to the vaccine requirement.

2. Employees were then invited to participate in a voluntary interview in which Defendants made a limited factual inquiry into, and sought information regarding the religious nature or sincerity of the employee's belief(s).

During the interview process, Defendants sought to understand the nature of the employee's religious beliefs, and how they conflicted with the Vaccine Policy. Each interview was conducted by two BCBSM employees to ensure that no interviewee's answer to a question was missed, and to further ensure consistency and accuracy in memorializing interviewees' answers. Employees were asked questions from prepared notes, including the following:

1. Why are you requesting an accommodation to the vaccine?
2. What religious belief do you follow?

3. **What is your religion's stance with respect to vaccinations?**
4. **What is your objection to the vaccine if it's not the official stance of your religion?**
5. **Where do you base your stance?**
6. **Do you feel like the COVID vaccines were rushed?**
7. **How does accepting the COVID vaccine conflict with your beliefs?**
8. **Have you always followed this religious belief?**
9. **When was the last time you received a vaccination?**
10. **What do you do when you're in physical pain?**
11. **Would you take something like aspirin, ibuprofen for a headache?  If not, what do you take when you have a headache?**
12. **Would you take allergy medication such as Benadryl, Sudafed or Claritin?  If not, what do you do when you have an allergic reaction?**
13. **Do your religious views prohibit you from receiving any medical treatment, or just vaccination (or specific vaccines such as the COVID-19 vaccination)?**
14. **Do you have a primary care physician?**
15. **Has your doctor ever prescribed medication?**
16. **What would you do if your doctor prescribed medication or told you, you needed surgery?**

**After each employee's interview was conducted, Defendants then evaluated each employee's accommodation request in light of guidance from the U.S. Equal Employment Opportunity Commission.  Each accommodation request was assessed individually, based on the employee's written and verbal professed beliefs.**

6.    Please state the name, position, and date(s) of employment of the individual(s) responsible for determining whether an employee possessed a medical

disability that might require accommodation in the form of an exemption from the COVID-19 vaccine.

**ANSWER:**

Defendants object to Interrogatory No. 6 on the grounds that it seeks irrelevant information that is disproportionate to the needs of this case. Plaintiffs' complaints pertain to their individual requests for a religious and/or medical accommodation to Defendants' Vaccine Policy. The dates of employment of individuals other than Plaintiffs have no bearing on Plaintiffs' accommodation requests.

Subject to the foregoing objections, Defendants state that the following two individuals had responsibility relative to assessing requests for a medical accommodation:

- **Bart Feinbaum, JD – Director, Employee & Labor Relations for BCBSM**

- **James Grant, M.D. – Chief Medical Officer for BCBSM**

7. For each Plaintiff, please identify the full name and job title of any individual responsible for either making the decision to terminate that Plaintiff and/or having input into the decision to terminate that Plaintiff.

**ANSWER:**

Defendants object to Interrogatory No. 7 on grounds that it is vague and undefined.  It is unclear what Plaintiffs mean by individuals "responsible" and/or "having input into the decision" to terminate Plaintiffs.  Subject to the foregoing objections, Defendants state as follows:

Plaintiffs were terminated pursuant to Defendants' Vaccine Policy because they neither obtained a COVID-19 vaccine, nor qualified for a religious or medical accommodation to the Policy.  Below is information relative to the individuals involved in evaluating each Plaintiff's accommodation request (for job titles, see the answer to Interrogatory No 2):

| Plaintiff | Individuals Involved In Evaluating Accommodation Request |
|---|---|
| Abouna, Noor [maiden name Atisha] | Amerique Dockery Michelle Ross |
| Adams, Chris | Amerique Dockery Michelle Ross |
| Allen, Larritta | Vera Grigorian Julie Tracy |
| Anderson, Michele | Bruce Henderson Jeff Walters |
| Armstrong, LaToya | Amerique Dockery Michelle Ross |
| Bacon, Renee | Amerique Dockery Michelle Ross |
| Bakhareva, Anastasia | Kaitlyn Mardeusz Devin Scott |
| Baldino, Carmella | N/A. Plaintiff submitted a medical accommodation request |
| Beard, Kitty | Bruce Henderson Jeff Walters |

| | |
|---|---|
| **Behling, Theresa** | **Amerique Dockery**<br>**Michelle Ross** |
| **Biondo, Salvatore** | **Bruce Henderson**<br>**Jeff Walters** |
| **Bloch, Christina** | **Vera Grigorian**<br>**Julie Tracy** |
| **Blockett, Denzell** | **Amerique Dockery**<br>**Michelle Ross** |
| **Bloom, Christina** | **Bruce Henderson**<br>**Jeff Walters** |
| **Blythe, Shantal** | **Kaitlyn Mardeusz**<br>**Devin Scott** |
| **Bradley, Jacqulyn** | **Amerique Dockery**<br>**Michelle Ross** |
| **Browe, Samantha** | **Vera Grigorian**<br>**Julie Tracy** |
| **Brown, Joshua** | **Bruce Henderson**<br>**Jeff Walters** |
| **Burzan, Jamie** | **Defendants will supplement** |
| **Casciano, Chris** | **Kaitlyn Mardeusz**<br>**Devin Scott** |
| **Chevrette, Laura** | **Vera Grigorian**<br>**Julie Tracy** |
| **Clark, Indeiria** | **Vera Grigorian**<br>**Julie Tracy** |
| **Clark, Karena** | **Vera Grigorian**<br>**Julie Tracy** |
| **Collins, Toyoka** | **Defendants will supplement** |
| **Darga, Ingrid** | **N/A. Plaintiff submitted a medical**<br>**accommodation request** |
| **Daubenmeyer, Michael** | **Amerique Dockery**<br>**Michelle Ross** |
| **Dayble, Lisa** | **Bruce Henderson**<br>**Jeff Walters** |
| **Dean, Cheryl** | **Kaitlyn Mardeusz**<br>**Devin Scott** |
| **Delbrugge, Catherine** | **Amerique Dockery**<br>**Michelle Ross** |
| **Deleeuw, Kelly** | **Kaitlyn Mardeusz** |

| | |
|---|---|
| | Devin Scott |
| Dell, Klaudia | Bruce Henderson<br>Jeff Walters |
| Dial, Tammy | Amerique Dockery<br>Michelle Ross |
| Dickhudt, Angela | Vera Grigorian<br>Julie Tracy |
| DiGaetano, Tina<br>[maiden name Gueccia] | Amerique Dockery<br>Michelle Ross |
| Domski, Lisa | No interview took place; Plaintiff<br>submitted a statement |
| Dorsey, LaJuana | Did not submit an accommodation<br>request |
| Dreshaj, Nicholas | Bruce Henderson<br>Jeff Walters |
| Drouillard, Rachel | Amerique Dockery<br>Michelle Ross |
| Eder, Lisa | Defendants will supplement |
| Ehred, Michael | Kaitlyn Mardeusz<br>Devin Scott |
| Emerson, Tierra | Vera Grigorian<br>Julie Tracy |
| Escamilla, Ranjeet | Kaitlyn Mardeusz<br>Devin Scott |
| Estes, Christiana | Vera Grigorian<br>Julie Tracy |
| Ford, Sherry | Kaitlyn Mardeusz<br>Devin Scott |
| Franklin, LaKeisha | Kaitlyn Mardeusz<br>Devin Scott |
| Frizzell, Lisa | Amerique Dockery<br>Michelle Ross |
| Galli, Gina | Defendants will supplement |
| Garcia, Nadine | Amerique Dockery<br>Michelle Ross |
| Garczynski, Jeff | Kaitlyn Mardeusz<br>Devin Scott |
| Gardner, Khaneisha | Kaitlyn Mardeusz<br>Devin Scott |

| | |
|---|---|
| **Garza, Penny** | **Amerique Dockery**<br>**Michelle Ross** |
| **Geroche, Faye** | **Bruce Henderson**<br>**Jeff Walters** |
| **Glass, Tracy** | **Amerique Dockery**<br>**Michelle Ross** |
| **Gray, Dorian** | **Vera Grigorian**<br>**Julie Tracy** |
| **Groulx, Suhey** | **Defendants will supplement** |
| **Guerra, Gina** | **Kaitlyn Mardeusz**<br>**Devin Scott** |
| **Gundel, Jennifer** | **Bruce Henderson**<br>**Jeff Walters** |
| **Habbo, Veronica** | **Bruce Henderson**<br>**Jeff Walters** |
| **Harris, Rebecca** | **Vera Grigorian**<br>**Julie Tracy** |
| **Harvey, Dawn** | **Kaitlyn Mardeusz**<br>**Devin Scott** |
| **Hayman, Christie** | **Kaitlyn Mardeusz**<br>**Devin Scott** |
| **Helppie-Chase, Renee** | **Vera Grigorian**<br>**Julie Tracy** |
| **Hemmingway, Christanna** | **Defendants will supplement** |
| **Hodson, Margaret** | **N/A. Plaintiff submitted a medical**<br>**accommodation request** |
| **Holley, Scott** | **Amerique Dockery**<br>**Michelle Ross** |
| **Housepian, Matthew** | **Amerique Dockery**<br>**Michelle Ross** |
| **Johnson, Kathryn** | **Did not submit an accommodation**<br>**request** |
| **Joseph, Ghada** | **Bruce Henderson**<br>**Jeff Walters** |
| **Kelly, Charita** | **Kaitlyn Mardeusz**<br>**Devin Scott** |
| **Kennedy, Dana** | **Bruce Henderson**<br>**Jeff Walters** |
| **Kleinheksel, Valerie** | **Bruce Henderson** |

| | |
|---|---|
| | **Jeff Walters** |
| **Kolen, Denise** | **Bruce Henderson** **Jeff Walters** |
| **Kovich, Jody** | **Amerique Dockery** **Michelle Ross** |
| **Langerak, Abigail** | **Bruce Henderson** **Jeff Walters** |
| **Lewis, Amber** | **Amerique Dockery** **Michelle Ross** |
| **Lidtke, Audrey** | **Amerique Dockery** **Michelle Ross** |
| **Loomis, Kristy** | **Bruce Henderson** **Jeff Walters** |
| **Lowe, Juana** | **Vera Grigorian** **Julie Tracy** |
| **Lucky, Najean** | **Vera Grigorian** **Julie Tracy** |
| **MacKay, Kilian** | **Amerique Dockery** **Michelle Ross** |
| **Mann, Camalia** | **Amerique Dockery** **Michelle Ross** |
| **Manni, Brenda** | **Bruce Henderson** **Jeff Walters** |
| **Manzella, Aaron** | **Bruce Henderson** **Jeff Walters** |
| **Masserman, Cindy** | **Bruce Henderson** **Jeff Walters** |
| **Matt, Amy** | **Bruce Henderson** **Jana Lance** |
| **Matzinger, Payton** | **Kaitlyn Mardeusz** **Devin Scott** |
| **McKolay, Amy** | **Amerique Dockery** **Michelle Ross** |
| **Merz, Todd** | **Bruce Henderson** **Jeff Walters** |
| **Miles, Breana** | **Kaitlyn Mardeusz** **Devin Scott** |
| **Mitchell, Lisa** | **Bruce Henderson** **Jeff Walters** |

