# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LISA DOMSKI,

    Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF MICHIGAN,

    Defendant.

Case No. 2:23-cv-12023

Hon. David M. Lawson

Hon. Mag. Elizabeth A. Stafford

---

| | |
|---|---|
| Noah S. Hurwitz (P74063) | Scott R. Knapp (P61041) |
| Grant M. Vlahopoulos (P85633) | Brandon C. Hubbard (P71085) |
| HURWITZ LAW PLLC | Nolan J. Moody (P77959) |
| 340 Beakes St., Ste. 125 | Maureen J. Moody (P85032) |
| Ann Arbor, MI 48104 | DICKINSON WRIGHT PLLC |
| (844) 487-9489 | 123 W. Allegan St., Ste. 900 |
| noah@hurwitzlaw.com | Lansing, MI 48933 |
| grant@hurwitzlaw.com | (517) 371-1730 |
| *Attorneys for Plaintiff* | sknapp@dickinsonwright.com |
| | bhubbard@dickinsonwright.com |
| Jonathan R. Marko (P72450) | nmoody@dickinsonwright.com |
| MARKO LAW, PLLC | mmoody@dickinsonwright.com |
| 220 W. Congress, Fourth Floor | *Attorneys for Defendant* |
| Detroit, MI 48226 | |
| (313) 777-7529 | Michelle R. Heikka (P66122) |
| jon@markolaw.com | Rudolph P. Makupson (P73646) |
| *Attorneys for Plaintiff* | 600 E. Lafayette Blvd., Ste. 1925 |
| | Detroit, MI 48226 |
| | (313) 983-2554 |
| | mheikka@bcbsm.com |
| | rmakupson@bcbsm.com |
| | *Attorneys for Defendant* |

---

**DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ALLEGED RELIGIOUS BELIEFS PLAINTIFF NEVER COMMUNICATED TO DEFENDANT**

Pursuant to Fed. R. Evid. 401, 402, and 403, Defendant Blue Cross Blue Shield of Michigan ("BCBSM") moves this Court to exclude from trial evidence related to any beliefs that Plaintiff Lisa Domski ("Plaintiff") did not communicate to BCBSM in her religious accommodation request interview, where such references are irrelevant and unfairly prejudicial. In support of its Motion, BCBSM relies on the facts, arguments, and authority set forth in its accompanying Brief.

Pursuant to Local Rule 7.1(a)(2)(A), the undersigned states that there was a conference between the parties' attorneys in which the undersigned explained the nature of the Motion and its legal basis and requested but did not obtain concurrence in the relief sought.

WHEREFORE, BCBSM respectfully requests that this Honorable Court grant its Motion, issue an order excluding from trial evidence related to any beliefs that Plaintiff did not communicate to BCBSM in her religious accommodation request interview, and award BCBSM any other relief the Court deems just and equitable.

[*Signature block on the following page.*]

                                              Respectfully submitted,

                                              DICKINSON WRIGHT PLLC

Date: September 10, 2024          */s/ Nolan J. Moody*
                                              Scott R. Knapp (P61041)
                                              Brandon C. Hubbard (P71085)
                                              Nolan J. Moody (P77959)
                                              Maureen J. Moody (P85032)
                                              123 W. Allegan St., Ste. 900
                                              Lansing, MI  48933
                                              (517) 371-1730
                                              sknapp@dickinsonwright.com
                                              bhubbard@dickinsonwright.com
                                              nmoody@dickinsonwright.com
                                              mmoody@dickinsonwright.com
                                              *Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LISA DOMSKI,

    Plaintiff,

v.

BLUE CROSS BLUE SHIELD
OF MICHIGAN,

    Defendant.

