## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LISA DOMSKI,

         Case No. 2:23-cv-12023

    Plaintiff,

v.                Hon. David M. Lawson

BLUE CROSS BLUE SHIELD    Hon. Mag. Elizabeth A. Stafford
OF MICHIGAN,

    Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
HURWITZ LAW PLLC
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com
*Attorneys for Plaintiff*

Jonathan R. Marko (P72450)
MARKO LAW, PLLC
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7529
jon@markolaw.com
*Attorneys for Plaintiff*

Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
DICKINSON WRIGHT PLLC
123 W. Allegan St., Ste. 900
Lansing, MI  48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
mmoody@dickinsonwright.com
*Attorneys for Defendant*

Michelle R. Heikka (P66122)
Rudolph P. Makupson (P73646)
600 E. Lafayette Blvd., Ste. 1925
Detroit, MI 48226
(313) 983-2554
mheikka@bcbsm.com
rmakupson@bcbsm.com
*Attorneys for Defendant*

---

## DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO STAFF REDUCTION

Pursuant to Fed. R. Evid. 401, 402, 403, and 602, Defendant Blue Cross Blue Shield of Michigan ("BCBSM") moves this Court to exclude from trial any reference that BCBSM implemented its COVID-19 vaccine policy (the "Policy") as a means to reducing staff costs, where such references are irrelevant, confusing, and speculative.  In support of its Motion, BCBSM relies on the facts, arguments, and authority set forth in its accompanying Brief.

Pursuant to Local Rule 7.1(a)(2)(A), the undersigned states that there was a conference between the parties' attorneys in which the undersigned explained the nature of the Motion and its legal basis and requested but did not obtain concurrence in the relief sought.

WHEREFORE, BCBSM respectfully requests that this Honorable Court grant its Motion, issue an order that any reference to BCBSM installing its Policy to reduce staffing costs is excluded, and award BCBSM any other relief the Court deems just and equitable.

*[Signature block on the following page.]*

Respectfully submitted,

DICKINSON WRIGHT PLLC

Date: September 10, 2024

/s/ Nolan J. Moody
Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
123 W. Allegan St., Ste. 900
Lansing, MI  48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
mmoody@dickinsonwright.com
*Attorneys for Defendant*

2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LISA DOMSKI,

       Plaintiff,

v.

BLUE CROSS BLUE SHIELD
OF MICHIGAN,

       Defendant.

Case No. 2:23-cv-12023

Hon. David M. Lawson

Hon. Mag. Elizabeth A. Stafford

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
HURWITZ LAW PLLC
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com
*Attorneys for Plaintiff*

Jonathan R. Marko (P72450)
MARKO LAW, PLLC
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7529
jon@markolaw.com
*Attorneys for Plaintiff*

Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
DICKINSON WRIGHT PLLC
123 W. Allegan St., Ste. 900
Lansing, MI  48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
mmoody@dickinsonwright.com
*Attorneys for Defendant*

Michelle R. Heikka (P66122)
Rudolph P. Makupson (P73646)
600 E. Lafayette Blvd., Ste. 1925
Detroit, MI 48226
(313) 983-2554
mheikka@bcbsm.com
rmakupson@bcbsm.com
*Attorneys for Defendant*

---

## DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE <u>REFERENCES TO STAFF REDUCTION</u>

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES.............................................................................. ii

ISSUES PRESENTED.................................................................................. iii

MOST APPROPRIATE AUTHORITY ...................................................iv

I.     INTRODUCTION AND BACKGROUND ....................................................1

II.    LEGAL STANDARD .....................................................................................2

III.   ARGUMENT..................................................................................................3

        A.    Plaintiff's "Staff Reduction" Reference Is Irrelevant Because It Has No Tendency To Make Whether BCBSM Discriminated Against Plaintiff's Beliefs More Or Less Probable ..............................3

        B.    Alternatively, Allowing References To Plaintiff's "Staff Reduction" Theory Will Confuse And Mislead The Jury...................5

        C.    Additionally, Discovery Revealed That No Foundation Exists For Any Suggestion BCBSM Used The Policy To Reduce Staffing Costs ........................................................................................6

IV.   CONCLUSION..............................................................................................8

i

## <u>INDEX OF AUTHORITIES</u>

**Cases**

*Advance Wire Forming, Inc. v. Stein*, 603 F. Supp. 3d 551 (N.D. Ohio 2022)..........3

*Bolden v. Lowes Home Ctrs., LLC*, 783 F. App'x 589 (6th Cir. 2019) ....................4

*Collias v. MotorCity Casino*, No. 22-cv-12650, 2023 WL 6406220 (E.D. Mich. Sept. 30, 2023)..............................................................................................4

*Figgins v. Advance Am. Cash Advance Ctrs. of Mich., Inc.*, 482 F. Supp. 2d 861 (E.D. Mich. 2007) ...........................................................................................3

