# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LISA DOMSKI,

    Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF MICHIGAN,

    Defendant.

Case No. 2:23-cv-12023

Hon. David M. Lawson

Hon. Mag. Elizabeth A. Stafford

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
340 Beakes Street, Suite 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
*Attorneys for Plaintiff*

Jonathan R. Marko (P72450)
MARKO LAW, PLLC
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7529
jon@markolaw.com
*Attorneys for Plaintiff*

Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
mmoody@dickinsonwright.com
*Attorneys for Defendant*

---

**DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S OBJECTIONS TO PLAINTIFF'S SUPPLEMENTED MANDATORY DISCLOSURES PURSUANT TO FED R. CIV. P. 26(a)(3)(B) AND MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF <u>PLAINTIFF'S CLAIMED RELIGIOUS BELIEFS</u>**

Pursuant to Federal Rule of Civil Procedure 26(a)(3)(B), Defendant Blue Cross Blue Shield of Michigan ("BCBSM") objects to Plaintiff's untimely Supplemental Pretrial Disclosures (ECF No. 30) and moves *in limine* to exclude from trial the five (5) documents from the Catechism of the Catholic Church. In support of its Objections and Motion, BCBSM relies on the facts, arguments, and authority set forth in its accompanying Brief.

Pursuant to Local Rule 7.1(a)(2)(A), the undersigned states that there was a conference between the parties' attorneys in which the undersigned explained the nature of the Motion and its legal basis and requested but did not obtain concurrence in the relief sought.

WHEREFORE, BCBSM respectfully requests that this Honorable Court enter an Order: (1) granting its Motion *in Limine* and sustaining its Objections to Plaintiff's supplemented mandatory disclosures; and (2) excluding from trial Exhibits 55-59 on Plaintiff's supplemented mandatory trial disclosures (ECF No. 30).

[*Signature block on the following page.*]

Respectfully submitted,

DICKINSON WRIGHT PLLC

Date: September 10, 2024

/s/ Nolan J. Moody
Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
123 W. Allegan St., Ste. 900
Lansing, MI 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
mmoody@dickinsonwright.com
*Attorneys for Defendant*

2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LISA DOMSKI,

    Plaintiff,

v.

BLUE CROSS BLUE SHIELD
OF MICHIGAN,

    Defendant.

Case No. 2:23-cv-12023

Hon. David M. Lawson

Hon. Mag. Elizabeth A. Stafford

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
340 Beakes Street, Suite 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
*Attorneys for Plaintiff*

Jonathan R. Marko (P72450)
MARKO LAW, PLLC
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7529
jon@markolaw.com
*Attorneys for Plaintiff*

Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
mmoody@dickinsonwright.com
*Attorneys for Defendant*

---

**DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S
BRIEF IN SUPPORT OF ITS OBJECTIONS
TO PLAINTIFF'S SUPPLEMENTED MANDATORY DISCLOSURES
PURSUANT TO FED R. CIV. P. 26(a)(3)(B)
AND MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF
<u>PLAINTIFF'S CLAIMED RELIGIOUS BELIEF</u>**

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................... ii

ISSUES PRESENTED ......................................................................................... iii

MOST APPROPRIATE AUTHORITY .................................................................iv

I.   INTRODUCTION AND FACTUAL BACKGROUND ................................ 1

II.  LEGAL STANDARD ..................................................................................... 1

III. ARGUMENT .................................................................................................. 3

    A.  Plaintiff's Late Disclosures Were Not Harmless .................................. 3

    B.  The *Howe* Factors Demonstrate That Plaintiff's Proposed Evidence Should be Excluded ............................................................... 4

IV.  CONCLUSION ............................................................................................... 6

i

# **INDEX OF AUTHORITIES**

**Cases**

*Abrams v. Nucor Steel Marion, Inc.*, 694 Fed. Appx. 974 (6th Cir. 2017) ...........4, 5

*Dickenson v. Cardiac and Thoracic Surgery of Eastern Tenn.*, 388 F.3d 976 (6th Cir. 2004)..................................................................................................3

*Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015)................................................3

*Int'l. Unions, Sec. Police and Fire Pros. Of Am. v. Maritas*, No. 2:19-cv-10743, 2023 WL 2711626 (E.D. Mich. Mar. 30, 2023) ...................................4, 5

*R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F. Supp. 2d 905 (N.D. Ohio 2008) ...................................................................................................................2

