# Exhibit A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LISA DOMSKI,

       Plaintiff,

v.

BLUE CROSS BLUE SHIELD
OF MICHIGAN,

       Defendant.

Case No.  2:23-cv-12023

Hon. David M. Lawson

Hon. Magistrate Judge Phillip J. Green

## PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANT'S FIRST INTERROGATORIES, REQUESTS FOR ADMISSION AND DOCUMENT REQUESTS

Plaintiff Lisa Domski ("Plaintiff"), by and through Hurwitz Law PLLC, states the following as Responses to Defendant's First Interrogatories, Requests for Admissions and Requests for Production of Documents (collectively, the "Discovery Requests"):

### GENERAL OBJECTIONS

Plaintiff makes the following general objections to the Discovery Requests, whether or not the objections are separately and specifically set forth in each response:

1.    Plaintiff generally objects to the Discovery Requests to the extent they request information or documents already in the custody or possession of Defendant.

3.     Plaintiff generally objects to the Discovery Requests to the extent they request information or documents not relevant to any party's claims or defenses and not proportional to the needs of the case.

4.     Plaintiff generally objects to the Discovery Requests to the extent they are overbroad and burdensome.

5.     Plaintiff generally objects to the Discovery Requests to the extent they request information or documents protected by the attorney-client privilege, "which rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out." *Trammel v. United States*, 445 U.S. 40, 51 (1980).

6.     Plaintiff reserves the right to make all appropriate objections at any hearing or trial in this matter concerning the admission of the foregoing discovery responses.

7.     Plaintiff reserves the right to supplement these responses, as discovery of additional information may require.

8.     Plaintiff reserves the right to rely, at trial or in any other proceeding in this action, upon documents and information in addition to that identified or provided in response to the Discovery Requests.

9.     Plaintiff does not concede that any information or documents produced is or will be admissible evidence at trial.

2

## <u>INTERROGATROIES</u>

1.    For each Plaintiff, state said Plaintiff's complete name, address, social security number, and date of birth.

**<u>ANSWER:</u>**

Plaintiff answers that her information is as follows:

Name: Lisa Evelyn Domski
Address: 375 Riverbank Wyandotte, MI 48192
SSN: XXX-XX-█████
DOB: █████████

2.    For each Plaintiff, state said Plaintiff's complete name, username, handle, and all other account identifier information associated with all of said Plaintiff's social media accounts, including, but not limited to, Facebook, Instagram, Twitter, Tumblr, Pinterest, Reddit, Tribel, and LinkedIn.

**<u>ANSWER</u>**:

Plaintiff answers that her Facebook username is Lisa Cassell Domski.

3.    For each Plaintiff, state the name, address, and telephone number of all companies, entities, and the like with whom said Plaintiff has contacted, completed an application for employment, or to whom said Plaintiff has submitted a resume ("Contact") from January 1, 2021, through and including the present and continuing until the date of trial of this action and describe the result of the Contact.

**<u>ANSWER</u>**:

Plaintiff answers that her application history is as follows:

| Website | Date searched/applied | Co. Name | Co. Address | Co. Number | Result |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| www.h4h.org | 1/21/2022 | Habitat for Humanity of Huron Valley | 950 Victors Way Ste.50 Ann Arbor, MI 48108 | 734.677.1558 | Rejected-moving forward with other candidates |
| www.thehenryford.org | 2/15/2022 | The Henry Ford | 20900 Oakwood Blvd. Dearborn, MI 48124 | 313.982.6001 | Accepted job on 4/22/22 and began training on 6/9 |
| www.indeed.com | 3/14/2022 | Grosse Ile Township School | 23276 East River Rd Grosse Ile, MI 48138 | 734.362.2581 | Never heard back |
| www.generalrv.com | 3/29/2022 | General RV | 17277 Racho Rd Brownstown, MI 48193 | 734.284.5500 | Interviewed on 3/29/22, never heard back |
| www.indeed.com | 4/7/22 | Ryder System Inc. | 18640 Dix Toledo Hwy Brownstown, MI 48193 | 734.246.9763 | Had a phone interview and never heard back |
| www.indeed.com | 10/7/2022 | Ward Church | 40000 Six Mile Rd Northville, MI 48168 | 248.374.7400 | Interviewed and hired on 10/25/22 |
| www.jp2catholic.com | 1/3/23 | John Paul II Classical Catholic School | 1590 Riverbank St. Lincoln Park, MI 48146 | 313.386.0633 | Rejected-moving forward with other candidates |
| www.allsaintscs.com | 3/22/23 | All Saints Catholic | 48735 Warren Rd Canton, MI 48187 | 734.459.2490 | Sent resume, never heard back |

