UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA DOMSKI,

    Plaintiff,

v.

BLUE CROSS BLUE SHIELD
OF MICHIGAN,

    Defendant.

Case No. 2:23-cv-12023

Hon. David M. Lawson

Mag. Elizabeth A. Stafford

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
340 Beakes Street, Suite 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
*Attorneys for Plaintiff*

Jonathan R. Marko (P72450)
MARKO LAW, PLLC
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7529
jon@markolaw.com
*Attorneys for Plaintiff*

Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
mmoody@dickinsonwright.com
*Attorneys for Defendant*

---

**DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S
MOTION *IN LIMINE* TO EXCLUDE FROM TRIAL AN
UNPRODUCED AND UNIDENTIFIED VIDEO ON
<u>PLAINTIFF'S AMENDED DISCLOSURES</u>**

Pursuant to Fed. R. Civ. P. 37(c)(1) and the Court's inherent power to sanction, Defendant Blue Cross Blue Shield of Michigan ("BCBSM") moves this Court to exclude from trial video evidence identified by Plaintiff in her Supplemented Pretrial Disclosures (the "Tricia Keith Video") when Plaintiff neither produced the video in discovery, identified the video in an interrogatory response, nor supplemented her discovery responses to identify same, and the untimely identification of the video was neither harmless nor substantially justified. In support of its Motion, BCBSM relies on the facts, arguments, and authority set forth in its accompanying Brief.

Pursuant to Local Rule 7.1(a)(2)(A), the undersigned states that there was a conference between the parties' attorneys over email in which the undersigned explained the nature of this Motion and its legal basis and requested but did not obtain concurrence in the relief sought.

WHEREFORE, BCBSM respectfully requests that this Honorable Court grant its Motion, issue an order excluding the Tricia Keith Video from evidence, and award BCBSM any other relief the Court deems just and equitable.

[*Signature block on the following page.*]

1

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: */s/ Nolan J. Moody*
Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
mmoody@dickinsonwright.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA DOMSKI,

    Plaintiff,

v.

BLUE CROSS BLUE SHIELD
OF MICHIGAN,

    Defendant.

Case No. 2:23-cv-12023

Hon. David M. Lawson

Mag. Elizabeth A. Stafford

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
340 Beakes Street, Suite 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
*Attorneys for Plaintiff*

Jonathan R. Marko (P72450)
MARKO LAW, PLLC
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7529
jon@markolaw.com
*Attorneys for Plaintiff*

Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
mmoody@dickinsonwright.com
*Attorneys for Defendant*

---

**DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S
BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE FROM
TRIAL AN UNPRODUCED AND UNIDENTIFIED VIDEO ON
<u>PLAINTIFF'S AMENDED DISCLOSURES</u>**

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES......................................................................................... ii

ISSUES PRESENTED................................................................................................ iii

MOST APPROPRIATE AUTHORITY .....................................................................iv

I.    INTRODUCTION AND FACTUAL BACKGROUND ................................1

II.    LEGAL STANDARD ......................................................................................2

III.    ARGUMENT...................................................................................................3

    A.    The Video Should Be Excluded Because It Was Never Produced In Discovery, Identified In Plaintiff's Interrogatory Responses, Nor Included In A Supplemental Discovery Answer ..........................3

    B.    The Video Should Be Excluded Because Untimely Production Of Same Is Neither Harmless Nor Substantially Justified....................5

    C.    The Court Should Use Its Inherent Power To Sanction To Exclude The Video ..................................................................................9

IV.    CONCLUSION..............................................................................................10

# INDEX OF AUTHORITIES

**Cases**

*Abrams v. Nucor Steel Marion, Inc.*, 694 Fed. Appx. 974 (6th Cir. 2017) ...............7

*Boyer v. Home Depot USA, Inc.*, No. 08-cv-13382, 2010 WL 125847 (E.D. Mich. Mar. 26, 2010) ......................................................................................5

*First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501 (6th Cir. 2002) ..........................................................................................................9

