UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA DOMSKI,

          Plaintiff,

                                                Case Number 23-12023
v.                                              Honorable David M. Lawson

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

          Defendant.
_____/

## ORDER DENYING PLAINTIFF'S OMNIBUS MOTION *IN LIMINE* WITHOUT PREJUDICE

Presently before the Court is the plaintiff's omnibus motion *in limine* to exclude and include certain evidence (ECF No. 32). The Court has reviewed the motion and finds that it must be denied without prejudice because the plaintiff failed to comply with the requirement in this district that counsel for the moving party confer with their counterpart to discuss the proposed motion and determine if it would be opposed. E.D. Mich. LR 7.1(a). The motion itself includes no statement of concurrence, although the attached brief states that "[u]ndersigned sought concurrence for this motion with defense counsel on September 9, 2024, via written email explaining the basis for the motion and relief requested." ECF No. 32, PageID.400. This statement is insufficient to determine whether counsel adequately complied with the letter and spirit of the Local Rule. The motion therefore will be denied without prejudice to renewal after counsel has convened a proper conference.

As noted above, Eastern District of Michigan Local Rule 7.1(a) states that before filing any motion in this Court, "[t]he movant must ascertain whether the contemplated motion . . . will be opposed." To meet the inquiry requirement, Local Rule 7.1(a)(2) explains that there must be "a

conference between the attorneys . . . in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought." E.D. Mich. LR 7.1(a)(2)(A). If a conference was not possible, then the counsel for the movant must certify that "despite reasonable efforts specified in the motion or request, the movant was unable to conduct a conference." LR 7.1(a)(2)(B).

The Oxford English Dictionary defines a "conference" as "the action of bringing together" or "meeting for conversation." *Oxford English Dictionary*, "Conference, n." (online ed. Sept. 2023), available at https://doi.org/10.1093/OED/3609748107 (last visited January 11, 2024). The idea behind the rule requiring opposing counsel to "meet[] for conversation," of course, is to stimulate discussion about the dispute that is the subject of the motion in order to attempt a resolution that would not require court intervention or in some cases to narrow the area of dispute. The Court is well aware that sometimes opposing counsel has other schedule demands that prevent an expeditious conference, and that on rare occasions an opponent's intransigence will prevent meaningful discussion. To prevent the meet-and-confer requirement from becoming an insurmountable obstacle to obtaining relief by motion, the local rule allows the movant to explain the efforts made at conferring with the opponent, but those efforts must be "reasonable," and the explanation must be complete. This safety valve provision is not meant to be a substitute for the meet-and-confer obligation or a convenient way to avoid it.

The Court requires meaningful, good faith compliance with the rule. As the dictionary definition suggests, a conference normally involves actual contact with an opposing party or its counsel. If an actual conversation simply cannot be conducted, then the movant must describe with specificity the reasonable efforts that were made to conduct a conference. In this case, the plaintiff's motion indicates only that she "sought concurrence" but offers no further details about

the nature of this attempt, nor the defendant's response. If the plaintiff asks this Court to invoke the safety valve provision of the local rule, she has failed to demonstrate adequately that she was sufficiently diligent in communicating with the opposing party. The plaintiff does not explain when her communication to the defendant was sent or whether other methods of seeking concurrence, such as a phone call, were attempted. This information is insufficient for the Court to determine that the plaintiff's attempts to seek concurrence were "reasonable and timely." E.D. Mich. LR 7.1(a)(2)(B).

The plaintiff has not alleged that she made a reasonable effort to meet and confer, discuss the issues raised in her motion, or reduce the subject of the motion to a stipulation or other agreed relief. The motion does not indicate when requested concurrence was sought or that any other methods of contact were attempted unsuccessfully. Most problematic, it does not indicate whether any response was received from opposing counsel. Counsel was obligated to contact the opposing party and make a sincere effort to honor the requirements of the meet-and-confer rule. After all, "[i]t is not up to the Court to expend its energies when the parties have not sufficiently expended their own." *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 101 (D. Mass. 1996).

Accordingly, it is **ORDERED** that plaintiff's omnibus motion *in limine* to exclude and include certain evidence (ECF No. 32) is **DENIED without prejudice**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:   September 13, 2024