UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA DOMSKI,

                                       Case No. 2:23-cv-12023

       Plaintiff,

v.                              Hon. David M. Lawson

BLUE CROSS BLUE SHIELD      Mag. Elizabeth A. Stafford
OF MICHIGAN,

       Defendant.

_____

Noah S. Hurwitz (P74063)      Scott R. Knapp (P61041)
HURWITZ LAW PLLC         Brandon C. Hubbard (P71085)
340 Beakes Street, Suite 125    Nolan J. Moody (P77959)
Ann Arbor, MI 48104         Maureen J. Moody (P85032)
(844) 487-9489               DICKINSON WRIGHT PLLC
noah@hurwitzlaw.com         123 W. Allegan Street, Suite 900
*Attorneys for Plaintiff*        Lansing, MI 48933
                              (517) 371-1730
Jonathan R. Marko (P72450)   sknapp@dickinsonwright.com
MARKO LAW, PLLC          bhubbard@dickinsonwright.com
220 W. Congress, Fourth Floor  nmoody@dickinsonwright.com
Detroit, MI 48226           mmoody@dickinsonwright.com
(313) 777-7529               *Attorneys for Defendant*
jon@markolaw.com
*Attorneys for Plaintiff*

_____

**DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION *IN
LIMINE* TO EXCLUDE AND INCLUDE CERTAIN EVIDENCE**

## **TABLE OF CONTENTS**

I.    INTRODUCTION AND LEGAL STANDARD ...........................................1

II.   ARGUMENT............................................................................................2

     A.   The Court Should Deny Plaintiff's Motions to Exclude
         Evidence ...............................................................................................2

         1.   Plaintiff's motion to bar BCBSM, under the guise of
             "undue hardship," from offering any explanation of why
             it implemented a COVID-19 Policy is inappropriate .................2

         2.   Plaintiff's "public harm" motion is vague and
             unsupported.................................................................................5

         3.   Plaintiff's "third-party fault" motion does not identify
             any evidentiary items Plaintiff seeks to exclude from trial ........6

         4.   Plaintiff's "good character" motion is vague and
             unsupported.................................................................................7

         5.   Plaintiff's motion to exclude the template
             accommodation request is meritless ...........................................8

         6.   Plaintiff's "insuring jurors" motion does not identify any
             evidentiary items Plaintiff seeks to exclude from trial .............11

         7.   Plaintiff's "collateral sources" motion is overly broad............12

     B.   Plaintiff's Motions To Include Evidence Should Be Denied..............13

         1.   The Court should not take judicial notice of Plaintiff's
             medical journals .......................................................................13

         2.   The Court should not take judicial notice of
             pharmaceutical statements and religious teachings .................16

         3.   Plaintiff's news articles are inadmissible under FRCP
             37(c)(1), FRE 402, FRE 403, and FRE 801(c) ........................18

         4.   Plaintiff's request to pre-admit unidentified
             accommodation requests should be denied..............................21

         5.   The Court should not pre-admit unidentified "transcripts
             of business audio recordings" ...................................................22

III.  CONCLUSION.......................................................................................24

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Barrette Outdoor Living, Inc. v. Mich. Resin Representatives*, No. 11-cv-13335, 2015 WL 356996 (E.D. Mich. Jan. 27, 2015) ...................... 1, 21, 23

*Boshea v. Compass Marketing, Inc.*, No. ELH-21-309, 2023 WL 2743333 (D. Md. Mar. 31, 2023)...............................................................9

*Boyer v. Home Depot USA, Inc.*, No. 08-cv-13382, 2010 WL 125847 (E.D. Mich. Mar. 26, 2010) ........................................................ 18, 22

*Brown v. Oakland Cnty*, No. 14-cv-13159, 2015 WL 5317194 (E.D. Mich. Sept. 10, 2015)...............................................................1

*Colwell v. Corizon Healthcare Inc.*, No. 11-cv-15586, 2014 WL 6686764 (E.D. Mich. Nov. 26, 2014) ...............................................15

*Davis v. City of Clarkville*, 492 Fed. App'x. 572 (6th Cir. 2023) ................... 14, 18

*DeVore v. Univ. of Kentucky Bd. of Trustees*, 693 F. Supp. 3d 757 (E.D. Ky. 2023) .....................................................................3

*Equal Employment Opportunity Commission v. Proctor Financial, Inc.*, 644 F. Supp. 3d 400 (E.D. Mich. 2022) ..............................................1

*Fakhoury v. O'reilly,* No. 16-13323, 2022 WL 909347 (E.D. Mich. Mar. 28, 2022)..............................................................................6

*Fujifilm Corporation v. Motorola Mobility LLC*, No. 12-cv-03587-WHO, 2015 WL 12622055 (N.D. Cal. Mar. 19, 2015)................................6, 7

*Goff v. Nationwide Mutual Ins., Co.*, 825 Fed. App'x 298 (6th Cir. 2020) ......................................................................... 14, 17

*Groff v. DeJoy*, 600 U.S. 447 (2023) .........................................................3

*Hilborn v. Chaw Khong Technologies, Co., Ltd.*, No. 03-cv-71726, 2008 WL 4225783 (E.D. Mich. Sept. 10, 2008) ...............................10

*In re Second Chance Body Armor, Inc.*, 434 B.R. 502 (Bankr. W.D. Mich. 2010).....................................................................8

