## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LISA DOMSKI,

     Case No. 2:23-cv-12023

    Plaintiff,

v.     Hon. David M. Lawson

BLUE CROSS BLUE SHIELD     Hon. Mag. Elizabeth A. Stafford
OF MICHIGAN,

    Defendant.

_____

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
340 Beakes Street, Suite 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
*Attorneys for Plaintiff*

Jonathan R. Marko (P72450)
MARKO LAW, PLLC
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7529
jon@markolaw.com
*Attorneys for Plaintiff*

Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
mmoody@dickinsonwright.com
*Attorneys for Defendant*

_____

## DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S
## OBJECTIONS TO PLAINTIFF'S (SECOND) SUPPLEMENTED
## MANDATORY DISCLOSURES PURSUANT TO
## FED. R. CIV. P. 26(a)(3)(B) AND MOTION *IN LIMINE*
## <u>TO EXCLUDE DOCUMENTS AND TESTIMONY</u>

Pursuant to Federal Rule of Civil Procedure 26(a)(3)(B), Defendant Blue Cross Blue Shield of Michigan ("BCBSM") objects to Plaintiff's untimely (Second) Supplemental Mandatory Disclosures (ECF No. 36) and moves *in limine* to exclude from trial (1) the list of 24 Exhibits Plaintiff added to the (Second) Supplemental Mandatory Disclosures, and (2) the testimony of two witnesses Plaintiff disclosed for the first time in the (Second) Supplemental Mandatory Disclosures. In support of its Objections and Motion, BCBSM relies on the facts, arguments, and authority set forth in its accompanying Brief.

Pursuant to Local Rule 7.1(a)(2)(A), the undersigned states that on September 23, 2024, counsel for BCBSM sent Plaintiff's counsel an email attaching this Motion *in Limine* and supporting Brief, explaining the nature of the Motion and its legal basis, and requested concurrence in the relief sought therein. On September 24, 2024, Plaintiff's counsel responded by denying concurrence in the relief sought.

WHEREFORE, BCBSM respectfully requests that this Honorable Court enter an Order: (1) granting its Motion *in Limine* and sustaining its Objections to Plaintiff's (Second) Supplemental Mandatory Disclosures; (2) excluding from trial Exhibits 60-84 on Plaintiff's (Second) Supplemental Mandatory Disclosures (ECF No. 36); and (3) excluding from trial the testimony of Amerique Dockery and Audrey Lidtke.

Respectfully submitted,

DICKINSON WRIGHT PLLC

Date: October 11, 2024

*/s/ Nolan J. Moody*
Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
mmoody@dickinsonwright.com
*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LISA DOMSKI,

       Plaintiff,

v.

BLUE CROSS BLUE SHIELD
OF MICHIGAN,

       Defendant.

Case No. 2:23-cv-12023

Hon. David M. Lawson

Hon. Mag. Elizabeth A. Stafford

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
340 Beakes Street, Suite 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
*Attorneys for Plaintiff*

Jonathan R. Marko (P72450)
MARKO LAW, PLLC
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7529
jon@markolaw.com
*Attorneys for Plaintiff*

Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
mmoody@dickinsonwright.com
*Attorneys for Defendant*

---

**DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S BRIEF
IN SUPPORT OF ITS OBJECTIONS TO PLAINTIFF'S (SECOND)
SUPPLEMENTED MANDATORY DISCLOSURES PURSUANT TO
FED. R. CIV. P. 26(a)(3)(B) AND MOTION *IN LIMINE* TO EXCLUDE
<u>EVIDENCE AND TESTIMONY</u>**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES...........................................................................iv

ISSUES PRESENTED...............................................................................vi

MOST APPROPRIATE AUTHORITY ................................................. viii

I.     INTRODUCTION AND FACTUAL BACKGROUND ...............................1

II.    LEGAL STANDARDS ................................................................4

       A.    Rule 26(a)(3)(A)(iii) ....................................................4

       B.    Rule 37(c)(1) .............................................................4

       C.    Motions *in Limine* ....................................................5

III.   ARGUMENT.........................................................................5

       A.    The Exhibits And Witnesses Added To Plaintiff's (Second)
             Supplemented Mandatory Disclosures Should Be Excluded
             From Trial Because The Late Disclosure Was Neither Harmless
             Nor Justified .............................................................5

       B.    The Exhibits And Witnesses Added To Plaintiff's (Second)
             Supplemented Mandatory Disclosures Should Also Be Excluded
             Under FRE 402, 602, 701, and 801....................................10

             1.    Pursuant to FRE 402, proposed Exhibits 60-66, 69-71, 73-
                   74, 77, 79, 81, 83, and 84 should be excluded as irrelevant
                   because they were not part of Plaintiff's accommodation
                   letter...............................................................10

             2.    Pursuant to FRE 403, proposed Exhibits 60-66, 69-71, 73-
                   74, 77, 79, 81, 83, and 84 should be excluded as unfairly
                   prejudicial.......................................................13

             3.    Pursuant to FRE 402, proposed Exhibits 60, 61, 63, 64, 65,
                   67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81,
                   82, and 83 should be excluded as irrelevant because
                   Plaintiff objected to producing same on relevancy grounds
                   .....................................................................15

             4.    Pursuant to FRE 801(c), proposed Exhibits 60, 61, 63, 64,
                   65, and 67-83 should be excluded as inadmissible hearsay
                   .....................................................................16

5.    Pursuant to FRE 402 and 403, proposed Exhibit 84 should be excluded from trial ................................................................18

