UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA DOMSKI,

                Plaintiff,                Case Number 23-12023

v.                                                    Honorable David M. Lawson

BLUE CROSS BLUE SHIELD
OF MICHIGAN,

                Defendant.

_____/

## ORDER REGARDING CERTAIN MOTIONS *IN LIMINE* AND ADJOURNING TRIAL

This matter is before the Court on some of the parties' motions *in limine* filed in advance of trial. The Court has reviewed the submissions of the parties and heard oral argument on October 15, 2024 on the motions that were fully briefed. During the hearing, the Court announced from the bench its decisions on the questions presented by the motions ready for adjudication and took under advisement the defendant's motion to exclude from trial an unproduced and unidentified video on plaintiff's amended disclosures (ECF No. 37) pending the plaintiff's submission of the disputed video for review.

Several other matters remain outstanding because they were not fully briefed as of the hearing date or were filed with leave after the motion *in limine* deadline. These are the defendant's motion *in limine* to exclude documents and testimony and objections to plaintiff's (second) supplemented mandatory disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3)(B) (ECF No. 61), the defendant's motion for a protective order precluding plaintiff from calling Rudolph Markupson to testify at trial pursuant to Rule 26(c)(1)(A) (ECF No. 66), and the defendant's motion to strike Jana Lance from plaintiff's witness list and exclude plaintiff from calling Ms. Lance to testify at trial pursuant to Rule 37(c)(1) (ECF No. 74). The Court also has

granted the defendant leave to file one additional motion *in limine*. *See* ECF No. 79. The Court has scheduled these matters for a prompt hearing. However, the Court has reviewed the submissions and determined that resolving the issues presented by the parties will not be possible before the present trial date. The Court therefore will adjourn the date set for trial.

Accordingly, it is **ORDERED** that the defendant's motion to exclude evidence of alleged religious beliefs the plaintiff never communicated to the defendant (ECF No. 33) is **GRANTED IN PART** and **DENIED IN PART** for the reasons stated on the record. The plaintiff **SHALL NOT** offer testimony or argument of her religious beliefs that she did not communicate to the defendant to demonstrate the defendant's motivations but may offer such testimony and argument to support her claimed sincerity of her beliefs. The Court will entertain contemporaneous objections about the extent of permissible testimony and argument on these matters.

It is further **ORDERED** that the defendant's motion to exclude references to its staff reduction (ECF No. 34) is **GRANTED** for the reasons stated on the record. The plaintiff **SHALL NOT** elicit testimony or make argument that the defendant's employees were motivated to deny a religious accommodation by a desire to reduce staffing costs.

It is further **ORDERED** that the defendant's motion to exclude evidence of the plaintiff's claimed religious beliefs and objections to plaintiff's supplemented mandatory disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(B) (ECF No. 35) is **GRANTED** for the reasons stated on the record. The plaintiff **SHALL NOT** offer into evidence Exhibits 55, 56, 57, 58, or 59 on her tardy supplemented mandatory disclosures required by Rule 26(a)(3) (ECF No. 30).

It is further **ORDERED** that the plaintiff's motion to exclude and include certain evidence (ECF No. 40) is **GRANTED IN PART** and **DENIED IN PART** for the reasons stated on the record. The defendant **SHALL NOT** offer testimony or argument regarding collateral sources of

income, such as unemployment insurance benefits, that the plaintiff may have received after her termination.  The defendant may offer evidence on its defense of failure to mitigate damages.  The plaintiff's requests to exclude arguments regarding undue hardship that might be caused by the economic impact of a verdict on the defendant, and to include documents regarding religious teachings are **DENIED as moot**.  The motion is **DENIED without prejudice** in all other respects.  The Court will entertain contemporaneous objections as to these matters.  The defendant also is cautioned to heed the Court's instructions, specified on the record, regarding certain improper arguments.  Failure to do so would be grounds for sanctions or a mistrial.

It is further **ORDERED** that the plaintiff's motion to compel the *de bene esse* deposition of Bruce Henderson and sanction defendant for violating Rule 45 (ECF No. 55) is **DENIED** for the reasons stated on the record.  The defendant's motion to quash the non-party subpoena issued to Bruce Henderson (ECF No. 68) is **GRANTED**.

It is further **ORDERED** that the trial is **ADJOURNED** to **November 6, 2024 at 8:30 a.m.**

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:  October 17, 2024