UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA DOMSKI,

    Plaintiff,

v.

BLUE CROSS BLUE SHIELD
OF MICHIGAN,

    Defendant.

Case No. 2:23-cv-12023

Hon. David M. Lawson

Hon. Mag. Elizabeth A. Stafford

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
340 Beakes Street, Suite 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
*Attorneys for Plaintiff*

Jonathan R. Marko (P72450)
MARKO LAW, PLLC
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7529
jon@markolaw.com
*Attorneys for Plaintiff*

Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
mmoody@dickinsonwright.com
*Attorneys for Defendant*

---

### DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S NOTICE OF AUTHORITY REGARDING HONEST BELIEF

Pursuant to the Final Pre-trial Conference held on October 15, 2024, and the

Court's request for authority regarding item (5)(B)(6) in the Parties' *draft* Joint Final

Pre-trial Order, Defendant Blue Cross Blue Shield of Michigan ("BCBSM") provides notice of authority on the "honest belief rule," and states as follows:

Under the honest belief rule, an employer's explanation for an adverse employment decision is not pretext for discrimination—even if the employer turns out to be mistaken—so long as the employer reasonably relied on the particularized facts before it, and honestly believed in the legitimate, non-discriminatory reason for its decision at the time the decision was made. *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 708 (6th Cir. 2006). An employer's pre-termination investigation need not be perfect in order to pass muster under the rule, nor must the employer demonstrate that its investigation was optimal or that it left no stone unturned. *Id.* Instead, the key inquiry is whether the employer made a reasonably informed and considered decision before taking an adverse employment action against the employee. *Id.*

Authority on this point includes:

- *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 708 (6th Cir. 2006) (affirming summary judgment for the employer on plaintiff's Title VII discrimination claim where defendant showed that "it made its decision to terminate [plaintiff] based on an honestly held belief in a nondiscriminatory reason supported by particularized facts after a reasonably thorough investigation");

- *Blizzard v. Marion Tech. College*, 698 F.3d 275, 286-87 (6th Cir. 2012) (affirming summary judgment for the employer on plaintiff's discrimination claim where, even though the plaintiff challenged the veracity of the defendant's proffered reason for her termination, the plaintiff failed to "put forth evidence which demonstrate[d] the employer did not honestly believe in the proffered non-discriminatory reason for its adverse employment action");

- *Graham v. Best Buy Stores, L.P.*, 298 Fed. App'x. 487, 494 (6th Cir. 2008) (plaintiff did not overcome the employer's honest belief in its nondiscriminatory reason for terminating plaintiff—i.e., plaintiff's violation of company policy—because the employer did "not need to prove that [plaintiff] violated or intended to violate the [] policy, only that [the employer] made its decision to terminate [plaintiff] based on an honestly held belief in a nondiscriminatory reason supported by particularized facts after a reasonably thorough investigation.").

Respectfully submitted,

DICKINSON WRIGHT PLLC

Date: October 23, 2024

*/s/ Brandon C. Hubbard*
Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
DICKINSON WRIGHT PLLC
123 W. Allegan St., Ste. 900
Lansing, MI 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
mmoody@dickinsonwright.com
*Attorneys for Defendant*