UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA DOMSKI,

          Plaintiff,          Case Number 23-12023
v.                                       Honorable David M. Lawson

BLUE CROSS BLUE SHIELD
OF MICHIGAN,

          Defendant.
_____/

## ORDER REGARDING CERTAIN MOTIONS *IN LIMINE*

This matter is before the Court on some more of the parties' motions *in limine* filed in advance of trial. The Court has reviewed the submissions of the parties and heard oral argument on October 24, 2024. During the hearing, the Court announced from the bench its decisions on several motions ready for adjudication and took under advisement the defendant's motion for a protective order precluding the plaintiff from calling Rudolph Makupson to testify at trial (ECF No. 61).

Accordingly, it is **ORDERED** that the defendant's motion in *limine* to exclude certain documents and testimony (ECF No. 61) is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE** for the reasons stated on the record. The plaintiff **SHALL NOT** offer exhibits regarding fetal stem cell research, over-the-counter medications, or the plaintiff's family holiday dinners (Exs. 60-61, 63-65, 67-83) as part of her case-in-chief. The plaintiff may seek admission of her Confirmation Certificate and Extraordinary Minister of Holy Communion Certificate (Exs. 62, 66). The plaintiff **SHALL** cull her proposed photographic exhibits (Ex. 84) to limit her presentation to the five most relevant to establishing the elements of her claim and seek approval from the Court before presenting any images to the jury. The motion is denied without

prejudice with respect to proposed witnesses Amerique Dockery and Audrey Lidtke. The defendant may renew its objections to these witnesses at trial.

It is further **ORDERED** that the defendant's motion to strike Jana Lance from plaintiff's witness list and exclude plaintiff from calling Ms. Lance to testify at trial pursuant to Rule 37(c)(1) (ECF No. 74) is **GRANTED IN PART** and **DENIED IN PART** for the reasons stated on the record. The plaintiff may not call Jana Lance as a witness during her case-in-chief. If her testimony becomes relevant for rebuttal purposes, the plaintiff may seek permission outside the jury's presence to call her and make an offer of proof, and the defendant may renew its objection at that time.

It is further **ORDERED** that the plaintiff's motion *in limine* to exclude additional untimely disclosed trial exhibits (ECF No. 83) is **GRANTED IN PART** and **DENIED IN PART**. The plaintiff may seek admission of the exhibits from her personnel file (Exs. 85, 86) but must establish relevancy and a proper foundation. The plaintiff **SHALL NOT** offer Exhibits 87 through 131 for her case-in-chief but may use them for impeachment purposes if she can lay a proper foundation.

It is further **ORDERED** that the plaintiff's emergency motion to compel the *de bene esse* deposition of Dawn Rodriguez (ECF No. 93) is **DISMISSED as moot.**

                                                    s/David M. Lawson
                                                    DAVID M. LAWSON
                                                    United States District Judge

Dated:   October 25, 2024