| | |
|---|---|
| Morales, Nathan | Did not submit an accommodation request |
| Morawski, Stephanie [maiden name McGuire?] Employee # e138028 | Bruce Henderson Jeff Walters |
| Morgan, Tanya | No interview took place; Plaintiff submitted a statement |
| Muhammad, Akeya | Jana Lance Amerique Dockery |
| Nafsu, Tress | Bruce Henderson Jeff Walters |
| Partin, Jason | Amerique Dockery Michelle Ross |
| Peeples, Carmen | No interview took place; accommodation request was untimely |
| Polk, Angelene | Amerique Dockery Michelle Ross |
| Pratt, Ceneca | Bruce Henderson Jeff Walters |
| Pung, Brooke | Amerique Dockery Michelle Ross |
| Reising, Rachel | Amerique Dockery Michelle Ross |
| Repke, Nathan | Vera Grigorian Julie Tracy |
| Riley, Nina | Amerique Dockery Michelle Ross |
| Romano, Ryan | Bruce Henderson Jeff Walters |
| Rucker, Laura | Vera Grigorian Julie Tracy |
| Rupert, Richard | Amerique Dockery Michelle Ross |
| Rutter, Paula | Bruce Henderson Jeff Walters |
| Schroeder, Cindy | Bruce Henderson Jana Lance |
| Sesi, Crystal | Vera Grigorian |

| | Julie Tracy |
|---|---|
| Sherry, Michelle | Jana Lance |
| Sibel, Julie | Defendants will supplement |
| Silverthorn, Allyson | Amerique Dockery<br>Michelle Ross |
| Skender, Karen | Amerique Dockery<br>Michelle Ross |
| Smith, Jasmine | Did not submit accommodation request |
| Smith, Kaytlyn | Kaitlyn Mardeusz<br>Devin Scott |
| Smith, Kennesha | Kaitlyn Mardeusz<br>Devin Scott |
| Smith Sabrina | Kaitlyn Mardeusz<br>Devin Scott |
| Snipes, Melodie | Amerique Dockery<br>Michelle Ross |
| Sobczynski, Michelle | Defendants will supplement |
| Spencer, Anyssa | Vera Grigorian<br>Julie Tracy |
| Stallworth, Renee | Jana Lance<br>Amerique Dockery |
| Stevens, Nichole | Jana Lance<br>Amerique Dockery |
| Swartz, Kathy | Bruce Henderson<br>Jeff Walters |
| Wayland, Stacey | Amerique Dockery<br>Michelle Ross |
| Whibley, Paul | Kaitlyn Mardeusz<br>Devin Scott |
| Williams, Shannon | Defendants will supplement |
| Wojtowicz, Shannon | Defendants will supplement |
| Woodburn, Todd | Kaitlyn Mardeusz<br>Devin Scott |
| Zdyrski, Greg | Bruce Henderson<br>Jeff Walters |
| Zemblaku, Neviana | Vera Grigorian<br>Julie Tracy |

8.     If a Plaintiff submitted a medical accommodation request to be exempt from the COVID-19 vaccine, please state every step that Defendants took to evaluate whether (a) the Plaintiff possessed a medical disability; (b) the Plaintiff could be reasonably accommodated; (c) some potential accommodations would be possible; and (d) the potential accommodations would pose an undue hardship on Defendants.

**ANSWER:**

**Defendants object to Interrogatory No. 8 on grounds that it presupposes a "one-size-fits-all" answer to all employee requests for an accommodation. Each accommodation request Defendants received was unique and, thus, there was no "one-size-fits-all" criteria for determining whether an employee was eligible for a medical accommodation to the Policy.  Defendants also object insofar as the Interrogatory requires identification of "every step," which is virtually impossible.  Subject to the foregoing objection, Defendants state as follows as to the process they undertook to evaluate medical accommodation requests:**

**Defendants implemented an enterprise-wide process through which employees were permitted to apply for a medical exemption to the Vaccine Policy.  In order to request a medical accommodation to the Policy, employees submitted a form formally requesting medical accommodation to the vaccine**

**requirement, together with medical documentation supporting the need for a medical accommodation.  Bart Feinbaum reviewed employee submissions and, in certain cases, consulted with Dr. James Grant.  Mr. Feinbaum requested additional information from employees as necessary to properly evaluate the accommodation request.  In certain cases, employees were invited to consent to their medical providers participating in a peer-to-peer discussion with Dr. Grant in order for Dr. Grant to more fully understand and evaluate the accommodation request.**

**Defendants then evaluated each employee's accommodation request in light of guidance from the U.S. Equal Employment Opportunity Commission. Each accommodation request was assessed individually, based on the employee's written submissions, medical documentation, and peer-to-peer discussion between Dr. Grant and the employee's medical provider (if any).**

**Answering further, Defendants state that they did not deny any request for a medical accommodation on the basis of the requested accommodation posing an "undue hardship," making subparts (b), (c), and (d) entirely irrelevant.**

9.     If Defendant conducted interviews with employees submitting religious or medical accommodation requests, please state the following for each Plaintiff:

a.      full name(s) of all individual(s) attending the interview;

b.      position title of all individual(s) attending the interview;

c.      any questions asked during the interview;

d.      any protocols for the interview;

e.      whether the interview was recorded;

f.      whether notes were taken during the interview;

g.      whether the interviewer reviewed the Plaintiffs' written accommodation request prior to the interview;

**ANSWER:** **Defendants object to Interrogatory No. 9 to the extent it seeks information regarding any employee interview other than Plaintiffs, which is irrelevant.  Defendants object to subpart (d) of Interrogatory No. 9 because it is vague and undefined.  It is unclear what information Plaintiffs seek by asking about interview "protocols."**

**Subject to the foregoing objections, Defendants state as follows:**

**a.      The individuals identified in the Answer to Interrogatory No. 7 are the individuals that attended the interview.**

**b.      See the Answer to Interrogatory No. 2.**

**c.      Relative to religious accommodation requests, Defendants asked the following questions during the interviews:**

- **Why are you requesting an accommodation to the vaccine?**
- **What religious belief do you follow?**
- **What is your religion's stance with respect to vaccinations?**

- **Do you feel like the COVID vaccines were rushed?**
- **How does accepting the COVID vaccine conflict with your beliefs?**
- **What do you do when you're in physical pain? Would you take something like aspirin, ibuprofen for a headache?**
- **Would you take allergy medication such as Benadryl, Sudafed or Claritin?**
- **Do your religious views prohibit you from receiving any medical treatment, or just vaccination?**
- **What would you do if your doctor prescribed medication or told you, you needed surgery?**
- **Have you always followed this religious belief?**
- **When was the last time you received a vaccination?**

e.   **Defendants did not record employee interviews. Per representations from Plaintiffs' counsel, however, Defendants understand that many employees recorded their own interviews in violation of company policy.**

f.   **Relative to any notes taken during Plaintiffs' interviews, Defendants direct Plaintiffs to business records produced, pursuant to Fed. R. Civ. P. 33(d).**

g.   **While there was no "one-size-fits-all" criteria for determining whether an employee was eligible for an accommodation to the Policy, some accommodation requests were reviewed prior to the interview.**

10.   Please identify every belief articulated by each individual Plaintiff either in writing or verbally during the interview process that Defendant determined was not sincerely held.

**ANSWER:  Defendants object to Interrogatory No. 10 to the extent it requires identification of "every belief articulated," regardless of specificity and/or**

relevancy.  Subject to the foregoing objections, Defendants, pursuant to Fed. R. Civ. P. 33(d), direct Plaintiffs to the business records produced in this case.

11.     For every medical disability identified by a Plaintiff during the COVID-19 medical exemption process, please state the following for each Plaintiff:

        a.     what was the medical disability identified;

        b.     what was the disability accommodation proposed;

        c.     why did the proposed disability accommodation pose an undue hardship on Defendants;

        d.     what did Defendants do to engage in the "interactive process."

**ANSWER:**          **Defendants object to Interrogatory No. 11 because Defendants do not believe that any of the Plaintiffs identified a "disability" eligible for an accommodation to Defendants' Vaccine Policy within the meaning of the Americans with Disabilities Act, rendering subpart (a) unanswerable.  Defendants further object to the extent that it assumes Defendants had a legal obligation to engage in an "interactive process," when no such obligation existed.**

**Relative to alleged medical conditions identified by any of the Plaintiffs, pursuant to Fed. R. Civ. P. 33(d), Defendants direct Plaintiffs to business records produced in this case.  Answering further, Defendants state that they**

**did not deny any request for a medical accommodation on the basis of the requested accommodation posing an "undue hardship," making subparts (b), (c), and (d) entirely irrelevant.**

12.    For all training on evaluating religious or medical accommodation requests to be exempt from the COVID-19 vaccine provided to any individual identified in Defendants' answers to Plaintiffs' Interrogatories, please state the following:

     a.    full name(s) and position title(s) of all individual(s) providing training;

     b.    full name(s) and position title(s) of all individual(s) receiving training;

     c.    what the training consisted of;

     d.    full name(s) and position title(s) of all individual(s) designing the training;

     e.    the bates numbers of any documents used in the training;

     f.    the bates numbers of any documents used to train Defendants' employees on how to determine what is a sincerely held religious belief;

g.      the bates numbers of any documents used to train Defendants'
employees on how to determine what is a medical disability;

h.      the bates numbers of any documents used to train Defendants'
employees on how to determine whether a medical
accommodation posed an undue hardship.