Case No. 2:23-cv-12023

Hon. David M. Lawson

Hon. Mag. Elizabeth A. Stafford

| | |
|---|---|
| Noah S. Hurwitz (P74063) | Scott R. Knapp (P61041) |
| Grant M. Vlahopoulos (P85633) | Brandon C. Hubbard (P71085) |
| HURWITZ LAW PLLC | Nolan J. Moody (P77959) |
| 340 Beakes St., Ste. 125 | Maureen J. Moody (P85032) |
| Ann Arbor, MI 48104 | DICKINSON WRIGHT PLLC |
| (844) 487-9489 | 123 W. Allegan St., Ste. 900 |
| noah@hurwitzlaw.com | Lansing, MI 48933 |
| grant@hurwitzlaw.com | (517) 371-1730 |
| *Attorneys for Plaintiff* | sknapp@dickinsonwright.com |
| | bhubbard@dickinsonwright.com |
| Jonathan R. Marko (P72450) | nmoody@dickinsonwright.com |
| MARKO LAW, PLLC | mmoody@dickinsonwright.com |
| 220 W. Congress, Fourth Floor | *Attorneys for Defendant* |
| Detroit, MI 48226 | |
| (313) 777-7529 | Michelle R. Heikka (P66122) |
| jon@markolaw.com | Rudolph P. Makupson (P73646) |
| *Attorneys for Plaintiff* | 600 E. Lafayette Blvd., Ste. 1925 |
| | Detroit, MI 48226 |
| | (313) 983-2554 |
| | mheikka@bcbsm.com |
| | rmakupson@bcbsm.com |
| | *Attorneys for Defendant* |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ALLEGED RELIGIOUS BELIEFS PLAINTIFF <u>NEVER COMMUNICATED TO DEFENDANT</u>**

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES ..................................................................................... ii

ISSUES PRESENTED ............................................................................................ iii

MOST APPROPRIATE AUTHORITY .................................................................. iv

I.  INTRODUCTION AND FACTUAL BACKGROUND ................................ 1

II. LEGAL STANDARD ..................................................................................... 3

III. ARGUMENT ................................................................................................... 4

    A.  Pursuant to FRE 402, The Court Should Exclude As Irrelevant All Evidence Of Plaintiff's Alleged Religious Beliefs That Plaintiff Withheld From BCBSM ......................................................... 4

    B.  Even If Relevant, The Court Should Exclude As Unfairly Prejudicial (Pursuant to FRE 403) All Evidence Of Plaintiff's Claimed Religious Beliefs That Plaintiff Withheld From BCBSM ................................................................................................. 6

IV. CONCLUSION ............................................................................................... 9

# INDEX OF AUTHORITIES

**Cases**

*Ansari v. Jimenez*, 678 F. Supp. 926 (E.D. Mich. 2023) ............................................8

*Artunduaga v. Univ. of Chicago Med. Cntr*, No. 12-c-8733, 2016 WL 11943189 (N.D. Ill. Dec. 12, 2016) ....................................................................6

*Bartholomew v. Washington*, —F. Supp. 3d—2024 WL 1426308 (W.D. Wash. Mar. 26, 2024)................................................................................................4

*Blackwell v. Lehigh Valley Health Network*, No. 5:22-cv-03360-JMG, 2023 WL 5807840 (E.D. Pa. Sept. 7, 2023) ................................................................4

*Bube v. Aspirus Hospital, Inc.*, No. 22-cv-745-jdp, 2023 WL 6037655 (W.D. Wis. Sept. 14, 2023) ....................................................................................4

*Gethers v. McDonald*, No. 3:15-cv-177, 2017 WL 1628403 (D. Conn. May 1, 2017) .................................................................................................................5

*Johnson v. Northwest Airlines*, 53 F.3d 331, 1995 WL 242001 (6th Cir. 1995).......4

*McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352 (1995) ...........................2, 5

*O'Connor v. Lampo Grp, LLC,* No. 3:20-cv-00628, 2021 WL 4480482 (M.D. Tenn. Sept. 29, 2021)..........................................................................................4

*United States v. Hamilton*, 574 F. Supp. 3d 461 (E.D. Mich. 2021) ........................3

*Upshaw v. Ford Motor Co.*, 576 F.3d 576 (6th Cir. 2009)...................................7, 8

*Walton v. Best Buy Company, Inc.*, No. 08-cv-15084, 2011 WL 13374383 (E.D. Mich. Apt. 6, 2011).................................................................................5

**Rules**

Fed. R. Evid. 401 ......................................................................................................3

Fed. R. Evid. 402 ...................................................................................................3, 8

Fed. R. Evid. 403 ......................................................................................................3

# ISSUES PRESENTED

i. Whether the Court should exclude from trial under Federal Rule of Evidence 402 all evidence of Plaintiff's alleged religious beliefs that Plaintiff did not communicate to BCBSM during the accommodation process, because such evidence did not (indeed, could not) affect BCBSM's employment decision and is, thus, irrelevant.

    BCBSM Answers:    YES.

    Plaintiff Answers:    NO.

    The Court Should Answer:    YES.

ii. Whether the Court should exclude from trial under Federal Rule of Evidence 403 all evidence of Plaintiff's alleged religious beliefs that Plaintiff did not communicate to BCBSM during the accommodation process, because such evidence would confuse the relevant issues for trial, mislead the jury, and severely prejudice BCBSM.