*Luce v. United States*, 469 U.S. 38 (1984)..................................................................2

*O'Barr v. United Parcel Serv., Inc.*, No. 11-cv-177, 2013 WL 2635539 (E.D. Tenn. June 12, 2013).......................................................................................4, 5

*Smith v. Chrysler Corp.*, 155 F.3d 799 (6th Cir. 1998) .............................................4

*Stokes v. Xerox Corp.*, No. 05-71683, 2008 WL 275672 (E.D. Mich. Jan. 28, 2008) ................................................................................................................5

*Surface v. City of Flint*, No. 12-15513, 2017 WL 3613967 (E.D. Mich. Aug. 23, 2017) ...............................................................................................6

*United States v. Hamilton*, 574 F. Supp. 3d 461 (E.D. Mich. 2021) ........................3

*Walker v. Daimler-Chrysler Corp.*, No. 02-cv-74698, 2005 WL 8154351 (E.D. Mich. Nov. 16, 2005) ...............................................................................7

**Rules**

FED. R. EVID. 401 ........................................................................................................3

FED. R. EVID. 401(b) ...................................................................................................5

FED. R. EVID. 402 ........................................................................................................3

FED. R. EVID. 403 ........................................................................................................5

FED. R. EVID. 602 ........................................................................................................6

## **ISSUES PRESENTED**

i.   Under FRE 401 and 402 (relevance), should the Court exclude from trial any suggestion that BCBSM implemented its COVID-19 vaccination policy (the "Policy") as a way to reduce staffing costs when such evidence has no tendency to prove or disprove whether BCBSM discriminated against Plaintiff's religious beliefs?

   BCBSM Answers:           Yes.

   Plaintiff Answers:          No.

   This Court should Answer:  Yes.

ii.   Under FRE 403 (confusion), should the Court exclude from trial any reference or suggestion that BCBSM implemented its Policy as a way to reduce staffing costs when such references detract from the main issue of whether BCBSM discriminated against Plaintiff on the basis of religion?

   BCBSM Answers:           Yes.

   Plaintiff Answers:          No.

   This Court should Answer:  Yes.

iii.  Under FRE 602 (personal knowledge), should the Court exclude from trial any reference or suggestion that BCBSM implemented its Policy as a way to reduce staffing costs when discovery has revealed that no foundation exists for such a claim?

   BCBSM Answers:           Yes.

   Plaintiff Answers:          No.

   This Court should Answer:  Yes.

## <u>MOST APPROPRIATE AUTHORITY</u>

### <u>Cases</u>

*O'Barr v. United Parcel Serv., Inc.*, No. 11-cv-177, 2013 WL 2635539 (E.D. Tenn. June 12, 2013)

*Surface v. City of Flint*, No. 12-15513, 2017 WL 3613967 (E.D. Mich. Aug. 23, 2017)

*Walker v. Daimler-Chrysler Corp.*, No. 02-cv-74698, 2005 WL 8154351 (E.D. Mich. Nov. 16, 2005)

### <u>Rules</u>

FED. R. EVID. 401

FED. R. EVID. 403

FED. R. EVID. 602

## I.   <u>INTRODUCTION AND BACKGROUND</u>

This is a religious discrimination case concerning Plaintiff Lisa Domski's ("Plaintiff") request for a religious accommodation to Defendant Blue Cross Blue Shield of Michigan's ("BCBSM") COVID-19 vaccination policy (the "Policy").

On January 19, 2024, Plaintiff filed her Amended Complaint.  (*See id.*)  The Amended Complaint focuses on the Policy and Plaintiff's beliefs that allegedly conflicted with the Policy.  (*See generally*, Am. Compl., ECF No. 18)  Plaintiff sets forth three "Religious Discrimination" claims: failure to accommodate her beliefs under Title VII, 42 U.S.C. § 2000e, *et seq.* (Count I) and disparate treatment of her beliefs under both Title VII (Count II) and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101, *et seq.* (Count III).  (*Id.* PageID.119-126.)

Plaintiff's allegation giving rise to this Motion is found in the section discussing the Policy, and it states in full: "[BCBSM] incentivized employees to retire early in 2020 in order to reduce staffing costs, but [BCBSM] did not have to eliminate jobs in 2021 because it terminated unvaccinated employees."  (*Id.* PageID.113, ¶ 33.)  BCBSM denied this allegation as untrue, stating that "there is no relation between [its] vaccination policy and 'having to eliminate jobs.'" (Answer, ECF No. 19, PageID.143, ¶ 33.)