*SPX Corp v. Bartec USA, LLC*, 574 F. Supp. 2d 748 (E.D. Mich. 2008) .................3

*United States v. Hamilton*, 574 F. Supp. 3d 461 (E.D. Mich. 2021) ........................2

**Rules**

FED. R. CIV. P. 26(A)(3)..............................................................................................1

FED. R. CIV. P. 26(A)(3)(A)(III) .............................................................................1, 2

FED. R. CIV. P. 26(A)(3)(B) .......................................................................................1

FED. R. CIV. P. 37(C)(1)..........................................................................................2, 3

# **ISSUES PRESENTED**

i. Under FRCP 26(a)(3)(B), should the Court sustain BCBSM's objections to Plaintiff's Supplemented Pretrial Disclosures when such disclosures were untimely and failed to comply with FRCP 26(a)(3)(A)?

    BCBSM Answers:        Yes.

    Plaintiff Answers:        No.

    This Court should Answer:  Yes.

ii. Under FRCP 37(c)(1), should the Court exclude from trial the documents from the Catechism of the Catholic Church submitted by Plaintiff in her Supplemented Pretrial Disclosures when Plaintiff's failure to timely disclose these documents was not harmless nor substantially justified?

    BCBSM Answers:        Yes.

    Plaintiff Answers:        No.

    This Court should Answer:  Yes.

## **MOST APPROPRIATE AUTHORITY**

### **Cases**

*Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015)

### **Rules**

Fed. R. Civ. P. 26(a)(3)

Fed. R. Civ. P. 37(c)(1)

I. **INTRODUCTION AND FACTUAL BACKGROUND**

This is a religious discrimination case concerning Plaintiff Lisa Domski's ("Plaintiff") request to be exempt from Defendant Blue Cross Blue Shield of Michigan's ("BCBSM") COVID-19 vaccination policy.

On October 10, 2023, this Court entered a Case Management and Scheduling Order, which required the parties to file their Pretrial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3) on or before August 12, 2024. Plaintiff initially submitted with this Court her mandatory trial disclosures on August 12, 2024. (ECF No. 27). However, on August 27, 2024, after the deadline for submitting pretrial disclosures had passed and without providing cause for the delay, Plaintiff untimely submitted a supplement to her trial disclosures (ECF No. 30) that seeks to introduce five (5) documents from the Catechism of the Catholic Church.

Pursuant to Federal Rule of Civil Procedure 26(a)(3)(B), Defendant objects to this belated filing and further moves *in limine* to exclude these documents from trial as untimely and unfairly prejudicial to BCBSM.

II. **LEGAL STANDARD**

Under Rule 26, "[w]ithin 14 days after [pretrial disclosures] are made, unless the court sets a different time, a party may serve and promptly file a list of the

1

following objections: … any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii)."[1]

A motion *in limine* is a motion "to obtain advance rulings on the admissibility of evidence so that trial preparation is facilitated, distractions during trial are reduced, legal issues can be deliberated more serenely, and the risk of exposure of the jury to inadmissible evidence can be minimized." *United States v. Hamilton*, 574 F. Supp. 3d 461, 466 (E.D. Mich. 2021).

Pursuant to Rule 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "If the moving party establishes that the non-moving party did not comply with its obligations under Rule 26, the burden shifts to the potentially sanctioned party to show that the violation of Rule 26 was justified or harmless." *R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F. Supp. 2d 905, 908-09 (N.D. Ohio 2008), *aff'd*, 606 F.3d 262 (6th Cir. 2010).

---

[1] Rule 26(a)(3)(A)(iii) provides that a "party must provide to the other parties and promptly file the following information about the evidence that it may present at trial: … an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises."

## III. ARGUMENT

### A. Plaintiff's Late Disclosures Were Not Harmless

Rule 37(c)(1) authorizes a district court to "exclude from a trial information that was, in violation of Rule 26(a) or (e), withheld without substantial justification, unless the failure to disclose was 'harmless.'" *SPX Corp. v. Bartec USA, LLC*, 574 F. Supp. 2d 748, 755 (E.D. Mich. 2008). The Sixth Circuit has indicated that, in the absence of harm, the exclusion of evidence not timely disclosed "is automatic and mandatory." *Dickenson v. Cardiac and Thoracic Surgery of Eastern Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004).