4.      For each Plaintiff, list each and every website or other publication said

4

Plaintiff has consulted in an effort to find employment since said Plaintiff's last day worked at any Defendant, through and including the present and continuing until the date of trial of this action and for each such publication identify: the name of the website/publication; the date(s) upon which it was consulted; the name, address, and telephone number of each company or entity contacted as a result; and describe the result of the Contact.

**ANSWER**:

Plaintiff answers that she consulted the following websites:

| Website | Date searched/applied | Co. Name | Co. Address | Co. Number | Result |
|---------|----------------------|----------|-------------|------------|--------|
| www.h4h.org | 1/21/2022 | Habitat for Humanity of Huron Valley | 950 Victors Way Ste.50 Ann Arbor, MI 48108 | 734.677.1558 | Rejected-moving forward with other candidates |
| www.thehenryford.org | 2/15/2022 | The Henry Ford | 20900 Oakwood Blvd. Dearborn, MI 48124 | 313.982.6001 | Accepted job on 4/22/22 and began training on 6/9 |
| www.indeed.com | 3/14/2022 | Grosse Ile Township School | 23276 East River Rd Grosse Ile, MI 48138 | 734.362.2581 | Never heard back |
| www.generalrv.com | 3/29/2022 | General RV | 17277 Racho Rd Brownstown, MI 48193 | 734.284.5500 | Interviewed on 3/29/22, never heard back |
| www.indeed.com | 4/7/22 | Ryder System Inc. | 18640 Dix Toledo Hwy | 734.246.9763 | Had a phone interview |

| | | | Brownstown, MI 48193 | | and never heard back |
|---|---|---|---|---|---|
| www.indeed.com | 10/7/2022 | Ward Church | 40000 Six Mile Rd Northville, MI 48168 | 248.374.7400 | Interviewed and hired on 10/25/22 |
| www.jp2catholic.com | 1/3/23 | John Paul II Classical Catholic School | 1590 Riverbank St. Lincoln Park, MI 48146 | 313.386.0633 | Rejected- moving forward with other candidates |
| www.allsaintscs.com | 3/22/23 | All Saints Catholic | 48735 Warren Rd Canton, MI 48187 | 734.459.2490 | Sent resume, never heard back |

5.     For each Plaintiff, since said Plaintiff's last day worked at any Defendant, state: all sources of income by name and address; how long this income has been received and how long it will be received in the future; the monthly amount of said income, past, present, and future; the basis upon which said Plaintiff receives these monies, past, present, and future; and produce all documents supporting the above answers.

**ANSWER:**

Plaintiff answers that her income history is as follows:

| Income Source | Co. Address | Gross Amount Earned | Date Earned |
|---|---|---|---|
| BCBSM | 600 E Lafayette Detroit MI | 98,233.12 | 1/10/21- 12/5/21 |
| Michigan Unemployment | n/a | 7,240.00 | 12/15/21- 5/28/22 |

| The Henry Ford | 20900 Oakwood Blvd. Dearborn, MI 48124 | 1,559.50 | 5/30/22-7/24/22 |
| Ward Church | 40000 Six Mile Rd Northville, MI 48168 | 5,101.70 | 10/23/22-1/7/23 |

6.     For each Plaintiff, please list all doctors, personal physicians, and other healthcare professionals said Plaintiff has visited or treated within the last 5 years. For each, please identify: the name of the health care professional, organization, or treatment facility; the address of the health care professional, organization, or treatment facility; the dates upon which treatment or counseling was sought and/or received; the duration and frequency of the treatment or counseling; and execute the attached records releases for each health care professional, organization, or treatment facility identified above.