*Ford Motor Company v. InterMotive, Inc.*, No. 4:17-cv-11584, 2021 WL 978820 (E.D. Mich. Mar. 16, 2021) ..................................................................3

*Heidelberg Harris, Inc. v. Mitsubishi Heavy Industries, Ltd.*, No. 95-cv-0673, 1996 WL 680243 (N.D. Ill. Nov. 21, 1996) ...............................................5

*Howe v. City of Akron,* 801 F.3d 718 (6th Cir. 2015)............................................6, 7

*Int'l. Unions, Sec. Police and Fire Pros. Of Am. v. Maritas*, No. 2:19-cv-10743, 2023 WL 2711626 (E.D. Mich. Mar. 30, 2023).......................................7

*R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F. Supp. 2d 905 (N.D. Ohio 2008) ................................................................................................................2

*SPX Corp. v. Bartec USA, LLC*, 574 F. Supp. 2d 748 (E.D. Mich. 2008) ... 3, 5, 6, 8

*United States v. Hamilton*, 574 F. Supp. 3d 461 (E.D. Mich. 2021) .........................2

*Webasto Thermo & Comfort North America, Inc. v. BesTop, Inc.*, No. 16-cv-13456, 2018 WL 5098784 (E.D. Mich. Oct. 19, 2018)..................................9

**Rules**

FED. R. CIV. P. 26(e)(1)(A) ........................................................................................3

FED. R. CIV. P. 37(c)(1)..............................................................................................2

ii

## ISSUES PRESENTED

1. Under FRCP 37(c)(1), should the Court exclude from trial video evidence identified by Plaintiff in her Supplemented Pretrial Disclosures when Plaintiff neither produced the video in discovery, identified the video in an interrogatory response, nor supplemented her discovery responses to identify same, and the untimely identification of the video was neither harmless nor substantially justified?

    Blue Cross Blue Shield of Michigan Answers:   YES.

    Plaintiff Answers:   NO.

    The Court Should Answer:   YES.

2. Should the Court use its inherent power to sanction to exclude video evidence from trial where Plaintiff's counsel has been intentionally withholding from Blue Cross Blue Shield of Michigan's counsel what the video evidence is, and where it can be found?

    Blue Cross Blue Shield of Michigan Answers:   YES.

    Plaintiff Answers:   NO.

    The Court Should Answer:   YES.

# MOST APPROPRIATE AUTHORITY

## Cases

*Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015)

## Rules

FED. R. CIV. P. 26(e)(1)(A)

FED. R. CIV. P. 37(c)(1)

I.      **INTRODUCTION AND FACTUAL BACKGROUND**

This is a religious discrimination case concerning Plaintiff Lisa Domski's ("Plaintiff") request for a religious accommodation to Defendant Blue Cross Blue Shield of Michigan's ("BCBSM") COVID-19 vaccination policy (the "Policy").

BCBSM moves to exclude from evidence at trial Exhibit 50 on Plaintiff's Supplemented Trial Disclosures (identified only as "Tricia Keith Video") because it was not produced in discovery, identified in any of Plaintiff's discovery responses (despite same being expressly requested by BCBSM), or included in a supplemental discovery response. Indeed, despite the video's existence since at least April 4, 2024, Plaintiff only produced the video to BCBSM at 4:41 p.m. *today*—and in a form that is not readily accessible or viewable. Plaintiff is seeking a trial by ambush – the type of gamesmanship that Rule 37 is designed to prevent.

More troubling, when BCBSM requested that Plaintiff identify the video by bates label, Plaintiff's counsel responded: "I see the confusion. The Tricia Keith video is from April 4, 2024 and is a self-authenticating business record already in Defendant's possession." **Exhibit A**, 9/10/24 correspondence from N. Hurwitz. BCBSM responded that it did not "know what [Plaintiff is] talking about based on the description [provided]," and again requested Plaintiff "send [BCBSM] either the bates label or the video itself." *Id.* Roughly three hours later (at 2:00 p.m. on the

1

date motions *in limine* were due), Plaintiff's counsel indicated that he would be producing the video. *Id.* A link to the video followed at 4:41 p.m. today.