*Kirilenko-Ison v. Bd. of Ed. of Danville Ind. Schools*, No. 5:18-435-DCR, 2021 WL 5499004 (E.D. Ky. Nov. 23, 2021) ...........................8

*Knop v. Johnson*, 667 F. Supp. 467 (W.D. Mich. 1987) ................................. 15, 17

*Levine v. Liveris*, 216 F. Supp. 3d 794 (E.D. Mich. 2016) .......................................17

*Lotz v. Steak N Shake, Inc.*, No. 5:19-277-DCR, 2021 WL 2270353 (E.D. Ky. June 3, 2021) ........................................................................7

*McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352 (1995) ............................19

*McPherson v. Kelsey*, 125 F.3d 989 (6th Cir. 1997) ...................................................3

*Park West Galleries, Inc. v. Global Fine Art Registry, LLC*, No 2:08-cv-12247, 2010 WL 987772 (E.D. Mich., Mar. 12, 2010) ................................21

*Platt v. Bd. of Commissioners on Grievances and Discipline*, 894 F.3d 235 (6th Cir. 2018) ...................................................................... 13, 17

*Proctor Financial, Inc.*, 644 F. Supp. 3d at 413 (E.D. Mich. 2022) .............. 5, 6, 11

*Spears v. Wal-Mart Stores East, LP*, No. 2:18-cv-152, 2021 WL 551408 (S.D. Ga. Sep. 12, 2021) ..........................................................5

*SPX Corp. v. Bartec USA, LLC*, 574 F. Supp. 2d 748 (E.D. Mich. 2008) ...............................................................................................19

*Thompson v. TRW Automotive, Inc.*, No. 2:09-cv-1375-JAD-PAL, 2014 WL 12781291 (D. Nev. June 2, 2014) .......................................... 22, 23

*Turner v. City of Taylor*, 412 F.3d 629 (6th Cir. 2005) ...........................................21

*United States v. Bonds*, 12 F.3d 540 (6th Cir. 1993) ...............................................13

*United States v. Broussard*, 589 F. Supp. 3d 1031 (D. Minn. 2022) .......................6

*United States v. Joyner*, No. 3:14-cr-124, 2016 WL 298012 (E.D. Tenn. May 19, 2016) ..........................................................................10

*United States v. McKenzie*, No. 21-3587, 2022 WL 1744500 (6th Cir. May 31, 2022) ......................................................................................4, 7

*United States v. Thrush*, No. 1:20-cr-20365, 2024 WL 3623504 (E.D. Mich. July 31, 2024) ............................................................9, 23

*Upshaw v. Ford Motor Co.*, 576 F.3d 576 (6th Cir. 2009) ......................................20

*Walton v. Best Buy Company, Inc.*, No. 08-cv-15084, 2011 WL 13374383 (E.D. Mich. Apr. 6, 2011) ..............................................................19

*Wilson v. Upjohn Corp.*, No. 91-3670, 1992 WL 158121 (6th Cir., Jul. 9, 1992) ................................................................................16

iv

**Rules**

Fed. R. Evid. 801(c) ................................................................................21

Fed. R. Evid. 801(c)(2) ..................................................................... 10, 15

Fed. R. Evid. 803(18) ...............................................................................15

Fed. R. Evid. 901(b)(1) .............................................................................9

Fed. R. Evid. 901(b)(4) .............................................................................9

**Treatises**

*Wright & Miller*, Federal Practice and Procedure, § 5106.4 (2d ed.
    2002) ...................................................................................................15

## I.   INTRODUCTION AND LEGAL STANDARD

"Under appropriate circumstances, motions *in limine* may be used to exclude inadmissible or prejudicial evidence before it is actually offered at trial." *Brown v. Oakland Cnty*, No. 14-cv-13159, 2015 WL 5317194, *2 (E.D. Mich. Sept. 10, 2015). But "a motion *in limine* [that] simply asserts objections without tying them to specific evidentiary items...may [be] den[ied] [] as overbroad and insufficiently specific." *Equal Employment Opportunity Commission v. Proctor Financial, Inc.*, 644 F. Supp. 3d 400, 413 (E.D. Mich. 2022). Further, while courts also permit "motions *in limine* in order to include evidence before trial[,]" the movant "must indicate, with specificity, that evidence for which s[he] seeks to include." *Barrette Outdoor Living, Inc. v. Mich. Resin Representatives*, No. 11-cv-13335, 2015 WL 356996, *12 (E.D. Mich. Jan. 27, 2015).

Plaintiff Lisa Domski's ("Plaintiff") Omnibus Motion *in Limine* to Exclude and Include Certain Evidence (ECF No. 40) violates these cardinal rules. Rather than identify specific evidentiary items to exclude from trial—along with the evidentiary basis for their exclusion—Plaintiff makes sweeping requests to bar Blue Cross Blue Shield of Michigan ("BCBSM") at trial from "mentioning" or "referencing" broad swaths of topics. Instead of identifying by bates label (or any other particularized description) the evidentiary items Plaintiff seeks to have *pre-admitted* at trial, Plaintiff makes vague references to accommodation requests and "audio

1

recordings," and asks the Court to grant their admission, although the specific evidence Plaintiff seeks to admit is unknown.

For these, and other reasons explained herein, Plaintiff has failed to substantiate the relief she seeks, and her Motion should be denied in its entirety.