6.    Pursuant to FRE 602 and 701, the testimony of Ms. Lidtke and Ms. Dockery should be excluded from trial.......................20

IV.   CONCLUSION...............................................................................................21

## <u>INDEX OF AUTHORITIES</u>

**Cases**

*Ansari v. Jimenez*, 678 F. Supp. 926 (E.D. Mich. 2023) .........................................14

*Artunduaga v. Univ. of Chicago Med. Cntr*, No. 12-c-8733, 2016 WL
    11943189 (N.D. Ill. Dec. 12, 2016) ....................................................12

*Boyer v. Home Depot USA, Inc.*, No. 08-cv-13382, 2010 WL 125847 (E.D.
    Mich. Mar. 26, 2010) ...........................................................................7

*Croce v. Sanders*, 843 Fed. Appx. 710 (6th Cir. 2021) ...........................................17

*Flagg v. City of Detroit*, 827 F. Supp. 2d 765 (E.D. Mich. 2011)..........................20

*Gethers v. McDonald*, No. 3:15-cv-177, 2017 WL 1628403 (D. Conn.
    May 1, 2017)........................................................................................12

*Heidelberg Harris, Inc. v. Mitsubishi Heavy Industries, Ltd.*, No. 95-cv-
    0673, 1996 WL 680243 (N.D. Ill. Nov. 21, 1996) ...............................8

*Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015)................................... 6, 8, 10

*In re FCA US LLC*, No. 16-md-02744, 2022 WL 17652686 (E.D. Mich.
    Dec. 13, 2022)......................................................................................21

*Int'l. Unions, Sec. Police and Fire Pros. of Am. v. Maritas*, No. 2:19-cv-
    10743, 2023 WL 2711626 (E.D. Mich. Mar. 30, 2023)........................8

*Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921
    (6th Cir. 1999)......................................................................................21

*Johnson v. Northwest Airlines*, 53 F.3d 331, 1995 WL 242001 (6th Cir.
    1995) ....................................................................................................11

*Marshall v. Rawlings Co., LLC*, No. 3:14-cv-359, 2018 WL 1096436 (W.D.
    Ky. Feb. 28, 2018) ................................................................................6

*McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352 (1995) ..................... 11, 12

*Old Chief v. United States*, 519 U.S. 172 (1997)....................................................19

*Park West Galleries, Inc. v. Global Fine Art Registry, LLC*, No 2:08-cv-
    12247, 2010 WL 987772 (E.D. Mich., Mar. 12, 2010)......................17

*R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F. Supp. 2d 905 (N.D. Ohio
    2008) .....................................................................................................4

*SPX Corp. v. Bartec USA, LLC*, 574 F. Supp. 2d 748 (E.D. Mich. 2008) ..... 5, 8, 10

*Turner v. City of Taylor*, 412 F.3d 629 (6th Cir. 2005) ...........................................17

*U.S. v. Thomas*, 321 F.3d 627 (7th Cir. 2003) ........................................................20

*United States v. Hamilton*, 574 F. Supp. 3d 461 (E.D. Mich. 2021) .........................5

*United States v. Ponce-Galvan*, No. 22-50114, 2024 WL 1342671 (9th Cir. Mar. 29, 2024) ..................................................................................................19

*Upshaw v. Ford Motor Co.*, 576 F.3d 576 (6th Cir. 2009) ............................... 13, 14

*Vinson v. Corizon Corporation*, No. 14-11130, 2018 WL 5095175 (E.D. Mich., Aug. 30, 2018) ....................................................................................18

*Walton v. Best Buy Company, Inc.*, No. 08-cv-15084, 2011 WL 13374383 (E.D. Mich. Apr. 6, 2011) .................................................................................12

*Wilson v. Upjohn Corp.*, No. 91-3670, 1992 WL 158121 (6th Cir., Jul. 9, 1992) ................................................................................................................18

*Zammit v. Shire US, Inc.*, 415 F. Supp. 2d 760 (E.D. Mich. 2006) .........................18

**Rules**

Fed. R. Civ. P. 26(a)(3) ...............................................................................................4

Fed. R. Civ. P. 37(c)(1) ...............................................................................................4

Fed. R. Evid. 401 ...................................................................................................5, 18

Fed. R. Evid. 402 .........................................................................................................5

Fed. R. Evid. 403 ...................................................................................................5, 19

Fed. R. Evid. 602 .......................................................................................................20

Fed. R. Evid. 701 .......................................................................................................20

Fed. R. Evid. 801(c) ..................................................................................................17

Fed. R. Evid. 803(18) ................................................................................................17

## ISSUES PRESENTED

i.  Under FRCP 26(a)(3)(B), should the Court sustain BCBSM's objections to Plaintiff's (Second) Supplemented Pretrial Disclosures (ECF No. 36) when such disclosures were untimely and failed to comply with FRCP 26(a)(3)(A)?

      BCBSM Answers:          Yes.

      Plaintiff Answers:         No.

      This Court should Answer:  Yes.

ii.  Under FRCP 37(c)(1), should the Court exclude from trial the testimony of Amerique Dockery and Audrey Lidtke, and Exhibits 60 to 84 on Plaintiff's (Second) Supplemented Pretrial Disclosures (ECF No. 36), when Plaintiff's failure to timely disclose these documents and testimony was neither harmless nor substantially justified?

      BCBSM Answers:          Yes.

      Plaintiff Answers:         No.

      This Court should Answer:  Yes.

iii.  Under FRE 402 and 403, should the Court exclude from trial the testimony of Amerique Dockery and Audrey Lidtke, and Exhibits 60 to 84 on Plaintiff's (Second) Supplemented Pretrial Disclosures (ECF No. 36), when they are irrelevant to any claim or defense in this case and/or unfairly prejudicial to BCBSM?