**ANSWER:  Defendants object to Interrogatory No. 12 because it is vague and overly broad.  It is unknown what Plaintiffs mean by "training," and their request for "all training" is an impermissible fishing expedition.  Additionally, Defendants object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege or protection.**

**Subject to the foregoing objections, Defendants state that all persons involved with evaluating employee requests for accommodations (religious and medical) to the Vaccine Policy were trained on Defendants' process for evaluating those requests.  Answering further, Defendants state that, through attorney-client privileged communications, Defendants' legal counsel provided to each of the interviewers legal advice in advance of the interviews.  Additionally, all interviewers received information relative to the guidance provided by the EEOC regarding accommodation requests and the COVID-19 vaccine, and each employee is trained on Defendants' Anti-Harassment policy**

each year.  Copies of the EEOC guidance and Defendants' Anti-Harassment policy will be produced.


13.    Please identify each Plaintiff who performed their job remotely and why Defendants required those Plaintiffs be vaccinated against COVID-19.

**ANSWER:  Defendants object to Interrogatory 13 as unduly burdensome and not proportionate to the needs of the case, as each Plaintiff already knows whether and when they performed their job remotely, meaning the information is equally (and more easily) available to Plaintiffs.  Defendants further object to Interrogatory 13, as it seeks irrelevant information.  Plaintiffs' claims pertain to their respective requests for a religious or medical accommodation to the Vaccine Policy, regardless of whether Plaintiffs ever worked remotely. Answering further, Defendants state that all employees, regardless of remote-work status, were required to comply with the Vaccine Policy, to protect the health and safety of Defendants' workforce and to defeat COVID-19 and return Defendants to a normal state of business operations.   As health care organizations – committed to enriching, extending, and saving lives – Defendants believe in promoting vaccinations that have proven to save lives; Defendants have the legal right, as employers, to issue policies protecting the health and safety of their workforce, including requiring employees to be**

**vaccinated against COVID-19.**

14.    For all current or former employees of Defendants who submitted religious and/or medical accommodation requests to be exempt from taking the COVID-19 vaccine, please state:

      a.    The employee's identification number;

      b.    The employees full name;

      c.    Whether the employee's accommodation request was granted or denied;

      d.    Whether the employee is a current or former employee of Blue Cross Blue Shield of Michigan and/or its affiliates;

      e.    The employee's email address;

      f.    Whether Defendant has ever exempted the employee from receiving a vaccine for religious and/or spiritual reasons;

      g.    Whether the employee has received any vaccine within two years prior to requesting exemption from taking the COVID-19 vaccine;

      h.    The type of vaccination the employee requesting accommodation received, if any, within two years prior to the time of requesting exemption from taking the COVID-19 vaccine;

      i.    Whether the employee's religious and/or spiritual beliefs changed within two years prior to the time of requesting exemption from taking the COVID-19 vaccine mandate;

      j.    The employee's legal employer;

      k.    The employee's "business unit;"

l.     The employee's job title;

m.    The employee's race;

n.    The employee's gender;

o.    The employee's date of birth;

p.    The employee's age;

q.    The employee's length of employment with Blue Cross Blue Shield of Michigan and/or its affiliates;

r.    Whether the employee participated in an interview after he/she requested exemption from taking the COVID-19 vaccination regarding his/her request for exemption;

s.    The date of the employee's interview regarding their request for exemption from taking the COVID-19 vaccine;

t.    The names of the individual(s) who conducted the employee's interview regarding the employee's request for exemption from taking the COVID-19 vaccine;

u.    The type of exemption the employee requested (religious, medical, or both);

v.    The date Defendant made its decision whether to grant or deny the employee's request for exemption from taking the COVID-19 vaccine;

## ANSWER:

Defendants object to this Interrogatory because it is overly broad, unduly burdensome, and seeks irrelevant information that is disproportionate to the needs of this litigation. Plaintiffs' complaints pertain to their requests for a

religious and/or medical accommodation to Defendants' Vaccine Policy, and whether Defendants treated Plaintiffs differently than similarly situated employees. The information requested in subparagraphs a, b, e, f, g, h, i, m, n, o, p, and q, for "all current or former employees of Defendants who submitted religious and/or medical accommodation requests," has no bearing on Plaintiffs' claims in this litigation, making the information completely irrelevant.

Subject to and without waiving the foregoing general and specific objections, and pursuant to Fed. R. Civ. P. 33(d), to the extent available, Defendants direct Plaintiffs to business records produced in this litigation and responsive to subparagraphs c, d, j, k, l, r, s, t, u and v.


15. For all current or former employees of Defendants who received a religious accommodation to be exempt from the COVID-19 vaccine, please identify (a) why their religious beliefs were sincerely held; and (b) what about their religious beliefs prevented them from receiving the COVID-19 vaccine.

**ANSWER:**

Defendants object to this Interrogatory because it seeks information regarding individuals other than Plaintiffs, which is irrelevant to Plaintiffs' complaints. Defendants further object to this Interrogatory to the extent it

seeks the production of information subject to the attorney-client privilege and work-product doctrine. Defendants further object to this Interrogatory because Defendants lack knowledge as to "why" (i.e., what caused) any of the particular employees chose to "sincerely hold" their religious beliefs.

Subject to and without waiving the foregoing objections, to the extent responsive information is available, and pursuant to Fed. R. Civ. P. 33(d), Defendants direct Plaintiffs to business records produced in this case.

16.    For all current or former employees of Defendants who received a medical accommodation to be exempt from the COVID-19 vaccine, please identify why their medical disability prevented them from receiving the COVID-19 vaccine.

**ANSWER:**

Defendants object to this Interrogatory because it seeks information regarding individuals other than Plaintiffs, which is irrelevant to Plaintiffs' complaints. Defendants further object to this Interrogatory to the extent it seeks the production of information subject to the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing objections, to the extent responsive information is available, and pursuant to Fed. R. Civ. P. 33(d), Defendants direct Plaintiffs to business records produced in this case.

17.   Please identify all religious beliefs submitted by current or former employees of Defendants that Defendants found to be a sincerely held belief that exempted the employee from Defendants' COVID-19 vaccine requirement.

**ANSWER:    Defendants object to this Interrogatory because it seeks information regarding individuals other than Plaintiffs, which is irrelevant to Plaintiffs' complaints.  Defendants further object to this Interrogatory to the extent it seeks the production of information subject to the attorney-client privilege and work-product doctrine.**

**Subject to and without waiving the foregoing objections, to the extent responsive information is available, and pursuant to Fed. R. Civ. P. 33(d), Defendants direct Plaintiffs to business records produced in this case.**

18.   Please identify all employees of Defendant who filed complaints, grievances, lawsuits, or expressed concerns, either internally or externally, about Defendants' COVID-19 policies between January 1, 2021 and May 1, 2022, and provide the following:

a.    the date when the complaint was made;

b.    the name(s), job title(s), and last known email address(es) of the person who made the complaint;

c.      the substance of the complaint or concern; and

d.      the disposition of the complaint or concern.

**ANSWER:**

Defendants object to Interrogatory No. 18 because it is overly broad, unduly burdensome, and seeks irrelevant information that is disproportionate to the needs of this case.  Plaintiffs' complaints pertain to their individual requests for a religious and/or medical accommodation to Defendants' Vaccine Policy.  Identifying all employees who filed complaints, grievances, lawsuits, or expressed concerns, either internally or externally, about Defendants' COVID-19 policies between January 1, 2021 and May 1, 2022, has no bearing on Plaintiffs' accommodation requests.  Further, Plaintiffs are not entitled to information regarding other employees' private personnel records, including complaints and/or grievances.  Defendants further object to this request as the term "Defendants' COVID-19 policies" is vague, ambiguous and subject to multiple interpretations.  By way of example only, the term "Defendants' COVID-19 policies" could encompass policies regarding employees being required to work remotely, wear a mask, socially distance, and/or attest as to whether they were experiencing COVID-19 symptoms as required by federal, state, and/or local law.  Such matters have no relevance to this proceeding; hence, this Interrogatory is overbroad.

**Subject to the foregoing objections, BCBSM will identify relevant, actually-filed complaints, grievances and lawsuits responsive to the above Interrogatory, regarding individuals not represented by Hurwitz Law PLLC, and will supplement its response to this Interrogatory as such information becomes available.**

19.    Please identify why an employee not vaccinated against COVID-19 poses an undue hardship to Defendant.

**ANSWER:**

**Defendants object to Interrogatory No. 19 because it seeks irrelevant information, and is otherwise virtually impossible to answer as stated because of it being so overbroad—it encompasses Defendants' entire work force (more than 8,000 individuals), making it unduly burdensome.  Moreover, Plaintiffs' complaints pertain to their individual requests for a religious and/or medical accommodation to Defendants' Vaccine Policy, and Defendants are not asserting "undue hardship" as a defense.  Plaintiffs' complaints thus have nothing to do with whether being unvaccinated "poses an undue hardship" to Defendants.  Defendants further object to this request to the extent it assumes facts not in evidence, or is a misinterpretation of federal and/or state law.  Defendants stand on these objections and will not be further answering this**

**Interrogatory.**

20.     Identify the amount of any and all employment wages that each individual Plaintiff would have been eligible to receive through the present date had he, she or they not been terminated.

**ANSWER:**

**Defendants object to this Interrogatory because Plaintiffs are already in possession of responsive information that has any relation to Plaintiffs, making this Interrogatory duplicative and disproportionate to the needs of this case. Defendants further object because this Interrogatory assumes facts not in evidence, e.g., that Plaintiffs "would have been eligible to receive" wages. Among other things, the after acquired evidence rule may bar and/or limit Plaintiff's damages and/or claims.**

**Subject to the foregoing objection, pursuant to Fed. R. Civ. P. 33(d), Defendants direct Plaintiffs to business records produced in this case, including personnel files (which include wage information).**

21.     Identify any and all employment benefits that each individual Plaintiffs would have been eligible to receive through the present date had he, she or they not been terminated.