    BCBSM Answers:    YES.

    Plaintiff Answers:    NO.

    The Court Should Answer:    YES.

## **MOST APPROPRIATE AUTHORITY**

**Cases**

*McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352 (1995)

*Upshaw v. Ford Motor Co.*, 576 F.3d 576 (6th Cir. 2009)

**Rules**

Fed. R. Evid. 402

Fed. R. Evid. 403

I.      **INTRODUCTION AND FACTUAL BACKGROUND**

This is a religious discrimination case concerning Plaintiff Lisa Domski's ("Plaintiff") request for a religious accommodation to Defendant Blue Cross Blue Shield of Michigan's ("BCBSM") COVID-19 vaccination policy ("Policy").

On November 10, 2021, Plaintiff submitted to BCBSM an accommodation request ostensibly explaining the reasons why Plaintiff cannot receive the COVID-19 vaccine. **Exhibit A,** BCBSM70097–98. On December 1, 2021, Plaintiff was invited to participate in an interview with BCBSM to further explain her beliefs, and the reason(s) why she requested an accommodation to the Policy. **Exhibit B**, BCBSM23635–38. Plaintiff declined to participate in the interview, repeatedly stating instead that she would "rely on her letter that was submitted with her request for an accommodation." *Id.* at BCBSM37637. As a result, when BCBSM made its decision to deny Plaintiff's accommodation request, the only information BCBSM had relative to Plaintiff's alleged religious beliefs was the contents of Plaintiff's letter.

Despite choosing to limit the information she provided to BCBSM (i.e., the alleged beliefs for which she sought an accommodation to the Policy), Plaintiff seeks to introduce at trial the testimony of 11 fact witnesses to explain her "sincerely held

1

religious beliefs," and 5 catechism documents from the Catholic Church (although Plaintiff's accommodation letter makes no mention of Catholicism).[1]

Plaintiff should be precluded from offering this evidence at trial for two reasons. First, BCBSM "could not have been motivated by knowledge it did not have[.]" *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 360 (1995). Thus, information that Plaintiff withheld from BCBSM during the accommodation process—meaning here, the supposed attestations of eleven witnesses concerning Plaintiff's alleged beliefs, and documents discussing the Catholic doctrine—is irrelevant to Plaintiff's lawsuit and should be excluded under FRE 402.

Second, permitting Plaintiff at trial to introduce evidence unknown to BCBSM at the time it rendered its employment decision will confuse the issues, mislead the jury, and unfairly prejudice BCBSM. Simply put, the probative value of Plaintiff's proffered evidence is substantially outweighed by the danger of unfair prejudice to BCBSM, and it should be excluded under FRE 403.

---

[1]  *See* ECF No. 30, PageID.374, 377-78 (Plaintiff's amended mandatory trial disclosures identify Rev. Canon Walter, Dennis McDermott, Marilyn Nance, Jill Fortener, Dawn Rodriguez, Alyse Domski, Larry Domski, Tracy Glass, Crystal Sesi, Mark Keller, and Father Tony Richter as witnesses with "information concerning Plaintiff's sincerely held religious beliefs"); *Id.* at PageID.381 (including in Plaintiff's amended mandatory trial disclosures the following five documents that were never produced in discovery: Catechism of the Catholic Church, Catechism of the Catholic Church pt. 2, Letters to Pharmaceutical Companies, Secretariat Conscience Exemption Letter, and Instruction Dignitas Personae).

Accordingly, BCBSM moves *in limine* pursuant to Federal Rules of Evidence 402 and 403 to exclude from trial all evidence of Plaintiff's claimed religious beliefs that was unknown to BCBSM at the time it rendered its decision (i.e., all testimony and documents extraneous to Plaintiff's accommodation letter, BCBSM70097–98).

## II. LEGAL STANDARD

A motion *in limine* is a motion "to obtain advance rulings on the admissibility of evidence so that trial preparation is facilitated, distractions during trial are reduced, legal issues can be deliberated more serenely, and the risk of exposure of the jury to inadmissible evidence can be minimized." *United States v. Hamilton*, 574 F. Supp. 3d 461, 466 (E.D. Mich. 2021).