Plaintiff never again mentioned this "staff reduction" theory in her Amended Complaint or in any disclosures or discovery responses.  (*See generally id.* Pl.'s

Objs. & Answers to BCBSM's First Disc. Reqs., **Exhibit A**; Pl.'s Lay & Expert Witness List, ECF No. 20; Pl.'s First Am. Lay & Expert Witness List, ECF No. 24; Pl.'s Pretrial Disclosures, ECF No. 27; Pl.'s Suppl. Pretrial Disclosures, ECF No. 30.)  Plaintiff possesses no evidence to support this unfounded allegation.  In fact, every putative witness for Plaintiff is intended to testify about Plaintiff's beliefs or BCBSM's religious accommodation process, not BCBSM's projected staffing costs in 2021.

Plaintiff's "staff reduction" comment has no relevance as to whether BCBSM discriminated against Plaintiff's religious beliefs.  And even if it was relevant, references to same would only distract the jury from the central issue of whether BCBSM discriminated against Plaintiff's alleged religious beliefs.  Additionally, given Plaintiff's failure to develop this "staff reduction" allegation in discovery with supporting documents or witnesses who would have personal knowledge about BCBSM's staffing costs in 2021, any reference to "staff reductions" as a reason for BCBSM's Policy should be excluded.

## II.    LEGAL STANDARD

Motions *in limine* fall under a federal district court's inherent authority to manage trials.  *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  Motions *in limine* are "sanctioned, at least in part, by the Federal Rules of Evidence as found in the injunction 'to prevent inadmissible evidence from being suggested to the jury by

any means.'" *Figgins v. Advance Am. Cash Advance Ctrs. of Mich., Inc.*, 482 F. Supp. 2d 861, 865 (E.D. Mich. 2007) (Lawson, J.) (quoting FED. R. EVID. 103(c)). Motions *in limine* are intended "to obtain advance rulings on the admissibility of evidence so that trial preparation is facilitated, distractions during trial are reduced, legal issues can be deliberated more serenely, and the risk of exposure of the jury to inadmissible evidence can be minimized." *United States v. Hamilton*, 574 F. Supp. 3d 461, 466 (E.D. Mich. 2021) (Lawson, J.).

### III.   ARGUMENT

**A.   Plaintiff's "Staff Reduction" Reference Is Irrelevant Because It Has No Tendency To Make Whether BCBSM Discriminated Against Plaintiff's Beliefs More Or Less Probable**

"Irrelevant evidence is not admissible."  FED. R. EVID. 402.  Evidence is "irrelevant" if it lacks "any tendency to make a fact more or less probable than it would be without the evidence," or if the fact at issue is not "of consequence in determining the action."  FED. R. EVID. 401.  Evidence that "is not relevant to establishing any of the elements of the[] claims" may be excluded.  *Advance Wire Forming, Inc. v. Stein*, 603 F. Supp. 3d 551, 558 (N.D. Ohio 2022) (granting motion *in limine* to exclude irrelevant evidence).

To prove her religious, failure-to-accommodate claim, Plaintiff must prove that she: (1) holds a sincere religious belief that conflicted with the Policy, (2) informed BCBSM of same, and (3) was discharged or disciplined for failing to

comply with the Policy.  *See Bolden v. Lowes Home Ctrs., LLC*, 783 F. App'x 589, 597 (6th Cir. 2019).  And for her religious, disparate-treatment claims, Plaintiff must prove that she was: (1) a member of a protected class (here, religious beliefs) and (2) treated differently than similarly situated employees who are not members of the protected class, but engaged in similar conduct.  *See Collias v. MotorCity Casino*, No. 22-cv-12650, 2023 WL 6406220, at *7 (E.D. Mich. Sept. 30, 2023) (Berg, J.). Accordingly, the central focus of Plaintiff's claims is whether BCBSM had a religious-discriminatory intent in denying Plaintiff's accommodation request: "the focus of a discrimination suit is on the intent of the employer."  *Smith v. Chrysler Corp.*, 155 F.3d 799, 806 (6th Cir. 1998).

Put simply, at trial, the jury must decide the factual issue of whether BCBSM had discriminatory intent in denying Plaintiff's religious accommodation request (it did not).  References to matters that do not touch on this individualized inquiry are irrelevant.  For example, in *O'Barr v. United Parcel Serv., Inc.*, No. 11-cv-177, 2013 WL 2635539 (E.D. Tenn. June 12, 2013)—a religious discrimination case—the court granted defendant's motion *in limine* to exclude as irrelevant references to defendant's other religious discrimination cases.  *Id.* at *4.  The court held that the plaintiff "needs to prove his [failure-to-accommodate] case based upon the facts pertinent to his situation and the conduct exhibited toward him."  *Id.* at *5.  Here, any reference that BCBSM used its Policy as a means to cut staffing costs drifts too

far afield from the individualized inquiry necessary for trial.  Like *O'Barr*, such references should be excluded.