In order to determine whether a party's late disclosure is "substantially justified" or "harmless," this Court should consider five factors adopted by the Sixth Circuit in *Howe v. City of Akron*:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

801 F.3d 718, 748 (6th Cir. 2015). Each of these factors demonstrate that Plaintiff's late disclosure of the five (5) documents from the Catechism of the Catholic Church is not substantially justified and is prejudicial to BCBSM, and thus establish that the exclusion of these documents is mandatory.

3

### B. The *Howe* Factors Demonstrate That Plaintiff's Proposed Evidence Should be Excluded

First, when Plaintiff submitted her accommodation request, and was then interviewed about her request by BCBSM, she never mentioned that she practiced Catholicism. In her answer to BCBSM's initial discovery requests, Plaintiff failed to indicate that she practiced Catholicism or produce any documentation tending to establish her Catholic beliefs. **Exhibit A**. Plaintiff's initial, timely-filed mandatory trial disclosures also failed to indicate that Plaintiff intended to produce at trial any documentation establishing Plaintiff's alleged Catholic beliefs.

Even if BCBSM had an inkling – which it did not – that Plaintiff's alleged sincerely held religious beliefs were rooted in the Catholic faith, they were unaware, due to Plaintiff's non-disclosure, that Plaintiff intended to rely on documentation from the Catholic Church at trial. *See, e.g., Abrams v. Nucor Steel Marion, Inc.*, 694 Fed. Appx. 974, 982 (6th Cir. 2017) (rejecting as deficient the nonproducing party's argument that the opposing party "could easily guess . . . the substance of" tardily-disclosed evidence). Thus, because BCBSM did not know and could not have known of the existence of the documents from the Catechism of the Catholic Church, the first *Howe* factor weighs in favor of their exclusion.

The second and third *Howe* factors also favor exclusion when the party seeking to exclude "can cure the surprise only if the Court were to reopen discovery." *Int'l. Unions, Sec. Police and Fire Pros. Of Am. v. Maritas*, No. 2:19-cv-10743, 2023

4

WL 2711626, at *4 (E.D. Mich. Mar. 30, 2023). Permitting Plaintiff to introduce the documents from the Catechism of the Catholic Church is prejudicial to BCBSM and that prejudice cannot be cured given that discovery closed more than eight (8) months ago. BCBSM would be denied the opportunity to investigate the veracity of these documents (i.e. by being unable to depose the drafters or to seek additional information from Plaintiff relating to their substance prior to trial). Instead, and in violation of the third *Howe* factor, if Plaintiff is permitted to introduce her untimely-produced evidence, it would force BCBSM to wait until trial to cross examine her about the substance and veracity of these documents, to which they were earlier entitled to investigate. *See Abrams*, 694 Fed. Appx. at 982 ("[A]t this stage of litigation, allowing the witnesses to testify would delay and disrupt the trial.").

Fourth, plaintiff explicitly confined BCBSM's knowledge of her alleged religious beliefs to the contents of her accommodation letter (which, again, made no mention of Catholicism). Because BCBSM was unaware at the time it denied Plaintiff's accommodation letter of any alleged religious beliefs existing outside of Plaintiff's letter, any beliefs Plaintiff may purport to hold that are extraneous to her accommodation request are irrelevant to this lawsuit.

Fifth and finally, Plaintiff failed to justify her failure to disclose the documents prior to the mandatory trial disclosure deadline. Plaintiff had over ten (10) months to gather and produce the evidence she intends to present at trial, yet she failed to

5

produce *any* documentation from the Catechism of the Catholic Church in her initial disclosures, **Exhibit B**, her answer to BCBSM's document requests, **Exhibit A**, or her mandatory trial disclosures (ECF No. 30). Plaintiff also has not suggested that the documents were produced or became known to her only after the deadline for mandatory trial disclosures had passed. Thus, the fifth *Howe* factor also favors exclusion.

## IV. CONCLUSION

WHEREFORE, BCBSM respectfully requests that this Honorable Court enter an Order: (1) granting its Motion *in Limine* and sustaining its Objections to Plaintiff's supplemental mandatory disclosures; and (2) excluding from trial Exhibits 55-59 on Plaintiff's supplemental mandatory trial disclosures (ECF No. 30).

Respectfully submitted,

DICKINSON WRIGHT PLLC

Date: September 10, 2024

*/s/ Nolan J. Moody*
Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
123 W. Allegan St., Ste. 900
Lansing, MI  48933
(517) 371-1730
nmoody@dickinsonwright.com
*Attorneys for Defendant*