**ANSWER:**

Plaintiff answers that she has visited the following medical professionals:

| Provider Name | Address | Service | Date of treatment |
|---|---|---|---|
| Dawn Walsch | 22320 Goddard Taylor, MI 48180 | Vision | 1/11/19 |
| Dr. Micheal Izzo | 1310 Warwick Lincoln Park, MI 48146 | Dental | 2/22/19, 9/12/19, 10/3/19 |
| Vision provider | 22320 Goddard Taylor, MI 48180 | Vision | 10/26/20 |

| Medical Provider | 1768 Ford Ave Wyandotte, MI 48192 | Urgent Care | 4/6/21 |
|---|---|---|---|
| Vision Provider | 22320 Goddard Taylor, MI 48180 | Vision | 11/17/21 |
| Get Well Downriver Woodhaven PLC | 21090 Allen Rd Woodhaven, MI 48183 | Urgent Care | 2/9/22 |
| Helen Etemadi | 14450 King Rd Riverview, MI 48193 | Gynecological | 3/2/22, 3/23/22, 4/5/22 |
| Drs Harris Birkhill Wang Songe Assoc PC | 840 Oakwood Blvd. Dearborn, MI 48124 | Radiology | 3/22/22 |

7.    For each Plaintiff, identify whether and when said Plaintiff has ever received any vaccine, as well as the type of vaccine (e.g., COVID, Flu, etc.) and who administered the vaccine (e.g., pharmacy).

**ANSWER:**

Plaintiff answers that she has not received any vaccines as an adult.

8.    For each Plaintiff, identify whether and when said Plaintiff has ever tested positive for COVID-19.

**ANSWER:**

Plaintiff answers that she contracted COVID-19 in September 2022.

9.    State the name, address, employer, position, and telephone number of every person whom any Plaintiff is aware of having knowledge of any of the facts

8

asserted in the Plaintiff's Complaint or Amended Complaint and: state in detail the nature of the information each such person has regarding those facts; and state whether said Plaintiff is aware of any document each such individual has regarding his or her knowledge of those facts.

**ANSWER:**

Plaintiff answers that the following people have knowledge of the facts asserted in her complaint:

| Resource name | Phone number | Email address | Statement resource would say |
|---|---|---|---|
| Very Rev. Canon Walter J. Ptak | 734.635.1215 | n/a | Would confirm Plaintiff has sincerely held religious beliefs/ |
| Dennis McDermott | 313.588.1785 | n/a | Would confirm Plaintiff has religious beliefs preventing her from being vaccinated. |
| Marilyn Nance | 313.530.4046 | n/a | Would confirm Plaintiff has religious beliefs preventing her from being vaccinated. |
| Jill Fortener | 734.752.0518 | n/a | Would confirm Plaintiff has religious beliefs preventing her from being vaccinated. |
| Dawn Rodriguez | 248.961.6744 | dawnlrodriguez@yahoo.com | Would confirm Plaintiff has religious beliefs preventing her from being vaccinated. |

Plaintiff is not aware of any documents in the possession of these individuals regarding their knowledge of the facts.

10.    State the name, address, employer, position, and telephone number of each witness whom any Plaintiff <u>may</u> call at the trial of this case.  For each individual identified: state the subject matter on which each such person is expected to testify; list in detail the testimony each such person is expected to give regarding each subject matter on which he/she is expected to testify; attach a list of each document, exhibit or visual aid which will be offered in connection with the testimony of each such witness; and state whether any Plaintiff has a written statement from each such person relating to anticipated testimony or any fact in issue in this litigation.