Plaintiff's late disclosure of the video is – with decided understatement – not substantially justified and is prejudicial to BCBSM. Pursuant to Rule 26(3), Rule 37(b) and/or the Court's inherent authority to sanction a party, the video should, respectfully, be excluded from evidence.

## II.  LEGAL STANDARD

A motion *in limine* is a motion "to obtain advance rulings on the admissibility of evidence so that trial preparation is facilitated, distractions during trial are reduced, legal issues can be deliberated more serenely, and the risk of exposure of the jury to inadmissible evidence can be minimized." *United States v. Hamilton*, 574 F. Supp. 3d 461, 466 (E.D. Mich. 2021).

Pursuant to Rule 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "If the moving party establishes that the non-moving party did not comply with its obligations under Rule 26, the burden shifts to the potentially sanctioned party to show that the violation of Rule 26 was justified or harmless." *R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F. Supp. 2d 905, 908-09 (N.D. Ohio 2008), *aff'd*, 606 F.3d 262 (6th Cir. 2010).

2

### III.   ARGUMENT

    **A.   The Video Should Be Excluded Because It Was Never Produced In Discovery, Identified In Plaintiff's Interrogatory Responses, Nor Included In A Supplemental Discovery Answer**

"Rule 26(e)(1)(A) requires a party to supplement a discovery response 'in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect.'" *SPX Corp. v. Bartec USA, LLC*, 574 F. Supp. 2d 748, 756 (E.D. Mich. 2008) (J. Lawson), citing Fed. R. Civ. P. 26(e)(1)(A). "It is well established that parties may not introduce evidence at trial if it did not disclose such evidence during discovery." *Ford Motor Company v. InterMotive, Inc.*, No. 4:17-cv-11584, 2021 WL 978820, at *11 (E.D. Mich. Mar. 16, 2021). Thus, the Court is "fully justified" "in prohibiting [Plaintiff] from 'introducing designated matters in evidence'" that were never produced in discovery. *Id.* (establishing an amended scheduling order so discovery abuses could be corrected, and warning the non-disclosing party that future misconduct could result in the barring of plaintiff's claims or dismissal of the action).

Here, the video should be excluded from trial because Plaintiff neither produced the video in discovery, identified the video in response to BCBSM's interrogatories, nor disclosed the video as part of her ongoing duty to supplement under FRCP 26(e). Indeed, on August 31, 2023, BCBSM asked Plaintiff to produce all communications, including audiotapes and videotapes, supporting or relating to

3

any claims or allegation included in her Amended Complaint. *See* **Exhibit B** (BCBSM's discovery requests).¹ BCBSM also asked Plaintiff to identify "each and every exhibit, document, or visual aid which [she] intends to use at [] trial … and identify the witness through whom each exhibit will be introduced." *Id.* at Int. #13.

In responding to BCBSM's discovery requests, Plaintiff neither produced the video, nor identified the video in response to Interrogatory No. 13. *See* **Exhibit C**, Plaintiff's Discovery Responses, at Int. 13 ("Plaintiff responds that it has not yet been determined which exhibits, documents, and visual aids will be used at the trial of this case, but all exhibits, documents, and visual aids to be used at trial will be provided to Defendant.").

And critically here—despite presumably having possession of the document since April 4, 2024, and assuring BCBSM that "all exhibits, documents, and visual aids to be used at trial will be provided to [it]" (Ex. B)—Plaintiff never supplemented her discovery responses to produce and/or disclose her reliance on the video.

Because Plaintiff neither identified nor produced the video in discovery, nor timely supplemented her discovery responses to disclose the video after Plaintiff

---

¹ Ex. B, at RFP #1 (Produce "all documents, communications, records, or papers that in any way relate to [] Plaintiff's employment at [] Defendant, including all documents relied upon, consulted, or used to support each claim and allegation contained in [] Plaintiff's Complaint or Amended Complaint and all documents that [] Plaintiff believes in any way support or relate to any claim or allegation contained in the Complaint or Amended Complaint."); *Id.* at Definition, ¶ E (defining "communication(s)" to include "audiotapes" and "videotapes").