## II.   <u>ARGUMENT</u>

### A.   The Court Should Deny Plaintiff's Motions to Exclude Evidence

#### 1.   Plaintiff's motion to bar BCBSM, under the guise of "undue hardship," from offering any explanation of why it implemented a COVID-19 Policy is inappropriate

Plaintiff's first motion *in limine* ostensibly seeks to exclude BCBSM from introducing evidence of undue hardship. Plaintiff is correct that BCBSM is not asserting a defense of undue hardship (ECF No. 40, PageID.891) and, thus, has no intention of mentioning same at trial. But Plaintiff is grasping at straws when she argues that, because BCBSM is not asserting undue hardship, BCBSM should be barred from making "references to [] safeguarding the health of its employees, following a government mandate, and having to accelerate its decision-making due to a global pandemic." ECF No. 40, PageID.892. In essence, Plaintiff seeks to bar BCBSM from offering any explanation whatsoever for why it implemented a COVID-19 vaccination policy. Plaintiff's request is inappropriate.

To begin, the "references" Plaintiff seeks to bar bear *zero* relationship to the "undue hardship" defense. "[A]n employer can show an undue hardship by showing that an accommodation would substantially burden the employer's overall

2

business." *DeVore v. Univ. of Kentucky Bd. of Trustees*, 693 F. Supp. 3d 757, 765 (E.D. Ky. 2023), citing *Groff v. DeJoy*, 600 U.S. 447 (2023). Thus, "undue hardship" focuses on the impact an accommodation would have on the employer—not the factual circumstances surrounding *why* and *when* an employer implemented a policy in the first instance. Using "undue hardship" as a guise to preclude any mention of safeguarding health, the federal government's COVID-19 mandate, and accelerated decision-making during a global pandemic—i.e., factors that weighed into BCBSM's decision to *implement* a COVID-19 vaccine policy—is inappropriate.

Moreover, Plaintiff's request to bar BCBSM from explaining why it implemented a vaccine policy is completely untethered from the law. Plaintiff does not explain how her request ties into "undue hardship" (it does not), nor does Plaintiff cite the evidentiary rule under which she seeks such relief. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (internal quotation omitted). Because the legal basis for Plaintiff's request to bar evidence is underdeveloped (non-existent), the relief she seeks should be denied. *See United States v. McKenzie*, No. 21-3587, 2022 WL 1744500, at *2, n.1 (6th Cir. May 31,

2022) (affirming the denial of a motion *in limine*, in part, because the movant's argument was underdeveloped and therefore forfeited).[1]

Finally, "references" to *why* BCBSM implemented its COVID-19 vaccination policy—including the facts that led to that decision—are directly relevant to this lawsuit. Plaintiff has alleged that BCBSM implemented its vaccine policy as a guise to reduce its workforce. *See* ECF No. 18, PageID.113 (alleging that BCBSM "did not have to eliminate jobs in 2021 because it terminated unvaccinated employees"). Therefore, the reasons *why* BCBSM implemented its vaccine policy are directly relevant to this case—BCBSM must be allowed to introduce evidence to address Plaintiff's theory that BCBSM was simply trying to reduce its staff. There is no factual or legal basis for precluding BCBSM from making "references to [] safeguarding the health of its employees, following a government mandate, and having to accelerate its decision-making due to a global pandemic." ECF No. 40, PageID.892. And thus Plaintiff's first motion *in limine* should be denied.

---

[1]     Rather than provide legal support for her broad request for the exclusion of "undue hardship" evidence, Plaintiff offers a quip: "[BCBSM] should not be permitted to conflate the early periods of the global pandemic with November 2021, when the crisis had been abated to the extent that the University of Michigan was hosting full capacity football games." ECF No. 40, PageID.893. It is entirely unknown what Michigan football has to do with Plaintiff's lawsuit, her Motion *in limine*, or the decision making of BCBSM, the state's largest health insurer.

### 2. Plaintiff's "public harm" motion is vague and unsupported

In her second motion *in limine*, Plaintiff presents a grab bag of topics, and asserts that BCBSM "cannot argue" about same. ECF No. 40, PageID.893-94 (claiming BCBSM "cannot argue that there is a litigation crisis in Michigan, that a large verdict will hurt the local economy, increase taxes, enrich Plaintiff's attorneys, increase the cost to consumers [the specific "cost" is unspecified]…make any statements attempting to vilifying opposing counsel [by] claiming this case is a lottery, a money grab, or other such arguments…[or] reference[] billboard attorneys and/or well-known attorneys.").

The relief sought in Plaintiff's second motion *in limine* is so vague, it is incomprehensible. And because Plaintiff fails to identify any evidentiary item she actually seeks to exclude from trial, her second motion *in limine* should be denied. *See e.g. Proctor Financial, Inc.*, 644 F. Supp. 3d at 413 (E.D. Mich. 2022) ("Where a motion *in limine* simply asserts objections without tying them to specific evidentiary items, the Court properly may deny it as overbroad and insufficiently specific."); *Spears v. Wal-Mart Stores East, LP*, No. 2:18-cv-152, 2021 WL 551408, at *3 (S.D. Ga. Sep. 12, 2021) ("[Regarding] Motion in Limine Number 4, the request is too vague and generalized upon which to rule . . . Accordingly, the Court DENIES Defendant's Motion in Limine Number 4."); *Fujifilm Corporation v. Motorola Mobility LLC*, No. 12-cv-03587-WHO, 2015 WL 12622055, at *5 (N.D.