      BCBSM Answers:          Yes.

      Plaintiff Answers:         No.

      This Court should Answer:  Yes.

iv.   Under FRE 801(c), should the Court exclude from trial newspaper articles and medical treatises and pamphlets, where such exhibits constitute inadmissible hearsay?

BCBSM Answers:              Yes.

Plaintiff Answers:           No.

This Court should Answer:  Yes.


v.    Under FRE 602 and 701, should the Court exclude from trial the testimony of Amerique Dockery and Audrey Lidtke, where the proposed witnesses do not possess any personal knowledge of the subject for which Plaintiff seeks their testimony?

BCBSM Answers:              Yes.

Plaintiff Answers:           No.

This Court should Answer:  Yes.

## <u>MOST APPROPRIATE AUTHORITY</u>

### <u>Cases</u>

*Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015)

*McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352 (1995)

### <u>Rules</u>

FED. R. CIV. P. 26(a)(3)

FED. R. CIV. P. 37(c)(1)

FED. R. EVID. 402

FED. R. EVID. 403

FED. R. EVID. 602

FED. R. EVID. 701

FED. R. EVID. 801(c)

I.      **INTRODUCTION AND FACTUAL BACKGROUND**

Continuing her efforts to conduct a trial by ambush, Plaintiff Lisa Domski

("Plaintiff") on September 10, 2024, filed yet another untimely disclosure in this

litigation.[1] On the day motions *in limine* were due, Plaintiff filed (Second)

Supplemented Mandatory Disclosures (ECF No. 36), adding to her trial disclosures

an ever-growing list of never-before-disclosed witnesses and exhibits.

Specifically, Plaintiff's (Second) Supplemented Mandatory Disclosures

identify two new trial witnesses, Audrey Lidtke and Amerique Dockery, neither of

whom was included in Plaintiff's initial disclosures (ECF No. 35-2), discovery

answers (ECF No. 35-1, PageID.757-59), Mandatory Disclosures (ECF No. 27), or

(First) Supplemented Mandatory Disclosures (ECF No. 30).

Plaintiff's (Second) Supplemented Mandatory Disclosures also identify

23 "public records" (ECF No. 36, PageID.787-89, Exhibits 60-83), and a slew of

photographs (ECF No. 36, PageID.789, Exhibit 84) that were likewise absent from

Plaintiff's initial disclosures, discovery responses, and previously filed mandatory

---

[1]      Plaintiff's expert witness disclosures were made seven months after the Court-ordered deadline. BCBSM's Motion to Exclude and Strike the Testimony of Plaintiff's Expert Witnesses is currently pending before the Court. *See* ECF No. 25. Plaintiff also filed untimely Supplemented Mandatory Disclosures Pursuant to Fed. R. Civ. P. 26(a)(3), in which she added to her trial exhibit list documents that were neither identified in Plaintiff's initial disclosures, produced in discovery, nor listed in Plaintiff's original mandatory trial disclosures. *See* ECF No. 30. BCBSM's Objections and Motion *in Limine* relative to Plaintiff's (First) Supplemented Mandatory Disclosures is pending before the Court. *See* ECF No. 35.

disclosures. Nor were such documents relied upon by Plaintiff during the accommodation process:[2]

| Exhibit Number | Description | Date Produced/ Bates No. |
|---|---|---|
| 60. | Administrator, George Rieveschl, Inventor of Benadryl, Dies (Sep. 27, 2007) | Public Record |
| 61. | Community Invited To Free Christmas Dinner In Taylor, CBS News (2011) | Public Record |
| 62. | Confirmation Certificate | Public Record |
| 63. | Covid-19 Vaccines & Fetal Cells, MDHHS | Public Record |
| 64. | Dave Gorgon, "True meaning of Christmas" dinner, The News Herald (2019) | Public Record |
| 65. | Domski family hosting annual free dinner, Times-Herald Newspapers (2013) | Public Record |
| 66. | Extraordinary Minister of Holy Communion Certificate | Public Record |
| 67. | FAQs About TYLENOL® | Public Record |
| 68. | FDA Sends Claritin Over the Counter, CNN (Nov. 27, 2002) | Public Record |
| 69. | Health COVID-19 Vaccine Addressing Concerns, UCLA (Sep. 4, 2024) | Public Record |
| 70. | History of Fetal Tissue Research and Transplants, Charlotte Lozier Institute (Nov. 30, 2016) | Public Record |
| 71. | History of Stem Cell Use, University of Nebraska Medical Center | Public Record |
| 72. | Ibuprofen History, West Virginia University | Public Record |
| 73. | Jessica D'Alfonso, Domski family does it again, The News Herald (2018) | Public Record |

---

[2]     As of the date of this filing, Plaintiff *still* has not produced to BCBSM the "public records" identified across Exhibits 60-84 in the (Second) Supplemented Mandatory Disclosures. BCBSM only has an idea of what (some) of these documents are because Plaintiff attached a sample of the documents to a motion *in limine* (ECF No. 40) wherein she seeks to have the documents admitted into evidence in advance of trial (despite their late disclosure and non-production).