**ANSWER:**

**Defendants object to this Interrogatory because Plaintiffs are already in possession of responsive information that has any relation to Plaintiffs, making this Interrogatory duplicative and disproportionate to the needs of this case. Defendants further object because this Interrogatory assumes facts not in evidence, e.g., that Plaintiffs "would have been eligible to receive" employment benefits.  Among other things, the after acquired evidence rule may bar and/or limit Plaintiff's damages and/or claims.**

**Subject to the foregoing objection, pursuant to Fed. R. Civ. P. 33(d), Defendants direct Plaintiffs to business records produced in this case, including personnel files (which include benefit information).**

22.   For each reduction in force involving more than 50 employees conducted by Defendants since January 1, 2020, please state the following:

        a.   The name of the corporate entity conducting the reduction in force;

        b.   The date the reduction in force occurred;

        c.   The number of employees separated during the reduction in force;

**ANSWER:**

**Defendants object to this Interrogatory because it seeks information that is both irrelevant and harassing.  Any reductions in force since January 2020 have no bearing on the 2021 COVID-19 Policy subject to Plaintiffs' complaints (or any of the corresponding issues in this litigation).  Any effort by Defendants to analogize (or, equate) Defendants' Vaccination Policy to accomplishing a "reduction in force" is rank speculation, harassing and a fishing expedition. Defendants stand on these objections and will not be answering this Interrogatory.**

23.    Please identify all actions taken by Defendants to ensure that there was a litigation hold placed on all documents related to Defendants COVID-19 vaccine mandate and state the following:

a.    the name(s) and position title(s) of Defendants' employee(s) responsible for communicating information about a litigation hold on documents related to Defendants' COVID-19 vaccine mandate to Defendants' employees;

b.    when did Defendants place a litigation hold on all documents related to Defendants' COVID-19 vaccine mandate;

**ANSWER:**

**Defendants object to this Interrogatory because it seeks information**

subject to the attorney-client privilege and work-product doctrine, as well as irrelevant information.  Subject to the foregoing objections, Defendants state that Defendants put into place an appropriate litigation hold.

24.    Please identify whether Defendants received any financial incentive from any source based on Defendants' current and/or former employees receiving the COVID-19 vaccine.

**ANSWER:**

Defendants object to this Interrogatory because it seeks information that is irrelevant.  Whether Defendants received any financial incentive based on employees receiving the COVID-19 vaccine has no bearing on this litigation whatsoever.  Defendants further object to this Interrogatory because "financial incentive" is vague and ambiguous.  Subject to these objections, Defendants state that they did not receive any financial incentive on account of employees receiving the COVID-19 vaccine.

## OBJECTIONS AND ANSWERS TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

1.    Please produce all documents and/or ESI that Defendants referred to, relied upon, consulted, or in any way used to draft answers to Plaintiffs' Complaints.

**RESPONSE:**

**Defendants object to this request because it seeks the production of information subject to the attorney-client privilege and work-product doctrine, as counsel for Defendants prepared the Answers.  Defendants further object to this request because it is unduly burdensome and seeks irrelevant information in that it requires the production of "all documents and/or ESI," regardless of their materiality to Defendants' Answers, which could take countless hours to search, and is disproportionate to the needs of this case.  Defendants stand on these objections and will not be producing responsive documents.**

2.      Please produce all documents and/or ESI that Defendants referred to, relied upon, consulted, or in any way used to draft Defendants' answers, objections, and/or responses to Plaintiffs' Interrogatories.

**RESPONSE:**

**Defendants object to this request because it seeks the production of information subject to the attorney-client privilege and work-product doctrine, as counsel for Defendants assisted in preparing answers, objections, and responses to Plaintiffs' Interrogatories.  Defendants further object to this request because it is unduly burdensome and seeks irrelevant information in that it requires the production of "all documents and/or ESI," regardless of their materiality to Defendants' answers, objections, and responses to**

**Plaintiffs' Interrogatories, which could take countless hours to search, and is disproportionate to the needs of this case.**

**Subject to and without waiving the foregoing general and specific objections, Defendants will produce any documents identified in Defendants' answers, objections, and responses to Plaintiffs' Interrogatories.**

3.     Please produce Plaintiffs' entire personnel files, which shall include but not be limited to documents reflecting, referring or relating to the following:

a.     application for employment;

b.     job duties and responsibilities;

c.     offer letters;

d.     compensation, including eligibility for bonuses and raises;

e.     benefits, including but not limited to health insurance;

f.     any promotions or demotions;

g.     employment contracts;

h.     performance reviews;

i.     performance improvement plans;

j.     requests for accommodations;

k.     disciplinary actions; and

l.     termination notices.

**RESPONSE:**

**Subject to and without waiving the foregoing general objections, Defendants state that they will produce the personnel files for Plaintiffs.**

4. Please produce all documents describing or constituting Defendants' policies and practices concerning document and data retention or destruction in effect in the last three (3) years.

**RESPONSE:**

**Defendants object to this request because it seeks the production of information that is irrelevant. Policies and practices concerning document and data retention or destruction in effect in the last three (3) years, regardless of the information to which they apply, have no bearing on Defendants' Vaccine Policy subject to Plaintiffs' complaints (or any of the corresponding issues in this litigation). Defendants stand on these objections and will not be producing responsive documents.**

5. Please produce all documents reflecting, referring to, or relating to Defendants' calculation or assessment of Plaintiffs' damages, including but not limited to, any data relied upon to determine the calculation or assessment.

**RESPONSE:**

**Defendants object to this request to the extent it calls for the production of information subject to the attorney-client privilege and/or work-product doctrine.  Defendants further object to this request because it is unduly burdensome in that it requires the production of "all documents," regardless of their materiality to a "calculation or assessment of Plaintiffs' damages," which could take countless hours to search, and is disproportionate to the needs of this case.**

**Subject to and without waiving the foregoing general and specific objections, Defendants state that they do not presently have any responsive documents.**

6.     Please produce documents identifying, describing, and/or listing the various offices, regions, or divisions of Defendants in effect since January 1, 2022, including, but not limited to, organizational charts, and lists of Defendants' office locations.

**RESPONSE:**

**Defendants object to this request because it seeks the production of information that is irrelevant.  Documents identifying, describing, and/or listing the various offices, regions, or divisions of Defendants in effect since January 1, 2022, including, but not limited to, organizational charts, and lists**

of Defendants' office locations, have no bearing on Defendants' 2021 Vaccine Policy subject to Plaintiffs' complaints (or any of the corresponding issues in this litigation). Defendants stand on these objections and will not be producing responsive documents.

7.     Please produce all documents, communications, and ESI submitted to or received from the U.S. Equal Employment Opportunity Commission ("EEOC"), reflecting, referring, or relating to charges submitted by current or former employees, including Plaintiffs, reflecting, referring, or relating to Defendants' COVID-19 vaccination policies.

**RESPONSE:**

Defendants object to this request because it seeks the production of information regarding individuals other than Plaintiffs, which is irrelevant to Plaintiffs' cases. Plaintiffs are not entitled to other employees' private personnel records, including EEOC communications. Defendants further object to this request because Plaintiffs are already in possession of responsive information that has any relation to Plaintiffs, making this request duplicative and disproportionate to the needs of this case. Lastly, Defendants object to this request as the information sought is equally available to Plaintiffs through the EEOC. Defendants stand on these objections and will not be producing

**responsive documents.**

8.     Please produce all documents, communications, and ESI reflecting, referring, or relating to any formal or informal complaints, grievances, lawsuits, or reports of discrimination and/or retaliation that any employees, including Plaintiffs, have made reflecting, referring, or relating to Defendants' COVID-19 vaccination policy.  This request includes, but is not limited to, any complaints filed internally with Defendant, with the EEOC, with a state or local government agency, or with a federal or state court.

**RESPONSE:**

**Defendants object to this request because it seeks the production of information regarding individuals other than Plaintiffs, which is irrelevant to Plaintiffs' claims.  Defendants further object to this request because Plaintiffs are already in possession of responsive information that has any relation to Plaintiffs, making this request duplicative and disproportionate to the needs of this case.  Defendants further object to this request because producing the information sought would be unduly burdensome, in that producing "all documents, communications, and ESI" could take countless hours and is disproportionate to the needs of this case.**

**Subject to the foregoing objections, BCBSM will produce relevant,**

**actually-filed complaints, grievances and lawsuits responsive to this Request, regarding individuals not represented by Hurwitz Law PLLC.**

9.      Please produce all documents, communications and ESI reflecting, referring, or relating to Defendants' investigation into Plaintiffs' discrimination and retaliation claims, including but not limited to, notes, letters, memoranda, tape recordings, emails and attachments therein, transcriptions, witness statements, and reports.

**RESPONSE:**

**Defendants object to this request to the extent it calls for the production of information subject to the attorney-client privilege and/or work-product doctrine.   Defendants further object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality, which could take countless hours to search and is disproportionate to the needs of this case.**

**Subject to and without waiving the foregoing general and specific objections, Defendants state that they are in the process of retrieving documents that may be responsive to this request and will produce the same.**

10.      Please produce all documents, communications, and ESI, including but

not limited to notes, letters, memoranda, tape recordings, emails and attachments therein, and transcriptions from August 1, 2021 through the present reflecting Defendants' decision to exempt any employees from Defendants' COVID-19 vaccination policy.

**RESPONSE:**

**Defendants object to this request because it seeks the production of information that is irrelevant, as well as information subject to the attorney-client privilege and/or work-product doctrine. Defendants further object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality, which could take countless hours to search and is disproportionate to the needs of this case.**

**Subject to and without waiving the foregoing general and specific objections, Defendants state that they are in the process of retrieving documents that may be responsive to this request and will produce the same.**

11.   Please produce all meeting minutes from Defendants' Board of Directors related to Defendants' COVID-19 vaccination mandate.

**RESPONSE:**

**Defendants object to this request to the extent it seeks information**

**protected by the attorney-client privilege and/or work-product doctrine. Defendants further object to this request because it seeks the production of information that is irrelevant and is tantamount to a fishing expedition— Defendants' Board of Directors did not make any material decisions relative to the COVID-19 Vaccination Policy, and the information sought has no bearing on the 2021 COVID-19 Policy as applicable to Plaintiffs' complaints (or any of the corresponding issues in this case).  Defendants stand on these objections and will not be producing responsive documents.**

12.    Please produce all documents, communications, and ESI Defendants created, developed, or approved related to tracking or monitoring the COVID-19 vaccination status of employees.

**RESPONSE:**

**Defendants object to this request because it seeks the production of information that is irrelevant.  The information sought has no bearing on Defendants' 2021 Vaccine Policy applicable to Plaintiffs' complaints (or any of the corresponding issues in this case).  Defendants further object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality, which could take countless hours to search and is disproportionate to the needs of this**

**case.  Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine. Defendants stand on these objections and will not be producing responsive documents.**

13.    Please produce all documents, communications, and ESI related to Defendants' decision to mandate COVID-19 vaccination.