When analyzing admissibility, a court must consider whether the evidence is relevant. Relevant evidence "is not [] automatically admissible." *Id.* at 467.[2] A "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [and] misleading the jury…" Fed. R. Evid. 403. "Irrelevant evidence is not admissible" for any purpose. Fed. R. Evid. 402.

---

[2] Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

3

### III. ARGUMENT

#### A. Pursuant to FRE 402, The Court Should Exclude As Irrelevant All Evidence Of Plaintiff's Alleged Religious Beliefs That Plaintiff Withheld From BCBSM

An employer cannot discriminate against an employee based upon information it was never provided. *See e.g. Johnson v. Northwest Airlines,* 53 F.3d 331, 1995 WL 242001, *3 (6th Cir. 1995) (affirming dismissal of race discrimination claim where the plaintiff's race was not known to the defendant until after the defendant investigated the misconduct that led to the plaintiff's termination).[3]

---

[3] This is also true in religious discrimination cases. *See e.g. Blackwell v. Lehigh Valley Health Network*, No. 5:22-cv-03360-JMG, 2023 WL 5807840, at *9 (E.D. Pa. Sept. 7, 2023) ("although Plaintiff's Amended Complaint now pleads additional purported religious beliefs in opposition to COVID-19 testing, because the Amended Complaint also pleads that Plaintiff failed to inform Defendant of these beliefs, these beliefs cannot form the basis of her religious discrimination claim"); *Bube v. Aspirus Hospital, Inc.*, No. 22-cv-745-jdp, 2023 WL 6037655, *5 (W.D. Wis. Sept. 14, 2023) ("even if the court assumes that [plaintiff's] objection about abortion is based on a religious belief, that objection was not presented to [defendant], so it could not have been the basis or a motivating factor for the employee's discharge[.]") (internal citations omitted), *rev'd on other grounds* 108 F.4th 1017; *Bartholomew v. Washington*, —F. Supp. 3d—2024 WL 1426308, *4 (W.D. Wash. Mar. 26, 2024) (dismissing religious discrimination claims in part because plaintiff's "objection [to] the vaccine's history and use of fetal cell lines" "was nowhere to be found in [plaintiff's] accommodation requests, emails to HR, or any other communications pertaining to the potential for accommodation."); *O'Connor v. Lampo Grp, LLC,* No. 3:20-cv-00628, 2021 WL 4480482, *2 (M.D. Tenn. Sept. 29, 2021) (because the plaintiff "never informed [her employer] of … any belief *whatsoever* regarding premarital sex or having a child out of wedlock," she could not state a claim for religious discrimination on the basis of those uncommunicated beliefs).

4

Here, Plaintiff explicitly confined BCBSM's knowledge of her alleged religious beliefs to the contents of her accommodation letter. Ex. B, BCBSM37637 (refusing to answer any questions about her religious beliefs and telling BCBSM to instead "rely on her letter that was submitted with her request for an accommodation."). And because BCBSM was *unaware* at the time it denied Plaintiff's accommodation request of any alleged religious beliefs existing *outside* the four corners of Plaintiff's letter, any beliefs Plaintiff may purport to hold that are extraneous to that letter are irrelevant to this lawsuit. Simply put, facts of which BCBSM was not aware "could not logically have [a]ffected the decision [BCBSM] made." *Walton v. Best Buy Company, Inc.*, No. 08-cv-15084, 2011 WL 13374383, *6 (E.D. Mich. Apt. 6, 2011).

Courts across the country have excluded from employment discrimination trials evidence that was unknown to the employer, and thus, irrelevant to the employer's adverse employment decision. *See e.g. Walton*, 2011 WL 13374383, at *6 (granting defendant's motion *in limine* in a Title VII gender discrimination case to exclude irrelevant evidence of plaintiff's successor's work performance because defendant "could not have known" such information at the time of plaintiff's termination and, thus, "it could not logically have effected the decision [defendant] made."), citing *McKennon,* 513 U.S. at 361; *Gethers v. McDonald*, No. 3:15-cv-177, 2017 WL 1628403, *2 (D. Conn. May 1, 2017) (granting defendant's motion *in*

5

*limine* in an employment discrimination lawsuit to exclude as irrelevant testimony regarding a successful candidate's work performance when that information was "not know by or presented to the interview panelists or decisionmakers" who declined to promote the plaintiff); *Artunduaga v. Univ. of Chicago Med. Cntr*, No. 12-c-8733, 2016 WL 11943189, *3 (N.D. Ill. Dec. 12, 2016) (granting motion *in limine* in Title VII case to exclude as irrelevant under FRE 401 evidence of "job performance that were not communicated to the relevant decision makers").