Even assuming *arguendo* that BCBSM implemented its Policy as a means to reduce staffing costs (it did not), proving such a fact does not move the needle on determining whether BCBSM had discriminatory intent, i.e., it has no tendency to make discriminatory intent more or less probable than it would be without the evidence.  This reduction theory is also not "of consequence in determining the action" because reducing staff, without discriminatory intent, does not show that BCBSM violated Title VII or ELCRA.  FED. R. EVID. 401(b).  Therefore, any comment that BCBSM did not have to reduce staff in 2021 because of the Policy should be excluded as irrelevant.

**B.   Alternatively, Allowing References To Plaintiff's "Staff Reduction" Theory Will Confuse And Mislead The Jury**

Even if references to staff reduction as a reason for BCBSM's Policy are deemed relevant (they are not), a court may still exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  FED. R. EVID. 403.

This district has excluded conclusory presumptions about the reasons for employer actions under FRE 403 before.  *See Stokes v. Xerox Corp.*, No. 05-71683, 2008 WL 275672, at *7 (E.D. Mich. Jan. 28, 2008) (granting defendant's motion *in*

*limine* and excluding under FRE 403 any comments that a "good old boy network" existed at defendant-company). This district has also excluded references that are likely to confuse issues for the jury. *See Surface v. City of Flint*, No. 12-15513, 2017 WL 3613967, at *5 (E.D. Mich. Aug. 23, 2017) (granting motion *in limine* and excluding references to a former comment about race where "[t]he alleged improper motive at issue in this case . . . is retaliation for engaging in First Amendment-protected activity—not racial animus").

In the instant case, the alleged improper motive at issue is religious animus—not staff reduction.  Like *Surface*, allowing references to supposed staff reduction distracts the jury from focusing on the fundamental question of whether BCBSM had an intent to discriminate against Plaintiff's alleged religious beliefs.  Permitting staff reduction comments is likely to mislead the jury into thinking that it is an issue they need to decide, which confuses the issues and substantially outweighs any probative value such comments could have.  Any reduction comments should be excluded under FRE 403.

**C.**     **Additionally, Discovery Revealed That No Foundation Exists For Any Suggestion BCBSM Used The Policy To Reduce Staffing Costs**

Under FRE 602, "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony."

Evidence may be excluded on a motion *in limine* under FRE 602 if discovery has revealed that a witness will merely be speculating as to the truth of a matter.  For example, in *Walker v. Daimler-Chrysler Corp.*, No. 02-cv-74698, 2005 WL 8154351 (E.D. Mich. Nov. 16, 2005), the court granted plaintiff's motion *in limine* to exclude the testimony of a witness under FRE 602 in a racial discrimination case because the witness was not involved in the decision to demote plaintiff.  *Id.* at *6. The court held that the witness "can only speculate why Plaintiff was picked for demotion." *Id.*

Here, like *Walker*, Plaintiff and her identified witnesses can only speculate that BCBSM used the Policy as a way to reduce staffing costs.  Discovery has closed. (*See* Sched. Order, ECF No. 9, PageID.45.)  The parties exchanged written discovery and documents.  (*See, e.g.*, Pl.'s Objs. & Answers to BCBSM's First Disc. Reqs., **Ex. A**.)  Plaintiff has not identified any evidence to support her staff reduction theory.  Additionally, Plaintiff has proffered no witnesses with personal knowledge of BCBSM's staffing costs in 2021 or with personal knowledge about ulterior reasons for the Policy.  (*See generally* Pl.'s Lay & Expert Witness List, ECF No. 20; Pl.'s First Am. Lay & Expert Witness List, ECF No. 24; Pl.'s Pretrial Disclosures, ECF No. 27; Pl.'s Suppl. Pretrial Disclosures, ECF No. 30.)  Indeed, the witnesses that Plaintiff lists are intended to merely testify as to Plaintiff's allegedly conflicting beliefs, not an underlying scheme from BCBSM to reduce staffing costs.  (*See, e.g.*,

Pl.'s Suppl. Pretrial Disclosures, ECF No. 30 (stating, for each of Plaintiff's fact witnesses, that their subject of information "concern[s] Plaintiff's sincerely held religious beliefs" or BCBSM's "religious accommodation process").) Therefore, for the independent reason that any comment that BCBSM used the Policy to reduce staffing costs lacks foundation under FRE 602, the court should, respectfully, bar any references to same.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, BCBSM respectfully requests that this Honorable Court enter an order granting its Motion in *Limine* and excluding any reference to Plaintiff's allegation that BCBSM implemented its Policy as a means to cut staffing.

Respectfully submitted,

DICKINSON WRIGHT PLLC

Date: September 10, 2024

<u>/s/ Nolan J. Moody</u>
Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
123 W. Allegan St., Ste. 900
Lansing, MI  48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
mmoody@dickinsonwright.com
*Attorneys for Defendant*