**<u>ANSWER:</u>**

Plaintiff answers that each person is expected to testify as follows:

| Resource name | Phone number | Email address | Statement resource would say |
|---|---|---|---|
| Very Rev. Canon Walter J. Ptak | 734.635.1215 | n/a | Would confirm Plaintiff has sincerely held religious beliefs |
| Dennis McDermott | 313.588.1785 | n/a | Would confirm Plaintiff has religious beliefs preventing her from being vaccinated |
| Marilyn Nance | 313.530.4046 | n/a | Would confirm Plaintiff has religious beliefs preventing her from being vaccinated |

| Jill Fortener | 734.752.0518 | n/a | Would confirm Plaintiff has religious beliefs preventing her from being vaccinated |
|---|---|---|---|
| Dawn Rodriguez | 248.961.6744 | dawnlrodriguez@yahoo.com | Would confirm Plaintiff has religious beliefs preventing her from being vaccinated |

11.    Is there any person that any Plaintiff has consulted with or intends or expects to consult with or whom any Plaintiff intends to or expects to call as an expert witness at the time of trial of this action?  If yes, as to each such expert witness, please state: his/her name, address, and phone number; a summary of his/her qualifications, including educational background; the opinion or opinions the expert will give in consultation or at the time of trial; the specific facts and grounds upon which the expert bases his/her opinion or opinions; each and every document, and exhibit or visual aid intended to be used in conjunction with or offer into evidence through each expert witness.

**<u>ANSWER:</u>**

Plaintiff intends to retain the services of experts with specialization in economic damages and psychiatry.

12.    For each Plaintiff, please explain the reason(s) why said Plaintiff sought an exemption from, and/or accommodation relative to the Vaccine Policy.

**<u>ANSWER:</u>**

11

Plaintiff objects because this information was provided to Defendant during the exemption process, so it is already in Defendant's possession.  Without waiving this or the General Objection, Plaintiff answers that they sought a COVID-19 vaccine accommodation/exemption because they could not receive a COVID-19 vaccine due to sincerely-held religious beliefs.

13.    Please list each and every exhibit, document, or visual aid which any Plaintiff intends to use at the trial of any Plaintiff's case and identify the witness through whom each exhibit will be introduced.

**ANSWER:**

Plaintiff responds that it has not yet been determined which exhibits, documents, and visual aids will be used at the trial of this case, but all exhibits, documents, and visual aids to be used at trial will be provided to Defendant.

14.    For each Plaintiff, with respect to each allegation of claimed damages, including, but not limited to, economic, compensatory, punitive, exemplary, or emotional, state the nature of or basis for every type of damages claimed and separately for each type provide the following information: the precise amount of damages claimed; the means by which said amount was derived, including formulas used, dates or periods of time over which amounts were calculated, expenses incurred, etc.; the means by which said Plaintiff intends at trial to establish the type and amount of claimed damages; the identity (name, address, telephone number, current employer, and relation to said Plaintiff) of each person believed or alleged to have been involved on behalf of any Defendant in causing said type and amount of claimed damages and the nature of said involvement; and the nature, date, author,

addressee, and subject matter of each document or tangible thing said Plaintiff relies

upon in support of said type and amount of claimed damages or which said Plaintiff

intends to or may introduce at trial in this case.

**ANSWER:**

Plaintiff objects to this Interrogatory as premature and cannot submit an accurate computation of damages at this time because economic and non-pecuniary damages are still accruing. Plaintiff reserves the right to supplement this answer with a computation of damages that is permitted under Title VII and ELCRA, including economic damages, non-economic damages, punitive damages,  attorney's fees, costs, and all other relief in law or equity deemed just and proper.

15.    For each Plaintiff whose Answer to Request for Admission No. 3 is

"Admitted" or "Yes," identify which over-the-counter medications said Plaintiff has

taken since January 1, 2018.