4

came into possession of same, the evidence should be excluded from trial pursuant to FRCP 26(e)(1)(A) and FRCP 37(c)(1). *See e.g. Boyer v. Home Depot USA, Inc.*, No. 08-cv-13382, 2010 WL 125847, *4 (E.D. Mich. Mar. 26, 2010) (holding that defendant's supplemental disclosure of new evidence after the close of discovery and one month before trial was untimely under Rule 26(e) and, thus, properly excluded from trial); *SPX Corp.*, 574 F. Supp. 2d at 756 (granting motion for sanctions in the form of excluding evidence from trial that was not seasonably included in supplemental discovery responses); *Heidelberg Harris, Inc. v. Mitsubishi Heavy Industries, Ltd.*, No. 95-cv-0673, 1996 WL 680243, *8 (N.D. Ill. Nov. 21, 1996) (excluding from trial evidence that was untimely supplemented under FRCP 26(e) because "[t]he purpose of Rule 26(e)(2) is to prevent trial by ambush" and "[i]f a party is allowed to withhold the supplementation of its discovery responses until after fact discovery is closed, the purpose of the Rule is effectively frustrated because the opposing party is denied the opportunity to conduct discovery on the supplemented responses.").

    **B.**    **The Video Should Be Excluded Because Untimely Production Of Same Is Neither Harmless Nor Substantially Justified**

At roughly 2:00 p.m. on the day motions *in limine* were due (today), Plaintiff's counsel indicated that would be producing the video. Ex. A, 9/10/2024 correspondence from N. Hurwitz ("We are producing through Relativity. I'm waiting on the vendor to provide me with download instructions."). The video was

5

not *actually* produced until 4:41 p.m. today, and even then, was produced in native file that is only accessible with the use of BCBSM's relativity services—meaning it was not readily viewable. Plaintiff's late production of the video is neither harmless, nor substantially justified, and it should be excluded from evidence pursuant to FRCP 37(c)(1).

Rule 37(c)(1) authorizes a district court to "exclude from a trial information that was, in violation of Rule 26(a) or (e), withheld without substantial justification, unless the failure to disclose was 'harmless.'" *SPX Corp.*, 574 F. Supp. 2d at 755. In order to determine whether a party's late disclosure is "substantially justified" or "harmless," courts consider five factors adopted by the Sixth Circuit in *Howe v. City of Akron*:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

801 F.3d 718, 748 (6th Cir. 2015). Each of these factors demonstrates that Plaintiff's late disclosure of the video is not substantially justified and is prejudicial to BCBSM.

First, the "surprise" nature of the video is clear. The video has allegedly existed for 5 months (since April 4, 2024 according to Plaintiff), yet Plaintiff's *first ever* mention of the video was in her trial disclosures, where she identified it only as "Tricia Keith Video," with no corresponding bates label or description. *See* ECF

6

No. 30, PageID.380. Adding further "surprise" to the video's (untimely) disclosure is the fact that, when BCBSM's counsel asked Plaintiff's counsel for concurrence on the present Motion, counsel *himself* was confused as to what the "Tricia Keith Video" is, erroneously referring to (the never-before-disclosed) video as "an important piece of evidence that the judges in our district have cited as standalone direct evidence of discrimination." Ex. A. And, when BCBSM's counsel sought clarification from Plaintiff's counsel—asking him to identify the video by bates label—Plaintiff's counsel obfuscated further, describing the document only as a "video [] from April 4, 2024 [that] is a self-authenticating business record already in Defendant's possession." Ex. A. But as BCBSM informed Plaintiff's counsel, BCBSM does not know what the video actually is. Nor can it guess. *See, e.g., Abrams v. Nucor Steel Marion, Inc.*, 694 Fed. Appx. 974, 982 (6th Cir. 2017) (rejecting as deficient the nonproducing party's argument that the opposing party "could easily guess . . . the substance of" tardily-disclosed evidence). The first *Howe* factor, thus, weighs in favor of exclusion.