Cal. Mar. 19, 2015) ("den[ying] as vague and potentially overbroad" a motion *in limine* that sought to "[p]reclude parties, and in particular expert witnesses and counsel, from instructing the jury on general principles of law, such as the burden of proof and the presumption of validity"); *United States v. Broussard*, 589 F. Supp. 3d 1031, 1038 n.3 (D. Minn. 2022) (denying a motion in limine as "too vague to make a determination as this time.").

### 3. Plaintiff's "third-party fault" motion does not identify any evidentiary items Plaintiff seeks to exclude from trial

For her third motion *in limine*, Plaintiff "seeks to exclude any argument, evidence, testimony, reference to, or mention of fault of anyone other than [BCBSM]" because "there is risk on [BCBSM] suggesting to the jury that fault lies with third parties[.]" ECF No. 40, PageID.895-96. But Plaintiff does not identify any third party BCBSM has attempted to "blame" in this litigation, any theory advanced by BCBSM on which it *would* "blame" third-parties, or any basis on which to suggest that "there is a risk" BCBSM will seek to fault third parties (for unspecified conduct). Simply put, Plaintiff has not identified *any* evidence (let alone inadmissible evidence) that she seeks to bar in her third motion *in limine*. For that reason, the motion should be denied. *See Proctor Financial, Inc.*, *supra*; *Fakhoury v. O'reilly*, No. 16-13323, 2022 WL 909347, *7 (E.D. Mich. Mar. 28, 2022) (denying motion *in limine* where "[p]laintiffs assert[ed] sweeping objections to a group of more than 1,000 documents but d[id] not tie specific legal objections to any

specific documents"); *Lotz v. Steak N Shake, Inc.*, No. 5:19-277-DCR, 2021 WL 2270353, *3 (E.D. Ky. June 3, 2021) (denying motion *in limine* where the "request [was] too broad for an in limine ruling, as defendants d[id] not identify any particular evidence they find objectionable").

### 4.     Plaintiff's "good character" motion is vague and unsupported

Plaintiff's fourth motion *in limine* seeks to exclude "evidence of [BCBSM]'s good character, including philanthropic efforts and charitable giving because it is not pertinent to the claims at issue in this case." ECF No. 40, PageID.896. By this, Plaintiff seeks to bar "arguments that [BCBSM] is a 'good company' or that it was protecting the well-being of Michigan citizens." *Id.* Plaintiff's fourth motion *in limine* should also be denied.

Obviously, BCBSM intends to introduce evidence of *why* it implemented its vaccination policy, including to safeguard the health and wellbeing of BCBSM's employees and others who interact with BCBSM's employees, which naturally bears upon the well-being of individuals. Plaintiff has not offered a *shred* of support for precluding such evidence, and her fourth motion *in limine* should be denied as undeveloped and overly broad. *McKenzie*, 2022 WL 1744500, at *2, n.1 (affirming the denial of a motion *in limine* where the movant's argument was underdeveloped and therefore forfeited); *Fujifilm*, 2015 WL 12622055, at *5 ("den[ying] [motion *in limine*] as vague and potentially overbroad").

### 5. Plaintiff's motion to exclude the template accommodation request is meritless

For her fifth motion *in limine,* Plaintiff seeks to exclude probative evidence related to the single most important issue in this case—Plaintiff's accommodation request. On November 1, 2021, Plaintiff forwarded to her BCBSM email account an email titled "Religious Exemption." **Exhibit A**, at BCBSM70084. Attached to the email was a "Sample Employee Request Letter for Religious Exemption to COVID Vaccine." *Id.* at BCBSM70085-86. Plaintiff seeks to exclude the "sample" letter from trial for two baseless reasons.

First, Plaintiff argues that the "sample" letter cannot be admitted because it "is unauthenticated under Federal Rule of Evidence 901[.]" ECF No. 40, PageID.897. Plaintiff's argument ignores the obvious fact that *Plaintiff herself* can authenticate the "sample" letter. Indeed, as both the *sender* and *recipient*, Plaintiff can authenticate the "Religious Exemption" email (BCBSM70084) to which she attached the "sample" letter. *See e.g. In re Second Chance Body Armor, Inc.*, 434 B.R. 502, 504–05 (Bankr. W.D. Mich. 2010) (internal quotation omitted) ("When the document involved is an e-mail communication, a participant in, or recipient of, that communication will generally be able to authenticate the communication…"); *Kirilenko-Ison v. Bd. of Ed. of Danville Ind. Schools*, No. 5:18-435-DCR, 2021 WL 5499004, \*3 (E.D. Ky. Nov. 23, 2021) ("e-mails can be authenticated if the sender or recipient of an e-mail testifies about the e-mail.").

8

And because Plaintiff attached the "sample" religious exemption letter to her email, Plaintiff is a person with knowledge of the "sample" letter, and its appearance, contents, and substance. Plaintiff is thus fully capable of authenticating the same. *See* Fed. R. Evid. 901(b)(1) (testimony of a witness with knowledge can authenticate a document); Fed. R. Evid. 901(b)(4) (a document may also be authenticated by its "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics … taken together with all the circumstances."); *Boshea v. Compass Marketing, Inc.*, No. ELH-21-309, 2023 WL 2743333, *6 (D. Md. Mar. 31, 2023) (denying motion *in limine* to exclude a forwarded email and attachment because an individual who was blind copied on the email could serve as a witness with knowledge of the email and attachment to authenticate same).