| 74. | Justin Brumbaugh, Brian A. Aguado, Tamra Lysaght, Lawrence S.B. Goldstein, Stem Cell Reports (Dec. 13, 2023) | Public Record |
|---|---|---|
| 75. | Maria Rosa Montinari; Sergio Minelli; Raffaele De Caterina, The first 3500 Years of Aspirin History from its Roots- A Concise Summary (Sep. 4, 2024) | Public Record |
| 76. | Motrin and Ibuprofen FAQs | Public Record |
| 77. | Setting the Stage Fetal Research, Fetal Tissue Research, and Historical Timeline of Regulation and Legislation, National Library of Medicine | Public Record |
| 78. | SUDAFED® Frequently Asked Questions (FAQ) SUDAFED® | Public Record |
| 79. | The 2017 "True Meaning of Christmas" dinner, City of Taylor | Public Record |
| 80. | The History of Pepto Bismol, Pepto Bismol | Public Record |
| 81. | True Meaning of Christmas Dinner, Explore Taylor, MI | Public Record |
| 82. | TUMS- America's #1 Heartburn Medicine | Public Record |
| 83. | You Asked, We Answered Do the COVID-19 Vaccines Contain Aborted Fetal Cells Nebraska Medicine (Aug. 18, 2021) | Public Record |
| 84. | Lisa Domski Photos | Produced: September 10, 2024 |

Pursuant to Federal Rule of Civil Procedure 26(a)(3)(B), for the reasons stated herein, Defendant objects to Plaintiff's (Second) Supplemental Mandatory Disclosures, and further moves *in limine* to exclude from trial the newly disclosed witnesses and documents.

## II.   LEGAL STANDARDS

### A.   Rule 26(a)(3)(A)(iii)

Under Rule 26, "[w]ithin 14 days after [pretrial disclosures] are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: … any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii)."[3]

### B.   Rule 37(c)(1)

Pursuant to Rule 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "If the moving party establishes that the non-moving party did not comply with its obligations under Rule 26, the burden shifts to the potentially sanctioned party to show that the violation of Rule 26 was justified or harmless." *R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F. Supp. 2d 905, 908-09 (N.D. Ohio 2008), *aff'd*, 606 F.3d 262 (6th Cir. 2010).

---

[3]    Rule 26(a)(3)(A)(iii) provides that a "party must provide to the other parties and promptly file the following information about the evidence that it may present at trial: … an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises."

C.      **Motions *in Limine***

A motion *in limine* is a motion "to obtain advance rulings on the admissibility of evidence so that trial preparation is facilitated, distractions during trial are reduced, legal issues can be deliberated more serenely, and the risk of exposure of the jury to inadmissible evidence can be minimized." *United States v. Hamilton*, 574 F. Supp. 3d 461, 466 (E.D. Mich. 2021).

When analyzing admissibility, a court must consider whether the evidence is relevant. Relevant evidence "is not [] automatically admissible." *Id.* at 467.[4] A "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice[.]" Fed. R. Evid. 403. "Irrelevant evidence is not admissible" for any purpose. Fed. R. Evid. 402.

III.    <u>ARGUMENT</u>

A.      **The Exhibits And Witnesses Added To Plaintiff's (Second) Supplemented Mandatory Disclosures Should Be Excluded From Trial Because The Late Disclosure Was Neither Harmless Nor Justified**

Rule 37(c)(1) authorizes a district court to "exclude from a trial information that was, in violation of Rule 26(a) or (e), withheld without substantial justification, unless the failure to disclose was 'harmless.'" *SPX Corp. v. Bartec USA, LLC*, 574 F. Supp. 2d 748, 755 (E.D. Mich. 2008). In order to determine whether a party's late

---

[4]      Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

disclosure is "substantially justified" or "harmless," courts consider five factors

adopted by the Sixth Circuit in *Howe v. City of Akron*:

> (1) the surprise to the party against whom the evidence would be
> offered; (2) the ability of that party to cure the surprise; (3) the extent
> to which allowing the evidence would disrupt the trial; (4) the
> importance of the evidence; and (5) the nondisclosing party's
> explanation for its failure to disclose the evidence.

801 F.3d 718, 748 (6th Cir. 2015). Each factor demonstrates that Plaintiff's late

disclosure of witnesses (Ms. Dockery and Ms. Lidtke) and exhibits (Exhibits 60-84)

is neither harmless nor substantially justified. The exclusion of same is, thus,

mandatory.

First, there can be no doubt that Plaintiff's untimely disclosures were a

"surprise" to BCBSM. As explained above, Plaintiff failed to mention or otherwise

identify Ms. Lidtke and/or Ms. Dockery in her initial disclosures (ECF No. 35-2),

discovery answers (ECF No. 35-1, PageID.757-59), Mandatory Disclosures (ECF

No. 27), or (First) Supplemented Mandatory Disclosures (ECF No. 30). BCBSM,

thus, had no idea that Plaintiff would seek Ms. Lidtke's and Ms. Dockery's

testimony at trial, or that the proposed witnesses possessed information relevant to

Plaintiff's claims. *See Marshall v. Rawlings Co., LLC*, No. 3:14-cv-359, 2018 WL

1096436, *19 (W.D. Ky. Feb. 28, 2018) (barring three witnesses from testifying

where the witnesses were not identified in the plaintiff's initial disclosures or written

discovery responses) ("With respect to the third potential witness, the first mention

[plaintiff] made of Blair Hand was in her 'Supplemental Witness List,' filed with the Court … and no other mention of her name had been made up until that point. It cannot follow that [plaintiff] is permitted to include Hand as a witness at trial.").