**RESPONSE:**

**Defendants object to this request to the extent it calls for the production of information subject to the attorney-client privilege and/or work-product doctrine.  Defendants further object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality, which could take countless hours to search and is disproportionate to the needs of this case.**

**Subject to and without waiving the foregoing general and specific objections, Defendants state that they are in the process of retrieving documents that may be responsive to this request and relative to Defendants' Vaccine Policy (not "mandate") and will produce the same.**

14.    Please produce all documents, communications, and ESI related to

Defendants' decision to deny COVID-19 vaccination exemption requests.

**RESPONSE:**

**Defendants object to this request to the extent it calls for the production of information subject to the attorney-client privilege and/or work-product doctrine.   Defendants further object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality, which could take countless hours to search and is disproportionate to the needs of this case. Defendants further object to this request because it seeks the production of information regarding individuals other than Plaintiffs, which is irrelevant to Plaintiffs' complaints.**

**Subject to and without waiving the foregoing general and specific objections, Defendants state that they are in the process of retrieving documents related to Defendants' decisions to deny Plaintiffs' exemption requests and will produce the same.**

15.    Please produce all documents, communications, and ESI, including but not limited to notes, letters, memoranda, tape recordings, emails and attachments therein, and transcriptions from August 1, 2021 through the present reflecting, relating, and/or referring to each Plaintiffs' request for accommodation from

Defendants' COVID-19 vaccination policy.

**RESPONSE:**

**Defendants object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality, which could take countless hours to search and is disproportionate to the needs of this case.  Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.**

**Subject to and without waiving the foregoing general and specific objections, Defendants state that they are in the process of retrieving documents relating to Plaintiffs that may be responsive to this request, and will produce the same.**

16.     Please produce all documents, communications, and ESI, including but not limited to notes, letters, memoranda, tape recordings, emails and attachments therein, and transcriptions from August 1, 2021 through the present reflecting, referring or relating to interviews conducted by Defendant with each Plaintiff pursuant to their accommodation request from Defendants' COVID-19 vaccination policy.  Please include any handwritten notes and documents reflecting the mental impressions of the interviewer, as well as documents reflecting questions asked or

answers provided during each interview.

**RESPONSE:**

**Defendants object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality, which could take countless hours to search and is disproportionate to the needs of this case. Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.**

**Subject to and without waiving the foregoing general and specific objections, Defendants state that they are in the process of retrieving documents relating to Plaintiffs that may be responsive to this request, and will produce the same.**

17.    Please produce all documents, communications, and ESI, including but not limited to notes, letters, memoranda, tape recordings, emails and attachments therein, and transcriptions regarding accommodation requests to Defendants' COVID-19 vaccination policy that were *granted*. Please include documents that reflect whether the accommodation request was for medical or religious reasons, the accommodation requested, Defendants' reasoning for granting the accommodation request, and the accommodation granted.

**RESPONSE:**

Defendants object to this request because it seeks the production of information that is irrelevant. The information sought has no bearing on Defendants' 2021 Vaccine Policy subject to Plaintiffs' complaints (or any of the corresponding issues in this litigation). Defendants further object to this request to the extent it seeks information regarding individuals other than Plaintiffs, which is irrelevant. Defendants further object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality, which could take countless hours to search and is disproportionate to the needs of this case. Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendants state that they will produce a document identifying for Plaintiffs as it relates solely to the Defendants' COVID-19 vaccine policy, the number of: (i) accommodation requests received by Defendants; (ii) accommodation requests granted by Defendants; and (iii) accommodation requests denied by Defendants. To the extent they exist, Defendants will also produce the business records responsive to Interrogatory No. 14, subparagraphs c, d, j, k, l, r, s, t, u and v.

18.     Please produce all documents, communications, and ESI, including but not limited to notes, letters, memoranda, tape recordings, emails and attachments therein, and transcriptions regarding accommodation requests to Defendants' COVID-19 vaccination policy that were *denied*.  Please include documents that reflect whether the accommodation request was for medical or religious reasons, the accommodation requested, and Defendants' reasoning for denying the accommodation request.

**RESPONSE:**

**Defendants object to this request because it seeks the production of information that is irrelevant.  The information sought has no bearing on Defendants' 2021 Vaccine Policy subject to Plaintiffs' complaints (or any of the corresponding issues in this litigation).  Defendants further object to this request to the extent it seeks information regarding individuals other than Plaintiffs, which is irrelevant.  Defendants further object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality, which could take countless hours to search and is disproportionate to the needs of this case. Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.**

Subject to and without waiving the foregoing general and specific objections, Defendants state that they will produce a document identifying for Plaintiffs as it relates solely to the Defendants' COVID-19 vaccine policy, the number of: (i) accommodation requests received by Defendants; (ii) accommodation requests granted by Defendants; and (iii) accommodation requests denied by Defendants. To the extent they exist, Defendants will also produce the business records responsive to Interrogatory No. 14, subparagraphs c, d, j, k, l, r, s, t, u and v.

19. Please produce all documents, communications, and ESI, including but not limited to notes, letters, memoranda, tape recordings, emails and attachments therein, and transcriptions Defendant used or relied upon to evaluate requests for accommodations from Defendants' COVID-19 vaccination policy.

**RESPONSE:**

Defendants object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality, which could take countless hours to search and is disproportionate to the needs of this case. Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine. Defendants further object to this

request to the extent it seeks information regarding individuals other than Plaintiffs (i.e., "requests for accommodations"), which is irrelevant.

Subject to and without waiving the foregoing general and specific objections, Defendants state that they are in the process of retrieving documents relating to Plaintiffs that may be responsive to this request, and will produce the same.

20.     Please produce all documents, communications, and ESI, including but not limited to notes, letters, memoranda, tape recordings, emails and attachments therein, and transcriptions Defendant used or relied upon for the proposition that Plaintiffs' religious beliefs are not sincerely held.

**RESPONSE:**

Defendants object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality, which could take countless hours to search and is disproportionate to the needs of this case.  Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.  Defendants also object to Plaintiffs' use of the word "proposition," as Defendants had an honest belief in their non-discriminatory reason for termination of Plaintiffs.

**Subject to and without waiving the foregoing general and specific objections, Defendants state that they are in the process of retrieving documents that may be responsive to this request and will produce the same.**

21.     Please produce any recording of Plaintiffs' religious accommodation interview.

**RESPONSE:**

**Defendants did not record employee interviews; Defendants have no documents responsive to this request.  Per representations from Plaintiffs' counsel, however, Defendants understand that many employees recorded their own interviews in violation of Defendants' policy.**

22.     Please produce all documents, communications, and ESI, including but not limited to notes, letters, memoranda, tape recordings, emails and attachments therein, and transcriptions referring or relating to Defendants' decision to terminate Plaintiffs.

**RESPONSE:**

**Defendants object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality, which could take countless hours to search and**

**is disproportionate to the needs of this case.  Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.**

**Subject to and without waiving the foregoing general and specific objections, Defendants state that they are in the process of retrieving documents that may be responsive to this request and will produce the same.**

23.     All documents reflecting, referring, or relating to documents sent to or prepared by each expert Defendants intend to call as a witness at trial, including but not limited to all documents and communications sent to or received from each expert, including but not limited to resumes, curriculum vitae, and reports.

**RESPONSE:**

**Defendants object to this request to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.**

**Subject to and without waiving the foregoing general and specific objections, Defendants state that they do not presently have documents responsive to this request.**

24.     Please produce all documents, communications, and ESI reflecting any employee or former employee who requested an exemption from Defendants'

COVID-19 vaccine requirement.

**RESPONSE:**

Defendants object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality, which could take countless hours to search and is disproportionate to the needs of this case. Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine. Defendants further object to this request to the extent it seeks information regarding individuals other than Plaintiffs (i.e., "any employee or former employee"), which is irrelevant. Defendants further object to this request because it is overbroad, further compounding it being unduly burdensome. Requesting "all documents, communications, and ESI" that in any way "reflect[s] any employee or former employee who requested an exemption," regardless of the connection or relevancy to this litigation, is extraordinarily broad and has virtually no limit as to its scope.

Although certain documents "reflecting" employees who requested an exemption are being produced in this litigation because those documents are responsive to other requests, Defendants stand on these objections and will not be specifically searching for documents responsive to this particular request.

25.     Please produce all documents, communications, and ESI from Plaintiffs' direct managers regarding their religious and/or medical accommodation requests to be exempt from Defendants' COVID-19 vaccine mandate pursuant to a time frame and search terms to be negotiated by the parties.

**RESPONSE:**

**Defendants object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality, which could take countless hours to search and is disproportionate to the needs of this case.  Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.**

**Subject to and without waiving the foregoing general and specific objections, Defendants state that Plaintiffs' supervisors are among the custodians being searched, utilizing the search terms identified by counsel on March 3, 2023.  Defendants further state that they are in the process of retrieving relevant, responsive documents, and will produce the same.**

26.     Please produce all documents, communications, and ESI from whomever interviewed Plaintiffs regarding their religious and/or medical

accommodation requests to be exempt from Defendants' COVID-19 vaccine mandate pursuant to a time frame and search terms to be negotiated by the parties.

**RESPONSE:**

**Defendants object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality, which could take countless hours to search and is disproportionate to the needs of this case. Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.**

**Subject to and without waiving the foregoing general and specific objections, Defendants state that the individuals who interviewed Plaintiffs (regarding their accommodation requests) are among the custodians being searched, utilizing the search terms identified by counsel on March 3, 2023. Defendants further state that they are in the process of retrieving relevant, responsive documents, and will produce the same.**

27.     Please produce all discoverable documents, communications, and ESI from all custodians previously identified by Plaintiffs' Counsel pursuant to a time frame and search terms to be negotiated by the parties.

**RESPONSE:**

**Defendants object to this request because it is unduly burdensome in that**

it requires the production of "all documents, communications, and ESI," regardless of their materiality, which could take countless hours to search and is disproportionate to the needs of this case.  Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.  Defendants further object because Plaintiffs' counsel requested that certain "categories" of custodians be searched regardless of the custodians' connection to this litigation, including "all members of the BCBSM Board of Directors," "all officers of BCBSM," and "all officers of any BCBSM affiliate."  Such a categorical request is overly broad, unduly burdensome, and intended to harass.

Subject to and without waiving the foregoing general and specific objections, Defendants state that they are in the process of retrieving documents from custodians that are actually relevant to this litigation, including Plaintiffs, Plaintiffs' supervisors, and the individuals who interviewed Plaintiffs—all of whom Plaintiffs' counsel identified.  While Defendants are willing to meet-and-confer about specific custodians identified by Plaintiffs, Defendants stand on their objection relative to a "blanket request" for myriad custodians without regard to relevance.