This Court should likewise exclude as irrelevant under FRE 402 all *post-hoc* evidence of Plaintiff's alleged religious beliefs—including the testimony of Plaintiff's 11 fact witnesses slated to offer "information concerning Plaintiff's sincerely held religious beliefs" (ECF No. 30, PageID.374, 377-78), and the 5 documents from the Catechism of the Catholic Church that Plaintiff untimely added to her amended trial disclosures (ECF No. 30, PageID.381)—none of which was provided to BCBSM during the accommodation process.

### B. Even If Relevant, The Court Should Exclude As Unfairly Prejudicial (Pursuant to FRE 403) All Evidence Of Plaintiff's Claimed Religious Beliefs That Plaintiff Withheld From BCBSM

Extraneous evidence of Plaintiff's alleged religious beliefs (i.e., all evidence existing outside the four corners of Plaintiff's accommodation letter) should be excluded under Rule 403, because permitting such evidence will unfairly prejudice

BCBSM, confuse the issues, and mislead the jury—particularly as it relates to BCBSM's affirmative defense.

Under the honest belief doctrine—one of BCBSM's affirmative defenses (ECF No. 19, PageID.168, ¶ 3)—an employer is not liable for discrimination "[i]f [it] had an honest belief in the proffered basis for the adverse employment action, and that belief arose from *reasonable reliance on the particularized facts before the employer when it made the decision*[.]" *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 586 (6th Cir. 2009) (emphasis added).

Here, Plaintiff's trial strategy is to flood the jury with testimony and documents that were *not part of the accommodation process* in an effort to convince the jury that Plaintiff holds sincere religious beliefs in conflict with COVID-19 vaccination. But if Plaintiff is permitted to engulf the jury with information that BCBSM *did not have*, the jury will be unable to parse what is relevant (the information BCBSM was provided at the time it made its accommodation decision) from what is not (superfluous testimony about Plaintiff's alleged beliefs and documents BCBSM was never provided).

Confusing the relevant issues in this manner will cause extreme prejudice to BCBSM as it relates to its affirmative defense. Indeed, the honest belief doctrine requires the jury to assess whether BCBSM held an honest belief in the non-discriminatory decision it made based "*on the particularized facts before*" it.

7

*Upshaw*, 576 F.3d at 586. Allowing Plaintiff to essentially redo her accommodation request on the witness stand—belatedly supplementing it with religious doctrine and third-party attestations of her faith—will mislead and distract the jury from what actually happened during Plaintiff's accommodation process, rendering the jury unable to adequately decipher the "particularized facts" that were actually provided to BCBSM, and on which it relied. *Ansari v. Jimenez*, 678 F. Supp. 926, 931 (E.D. Mich. 2023) (excluding evidence of a warrant request under Rule 403 where the warrant would have distracted the jury and "le[]d to a time-consuming sideshow").

Plaintiff had the opportunity at her interview to fully detail her alleged religious beliefs for BCBSM. She declined to do so. Ex. B. The Federal Rules of Evidence do not permit Plaintiff to introduce at trial irrelevant evidence that had nothing to do with BCBSM's assessment of Plaintiff's accommodation request and, resultantly, this lawsuit. Fed. R. Evid. 402. Extraneous evidence of Plaintiff's alleged religious beliefs stands only to confuse the issues at trial, mislead the jury as to the relevant facts, and unfairly prejudice BCBSM. Respectfully, such evidence should be excluded from trial, and BCBSM's Motion should be granted. Fed. R. Evid. 402.

## IV. <u>CONCLUSION</u>

WHEREFORE, Blue Cross Blue Shield of Michigan respectfully requests that this Honorable Court enter an Order: (1) granting its Motion *in Limine*; (2) excluding Rev. Canon Walter, Dennis McDermott, Marilyn Nance, Jill Fortener, Dawn Rodriguez, Alyse Domski, Larry Domski, Tracy Glass, Crystal Sesi, Mark Keller, Father Tony Richter, and any other third-party witness from testifying at trial about Plaintiff's alleged religious beliefs; and (3) excluding from trial Exhibits 55–59 on Plaintiff's supplemental mandatory trial disclosures (ECF No. 30) and any other documents intended to establish the nature or sincerity of Plaintiff's alleged religious beliefs.

Date: September 10, 2024

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: */s/ Nolan J. Moody*
Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
mmoody@dickinsonwright.com
*Attorneys for Defendant*