**ANSWER:**

Plaintiff objects that the phrase "over-the-counter medication" is vague and undefined, but answers that she does not take medication.


**REQUESTS FOR ADMISSION**

1.    For each Plaintiff, admit that said Plaintiff has received at least one

vaccine during said Plaintiff's lifetime.

**ANSWER:** Admitted.


2.    For each Plaintiff, admit that said Plaintiff has received at least one

COVID-19 vaccine (or a COVID-19 booster shot) during said Plaintiff's lifetime.

**ANSWER:** Denied.

3.    For each Plaintiff, admit that said Plaintiff has taken Tylenol, Ibuprofen, or other over-the-counter medications since January 1, 2018.

**ANSWER:** Denied.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    For each Plaintiff, any and all documents, communications, records, or papers that in any way relate to said Plaintiff's employment at any Defendant, including all documents relied upon, consulted, or used to support each claim and allegation contained in said Plaintiff's Complaint or Amended Complaint and all documents that said Plaintiff believes in any way support or relate to any claim or allegation contained in the Complaint or Amended Complaint.

**RESPONSE:**

See Plaintiff's First Document Production,

2.    For each Plaintiff, all documents, communications, records, or papers that said Plaintiff provided to any Defendant related to said Plaintiff's request(s) for exemption and/or accommodation from the Vaccine Policy.

**RESPONSE:**

Plaintiff objects because the document requested are in the custody, possession, and control of Defendant.

3.      For each Plaintiff, any and all documents, communications, records, or papers that in any way reflect, demonstrate, prove, support, or relate to the sincerely held religious and/or spiritual belief(s) for which (or based upon which) said Plaintiff requested exemption and/or accommodation from the Vaccine Policy, including, but not limited to, religious and/or spiritual texts/emails, treatises, publications, writings, statements of dogma or doctrine, or other similar documents.

**RESPONSE:**

See Plaintiff's First Document Production,

4.      For each Plaintiff, any and all documents, communications, records, or papers that in any way reflect, demonstrate, prove, support, or relate to the medical condition(s) for which (or based upon which) said Plaintiff requested exemption and/or accommodation from the Vaccine Policy, including, but not limited to, medical records, diagnoses, treatment records, prescriptions, test results, or other similar documents.

**RESPONSE:**

See Plaintiff's First Document Production,

5.      For each Plaintiff, all communications of any kind in any medium or format, including, but not limited to, emails, texts, iMessages, direct messages, posts, comments on posts, tweets, comments on tweets, shares, and likes on social media websites or applications (e.g., Facebook, Instagram, Twitter, Tumblr,

Pinterest, Reddit, Tribel, LinkedIn) between said Plaintiff and any person, related to COVID-19 and from March 2020 to present.

**RESPONSE:**

See Plaintiff's First Document Production,

6.      For each Plaintiff, all communications of any kind in any medium or format, including, but not limited to, emails, texts, iMessages, direct messages, posts, comments on posts, tweets, comments on tweets, shares, and likes on social media websites or applications (e.g., Facebook, Instagram, Twitter, Tumblr, Pinterest, Reddit, Tribel, LinkedIn) between said Plaintiff and any person, related to employers mandating COVID-19 vaccination and from December 2020 to present.

**RESPONSE:**

See Plaintiff's First Document Production,

7.      For each Plaintiff, all communications of any kind in any medium or format, including, but not limited to, emails, texts, iMessages, direct messages, posts, comments on posts, tweets, comments on tweets, shares, and likes on social media websites or applications (e.g., Facebook, Instagram, Twitter, Tumblr, Pinterest, Reddit, Tribel, LinkedIn) between said Plaintiff and any person, related to the Vaccine Policy.