The second and third *Howe* factors also favor exclusion when the party seeking to exclude "can cure the surprise only if the Court were to reopen discovery." *Int'l. Unions, Sec. Police and Fire Pros. Of Am. v. Maritas*, No. 2:19-cv-10743, 2023 WL 2711626, at *4 (E.D. Mich. Mar. 30, 2023). Permitting Plaintiff to introduce the video now, at the eleventh hour, is prejudicial to BCBSM, and that prejudice cannot

7

be cured given that discovery is closed. If the video is admitted, BCBSM would be denied the opportunity to investigate Plaintiff's interpretation of the video and her intended use of same, and then prepare its defense based upon Plaintiff's explanation.

The fourth factor likewise weighs in favor of excluding the video. The importance of the video is presently unknown to BCBSM, since Plaintiff's counsel has been withholding it until today. But presumably, if the video held great importance to Plaintiff's case, she would have timely supplemented her discovery responses to disclose the evidence when it came into her possession. She did not.

Fifth and finally, Plaintiff has utterly failed to justify her late disclosure of the video. Although Plaintiff claims the video dates back 5 months ago to April 4, 2024 (Ex. A), Plaintiff did not disclose the video until the Parties were on the eve of trial. "The purpose of Rule 37 is not only to punish discovery abuses, but also to protect litigants who legitimately seek information to prepare for trial." *SPX Corp.*, 574 F. Supp. 2d at 756.

BCBSM asked Plaintiff to produce the evidence she intended to rely upon at trial because BCBSM legitimately needs this information to prepare its case. Plaintiff's failure to disclose the video—and its gamesmanship in even refusing to sufficiently explain what the video *is*—warrants its exclusion from trial.

8

### C. The Court Should Use Its Inherent Power To Sanction To Exclude The Video

"[A] district court may award sanctions pursuant to its inherent powers when bad faith occurs." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002) (affirming district court's use of inherent powers to sanction a litigant). This is true, "[e]ven if there [are] available sanctions under statutes or various rules in the Federal Rules of Civil Procedure," because "the inherent authority of the Court is an independent basis for sanctioning bad faith conduct in litigation." *Id.* at 511. The court may use its inherent power to sanction to exclude evidence from trial. *See e.g. Webasto Thermo & Comfort North America, Inc. v. BesTop, Inc.*, No. 16-cv-13456, 2018 WL 5098784, *5 (E.D. Mich. Oct. 19, 2018) (excluding evidence related to a power point presentation using the court's inherent power to sanction).

Here, notwithstanding Plaintiff's discovery abuses, the Court should use its inherent power to exclude the video as a sanction. BCBSM's counsel sought to understand from Plaintiff's counsel the *most basic* information about the video, such as *what it is* and what *identifying* information Plaintiff attached to it. Ex. C. Instead of answering these straightforward questions, Plaintiff's counsel engaged in gamesmanship, offering only vague and confusing explanations (*e.g.* "The Tricia Keith video is from April 4, 2024 and is a self-authenticating business record already in Defendant's possession"), and only agreeing to produce the video (by

9

unnecessarily inefficient means) several hours after BCBSM's counsel's request for same. Counsel's intentional efforts to obscure, delay, and make difficult the identification of Plaintiff's trial evidence is simply bad faith. And, respectfully, the Court should use its inherent power to sanction to exclude from trial the video.

## IV. CONCLUSION

WHEREFORE, Defendant Blue Cross Blue Shield of Michigan respectfully requests that this Honorable Court enter an Order: (1) granting its Motion *in Limine*; and (2) excluding from trial the Tricia Keith Video (Exhibit 50 on ECF No. 30).

Dated: September 10, 2024

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: */s/ Nolan J. Moody*
Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
mmoody@dickinsonwright.com
*Attorneys for Defendant*