"[I]ssues of authentication and foundation are best left for trial especially where, as here, authenticity will likely depend on live testimony." *United States v. Thrush*, No. 1:20-cr-20365, 2024 WL 3623504, at *6 (E.D. Mich. July 31, 2024) (denying motion *in limine* that sought a pre-trial ruling on the admissibility of evidence that required authentication). There is simply no basis to exclude the "sample" letter in advance of trial on grounds that the document is not "authenticated."

Second, Plaintiff argues that the "sample" letter should be excluded as inadmissible hearsay because it "is being offered for the truth of the matter

asserted[.]" ECF No. 40, PageID. 897-98. Plaintiff is wrong. BCBSM does not intend to offer the "sample" letter for the truth of the matter asserted, i.e., to prove the truth of the letter's content.

Rather, BCBSM will offer the letter to establish that Plaintiff (i) had access to a template accommodation letter, (ii) had knowledge of its contents at the time she submitted an accommodation request to BCBSM, and (iii) and used the template letter in crafting her own accommodation request.[2] And because BCBSM is not offering the "sample" letter to establish the truth of the matter asserted therein, the letter is not hearsay. *See e.g. Hilborn v. Chaw Khong Technologies, Co., Ltd.*, No. 03-cv-71726, 2008 WL 4225783, *2 (E.D. Mich. Sept. 10, 2008) (document was not hearsay where it was offered not to "prove the truth of the matter asserted therein, mirror specifications, but, rather, to show that the document was given to Plaintiff to use and was used by Plaintiff to develop a mirror assembly[.]"); *id.* at *5 (letter was not hearsay where it was offered, not to prove the letter's contents, but to

---

[2]     Plaintiff argues that the "truth of the matter asserted" relative to the "sample" letter is that "Plaintiff relied on it in drafting her accommodation request." ECF No. 40, PageID.898. That is incorrect. Federal Rule of Evidence 801(c)(2) defines hearsay as a statement that is "offer[ed] in evidence to prove the truth of the matter asserted in the statement," meaning here, the truth of the letter's contents. Fed. R. Evid. 801(c)(2); *United States v. Joyner*, No. 3:14-cr-124, 2016 WL 298012, *6 (E.D. Tenn. May 19, 2016) (explaining that hearsay is a statement offered "to prove the truth of the contents asserted therein"). Whether Plaintiff relied on the "sample" letter to draft her actual accommodation request is not a "truth" asserted in the sample, and thus, it is not hearsay.

establish the defendant "had knowledge of the contents of the letter in December 1998."). Plaintiff's fifth motion *in limine* should be denied.

### 6. Plaintiff's "insuring jurors" motion does not identify any evidentiary items Plaintiff seeks to exclude from trial

For her sixth motion *in limine*, Plaintiff argues that whether BCBSM "insures [jurors] and has a duty to protect them from illness" is "not relevant" to this lawsuit. ECF No. 40, PageID.898. From this general statement, Plaintiff argues that "any mention of [BCBSM] taking any actions to protect its insured would have no relevance and instead serve only to create unfair prejudice and confuse the jury." *Id.* at PageID.898-99.

Plaintiff has again failed to identify any evidence she actually seeks to exclude from trial. Her sixth motion *in limine* is, thus, properly denied. *See Proctor Financial, Inc.*, *supra*; *Lotz*, *supra*. But moreover, Plaintiff's sixth motion *in limine* should be denied because its true purpose appears to be, yet again, to preclude BCBSM from explaining why it implemented a COVID-19 vaccination policy. *See e.g.* ECF No. 40, PageID.898 ("[I]t is critical to remember that [BCBSM] allowed hundreds of unvaccinated employees to continue working when Plaintiff was terminated. Thus, any mention of [BCBSM] taking any actions to protect its insured would have no relevance…"). As explained above, there is *no basis* for this request. If Plaintiff believes BCBSM's vaccine policy was unwise or inadvisable, she can put that argument to the jury. But there is no evidentiary basis to prevent BCBSM from

explaining the purpose of its policy, including safeguarding the well-being of its employees and surrounding community.

### 7.    Plaintiff's "collateral sources" motion is overly broad

Plaintiff's seventh motion *in limine* seeks to bar "mention of collateral sources" and prevent BCBSM from "tell[ing] the jury that Plaintiff's insurance paid for anything or will indemnify against her loss and/or injuries." ECF No. 40, PageID.899-900. Plaintiff's motion should be denied as overly broad.

Indeed, precluding the "mention of collateral sources" will improperly limit BCBSM's cross-examination of Plaintiff's economic damages expert, Jeffrey Bagalis (should Mr. Bagalis be permitted to testify).[3] Mr. Bagalis factors into his report that "Plaintiff received unemployment benefits and compensation from Henry Ford and Ward Church for part-time employment over the period May 30, 2022 through January 7, 2023." ECF No. 25-2, PageID.237. BCBSM should thus be permitted to "mention" collateral sources when cross-examining Mr. Bagalis about same.

---

[3]    BCBSM's Motion to Exclude the Expert Report and Testimony of Mr. Bagalis is pending before the Court. *See* ECF No. 25.

**B.     Plaintiff's Motions To Include Evidence Should Be Denied**

**1.     The Court should not take judicial notice of Plaintiff's medical journals**

Plaintiff's eighth motion *in limine* asks the Court "to take judicial notice of [eight] medical journal articles if [BCBSM] contests whether the COVID-19 vaccines were developed and/or manufactured with the aid of fetal stem cells." ECF No. 40, PageID.901, citing ECF Nos. 40-1 – 40-7. Plaintiff's request is wholly improper.