Similarly, when BCBSM asked Plaintiff to produce "all studies, records, articles, publications, or other documents related to COVID-19 vaccines, that [] Plaintiff reviewed and/or relied upon before January 2022, and that support [] Plaintiff's claims" (ECF No. 35-1, PageID.768) (Request to Produce No. 16), Plaintiff objected to the request, claiming that studies, records, articles, and publications were irrelevant to her case:

> **RESPONSE:** Plaintiff objects because *there are no studies, records, articles, publications, or other documents related to COVID-19 vaccines that have any relation to Plaintiff's accommodation request*. *Id.* (emphasis added).

It thus came as great surprise to BCBSM when, 10 months after objecting to the production of such documents (as lacking relevance), Plaintiff announced her intention to introduce at trial the slew of "studies, articles, records, and publications" identified above as Exhibits 60-84. Because Plaintiff neither produced proposed Exhibits 60-84 in discovery, nor timely supplemented her discovery responses to disclose same, the evidence should be excluded from trial. *See e.g. Boyer v. Home Depot USA, Inc.*, No. 08-cv-13382, 2010 WL 125847, *4 (E.D. Mich. Mar. 26, 2010) (holding that defendant's supplemental disclosure of new evidence after the close of discovery and one month before trial was untimely under Rule 26(e) and,

7

thus, properly excluded from trial); *SPX Corp.*, 574 F. Supp. 2d at 756 (granting motion for sanctions in the form of excluding evidence from trial that was not seasonably included in supplemental discovery responses); *Heidelberg Harris, Inc. v. Mitsubishi Heavy Industries, Ltd.*, No. 95-cv-0673, 1996 WL 680243, *8 (N.D. Ill. Nov. 21, 1996) (excluding from trial evidence that was untimely supplemented under FRCP 26(e) because "[t]he purpose of Rule 26(e)(2) is to prevent trial by ambush" and "[i]f a party is allowed to withhold the supplementation of its discovery responses until after fact discovery is closed, the purpose of the Rule is effectively frustrated because the opposing party is denied the opportunity to conduct discovery on the supplemented responses.").

The second and third *Howe* factors also weigh in favor of exclusion. "The second factor favors exclusion because, simply put, [BCBSM] can cure the surprise only if the Court were to reopen discovery." *Int'l. Unions, Sec. Police and Fire Pros. of Am. v. Maritas*, No. 2:19-cv-10743, 2023 WL 2711626, at *4 (E.D. Mich. Mar. 30, 2023) (excluding from summary judgment argument seven text messages the defendants failed to disclose in discovery). Indeed, if Exhibits 60-84 and the testimony of Ms. Lidtke and Ms. Dockery are admitted without re-opening discovery, BCBSM would be denied the opportunity to investigate Plaintiff's interpretation of and intended use of same, and then to prepare its defense based

upon Plaintiff's explanation.[5] Of course, if BCBSM is given an opportunity to cure the "surprise," it would inevitably delay and disrupt the trial.

The fourth factor likewise weighs in favor of excluding Plaintiff's proposed evidence. The importance of Exhibits 60-84 is low (if not entirely nonexistent), given Plaintiff's previous refusal to produce the studies, articles, records, and publications she now seeks to introduce. *See* ECF No. 35-1, PageID.768. Further, if Exhibits 60-84 and the testimony of Ms. Lidtke and Ms. Dockery were of great importance to Plaintiff's case, Plaintiff would have timely supplemented her discovery responses to disclose the evidence, or included them in one of her previous two mandatory disclosure filings (ECF Nos. 27, 30). But she did not.

Fifth and finally, Plaintiff has utterly failed to justify her late disclosure of the proposed evidence. Plaintiff had over ten (10) months to gather and produce the evidence she intends to present at trial, yet she failed at every step of this litigation (in her initial disclosures, discovery responses, and previous two trial disclosures) to identify Ms. Lidtke and Ms. Dockery as witnesses, or produce *any* of the documents listed in proposed Exhibits 60-84. Further, it is plainly evident that the bulk of such evidence was available to Plaintiff at the outset of this litigation, meaning there is no

---

[5]     The Court recently denied Plaintiff's motion to adjourn the trial, explaining that it "does not believe that the plaintiff has exhibited sufficient diligence in attempting to meet the requirements of the scheduling order" (ECF No. 23, PageID.197). BCBSM is thus of the belief that discovery will not be re-opened to cure Plaintiff's discovery abuses.

excuse for Plaintiff's untimely disclosure. *See* ECF No. 36, PageID.788, ¶ 68 (Plaintiff's proposed articles date back to 2002). Thus, the fifth *Howe* factor also favors exclusion.

"The purpose of Rule 37 is not only to punish discovery abuses, but also to protect litigants who legitimately seek information to prepare for trial." *SPX Corp.*, 574 F. Supp. 2d at 756. BCBSM asked Plaintiff to produce the evidence she intended to rely upon at trial because BCBSM legitimately needs this information to prepare its case. Plaintiff's steady drip of never-before-disclosed trial evidence (*see* ECF Nos. 25, 30, 36)—and her continued disregard for Rule 26(a) and this Court's scheduling Order—should be put to an end. Exhibits 60-84, and the testimony of Ms. Dockery and Ms. Lidtke, should, respectfully, be excluded from trial.