28.    Please produce all documents, communications, and ESI related to

Defendants placing a litigation hold on evidence related to Defendants COVID-19 vaccine mandate.

**RESPONSE:**

**Defendants object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI." Defendants further object to this request because it seeks information protected by the attorney-client privilege and/or work-product doctrine. Defendants further object to this request because it seeks irrelevant information. Defendants stand on these objections and will not be producing responsive documents.**

29.   Please produce all documents, communications, and ESI between Defendants and any email address ending in "@michigan.gov" between August 1, 2021 and February 1, 2022.

**RESPONSE:**

**Defendants object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their substantive relevance and conceivably from thousands of custodians, which is disproportionate to the needs of this litigation. Defendants further object to this request because it seeks irrelevant information insofar as**

it would require the production of emails relative to individuals other than Plaintiffs.  Defendants stand on these objections and will not be producing responsive documents.

30.    Please produce all documents, communications, and ESI in Defendants' possession between August 1, 2021 and February 1, 2022 containing the term "trumpster."

**RESPONSE:**

Defendants object to this request because it seeks the production of information that is irrelevant.  Just because a document, communication, or ESI might contain "trumpster" does not mean that it is relevant to this litigation.  Defendants further object to this request as vague and ambiguous as it is not clear that the term "trumpster" is even a word.  Defendants further object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality and conceivably from thousands of custodians, which could take countless hours to search and is disproportionate to the needs of this case. Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine. Defendants further object to this request because it is harassing.  Defendants

further object to this request because, on March 3, 2023, Defendants advised Plaintiffs of the search terms that Defendants were utilizing, requesting that Plaintiffs "promptly advise of any issues that [Plaintiffs] would like to address." Plaintiffs advised of nothing. Defendants thus proceeded with the search terms identified on March 3, 2023, spending significant, material resources in doing so, making it unduly burdensome for Defendants to now have to re-run additional search terms when Plaintiffs previously chose to not to address any issues. Defendants stand on these objections and will not be searching for any responsive documents.

31. Please produce all documents, communications, and ESI in Defendants' possession between August 1, 2021 and February 1, 2022 containing the term "anti-vaxxer."

**RESPONSE:**

Defendants object to this request because it seeks the production of information that is irrelevant. Just because a document, communication, or ESI might contain "anti-vaxxer" does not mean that it is relevant to this case. Defendants further object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality and conceivably from thousands of custodians,

which could take countless hours to search and is disproportionate to the needs of this case.  Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendants state that they are in the process of retrieving documents relevant to the claims and defenses in this litigation, utilizing the search terms "Anti-vax!" or "antivax!", and will produce the same.

32.    Please produce all documents, communications, and ESI from any custodian who will be identified on Defendants' witness list that contain the phrase "sincerely held" between April 1, 2021 and the present.

**RESPONSE:**

Defendants object to this request because it seeks the production of information that is irrelevant.  Just because a document, communication, or ESI contains the words "sincerely held" does not mean that it is relevant to this litigation.  Defendants further object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality, which could take countless hours to search and is disproportionate to the needs of this case.

Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendants state that they are in the process of retrieving documents relevant to the claims and defenses in this case, utilizing the search term "Sincerely held" / 25 "religious" OR "belief!", and will produce the same.

33.     Please produce all documents, communications, and ESI in Defendants' possession between August 1, 2021 and February 1, 2022 containing the phrase "sincerely held religious belief".

**RESPONSE:**

Defendants object to this request because it seeks the production of information that is irrelevant. Just because a document, communication, or ESI might contain "sincerely held religious belief" does not mean that it is relevant to this case. Defendants further object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality and conceivably from thousands of custodians, which could take countless hours to search and is disproportionate to the needs of this case. Defendants further object to this

request to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendants state that they are in the process of retrieving documents relevant to the claims and defenses in this case, utilizing the search term "Sincerely held" / 25 "religious" OR "belief!", and will produce the same.

34.    Please produce all documents, communications, and ESI in Defendants' possession between August 1, 2021 and February 1, 2022 containing the phrase "cms mandate".

**RESPONSE:**

**Defendants object to this request because it seeks the production of information that is irrelevant.  Just because a document, communication, or ESI might contain "cms mandate" does not mean that it is relevant to this case. Defendants further object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality and conceivably from thousands of custodians, which could take countless hours to search and is disproportionate to the needs of this case.  Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.**

**Subject to and without waiving the foregoing general and specific objections, Defendants state that they are in the process of retrieving documents relevant to the claims and defenses in this case, only, utilizing the search terms: (i) "mandate" or "policy /25 "illegal" or "unlawful"; (ii) "Discriminat!" / 50 "Title VII" OR "ADA" OR "mandate"; and (iii) and "Vaccine" or "vaccination" / 25 "mandate" OR "policy", and will produce the same.**

35.    Please    produce    all    documents,    communications,    and    ESI    in
Defendants' possession between August 1, 2021 and February 1, 2022 related to
Defendants' compliance with the CMS COVID-19 vaccine mandate.

**RESPONSE:**

**Defendants object to this request because it seeks the production of
information that is irrelevant.  Just because a document, communication, or
ESI "relate[s] to Defendants' compliance with the CMS COVID-19 vaccine
mandate" does not mean that it is relevant to this case.  Defendants further
object to this request because it is unduly burdensome in that it requires the
production of "all documents, communications, and ESI," regardless of their
materiality and conceivably from thousands of custodians, which could take
countless hours to search and is disproportionate to the needs of this case.
Defendants further object to this request to the extent it seeks information
protected by the attorney-client privilege and/or work-product doctrine.**

**Although certain documents "related to Defendants' compliance with the
CMS COVID-19 vaccine mandate" may be produced in this litigation because
those documents are responsive to other requests, Defendants stand on these
objections and will not be specifically searching for documents responsive to
this particular request.**

36.    Please produce all documents, communications, and ESI in Defendants' possession between August 1, 2021 and February 1, 2022 related to any financial incentive Defendants received from any source based on Defendants' current and/or former employees receiving the COVID-19 vaccine.

**RESPONSE:**

**Defendants object to this request because it seeks the production of information that is irrelevant.   Defendants further object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality, which could take countless hours to search and is disproportionate to the needs of this case.  Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.**

**Defendants further object to this Interrogatory because "financial incentive" is vague and ambiguous.  Subject to these objections, Defendants state that they do not have documents responsive this request.**

37.    Please produce all documents, communications, and ESI in Defendants' possession between August 1, 2021 and February 1, 2022 between Defendants and any governmental employee regarding COVID-19.

**RESPONSE:**

Defendants object to this request because it seeks the production of information that is irrelevant.  Just because a document, communication, or ESI is with a governmental employee and relates to COVID-19 does not mean that it is relevant to this case.  Defendants further object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality and conceivably from thousands of custodians, which could take countless hours to search and is disproportionate to the needs of this case.

Although certain documents "between Defendants and a[ ] governmental employee regarding COVID-19" may be produced in this litigation because those documents are responsive to other requests, Defendants stand on these objections and will not be specifically searching for documents responsive to this particular request.

38.   Please produce all documents, communications, and ESI in Defendants' possession between August 1, 2021 and February 1, 2022 between Defendants and any governmental employee regarding the COVID-19 vaccine.

**RESPONSE:**

Defendants object to this request because it seeks the production of

information that is irrelevant.  Just because a document, communication, or ESI is with a governmental employee and relates to the COVID-19 vaccine does not mean that it is relevant to this case.  Defendants further object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality and conceivably from thousands of custodians, which could take countless hours to search and is disproportionate to the needs of this case.

Although certain documents "between Defendants and a[ ] governmental employee regarding the COVID-19 vaccine" may be produced in this litigation because those documents are responsive to other requests, Defendants stand on these objections and will not be specifically searching for documents responsive to this particular request.

39.    Please produce all documents, communications, and ESI in Defendants' possession between August 1, 2021 and February 1, 2022 between Defendants and any employee of a healthcare provider regarding Defendants' COVID-19 vaccine mandate.

**RESPONSE:**

Defendants object to this request because it seeks the production of information that is irrelevant.  Just because a document, communication, or

ESI is with any employee of a healthcare provider regarding Defendants'

COVID-19 Vaccine Policy does not mean that it is relevant to this case.

Defendants further object to this request because it is unduly burdensome in

that it requires the production of "all documents, communications, and ESI,"

regardless of their materiality and conceivably from thousands of custodians,

which could take countless hours to search and is disproportionate to the needs

of this case.

Although certain documents "between Defendants and an[ ] employee of

a healthcare provider regarding Defendants' COVID-19 vaccine [policy]" (not

"mandate") may be produced in this litigation because those documents are

responsive to other requests, Defendants stand on these objections and will not

be specifically searching for documents responsive to this particular request.

40.    Please produce all documents, communications, and ESI in

Defendants' possession between August 1, 2021 and February 1, 2022 between

Defendants and any scientist regarding Defendants' COVID-19 vaccine mandate.

**RESPONSE:**

Defendants object to this request because it seeks the production of

information that is irrelevant.  Just because a document, communication, or

ESI is with a scientist regarding Defendants' COVID-19 Vaccine Policy does

not mean that it is relevant to this case.  Defendants further object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality, which could take countless hours to search and is disproportionate to the needs of this case.

Although certain documents "between Defendants and a[ ] scientist regarding Defendants' COVID-19 vaccine [policy]" (not "mandate") may be produced in this litigation because those documents are responsive to other requests, Defendants stand on these objections and will not be specifically searching for documents responsive to this particular request.


41.    Please  produce  all  documents,  communications,  and  ESI  in Defendants' possession between August 1, 2021 and February 1, 2022 between Defendants and any healthcare professional regarding Defendants' COVID-19 vaccine mandate.

**RESPONSE:**

Defendants object to this request because it seeks the production of information that is irrelevant.  Just because a document, communication, or ESI is with any healthcare professional regarding Defendants' COVID-19 Vaccine Policy does not mean that it is relevant to this case.  Defendants further

object to this request because it is unduly burdensome in that it requires the production of "all documents, communications, and ESI," regardless of their materiality and conceivably from thousands of custodians, which could take countless hours to search and is disproportionate to the needs of this case.

Although certain documents "between Defendants and a[ ] healthcare professional regarding Defendants' COVID-19 vaccine [policy]" (not "mandate") may be produced in this litigation because those documents are responsive to other requests, Defendants stand on these objections and will not be specifically searching for documents responsive to this particular request.