**RESPONSE:**

See Plaintiff's First Document Production,

8.     For each Plaintiff, all social media (Facebook, Instagram, Twitter, Tumblr, Pinterest, Reddit, Tribel, LinkedIn, and other similar social networking websites or applications) posts, pictures, blogs, stories, comments, shares, tweets, links, likes, or other content that said Plaintiff posted, authored, created, shared, or maintained, related to vaccines, religion, and/or said Plaintiff's health, from January 1, 2017 to present.

**RESPONSE:**

See Plaintiff's First Document Production,

9.     For each Plaintiff, all social media (Facebook, Instagram, Twitter, Tumblr, Pinterest, Reddit, Tribel, LinkedIn, and other similar social networking websites or applications) posts, pictures, blogs, stories, comments, shares, tweets, links, likes, or other content that said Plaintiff posted, authored, created, shared, or maintained, related to COVID-19, from March 2020 to present.

**RESPONSE:**

See Plaintiff's First Document Production,

10.     For each Plaintiff, all social media (Facebook, Instagram, Twitter, Tumblr, Pinterest, Reddit, Tribel, LinkedIn, and other similar social networking websites or applications) posts, pictures, blogs, stories, comments, shares, tweets, links, likes, or other content that said Plaintiff posted, authored, created, shared, or

maintained, related to employers mandating vaccines, from January 1, 2017 to present.

**RESPONSE:**

See Plaintiff's First Document Production,

11.   For each Plaintiff, all social media (Facebook, Instagram, Twitter, Tumblr, Pinterest, Reddit, Tribel, LinkedIn, and other similar social networking websites or applications) posts, pictures, blogs, stories, comments, shares, tweets, links, likes, or other content that said Plaintiff posted, authored, created, shared, or maintained, related to employers mandating COVID-19 vaccines, from December 2020 to present.

**RESPONSE:**

See Plaintiff's First Document Production,

12.   For each Plaintiff, all social media (Facebook, Instagram, Twitter, Tumblr, Pinterest, Reddit, Tribel, LinkedIn, and other similar social networking websites or applications) posts, pictures, blogs, stories, comments, shares, tweets, links, likes, or other content that said Plaintiff posted, authored, created, shared, or maintained, related to any Defendant's Vaccine Policy.

**RESPONSE:**

See Plaintiff's First Document Production,

13.     For each Plaintiff, all communications of any kind in any medium or format, including, but not limited to, emails, texts, iMessages, direct messages, posts, comments on posts, tweets, comments on tweets, shares, and likes on social media websites or applications (e.g., Facebook, Instagram, Twitter, Tumblr, Pinterest, Reddit, Tribel, LinkedIn) between said Plaintiff and any current or former spiritual and/or religious leader(s), including, but not limited to, imams, priests, rabbis, deacons, elders, pastors, preachers, and ministers, related to vaccines from January 1, 2017 to present.

**RESPONSE:**

See Plaintiff's First Document Production,

14.     For each Plaintiff, all communications of any kind in any medium or format, including, but not limited to, emails, texts, iMessages, direct messages, posts, comments on posts, tweets, comments on tweets, shares, and likes on social media websites or applications (e.g., Facebook, Instagram, Twitter, Tumblr, Pinterest, Reddit, Tribel, LinkedIn) between said Plaintiff and any current or former spiritual and/or religious leader(s), including, but not limited to, imams, priests, rabbis, deacons, elders, pastors, preachers, and ministers, related to COVID-19 vaccines from December 2020 to present.

**RESPONSE:**

See Plaintiff's First Document Production,

15.   For each Plaintiff, all studies, records, articles, publications, or other documents dated March 2020 to December 2021 related to the transmissibility, contagion, virulence, community spread, or prevalence of COVID-19, that said Plaintiff reviewed and/or relied upon and that relate to said Plaintiff's claims in their case.

**RESPONSE:**

Plaintiff objects because there are no studies, records, articles, publications, or other documents dated March 2020 to December 2021 related to the transmissibility, contagion, virulence, community spread, or prevalence of COVID-19 that have any relation to Plaintiff's accommodation request.