First, a court may only take judicial notice of "fact[s] not subject to reasonable dispute." Fed. R. Evid. 201(b). Thus, to the extent BCBSM and Plaintiff "contest" a certain issue, the Court should not resolve that factual dispute by taking judicial notice of Plaintiff's proffered trial exhibits. *See e.g. United States v. Bonds*, 12 F.3d 540 (6th Cir. 1993) (refusing to take judicial notice of a National Research Committee "DNA Technology in Forensic Science" report where there was "considerable dispute over the significance of [the report's] contents").

Second, while "a court may take notice of [] documents," "it cannot consider the statements contained in the document for the truth of the matter asserted." *Platt v. Bd. of Commissioners on Grievances and Discipline*, 894 F.3d 235, 245 (6th Cir. 2018) (internal citation omitted) (affirming district court's denial of request for judicial admission where the movant "averred in his motion that he sought notice only of the existence of [certain] news reports themselves … [but] in reality asked

13

for much more," including consideration of "statements in the articles"). Here, Plaintiff asks the Court to take judicial notice of the "medical journals" to establish "that the COVID-19 vaccines available to Plaintiff in November 2021 were developed and/or manufactured with the aid of fetal stem cells." ECF No. 40, PageID.901. Because Plaintiff asks the Court to consider her proffered "medical journals" for the truth of their content, i.e. the truth of the matter asserted, her request is properly denied.

Third, Plaintiff's motion should be denied because it asks the Court to consider the substance of documents Plaintiff *never* previously produced (or even identified) in this litigation.[4] *See e.g. Goff v. Nationwide Mutual Ins., Co.*, 825 Fed. App'x 298, 301 (6th Cir. 2020) (denying motion to take judicial notice of documents where the movant was effectively seeking to belatedly supplement the record with new evidence); *Davis v. City of Clarkville*, 492 Fed. App'x. 572, 578 (6th Cir. 2023) (declining to take judicial notice of exhibits from other litigation because the

---

[4]   Currently pending before the Court are BCBSM's Objections to Plaintiff's (Second) Supplemented Mandatory Disclosures Pursuant to Fed. R. Civ. P. 26(a)(3)(B) and Motion *in Limine* To Exclude Documents and Testimony. ECF No. 46. The Motion explains *inter alia* that Plaintiff failed to produce or otherwise mention in her initial disclosures (ECF No. 35-2), discovery answers (ECF No. 35-1, PageID.757-59), Mandatory Disclosures (ECF No. 27), or (First) Supplemented Mandatory Disclosures (ECF No. 30) the documents she now seeks to have pre-admitted at trial. *See* ECF No. 46, at PageID.1401-06.

appellant requested that the Court rely on the factual assertions within those exhibits in an effort to belatedly supplement the record).

Finally, Plaintiff's eighth motion *in limine* should be denied because "a court cannot take judicial notice of a fact that would be inadmissible if it were offered as evidence." *Wright & Miller*, Federal Practice and Procedure, § 5106.4 (2d ed. 2002); *Knop v. Johnson*, 667 F. Supp. 467, 485 (W.D. Mich. 1987) ("[J]udicial notice is an alternative means of proof that is subject, like all other offers of evidence, to [FRE] rules 403 and 611(a)"). Here, Plaintiff intends to proffer the "medical journals" for the truth of the matter asserted—i.e., "that the COVID-19 vaccines available to Plaintiff in November 2021 were developed and/or manufactured with the aid of fetal stem cells" (ECF No. 40, PageID.901). Thus, the journals are inadmissible hearsay. Fed. R. Evid. 801(c)(2).

While Plaintiff argues that the journals fall within the "learned treatises" exception to the hearsay rule (ECF No. 40, PageID.901), this is plainly untrue. The "learned treatises" exception applies only where the document is "called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination." Fed. R. Evid. 803(18). But Plaintiff here "fail[ed] to present these medical articles in conjunction with expert testimony … and thus they are inadmissible[.]" *Colwell v. Corizon Healthcare Inc.*, No. 11-cv-15586, 2014 WL 6686764, *21 (E.D. Mich. Nov. 26, 2014) (finding proffered medical journal articles

inadmissible hearsay, not within the learned treatise exception, where they were not offered in conjunction with expert testimony); *Wilson v. Upjohn Corp.*, No. 91-3670, 1992 WL 158121, at *4 (6th Cir., Jul. 9, 1992) (rejecting argument that articles written by medical doctor fell under the "learned treatise" exception because they were not "called to the attention of an expert witness . . .").

The Court should neither take judicial notice of the documents found at ECF Nos. 40-1 – 40-7, nor admit the documents into evidence prior to trial. To the contrary, and for the reasons set forth in BCBSM's Motion *in Limine* (ECF No. 46), the documents should be *excluded* from trial.

### 2.    The Court should not take judicial notice of pharmaceutical statements and religious teachings

For her ninth and tenth motions *in limine*, Plaintiff asks the Court to take judicial notice of (i) "admissions by the manufacturers of both over-the-counter medications and the COVID-19 vaccines regarding fetal stem cells" (ECF No. 40, PageID.901) (ECF No. 40-13 – 40-19); and (ii) "religious teachings that validate Plaintiff's beliefs" (*Id.* at PageID.902) (ECF No. 40-8 – 40-12). Plaintiff's request for judicial notice should be denied.