**B.    The Exhibits And Witnesses Added To Plaintiff's (Second) Supplemented Mandatory Disclosures Should Also Be Excluded Under FRE 402, 602, 701, and 801**

**1.    Pursuant to FRE 402, proposed Exhibits 60-66, 69-71, 73-74, 77, 79, 81, 83, and 84 should be excluded as irrelevant because they were not part of Plaintiff's accommodation letter**

Proposed Exhibits 60-66, 69-71, 73-74, 77, 79, 81, 83, and 84 consist of (i) family photographs (Ex. 84), (ii) a Holy Communion Certificate (Ex. 66), Confirmation Certificate (Ex. 62), and (iii) various news articles and publications concerning an annual dinner hosted by Plaintiff's family (Exs. 61, 64, 65, 73, 79, 81) and the use of fetal/stem cells in medication and/or vaccines (Exs. 63, 69, 70, 71, 74,

77, 83). Plaintiff intends to use Exhibits 60-66, 69-71, 73-74, 77, 79, 81, 83, and 84 to establish that her objection to COVID-19 vaccination (based on the vaccine's relationship to fetal cells) is religious. ECF No. 40, PageID.903. The exhibits should be excluded as irrelevant pursuant to FRE 402.

It is axiomatic that BCBSM "could not have been motivated by knowledge it did not have[.]" *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 360 (1995). Said differently, an employer cannot discriminate against an employee based upon information it was never provided. *See e.g. Johnson v. Northwest Airlines*, 53 F.3d 331, 1995 WL 242001, *3 (6th Cir. 1995) (affirming dismissal of race discrimination claim where the plaintiff's race was not known to the defendant until after the defendant investigated the misconduct that led to the plaintiff's termination).

Here, Plaintiff declined to participate in her interview with BCBSM relative to her accommodation request, thereby confining BCBSM's knowledge of her alleged religious beliefs to the contents of her accommodation letter. ECF No. 33-2, BCBSM37637 (refusing to answer any questions about her religious beliefs and telling BCBSM to instead "rely on her letter that was submitted with her request for an accommodation."). Plaintiff's accommodation letter did not reference, attach, or otherwise cite to the host of evidence (Exhibits 60-66, 69-71, 73-74, 77, 79, 81, 83, and 84) Plaintiff now seeks to introduce to establish the religiosity of her beliefs.

And because BCBSM was *unaware* at the time it denied Plaintiff's accommodation request of the existence or contents of Exhibits 60-66, 69-71, 73-74, 77, 79, 81, 83, and 84, such evidence is irrelevant to this lawsuit. Simply put, facts of which BCBSM was not aware "could not logically have [a]ffected the decision [BCBSM] made." *Walton v. Best Buy Company, Inc.*, No. 08-cv-15084, 2011 WL 13374383, *6 (E.D. Mich. Apr. 6, 2011) (granting defendant's motion *in limine* in a Title VII gender discrimination case to exclude irrelevant evidence of plaintiff's successor's work performance because defendant "could not have known" such information at the time of plaintiff's termination and, thus, "it could not logically have effected the decision [defendant] made."), citing *McKennon*, 513 U.S. at 361; *Gethers v. McDonald*, No. 3:15-cv-177, 2017 WL 1628403, *2 (D. Conn. May 1, 2017) (granting defendant's motion *in limine* in an employment discrimination lawsuit to exclude as irrelevant testimony regarding a successful candidate's work performance when that information was "not known by or presented to the interview panelists or decisionmakers" who declined to promote the plaintiff); *Artunduaga v. Univ. of Chicago Med. Cntr*, No. 12-c-8733, 2016 WL 11943189, *3 (N.D. Ill. Dec. 12, 2016) (granting motion *in limine* in Title VII case to exclude as irrelevant under FRE 401 evidence of "job performance that were not communicated to the relevant decision makers").

**2.**     **Pursuant to FRE 403, proposed Exhibits 60-66, 69-71, 73-74, 77, 79, 81, 83, and 84 should be excluded as unfairly prejudicial**

Extraneous evidence of Plaintiff's alleged religious beliefs (i.e., 60-66, 69-71, 73-74, 77, 79, 81, 83, and 84) should be excluded under Rule 403 because permitting such evidence will unfairly prejudice BCBSM, confuse the issues, and mislead the jury—particularly as it relates to BCBSM's affirmative defense.

Under the honest belief doctrine—one of BCBSM's affirmative defenses (ECF No. 19, PageID.168, ¶ 3)—an employer is not liable for discrimination "[i]f [it] had an honest belief in the proffered basis for the adverse employment action, and that belief arose from *reasonable reliance on the particularized facts before the employer when it made the decision*[.]" *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 586 (6th Cir. 2009) (emphasis added).

Here, Plaintiff's trial strategy is to flood the jury with testimony and documents that were *not part of the accommodation process* in an effort to convince the jury that Plaintiff holds sincere religious beliefs in conflict with COVID-19 vaccination. But if Plaintiff is permitted to engulf the jury with information that BCBSM *did not have*, the jury will be unable to parse what is relevant (the information BCBSM was provided at the time it made its accommodation decision) from what is not (superfluous documents BCBSM was never provided).

13

Confusing the relevant issues in this manner will cause extreme prejudice to BCBSM as it relates to its affirmative defense. Indeed, the honest belief doctrine requires the jury to assess whether BCBSM held an honest belief in the non-discriminatory decision it made based "*on the particularized facts before*" it. *Upshaw*, 576 F.3d at 586. Allowing Plaintiff to essentially redo her accommodation request on the witness stand—belatedly supplementing it with religious doctrine and third-party attestations of her faith—will mislead and distract the jury from what actually happened during Plaintiff's accommodation process, rendering the jury unable to adequately decipher the "particularized facts" that were actually provided to BCBSM, and on which it relied. *Ansari v. Jimenez*, 678 F. Supp. 926, 931 (E.D. Mich. 2023) (excluding evidence of a warrant request under Rule 403 where the warrant would have distracted the jury and "le[]d to a time-consuming sideshow").