### OBJECTIONS AND ANSWERS TO PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANTS

1.     Admit whether each Plaintiff requested a religious accommodation request to be exempt to the COVID-19 vaccine.

**ANSWER:**

**Denied as untrue.**

2.     Admit that, as of the date these interrogatories are answered, Defendants no longer require employees to receive the COVID-19 vaccine.

**ANSWER:**

Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action. Defendants further object to this RFA because it seeks information that is overly broad and beyond the permissible scope of discovery as provided by the Federal Rules of Civil Procedure.

Without waiving and subject to the foregoing objections, admitted only that Defendants' Vaccine Policy is no longer in place.

3.     Admit that each Plaintiff requested a religious and/or medical exemption from Defendants' COVID-19 mandate.

**ANSWER:**

Denied as untrue.

4.     Admit that Defendants received a financial incentive as a result of Defendants' COVID-19 vaccine mandate.

**ANSWER:**

Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action.  Defendants further object to this RFA because it seeks information that is overly broad and beyond the

permissible scope of discovery as provided by the Federal Rules of Civil Procedure.

Without waiving and subject to the foregoing objections, denied as untrue.

5.     Admit that vaccinated employees can transmit the COVID-19 virus.

**ANSWER:**

Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action.  Defendants further object to this RFA because it seeks information that is overly broad and beyond the permissible scope of discovery as provided by the Federal Rules of Civil Procedure.  Defendants further object to this RFA because it is designed to harass.  Defendants stand on these objections.

6.     Admit whether each Plaintiff had the ability to work remotely.

**ANSWER:**

Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action.  Defendants further object to this RFA because it seeks information that is overly broad and beyond the permissible scope of discovery as provided by the Federal Rules of Civil

Procedure.  Defendants further object to Plaintiffs' use of the word "ability" because it is vague, not defined, and provides for no situational scope whatsoever.  Defendants further object to this RFA because Defendants did not deny any request for an accommodation on the basis of the requested accommodation posing an "undue hardship," making this RFA entirely irrelevant.  Subject to the foregoing objections, Defendants deny the request as untrue.

7.     Admit that an employee working remotely poses no threat of transmitting the COVID-19 virus to a coworker.

**ANSWER:**

Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action.  Defendants further object to this RFA because it seeks information that is overly broad and beyond the permissible scope of discovery as provided by the Federal Rules of Civil Procedure.  Defendants further object to this RFA because it is designed to harass.

Without waiving and subject to the foregoing objections, denied as untrue.

8.    Admit Defendants did not record the religious accommodation interviews.

**ANSWER:  Admitted.**

9.    Admit Defendant never contacted Plaintiffs' spiritual leader to discuss Plaintiffs' sincerely held *bona fide* religious beliefs.

**ANSWER:**

**Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action.  Defendants further object to this RFA because "spiritual leader" and "*bona fide*" are not defined, rendering this RFA vague and ambiguous.**

**Subject to the foregoing objections, admitted only that, upon present information and belief, Defendants did not speak with Plaintiffs' spiritual leader.  Answering further, denied that such a conversation needed to occur before reaching an honest belief about Plaintiffs' *bona fide* religious beliefs. Answering further, denied that any of the Plaintiffs presented with a sincerely held religious belief.**

10.    Admit Defendants have no evidence that vaccination prevents the transmission of the COVID-19 virus.

**ANSWER:**

**Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action.  Defendants further object to this RFA because it seeks information that is overly broad and beyond the permissible scope of discovery as provided by the Federal Rules of Civil Procedure.  Defendants further object to this RFA because it is designed to harass.  Defendants stand on these objections.**

11.    Admit that Defendants do not have any criteria to assess whether a religious belief is sincerely held.

**ANSWER:**

**Defendants object to this RFA because "criteria" is undefined, rendering it vague and ambiguous.  Without waiving and subject to the foregoing objection, denied as untrue, insofar as Plaintiffs are seeking an admission that is inconsistent with Defendants' answers to Interrogatory Nos. 5 and 9.**

12.    Admit that Defendants granted religious exemptions to the COVID-19 vaccine mandate to Catholic employees.

**ANSWER:**

Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action.  Defendants further object to this RFA because it refers to the "COVID-19 vaccine mandate" when Defendants did not have a "mandate."  Defendants had a COVID-19 Vaccine Policy.  Defendants further object to this RFA because, during the interview process, Defendants sought to understand the nature of the employee's religious beliefs and how they conflicted with the Vaccine Policy, regardless of the actual religion that may have been identified by any employee.

Without waiving and subject to the foregoing objections, Defendants admit that, upon present information and belief, religious exemptions were granted to employees that identify Catholic as their religion.  Answering further, Defendants admit that religious exemptions were granted to employees that identify, generally, as Christian, without attaching the Catholic organization to their beliefs.

13.     Admit that Defendants granted religious exemptions to the COVID-19 vaccine mandate to Muslim employees.

**ANSWER:**

Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action.  Defendants further object to

this RFA because it refers to the "COVID-19 vaccine mandate" when Defendants did not have a "mandate." Defendants had a COVID-19 Vaccine Policy. Defendants further object to this RFA because, during the interview process, Defendants sought to understand the nature of the employee's religious beliefs and how they conflicted with the Vaccine Policy, regardless of the actual religion that may have been identified by any employee.

Without waiving and subject to the foregoing objections, Defendants admit that, upon present information and belief, religious exemptions were granted to employees that identify Muslim as their religion. Answering further, Defendants admit that religious exemptions were granted to employees that identify, generally, as Muslim, without attaching Islam to their beliefs.


14.     Admit that Defendants granted religious exemptions to the COVID-19 vaccine mandate to Jewish employees.

**ANSWER:**

Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action. Defendants further object to this RFA because it refers to the "COVID-19 vaccine mandate" when Defendants did not have a "mandate." Defendants had a COVID-19 Vaccine Policy. Defendants further object to this RFA because, during the interview

process, Defendants sought to understand the nature of the employee's religious beliefs and how they conflicted with the Vaccine Policy, regardless of the actual religion that may have been identified by any employee.

Without waiving and subject to the foregoing objections, Defendants admit that, upon present information and belief, religious exemptions were granted to employees that identify Judaism as their religion. Answering further, Defendants admit that religious exemptions were granted to employees that identify, generally, as Jewish, without attaching Judaism to their beliefs.

15.    Admit that Defendants granted religious exemptions to the COVID-19 vaccine mandate to employees who have received the flu vaccine.

**ANSWER:**

Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action. Defendants further object to this RFA because it refers to the "COVID-19 vaccine mandate" when Defendants did not have a "mandate." Defendants had a COVID-19 Vaccine Policy. Defendants further object as this RFA is not limited in time and/or scope in that it would seemingly require Defendants to admit the RFA when the employee received the flu vaccine as a child, or in response to a vaccine policy implemented by a different employer. Without waiving and subject to the

**foregoing objections, upon present information and belief, admitted that Defendants granted religious exemptions to the COVID-19 Vaccine Policy to employees who have received the flu vaccine at some point in their lifetime.**

16.    Admit that Defendants granted religious exemptions to the COVID-19 vaccine mandate to employees who have taken over the counter medications in the last three years.

**ANSWER:**

**Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action.  Defendants further object to this RFA because it refers to the "COVID-19 vaccine mandate" when Defendants did not have a "mandate."  Defendants had a COVID-19 Vaccine Policy.  Defendants further object as the RFA is not limited in scope in that it refers to all over the counter medications without specificity and without reference to whether those medications conflicted, or comported with an employee's stated or alleged sincerely held religious belief.   Without waiving and subject to the foregoing objections, upon present information and belief, admitted.**

17.     Admit that Defendants granted religious exemptions to the COVID-19 vaccine mandate to employees whose religious views do not prohibit them from receiving medical treatment besides vaccination.

**ANSWER:**

**Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action.  Defendants further object to this RFA because it refers to the "COVID-19 vaccine mandate" when Defendants did not have a "mandate."  Defendants had a COVID-19 Vaccine Policy.  Defendants further object to this RFA because "medical treatment" is extraordinarily broad, undefined, vague and ambiguous.  Defendants further object because "whose religious views do not prohibit them from receiving medical treatment besides vaccination" is vague and unintelligible, rendering this RFA unanswerable.  Defendants stand on these objections.**

18.     Admit that Defendants granted religious exemptions to the COVID-19 vaccine mandate to employees whose religious views do not prohibit them from taking prescription medication.

**ANSWER:**

**Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action.  Defendants further object to**

this RFA because it refers to the "COVID-19 vaccine mandate" when Defendants did not have a "mandate." Defendants had a COVID-19 Vaccine Policy. Defendants further object as the RFA is not limited in scope in that it refers to all prescription medication without specificity and without reference to whether those medications conflicted, or comported with an employee's stated or alleged sincerely held religious belief. Defendants further object to this RFA because "prescription medication" is extraordinarily broad, undefined, vague and ambiguous. Defendants further object because "whose religious views do not prohibit them from taking prescription medication" is vague and unintelligible, rendering this RFA unanswerable. Defendants stand on these objections.

19.    Admit that Defendants tracked how many religious accommodations were being granted.

**ANSWER:**

Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action. Defendants further object to this RFA because "tracked" is undefined, vague and ambiguous. Without waiving and subject to the foregoing objections, admitted only that Defendants

know how many religious accommodations were requested, and then later granted.  Otherwise denied.

20.     Admit that Defendants conducted at least one religious accommodation interviewer without reviewing a Plaintiffs' written religious accommodation request.

**ANSWER:**

**Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action.  Defendants further object to this RFA because it is unintelligible as drafted ("conducted at least one religious accommodation interviewer without reviewing"), rendering it impossible to admit or deny.  Defendants stand on these objections.**

21.     Admit Defendants do not currently require employees to be vaccinated from COVID-19.

**ANSWER:**

**Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action.**

**Without waiving and subject to the foregoing objection, admitted only that Defendants' Vaccine Policy is no longer in place.**

22.     Admit that Defendants refused to disclose to employees the questions asked during accommodation interviews ahead of the scheduled interview.