16.   For each Plaintiff, all studies, records, articles, publications, or other documents related to COVID-19 vaccines, that said Plaintiff reviewed and/or relied upon before January 2022, and that support said Plaintiff's claims in their case.

**RESPONSE:**

Plaintiff objects because there are no studies, records, articles, publications, or other documents related to COVID-19 vaccines that have any relation to Plaintiff's accommodation request.

17.   For each Plaintiff, any and all notes, including personal notes and diaries, memoranda, and any other writings prepared by or in said Plaintiff's possession relating to, or in any way referring to, any interviews, meetings, telephone calls, or other communications between said Plaintiff and any person (including any Defendant and its current or former agents, independent contractors,

or employees), from 2020 to the present, regarding said Plaintiff's current or past employment.

**RESPONSE:**

Plaintiff objects because not all information "regarding said Plaintiff's current or past employment" has any relation to this matter.  However, subject to and without waiving any objections, See Plaintiff's First Document Production for documents that relate to Plaintiff's vaccine exemption request.

18.     Produce all documents, including, but not limited to, applications, resumes, and cover letters each Plaintiff has submitted to potential employers or contractors for the purposes of obtaining employment since said Plaintiff's last day worked at any Defendant, through and including the present.

**RESPONSE:**

See Plaintiff's First Document Production,

19.     Produce all responses each Plaintiff has received from potential employers or contractors since said Plaintiff's last day worked at any Defendant, through and including the present.

**RESPONSE:**

See Plaintiff's First Document Production,

20.     Produce any and all documents or correspondence relating to all charges each Plaintiff has filed with the Equal Employment Opportunity Commission, the National Labor Relations Board, the IRS, the United States

Department of Labor, or similar state agencies in connection with said Plaintiff's work at any Defendant.

**RESPONSE:**

Plaintiff objects to this Request because the documents requested by Defendant are already in Defendant's possession, custody and control.

21.     Produce all federal, state or local tax returns filed by each Plaintiff or on their behalf, including, without limitation, all W-2s, 1040s, and all schedules or attachments thereto, for the years 2017 through and including the present.

**RESPONSE:**

See Plaintiff's First Document Production,

22.     Produce all W-2s, 1099s, and all other payroll records related to work performed by each Plaintiff, for the years 2021 through and including the present.

**RESPONSE:**

See Plaintiff's First Document Production,

23.     Produce a copy of each and every document acquired, developed, reviewed, or relied upon by the experts identified by any Plaintiff, in anticipation of this litigation and/or in anticipation of the trial of this action.

**RESPONSE:**

Plaintiff objects to this Request at this time because no expert witness has been retained yet, but Plaintiff will supplement this Response as necessary.

24.     Produce a copy of the CV of any expert identified by any Plaintiff.

**<u>RESPONSE:</u>**

Plaintiff objects to this Request at this time because no expert witness has been retained yet, but Plaintiff will supplement this Response as necessary.

25.     For each Plaintiff, please fill out and execute the attached authorizations.

**<u>RESPONSE:</u>**

See Plaintiff's First Document Production,


                              Respectfully Submitted,

                              HURWITZ LAW PLLC

                              /s/ *Noah S. Hurwitz*
                              Noah S. Hurwitz (P74063)
Dated: November 28, 2023      *Attorney for Plaintiff*

## **PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing Plaintiff's Objections and Answers to Defendant's First Set of Interrogatories and Requests for Production were served upon the attorney(s) of record for all parties to the above cause via email record at their respective addresses disclosed by the pleading(s) of record herein on this November 28, 2023:

Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Maureen J. Moody (P85032)
Grant W. Hohlbein (P86319)
DICKINSON WRIGHT PLLC
*Attorneys for Defendant*
123 W. Allegan Street, STE. 900
Lansing, MI 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
mmoody@dickinsonwright.com
ghohlbein@dickinsonwright.com

*/s/ Kit McDaniel*
Kit McDaniel, Law Clerk

24