To begin—as with the medical journals discussed above—Plaintiff improperly asks this Court to judicially notice the truth of the matter asserted in the "pharmaceutical statements" and "religious teachings." But it is well-established law that the Court cannot judicially notice "the statements contained in [a] document for

the truth of the matter asserted." *Platt*, 894 F.3d at 24; *Levine v. Liveris*, 216 F. Supp. 3d 794, 805 (E.D. Mich. 2016) ("[T]aking judicial notice of documents has been limited to allow only the use of such documents for the fact of the documents' existence, and not for the truth of the matters asserted therein"). Thus, the Court should not judicially notice the substantive content of the "pharmaceutical statements" and "religious teachings," as Plaintiff requests.

Further, it is improper to judicially notice the "pharmaceutical statements" and "religious teachings" because BCBSM has challenged the admissibility of same on grounds of relevancy, unfair prejudice, and their unjustified, harmful, and untimely disclosure (ECF Nos. 33, 35, 46). Judicial notice is subject to the Federal Rules of Evidence, "like all other offers of evidence." *Knop*, 667 F. Supp. at 485.  And because the "pharmaceutical statements" and "religious teachings" are inadmissible for the reasons set forth in BCBSM's motions *in limine* (ECF Nos. 33 and 35), they should not be judicially noticed.

Finally, the Court should decline to judicially notice the "pharmaceutical statements" and "religious teachings" because it is undisputed that Plaintiff never produced these documents in discovery. That is, because Plaintiff is effectively using judicial notice as a back-door attempt to belatedly supplement the record, her request should be denied. *See e.g. Goff*, 825 Fed. App'x at 301 (denying motion to take judicial notice of documents where the movant was effectively seeking to belatedly

supplement the record with new evidence); *Davis*, 492 Fed. App'x. at 578 (declining to take judicial notice of exhibits from other litigation because the appellant requested that the Court rely on the factual assertions within those exhibits in an effort to belatedly supplement the record).

### 3.   Plaintiff's news articles are inadmissible under FRCP 37(c)(1), FRE 402, FRE 403, and FRE 801(c)

In her eleventh motion *in limine*, Plaintiff seeks to pre-admit into evidence four news articles[5] that Plaintiff neither incorporated into her accommodation request, nor disclosed in her initial disclosures (ECF No. 35-2), discovery answers (ECF No. 35-1, PageID.757-59), Mandatory Disclosures (ECF No. 27), or (First) Supplemented Mandatory Disclosures (ECF No. 30). The Court should deny Plaintiff's motion because the evidence is inadmissible on multiple grounds.

First, the articles are inadmissible under Federal Rule of Civil Procedure 37(c)(1) because, as explained in BCBSM's motion *in limine* on this subject (ECF No. 46), Plaintiff failed to produce the documents in discovery, and her untimely disclosure was neither harmless nor substantially justified. *See e.g. Boyer v. Home Depot USA, Inc.*, No. 08-cv-13382, 2010 WL 125847, *4 (E.D. Mich. Mar. 26, 2010) (holding that defendant's supplemental disclosure of new evidence after the

---

[5]    The news articles discuss an annual Christmas dinner and purportedly "establish Plaintiff's religiosity." ECF No. 40, PageID.903, ECF Nos. 40-20 – 40-23.

close of discovery and one month before trial was untimely under Rule 26(e) and, thus, properly excluded from trial); *SPX Corp. v. Bartec USA, LLC*, 574 F. Supp. 2d 748, 755 (E.D. Mich. 2008) (granting motion for sanctions in the form of excluding evidence from trial that was not seasonably included in supplemental discovery responses).

Second, the articles are irrelevant under FRE 402 because Plaintiff did not incorporate the articles into her accommodation request, or otherwise rely upon the articles during the accommodation process. BCBSM "could not have been motivated by knowledge it did not have[.]" *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 360 (1995). And because BCBSM was *unaware* at the time it denied Plaintiff's accommodation request of the existence or contents of the news articles, they are irrelevant to this lawsuit. Said differently, articles of which BCBSM was not aware "could not logically have [a]ffected the decision [BCBSM] made." *Walton v. Best Buy Company, Inc.*, No. 08-cv-15084, 2011 WL 13374383, *6 (E.D. Mich. Apr. 6, 2011) (granting defendant's motion *in limine* in a Title VII gender discrimination case to exclude irrelevant evidence of plaintiff's successor's work performance because defendant "could not have known" such information at the time of plaintiff's termination and, thus, "it could not logically have effected the decision [defendant] made.").

Moreover, Plaintiff herself objected *on relevancy grounds* to producing in discovery any "studies, records, articles, publications, or other documents related to COVID-19 vaccines" that "support [] Plaintiff's claims[.]" ECF No. 35-1, PageID.768. Because Plaintiff has already admitted the articles' *irr*elevance, they should be excluded from trial under FRE 402.

Third, the news articles are unfairly prejudicial under FRE 403. Under the honest belief doctrine—one of BCBSM's affirmative defenses (ECF No. 19, PageID.168, ¶ 3)—an employer is not liable for discrimination "[i]f [it] had an honest belief in the proffered basis for the adverse employment action, and that belief arose from *reasonable reliance on the particularized facts before the employer when it made the decision*[.]" *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 586 (6th Cir. 2009) (emphasis added). Allowing Plaintiff to introduce news articles about her "religiosity" that BCBSM *did not have*—articles addressing circumstances about which BCBSM had no knowledge—will mislead and distract the jury from what *actually* happened during Plaintiff's accommodation process, rendering the jury unable to adequately decipher the "particularized facts" that were actually provided to BCBSM, and on which it relied.