Plaintiff had the opportunity at her interview to fully detail her alleged religious beliefs for BCBSM. She declined to do so. Extraneous evidence of Plaintiff's alleged religious beliefs stands only to confuse the issues at trial, mislead the jury as to the relevant facts, and unfairly prejudice BCBSM. Respectfully, such evidence should be excluded from trial.

**3.      Pursuant to FRE 402, proposed Exhibits 60, 61, 63, 64, 65, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, and 83 should be excluded as irrelevant because Plaintiff objected to producing same on relevancy grounds**

Exhibits 60-61, 63-65, and 67-83—i.e., all of the news articles, treatises, and pamphlets Plaintiff seeks to introduce—should be excluded as irrelevant because Plaintiff *objected* to producing same on *relevancy* grounds. Indeed, as explained above, BCBSM asked Plaintiff to produce in discovery any "studies, records, articles, publications, or other documents related to COVID-19 vaccines" that "support [] Plaintiff's claims[.]" ECF No. 35-1, PageID.768. Plaintiff objected to the discovery request, claiming such documents "have [no] relation to Plaintiff's accommodation request." *Id.* On this point, BCBSM agrees.

Publications from drug manufacturers (Exs. 67, 76, 78, 80, 82), literature on the history of fetal tissue research and medications (Exs. 60, 63, 68, 69, 70, 71, 72, 74, 75, 77), and news articles about Christmas dinners bear no relation to Plaintiff's accommodation request, whether Plaintiff communicated to BCBSM a sincerely held religious opposition to COVID-19 vaccination, or whether BCBSM intentionally discriminated against Plaintiff for religious reasons. And while Plaintiff claims that the pharmaceutical pamphlets debunk statements that (unidentified) interviewers made to (unidentified) employees during (unidentified) accommodation interviews (ECF No. 40, PageID.902), it is undisputed that Plaintiff did not participate in her interview. Thus, even if Plaintiff's allegations relative to

other interviews are true, they have no relevancy here where Plaintiff chose to stand on her written accommodation letter.

In addition to being untimely disclosed, Exhibits 60-61, 63-65, and 67-83 should be excluded as irrelevant under FRE 402.

### 4. Pursuant to FRE 801(c), proposed Exhibits 60, 61, 63, 64, 65, and 67-83 should be excluded as inadmissible hearsay

Plaintiff seeks to introduce at trial 12 newspaper articles[6] and nine medical treatises and/or pamphlets[7] because they allegedly (i) "contain evidence that is probative as to whether Plaintiff's religion prevents her from receiving the COVID-19 vaccine," (ii) establish the truth of Plaintiff's claimed opposition to vaccination (i.e., that the vaccines were "developed and/or manufactured with the aid of fetal stem cells"), and (iii) disprove comments BCBSM's interviewers allegedly made to other plaintiffs in their accommodation interviews. ECF No. 40, PageID.901-03. In other words, Plaintiff seeks to introduce the articles, treatises, and pamphlets to establish the truth of their content.

---

[6] The newspaper articles range in topic from an announcement that George Rieveschl (the inventor of Benadryl) died (Ex. 60), to FDA approval of Claritin (Ex. 68), to an annual Christmas dinner hosted by Plaintiff's family (Exs. 61, 64, 65, 73, 79, 81), to articles about fetal tissue research (Exs. 69, 70, 71, 83).

[7] The medical treatises and pamphlets address stem and fetal cell research and the history of certain medications (Exs. 67, 72, 74-78, 80, 82).

And because Plaintiff intends to offer the documents "for the truth of the matter asserted," they "constitute inadmissible hearsay" and should be excluded from trial. *See* Fed. R. Evid. 801(c) ("If offered for the truth of the matter asserted, newspaper articles constitute inadmissible hearsay."); *Park West Galleries, Inc. v. Global Fine Art Registry, LLC*, No 2:08-cv-12247, 2010 WL 987772, at *3 (E.D. Mich., Mar. 12, 2010) (rejecting the argument that "[newspaper] articles are not hearsay because they are self-authenticating" and holding that "the fact that the articles are what they purport to be does not mean they are not hearsay.") (granting plaintiff's motion to exclude newspaper articles); *Croce v. Sanders*, 843 Fed. Appx. 710, 718 (6th Cir. 2021) (newspaper article deemed inadmissible hearsay where it reported that a biology professor alleged a cancer researcher falsified data); *Turner v. City of Taylor*, 412 F.3d 629, 652 (6th Cir. 2005) (newspaper articles offered in response to a motion for summary judgment constituted inadmissible hearsay).

This is true even though Plaintiff claims in her own motion *in limine* that the documents are admissible "under the learned treatise exception to the hearsay rule." ECF No. 40, PageID.901. While FRE 803(18) provides a hearsay exception for "learned treatises," that exception only applies where the document is "called to the attention of an expert witness upon cross-examination or relied upon by the expert witness in direct examination." Fed. R. Evid. 803(18). Plaintiff here did not disclose a medical expert and thus has no witness who can testify about the medical treatises

and pharmaceutical pamphlets she seeks to introduce. *Wilson v. Upjohn Corp.*, No. 91-3670, 1992 WL 158121, at *4 (6th Cir., Jul. 9, 1992) (rejecting argument that articles written by medical doctor fell under the "learned treatise" exception because they were not "called to the attention of an expert witness . . ."); *Zammit v. Shire US, Inc.*, 415 F. Supp. 2d 760, 767, n. 6 (E.D. Mich. 2006) ("[T]he statements of Health Canada officials as reported in [several] articles are inadmissible hearsay that the [c]ourt cannot consider in resolving [this] summary judgment motion."); *Vinson v. Corizon Corporation*, No. 14-11130, 2018 WL 5095175, at *2, n. 1 (E.D. Mich., Aug. 30, 2018) (declining to consider medical articles produced in support of motion for summary judgment because "defendants [did] not present[] these medical articles in conjunction with expert testimony.").