**ANSWER:**

**Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action.  Without waiving and subject to the foregoing objection, admitted only that Defendants did not distribute to their workforce the questions asked during accommodation interviews ahead of the interviews being conducted.  Otherwise denied.**

23.     Admit Defendants did not explain to Plaintiffs why their religious accommodation requests were denied.

**ANSWER:**

**Defendants object to this RFA because "explain" is undefined, vague and ambiguous.  Without waiving and subject to the foregoing objection, denied as untrue.**

24.     Admit Defendants did not explain to Plaintiffs why their medical accommodation requests were denied.

**ANSWER:**

**Defendants object to this RFA because "explain" is undefined, vague and ambiguous.  Without waiving and subject to the foregoing objection, denied as untrue.**

25.    Admit Defendants granted some employees' accommodation requests to be exempt from the COVID-19 vaccine.

**<u>ANSWER:</u>**

**Defendants object to this RFA because it refers to the "COVID-19 vaccine" when Defendants had a COVID-19 Vaccine Policy.  Without waiving and subject to the foregoing objections, admitted that Defendants granted some employees' accommodation requests relative to Defendants' COVID-19 Vaccine Policy.**

1.[sic]Admit accommodating Plaintiffs' accommodation requests did not pose an undue hardship to Defendant.

**<u>ANSWER:</u>**

**Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action.  Defendants further object to this RFA because it seeks a legal conclusion/opinion of law.  *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (quoting *Moore's Federal***

*Practice*, § 36.10[8] (3d ed. 2008)); *Great Northern Ins. Co. v. Altmans Prods LLC*, No. 08-CV-10395, 2008 WL 3852168, at \*2 (E.D. Mich. Aug. 18, 2008). Defendants further object to this RFA because Defendants did not deny any request for an accommodation on the basis of the requested accommodation posing an "undue hardship," further rendering this RFA completely irrelevant.

Defendants stand on these objections.

26.     Admit that, as of January 1, 2022, Defendants did not require all employees to receive COVID-19 "booster" vaccine shots.

**ANSWER:**

Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action. Defendants further object to this RFA because "booster" is undefined, rendering it vague and ambiguous.

Without waiving and subject to the foregoing objections, admitted only that, pursuant to the Vaccine Policy, all employees were required to receive at least the first dose of a two-dose vaccine by December 8, 2021, and to be fully vaccinated by January 4, 2022 (or have an approved medical or religious accommodation by that date), to avoid being separated from the company on January 5, 2022.

27.     Admit that Defendants never required employee vaccination prior to the COVID-19 pandemic.

**ANSWER:**

**Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action.  Defendants further object as the RFA is overly broad as it is not limited in time.  By way of example, Blue Cross Blue Shield of Michigan has been in business for over 80 years, making it nearly impossible to admit that it has "never" required a vaccine.   Without waiving and subject to the foregoing objections, upon present information and belief, admitted.**

28.     Admit that Defendants do not have any specific criteria to determine whether an employee has a sincerely held religious belief.

**ANSWER:**

**Defendants object to this RFA because "specific criteria" is undefined, rendering it vague and ambiguous.  Without waiving and subject to the foregoing objection, denied as untrue, insofar as Plaintiffs are seeking an admission that is inconsistent with Defendants' answers to Interrogatory Nos. 5 and 9.**

29.     Admit that Defendants do not have any methodology to determine whether a religious belief is true or false.

**ANSWER:**

**Defendants object to this RFA because "methodology" is undefined, rendering it vague and ambiguous.  Defendants further object to this RFA because the phrase "determine whether a religious belief is true or false" is vague, undefined and not used in any context, rendering this RFA unintelligible.  For the avoidance of doubt, Defendants state that they did not endeavor to determine which religious belief is "true or false" (e.g., right or wrong), but rather whether a religious belief is sincerely held.  Defendants stand on these objections.**

30.     Admit that sincerely held religious beliefs do not have to be logical.

**ANSWER:**

**Defendants object to this RFA because it seeks a legal conclusion/opinion of law.  *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (quoting *Moore's Federal Practice*, § 36.10[8] (3d ed. 2008)); *Great Northern Ins. Co. v. Altmans Prods LLC*, No. 08-CV-10395, 2008 WL 3852168, at \*2 (E.D. Mich. Aug. 18, 2008).  Defendants further object to this RFA because "logical" is vague, ambiguous and not defined.  Defendants stand on these objections.**

31.     Admit that sincerely held religious beliefs can change.

**ANSWER:**

**Defendants object to this RFA because it seeks a legal conclusion/opinion of law.** *United States v. Petroff-Kline***, 557 F.3d 285, 293 (6th Cir. 2009) (quoting** *Moore's Federal Practice***, § 36.10[8] (3d ed. 2008));** *Great Northern Ins. Co. v. Altmans Prods LLC***, No. 08-CV-10395, 2008 WL 3852168, at \*2 (E.D. Mich. Aug. 18, 2008).  Defendants further object to this RFA because "can change" is vague, ambiguous, not defined, and has no situational scope whatsoever.**

**Defendants stand on these objections.**

32.     Admit that sincerely held religious beliefs can be spiritual and not religious.

**ANSWER:**

**Defendants object to this RFA because it seeks a legal conclusion/opinion of law.** *United States v. Petroff-Kline***, 557 F.3d 285, 293 (6th Cir. 2009) (quoting** *Moore's Federal Practice***, § 36.10[8] (3d ed. 2008));** *Great Northern Ins. Co. v. Altmans Prods LLC***, No. 08-CV-10395, 2008 WL 3852168, at \*2 (E.D. Mich. Aug. 18, 2008).  Defendants further object to this RFA because "spiritual and not religious" is vague, ambiguous, not defined, and has no scope whatsoever.**

**Defendants further object to the extent that the RFA assumes that Defendants did not apply the correct legal standard.**

**Defendants stand on these objections.**

33.    Admit that sincerely held religious beliefs do not have to be well-established religions.

**ANSWER:**

**Defendants object to this RFA because it seeks a legal conclusion/opinion of law.  *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (quoting *Moore's Federal Practice*, § 36.10[8] (3d ed. 2008)); *Great Northern Ins. Co. v. Altmans Prods LLC*, No. 08-CV-10395, 2008 WL 3852168, at \*2 (E.D. Mich. Aug. 18, 2008).  Defendants further object to this RFA because "well-established" is vague, ambiguous, not defined, and has no situational scope whatsoever.  Defendants further object to the extent that the RFA assumes that Defendants did not apply the correct legal standard.**

**Defendants stand on these objections.**

34.    Admit that religious beliefs do not have to be held for a specific duration to be sincerely held.

**ANSWER:**

**Defendants object to this RFA because it seeks a legal conclusion/opinion of law.** *United States v. Petroff-Kline*, **557 F.3d 285, 293 (6th Cir. 2009) (quoting** *Moore's Federal Practice*, **§ 36.10[8] (3d ed. 2008));** *Great Northern Ins. Co. v. Altmans Prods LLC*, **No. 08-CV-10395, 2008 WL 3852168, at \*2 (E.D. Mich. Aug. 18, 2008).   Defendants further object to this RFA because "specific duration" is vague, ambiguous, not defined, and has no situational scope whatsoever.**

**Defendants stand on these objections.**

35.     Admit that Defendant is legally required to offer medical and religious accommodations to its employees.

**ANSWER:**

**Defendants object to this RFA because it seeks a legal conclusion/opinion of law.** *United States v. Petroff-Kline*, **557 F.3d 285, 293 (6th Cir. 2009) (quoting** *Moore's Federal Practice*, **§ 36.10[8] (3d ed. 2008));** *Great Northern Ins. Co. v. Altmans Prods LLC*, **No. 08-CV-10395, 2008 WL 3852168, at \*2 (E.D. Mich. Aug. 18, 2008).   Defendants further object to this RFA because the phrase "legally required to offer" is vague, ambiguous, not defined, and has no situational scope whatsoever.**

**Defendants stand on these objections.**

36.     Admit that COVID-19 vaccination does not prevent transmission of COVID-19.

**ANSWER:**

**Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action.  Defendants further object to this RFA because it is designed to harass.  Defendants further object to this RFA because the phrase "does not prevent transmission" is vague, ambiguous, not defined, and has no situational scope whatsoever.**

**Without waiving and subject to the foregoing objection, denied as untrue.**

37.     Admit that purely remote workers cannot spread COVID-19 to their coworkers.

**ANSWER:**

**Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action.  Defendants further object to this RFA because the phrase "purely remote workers" is vague, ambiguous, and not defined.**

**Without waiving and subject to the foregoing objection, denied as untrue.**

38.     Admit that Defendants offered reinstatement to union employees who were denied religious and/or medical accommodations to be exempt from Defendants' COVID-19 vaccine mandate.

**ANSWER:**

**Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action.  What Defendants offered or did not offer to union employees has no bearing on this litigation whatsoever. Defendants further object to this RFA because it references "Defendants' COVID-19 vaccine mandate" when Defendants did not have a "mandate." Defendants had a COVID-19 Vaccine Policy.**

**Defendants stand on these objections.**

39.     Admit that Defendants offered back pay to union employees who were denied religious and/or medical accommodations to be exempt from Defendants' COVID-19 vaccine mandate.

**ANSWER:**

**Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action.  What Defendants offered or did not offer to union employees has no bearing on this litigation whatsoever. Defendants further object to this RFA because it references "Defendants'**

COVID-19 vaccine mandate" when Defendants did not have a "mandate." Defendants had a COVID-19 Vaccine Policy.

Subject to the foregoing objections, Defendants deny this request as untrue.

40.    Admit that Defendants have rehired employees who were once denied religious and/or medical accommodations to be exempt from Defendants' COVID-19 vaccine mandate.

**ANSWER:**

Defendants object to this RFA because it seeks discovery of matters not relevant to any claims or defenses in this action.  Whether Defendants offered or did not offer to rehire "employees who were once denied religious and/or medical accommodations" has no bearing on this litigation whatsoever. Defendants further object to this RFA because it references "Defendants' COVID-19 vaccine mandate" when Defendants did not have a "mandate." Defendants had a COVID-19 Vaccine Policy.

Defendants stand on these objections.

Respectfully submitted (and as to objections only for Interrogatories),

DICKINSON WRIGHT PLLC

*/s/ Maureen J. Moody*
Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Angelina R. Delmastro (P81712)
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-48933
*Attorneys for Defendants*

Dated:  November 30, 2023

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing *Defendants' Responses and Objections to Plaintiffs' Template First Interrogatories, Document Requests, and Request to Admit Pursuant to ECF No. 29* were served upon the attorney(s) of record for all parties in the above cause via email record at their respective addresses disclosed by the pleading(s) of record herein on this November 30, 2023.

*/s/ Maureen J. Moody*
Attorney

4888-2361-1022 v3 [19276-456]