Finally, the articles are inadmissible hearsay under FRE 801(c). Indeed, Plaintiff intends to introduce the articles for the truth of their content, i.e. because they "contain evidence that is probative as to whether Plaintiff's religion prevents

20

her from receiving the COVID-19 vaccine." ECF No. 40, PageID.903. And because Plaintiff intends to offer the documents "for the truth of the matter asserted," they "constitute inadmissible hearsay" and should be excluded from trial. *See* Fed. R. Evid. 801(c); *Park West Galleries, Inc. v. Global Fine Art Registry, LLC*, No 2:08-cv-12247, 2010 WL 987772, at *3 (E.D. Mich., Mar. 12, 2010) (rejecting the argument that "[newspaper] articles are not hearsay because they are self-authenticating" and holding that "the fact that the articles are what they purport to be does not mean they are not hearsay."); *Turner v. City of Taylor*, 412 F.3d 629, 652 (6th Cir. 2005) (newspaper articles offered in response to a motion for summary judgment constituted inadmissible hearsay).

### 4. Plaintiff's request to pre-admit unidentified accommodation requests should be denied

In her twelfth motion *in limine*, Plaintiff asks the Court to pre-admit into evidence unidentified accommodation requests that she "will potentially introduce" at trial. ECF No. 40, PageID.903. Plaintiff's motion should be denied for two reasons.

First, Plaintiff has failed to identify any particular piece of evidence (i.e., accommodation request) she seeks to have pre-admitted into evidence. And because Plaintiff has not identified for the Court the evidence she wants admitted, her request should be denied. *See e.g. Barrette*, 2015 WL 356996, at *12 (declining to pre-admit evidence at trial because "[t]he Court relies on the parties to frame the issues for

decision" and the court was "uncertain[] of the evidence being presented");
*Thompson v. TRW Automotive, Inc.*, No. 2:09-cv-1375-JAD-PAL, 2014 WL
12781291, *10 (D. Nev. June 2, 2014) (denying motion *in limine* to pre-admit
evidence where the "Plaintiff ha[d] not identified the specific evidence" referenced
in the motion).

Second, Plaintiff has failed to identify any witness (on either Party's
mandatory trial disclosures) who has personal knowledge of the unidentified
accommodation requests, and can testify about same. Pre-admitting the unidentified
evidence is thus inappropriate. *Thompson*, 2014 WL 12781291, at *10 (denying
motion *in limine* to pre-admit a car owner's manual where "Plaintiff ha[d] not
demonstrated her ability to introduce t[he] evidence through a witness at trial with
personal knowledge[.]").

Third, to the extent Plaintiff intends to introduce accommodation requests that
were never identified on her initial trial disclosures (ECF No. 27), her request for
pre-admission should be denied because the evidence is properly excludable from
trial under Federal Rule of Civil Procedure 37(c)(1). *Boyer*, 2010 WL 125847, at *4
(untimely supplemental disclosure of new evidence properly excluded from trial).

### 5. The Court should not pre-admit unidentified "transcripts of business audio recordings"

For her thirteenth and final motion *in limine*, Plaintiff seeks to pre-admit into
evidence unidentified "official transcripts of audio recordings taken from

[BCBSM's] workplace." ECF No. 40, PageID.905. Plaintiff's request should be denied for three key reasons.

First, as above, Plaintiff fails to identify any specific evidence she seeks to have pre-admitted. Plaintiff's unsubstantiated request is thus properly denied. *Barrette*, 2015 WL 356996, at *12; *Thompson*, 2014 WL 12781291, at *10.

Second, pre-admitting unidentified audio recordings poses a significant risk of unfair prejudice to BCBSM. Since mandatory trial disclosures were due last month, Plaintiff has committed a series of discovery abuses by producing to BCBSM a steady drip of never-before-disclosed evidence she intends to use at trial, including an untimely disclosed "Tricia Keith Video" (which is subject to BCBSM's pending motion *in limine*, ECF No. 37). If the Court pre-admits into evidence unidentified "audio recordings," Plaintiff may be emboldened to spring on BCBSM at trial yet another never-before-mentioned recording. Plaintiff should not be permitted to conduct a trial by ambush, and her request to pre-admit into evidence recordings that she has not identified should be denied.

Finally, Plaintiff's thirteenth motion *in limine* should be denied because, even though Plaintiff claims that she "intends to call [BCBSM's] employees as witnesses to authenticate the voices on the audio recording" (ECF No. 40, PageID.905), "issues of authentication and foundation are best left for trial especially where, as here, authenticity will likely depend on live testimony." *Thrush*, 2024 WL 3623504, at *6.

Plaintiff has not pre-established an evidentiary basis on which the unidentified "audio recordings" can be admitted, and her final motion *in limine* should be denied.

## III.    **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Honorable Court enter an Order denying Plaintiff's Motion *in Limine* to Exclude and Include Certain Evidence (ECF No. 40).

Respectfully Submitted,

DICKINSON WRIGHT PLLC

Date: September 27, 2024          By: */s/ Brandon C. Hubbard*
Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, Michigan 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
mmoody@dickinsonwright.com
*Attorneys for Defendant*