In addition to being untimely disclosed and irrelevant, Proposed Exhibits 60, 61, 63, 64, 65, and 67-83 should be excluded as inadmissible hearsay.

### 5.    Pursuant to FRE 402 and 403, proposed Exhibit 84 should be excluded from trial

Proposed Exhibit 84 is a compilation of photographs depicting, *inter alia*, a school classroom and graduation, a young woman (who is not Plaintiff) standing in church, and Plaintiff's family standing in front of a Christmas tree. *See* **Exhibit A** (the photographs Plaintiff produced on September 10, 2024). The photographs clearly do not have "any tendency to make a fact more or less probable than it would be without the evidence[.]" Fed. R. Evid. 401. To be sure, the photographs neither

establish (i) the substance of Plaintiff's beliefs, (ii) whether those beliefs conflict with COVID-19 vaccination, nor (iii) anything about Plaintiff's accommodation request. They are plainly irrelevant, and should be excluded under FRE 402.

Moreover, even if the photographs *were* relevant, proposed Exhibit 84 should be excluded under FRE 403. Under Rule 403, evidence may be excluded, among other reasons, if "its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Unfair prejudice means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Here, Plaintiff's family photographs have *zero* probative value because they do not (and cannot) establish any pertinent issue in this case, such as Plaintiff's religious views, her opposition to COVID-19 vaccination, or the content of her accommodation request. Rather, the photographs are plainly intended to make an emotional appeal to the jury—i.e., because Plaintiff is portrayed in photographs as a religious person, Plaintiff's opposition to COVID-19 vaccination *must* be religious. Where, as here, photographs have minimal probative value, and risk eliciting an improper emotional response from the jury, they are properly excluded under FRE 403. *See United States v. Ponce-Galvan*, No. 22-50114, 2024 WL 1342671, *1 (9th Cir. Mar. 29, 2024) (district court did not err by excluding from evidence under FRE 403 a photograph of the defendant's deceased brother, where the photograph had

"limited probative value" and "risked eliciting an improper emotional response from the jury"); *U.S. v. Thomas*, 321 F.3d 627, 632-33 (7th Cir. 2003) (district court erred in an unlawful possession of a firearm case by failing to exclude from evidence under FRE 403 a photograph of the defendant's gun tattoo, where the photograph had "little, if any, probative value," and instead "circle[d] back to one basic proposition—because [defendant] tattooed a pair of revolvers on his forearm, he is the kind of person who is likely to possess guns").

### 6. Pursuant to FRE 602 and 701, the testimony of Ms. Lidtke and Ms. Dockery should be excluded from trial

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Relatedly, a lay witness's "testimony in the form of opinions or inferences is limited to those opinions and inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue." Fed. R. Evid. 701. When a witness *does not* have personal knowledge of an event, she may not offer testimony regarding same. *Flagg v. City of Detroit*, 827 F. Supp. 2d 765, 774 (E.D. Mich. 2011) ("The requirement of personal knowledge serves to exclude statements of a witness's mere belief, as opposed to statements about matters or incidents that the witness actually perceived or observed.") (internal citations and quotations omitted).

Here, Plaintiff intends to call Ms. Dockery and Ms. Lidtke to testify about "Plaintiff's religious accommodation interview" (ECF No. 36, PageID.784), but it is undisputed that neither Ms. Dockery nor Ms. Lidtke was present for the interview (in which Plaintiff *herself* did not participate). ECF No. 33-2. Thus, Ms. Dockery and Ms. Lidtke lack personal knowledge of the interview, and cannot offer testimony relative to same. *See In re FCA US LLC*, No. 16-md-02744, 2022 WL 17652686, at *9 (E.D. Mich. Dec. 13, 2022) (finding inadmissible testimony by investigating police officers related to a motor vehicle crash because "neither officer witnessed the accident first-hand and neither [] pointed to any 'perceptions' of the scene" that assisted them in forming the basis of their testimony); *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999) (finding testimony inadmissible in a discrimination case where it was based on information the witness receive from another employee). Plaintiff's untimely disclosed witnesses— Ms. Dockery and Ms. Lidtke—should be precluded from testifying at trial.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Defendant Blue Cross Blue Shield of Michigan respectfully requests that this Honorable Court enter an Order: (1) granting BCBSM's Objection and Motion *in Limine*; (2) excluding from trial proposed Exhibits 60-84 on Plaintiff's (Second) Supplemented Mandatory Disclosures (ECF

No. 36); and (3) excluding from trial the testimony of Amerique Dockery and Audrey Lidtke.

Date: October 11, 2024                    Respectfully submitted,

                                          DICKINSON WRIGHT PLLC

                                          By: */s/ Nolan J. Moody*
                                          Scott R. Knapp (P61041)
                                          Brandon C. Hubbard (P71085)
                                          Nolan J. Moody (P77959)
                                          Maureen J. Moody (P85032)
                                          123 W. Allegan Street, Suite 900
                                          Lansing, MI 48933
                                          (517) 371-1730
                                          sknapp@dickinsonwright.com
                                          bhubbard@dickinsonwright.com
                                          nmoody@dickinsonwright.com
                                          mmoody@dickinsonwright.com
                                          *Attorneys for Defendant*