## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LISA DOMSKI,

      Plaintiff,

v.

BLUE CROSS BLUE SHIELD
OF MICHIGAN,

      Defendant.

Case No. 2:23-cv-12023

Hon. David M. Lawson

Hon. Mag. Elizabeth A. Stafford

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
340 Beakes Street, Suite 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
*Attorneys for Plaintiff*

Jonathan R. Marko (P72450)
MARKO LAW, PLLC
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7529
jon@markolaw.com
*Attorneys for Plaintiff*

Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI  48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
mmoody@dickinsonwright.com
*Attorneys for Defendant*

---

## DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S RESPONSE IN OPPOSITION TO PLAINTIFF LISA DOMSKI'S EMERGENCY TRIAL MOTION TO ADMIT PLAINTIFF'S EXHIBIT 47

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION AND FACTUAL BACKGROUND ................................1

II.   LEGAL STANDARD ....................................................................................2

III.  ARGUMENT..................................................................................................3

    A.    Ms. Boverhof Cannot Lay The Foundation For Exhibit 47 Because She Was Not Timely Disclosed As A Trial Witness And Her Untimely Disclosure Was Neither Harmless Nor Substantially Justified.............3

    B.    BCBSM Object To Exhibits 47 And 55 And Any Testimony Regarding The HR Recording At Trial Because The Evidence Is Irrelevant And/Or Unfairly Prejudicial ................................................................................6

        1.    The HR Recording And Transcript Contain Only Stray Remarks By Non-Decisionmakers That Are Not Direct Evidence of Discrimination And Are Inadmissible Under FRE 402 And/Or FRE 403 ................................................................................6

        2.    The HR Recording And Transcript Are An Incomplete Snippet Of A Conversation, Making Them Untrustworthy And Lacking of Context....................................................................................12

        3.    The Conversation Captured In The HR Recording And Transcript Was Illegally Recorded By A Non-Party To The Conversation ................................................................................13

    C.    Plaintiff Failed To Seek Leave Prior To Filing Her Motion, And Therefore, It Should Be Denied ........................................................14

IV.   CONCLUSION..............................................................................................15

# INDEX OF AUTHORITIES

## Cases

*Abrams v. Nucor Steel Marion, Inc.*,
    694 Fed. Appx. 974 (6th Cir. 2017)....................................................................4

*Bieske, et. al v. Accident Fund Ins. Co.*, Case No. 1:22-cv-01088-JMB-PJG
    (W.D. Mich. Jul. 9, 2024)...........................................................................7

*Cooley v. Carmike Cinemas, Inc.*,
    25 F.3d 1325 (6th Cir. 1994) .............................................. 8, 9, 10, 11

*Curry v. SBC Communications, Inc.*,
    669 F. Supp. 2d 805 (E.D. Mich. 2009) ........................................8, 10

*Dietrich v. Sun Exploration & Prod. Co.*,
    142 F.R.D. 446 (E.D. Mich. 1992) .......................................................2

*Greenfield v. Sears, Roebuck & Co.*,
    No. 04-71086, 2006 WL 2927546 (E.D. Mich. Oct. 12, 2006) .........................11

*Howe v. City of Akron*,
    801 F.3d 718 (6th Cir. 2015) .............................................................4, 5

*Lewis v. Tackett*,
    697 F. Supp. 3d 702 (E.D. Ky. 2023) ...............................................12

*McQuade v. Michael Gassner Mechanical & Elec. Contractors, Inc.*,
    587 F. Supp. 1183 (D. Conn. 1984)...................................................13

*Nix v. O'Malley*,
    160 F.3d 343 (6th Cir. 1998) ...............................................................13

*RJ Control Consultants, Inc. v. Multiject, LLC*,
    100 F.4th 659 (6th Cir. 2024) ...............................................................3

*Roberts ex rel. Johnson v. Galen of Virginia, Inc.*,
    325 F.3d 776 (6th Cir. 2003) ...............................................................2

*Smith v. Blue Cross Blue Shield of Mich.*,
    No. 23-12064, 2024 WL 3991245 (E.D. Mich. Aug. 29, 2024) .........................7

*Sullivan v. Gray*,
  117 Mich. App. 476 (1982) ...................................................................13

*Surface v. City of Flint*,
  No. 12-15513, 2017 WL 3613967 (E.D. Mich. Aug. 23, 2017) .......................11

*United States v. Aisenberg*,
  120 F. Supp. 2d 1345 (M.D. Fla. 2000).............................................................12

*United States v. Eady*,
  648 Fed. Appx. 188 (3d Cir. 2016)...................................................................13

*Williams v. Blue Cross Blue Shield of Mich.*,
  No. 23-CV-12066, 2024 WL 1994258 (E.D. Mich. May 6, 2024 .......................7

*Worthy v. Mich. Bell. Tel. Co.*,
  472 Fed. Appx. 342 (6th Cir. 2012)...................................................................8

**Statutes**

18 U.S.C. § 2511(2)(d).......................................................................................12

**Rules**

Fed. R. Civ. P. 26(a)........................................................................................2, 3

Fed. R. Civ. P. 26(a)(3)........................................................................................3

Fed. R. Civ. P. 37(c)(1)............................................................................. iv, 1, 2, 3

Fed. R. Evid. 402 ......................................................................................... iv, 11

Fed. R. Evid. 403 ......................................................................................... iv, 11

LR 7.1.............................................................................................................v

## <u>ISSUES PRESENTED</u>

i.   Under Fed. R. Civ. P. 37(c)(1), should the Court deny Plaintiff's Emergency Motion to Admit Exhibit 47 when Plaintiff seeks to lay the foundation for the exhibit using testimony of a witness that was never disclosed to BCBSM, and the untimely disclosure of the witness is neither harmless nor substantially justified?

BCBSM Answers:          Yes.

Plaintiff Answers:          No.

This Court should Answer:   Yes.

ii.   Under Federal Rule of Evidence 402, should the Court deny Plaintiff's Emergency Motion to Admit Exhibit 47 when the exhibit is irrelevant?

BCBSM Answers:          Yes.

Plaintiff Answers:          No.

This Court should Answer:   Yes.

iii.   Under Federal Rule of Evidence 403, should the Court deny Plaintiff's Emergency Motion to Admit Exhibit 47 when the exhibit, if relevant, is unfairly prejudicial?

BCBSM Answers:          Yes.

Plaintiff Answers:          No.

This Court should Answer:   Yes.

iv

iv.   Under Local Rule 7.1 and in accordance with the Court's scheduling order, should the Court deny Plaintiff's Emergency Motion to Admit Exhibit 47 when Plaintiff never sought leave from this Court prior to filing the Motion?

   BCBSM Answers:          Yes.

   Plaintiff Answers:          No.

   This Court should Answer:  Yes.

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

### <u>*Cases*</u>

*Cooley v. Carmike Cinemas, Inc.*, 25 F.3d 1325 (6th Cir. 1994)

*Curry v. SBC Communications, Inc.*, 669 F. Supp. 2d 805 (E.D. Mich. 2009)

*Greenfield v. Sears, Roebuck & Co.*, No. 04-71086, 2006 WL 2927546, (E.D. Mich. Oct. 12, 2006)

*Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015)

*RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659 (6th Cir. 2024)

### <u>*Rules*</u>

Fed. R. Civ. P. 26(a)

Fed. R. Civ. P. 37(c)(1)

LR 7.1(a)(2)

## I.   INTRODUCTION AND FACTUAL BACKGROUND

On October 29, 2024, this Court advised the parties that it would wait until trial to consider the admissibility of certain contested evidence (including Plaintiff's Exhibit 47). Disregarding that instruction, Plaintiff filed an "emergency" Motion seeking to pre-admit Plaintiff's Exhibit 47, a contested piece of evidence. As the Court knows, Exhibit 47 purports to be a recording among members of Blue Cross Blue Shield of Michigan's ("BCBSM") Human Resources Department and Talent Acquisition Team (the "HR recording"). (*See* ECF No. 103, PageID.3094, Ex. 47). Plaintiff is now attempting to pre-admit the recording by laying a foundation through the affidavit of Kate Boverhof, the former BCBSM employee who apparently made the recording. (*See* Pl's Exhibit 1, Boverhof Affidavit). However, because Ms. Boverhof was never disclosed as a witness, and the untimely disclosure of her testimony *during trial* is neither harmless nor substantially justified, her testimony is inadmissible under Federal Rule of Civil Procedure 37(c)(1), meaning it cannot be used to lay foundation.

Moreover, even if Plaintiff *could* lay a foundation, the recording is still inadmissible because, as more fully explained in this brief, the recording: (i) contains only stray remarks by non-decision makers; (ii) is an incomplete snippet that is untrustworthy and lacks context; and (iii) was made illegally by a non-party to the communication.

Finally, Plaintiff's Motion should be denied because she failed to properly seek leave from this Court prior to filing same, thus violating this Court's Local Rules and its scheduling order.

For these reasons, Plaintiff's Emergency Motion to Admit Plaintiff's Exhibit 47 should, respectfully, be denied.

## II.    LEGAL STANDARD

Pursuant to Rule 37(c)(1), "[i]f a party fails to . . . identify a witness as required by Rule 26(a) . . . the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) requires absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (internal citation and quotations omitted).

Separately, a party must also seek leave from the Court to file a motion *in limine* after the deadline provided in the scheduling order for filing such motions. *See Dietrich v. Sun Exploration & Prod. Co.*, 142 F.R.D. 446, 448 (E.D. Mich. 1992) ("failure to follow this court's scheduling orders concerning motions *in limine* is a sufficient ground to deny [a party's] motion[]").

### III.    ARGUMENT

### A.    Ms. Boverhof Cannot Lay The Foundation For Exhibit 47 Because She Was Not Timely Disclosed As A Trial Witness And Her Untimely Disclosure Was Neither Harmless Nor Substantially Justified

Plaintiff seeks to lay the foundation for the admissibility of the HR recording by submitting an Affidavit of Kate Boverhof, BCBSM's former employee and apparent maker of the recording. *See* Pl's Ex. 1, Boverhof Affidavit. But Ms. Boverhof's testimony cannot authenticate or establish the relevance of the HR recording because Ms. Boverhof has *never* been disclosed as a witness (even given Plaintiff's repeated, late supplementations of her Rule 26(a)(3) disclosures).

Rule 37(c)(1) "bars a party from using . . . a witness to supply evidence on a motion, at hearing, or at trial, when the party fails to comply with Rule 26(a)'s requirements." *RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 668 (6th Cir. 2024). In this case, the deadline for disclosing witnesses under Rule 26(a) was August 12, 2024, more than two months ago. (*See* ECF No. 9, PageID.45). Thus, Plaintiff's eleventh-hour disclosure of Ms. Boverhof is impermissible, and the exclusion of her testimony is "automatic and mandatory unless [Plaintiff] can show that [her] nondisclosure was substantially justified or harmless." *Id*. (internal citations and quotations omitted).

In order to determine whether Plaintiff's untimely disclosure is "substantially justified" or "harmless," courts consider the *Howe* factors:

3

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015). Each of these factors demonstrate that Plaintiff's late disclose of Ms. Boverhof is not substantially justified and is prejudicial to BCBSM, and thus establish that the exclusion of Ms. Boverhof's testimony is mandatory.

First, Ms. Boverhof was not identified as a witness in Plaintiff's mandatory trial disclosures (ECF No. 27), her first and second supplemented trial disclosures (ECF Nos. 30, 36), or even in the joint final pretrial order (ECF No. 98). Put simply, Plaintiff has *never* disclosed Ms. Boverhof as a witness. Thus, it obviously came as a great "surprise" to BCBSM when Plaintiff sought to rely upon her. Even if BCBSM could have guessed that Plaintiff would employ this maneuver, that is insufficient to overcome the first *Howe* factor (i.e., surprise). *See, e.g.*, *Abrams v. Nucor Steel Marion, Inc.*, 694 Fed. Appx. 974, 982 (6th Cir. 2017) (rejecting as deficient the nonproducing party's argument that the opposing party "could easily guess . . . the substance of" tardily-disclosed evidence). Therefore, the first *Howe* factor weighs in favor of excluding Ms. Boverhof's testimony.

The second and third *Howe* factors also favor exclusion. Since Plaintiff will not and (respectfully) cannot call Ms. Boverhof to testify at trial, BCBSM cannot

cross-examine Ms. Boverhof about the content of her affidavit, meaning BCBSM cannot cure the "surprise" relative to her un-disclosed testimony. The admission of Ms. Boverhof's affidavit to lay the foundation for the HR recording will similarly disrupt the trial, as it will force BCBSM to attack the veracity of Ms. Boverhof's testimony without the benefit of cross-examining her.

Fourth, the HR recording is of no importance in this case, because, as this Court has already suggested, and as BCBSM explains below, the video is irrelevant. Fifth and finally, Plaintiff has not offered *any* explanation for its eleventh-hour disclosure of Ms. Boverhof's testimony. Plaintiff describes the recording as "a genuine smoking gun piece of evidence," yet Plaintiff failed to disclose as a witness the only individual that she proffers to lay the foundation for the recording (despite having possession of the recording for more than a year). (*See* Pl's Motion, ECF No. 105, PageID.3112). There is no excuse for this trial-by-ambush. Thus, the fifth *Howe* factor also favors exclusion.

Because Plaintiff's untimely disclosure of Ms. Boverhof's testimony is neither harmless nor substantially justified, her testimony cannot lay the foundation for the HR recording, and Plaintiff's Motion to admit the recording should, respectfully, be denied.

**B.      BCBSM Object To Exhibits 47 And 55 And Any Testimony Regarding The HR Recording At Trial Because The Evidence Is Irrelevant And/Or Unfairly Prejudicial**

This Court advised the parties that it would consider the admissibility of the HR recording (Pl's Ex. 47) at trial,[1] and BCBSM told the Court that it would raise its objections to its admission at that time. However, in light of Plaintiff's "emergency" Motion, BCBSM raises its objections as part of its response in order to apprise the Court of BCBSM's forthcoming arguments. And BCBSM will move at the proper time—during trial, as the Court instructed—to seek the exclusion of this evidence.

**1.      The HR Recording And Transcript Contain Only Stray Remarks By Non-Decisionmakers That Are Not Direct Evidence of Discrimination And Are Inadmissible Under FRE 402 And/Or FRE 403**

Plaintiff asserts that "statements in the HR Recording [are] probative of direct evidence of discrimination." (ECF No. 105, PageID.3114). In doing so, Plaintiff relies on decisions from other judges in the Eastern District of Michigan holding that certain allegations were sufficient to survive *a Rule 12(b)(6) motion*. But those decisions address pleadings, not the admissibility of evidence (meaning they do not address the substance of the recording). *See Smith v. Blue Cross Blue Shield of Mich.*,

---

[1] Exhibit 55 purports to be a transcript of the HR recording (although it contains errors). Exhibit 55 and any attempt by Plaintiff to elicit testimony regarding the HR recording are inadmissible evidence for the same reasons that the HR recording itself is inadmissible—the evidence is irrelevant and/or unfairly prejudicial.

6

No. 23-12064, 2024 WL 3991245, at *5 (E.D. Mich. Aug. 29, 2024) ("the Court finds that Plaintiff's *proposed amended complaint* sufficiently *alleges* direct evidence of disparate treatment") (emphasis added); *see also Williams v. Blue Cross Blue Shield of Mich.*, No. 23-CV-12066, 2024 WL 1994258, at *5 (E.D. Mich. May 6, 2024) ("[w]hen taken together and *accepted as true*, [the allegations against Bart Feinbaum] require the conclusion that unlawful discrimination was at least a motivating factor in [d]efendant's decision to deny [p]laintiff's accommodation request") (emphasis added).

Importantly, the *only* court (before this case) that has actually reviewed the transcript of the HR recording held that it did *not* contain evidence of direct discrimination:

> Feinbaum's statements as represented in the allegations do not rise to the level of express statements of a desire to remove employees in the protected group, nor do they reflect discriminatory animus . . . The Court notes that the transcript of the recorded meeting with Feinbaum . . . provides additional context for some of the alleged statements and possibly casts doubt on their veracity; however . . . a more nuanced assessment of the transcript and the factual accuracy of [the plaintiff's] allegations is inappropriate at the pleadings stage, absent a full evidentiary record.

*Bieske, et. al v. Accident Fund Ins. Co.*, Case No. 1:22-cv-01088-JMB-PJG, ECF No. 88, PageID.1033-34 (W.D. Mich. Jul. 9, 2024) (Beckering, J.) (internal citations and quotations omitted). For reasons unknown, Plaintiff does not bring that decision

to this Court's attention. But that decision establishes that more context is needed before the recording's relevancy—or lack thereof—can be determined, which forecloses the possibility that the recording constitutes direct evidence of discrimination. *See Curry v. SBC Communications, Inc.*, 669 F. Supp. 2d 805, 825 (E.D. Mich. 2009) (Lawson, J.) ("Evidence of discrimination is not considered direct evidence unless an improper motivation is explicitly expressed. Statements that require an inference to determine discriminatory motivation are not direct evidence.") (internal citations and quotations omitted).

Critically, a review of the stray remarks doctrine firmly establishes that the HR recording and transcript are not direct evidence of discrimination, and are, in fact, inadmissible. To determine if statements are "relevant" as "direct evidence of discrimination" or are merely "stray remarks," courts consider:

> (1) whether the remarks were made by the decisionmaker or by an agent uninvolved in the challenged decision; (2) whether the remarks were isolated or part of a pattern of biased comments; (3) whether the remarks were made close in time to the challenged decision; and (4) whether the remarks were ambiguous or clearly reflective of discriminatory bias.

*Worthy v. Mich. Bell. Tel. Co.*, 472 Fed. Appx. 342, 347 (6th Cir. 2012) (citing *Cooley v. Carmike Cinemas, Inc.*, 25 F.3d 1325, 1330 (6th Cir. 1994)). The *Cooley* factors establish that the recording and transcript contain only stray remarks by non-decisionmakers, making it properly excluded from trial.

8

First, there are two witnesses on Plaintiff's Witness List—Patricia Snyder and Bart Feinbaum—that purport to speak in the recording. (*See* Pl's Ex. 55 (HR Recording Transcript); ECF No. 98, PageID.3028 (Plaintiff's Witness List)). Neither of those individuals were decisionmakers in BCBSM's religious accommodation process.  Nor did they train the teams of interviewers that ultimately decided whether to grant or deny religious accommodations.[2] That means that Mr. Feinbaum and Ms. Snyder played no part in the decision to deny Plaintiff's religious accommodation request, and at trial, they will testify as such. Therefore, the first *Cooley* factor supports a finding that the recording constitutes "stray remarks" because it contains comments from individuals who were not decisionmakers in this case.

The recording also occurred during a meeting with BCBSM's Talent Acquisition Team—the group responsible for recruiting *new* BCBSM employees—to discuss the COVID-19 vaccine policy and accommodation process for *new hires*. There was not yet a vaccine policy for current employees at BCBSM. As Mr. Feinbaum and Ms. Snyder will testify, the religious accommodation process for

---

[2] At the time this video was taken, approximately October 12, 2021, Bart Feinbaum was going to oversee religious accommodation requests for the company's vaccine policy. However, shortly after this meeting, approximately October 27, 2021, Mr. Feinbaum transitioned to handling only medical accommodation requests and had no substantive input with regard to religious accommodation requests, including Ms. Domski.

*current* employees—which was not put in place until approximately October 31, 2021,[3] weeks after the October 12, 2021 recording—was staffed by the Human Resources Department and overseen by the Office of the General Counsel (to ensure the process was legally compliant). And while Ms. Boverhof ostensibly attests "with certainty" that "[t]he religious accommodation process for job candidates was the same as for current employees" and that "the candidate accommodation process was the dry run for the employee accommodation process," her testimony is incorrect. (*See* Pl's Ex. 1, ¶¶ 8, 11) Ms. Boverhof does not and could not have had personal knowledge of the religious accommodation process for existing BCBSM employees because she was not even a member of, or involved with the teams reviewing religious accommodation requests for current employees. Further, as the Court can tell from the recording, there is no explicit statement of discriminatory animus. *Curry*, *supra*. And Plaintiff's attempt in her Motion to isolate certain quotes from the recording only serves to highlight the ambiguity of the comments themselves. Without proper context, which Ms. Boverhof cannot provide, the comments made by Mr. Feinbaum and Ms. Snyder in the recording are (at best) "ambiguous" and "isolated," in accordance with the second and fourth *Cooley* factors.

---

[3] Mr. Feinbaum undertook a single interview for a current employee's religious accommodation request under a different process before October 31, 2021, and that accommodation request was granted.

Finally, the recording captures an alleged October 12, 2021 conversation, while the decision to deny Plaintiff's accommodation request was not made until December 2021. (*See* Pl's Ex. 55 (HR Recording Transcript); Pl's Ex. 1 (Plaintiff's Accommodation Request Denial)). Thus, under the third *Cooley* factor, the remarks made by Mr. Feinbaum and Ms. Snyder were remote in time to the "challenged decision"—Plaintiff's denial.

Because the HR recording and transcript contain no more than stray remarks by non-decisionmakers, as demonstrated by their application to the *Cooley* factors, they should be excluded from trial pursuant to Federal Rules of Evidence 402 and 403. *See Greenfield v. Sears, Roebuck & Co.*, No. 04-71086, 2006 WL 2927546, at *8 (E.D. Mich. Oct. 12, 2006) (granting motion *in limine* to exclude, under FRE 402 and 403, stray discriminatory remarks made by non-decisionmaker in age discrimination case because the remarks were "irrelevant" and would "mislead the jury as to [their] importance"); *see also Surface v. City of Flint*, No. 12-15513, 2017 WL 3613967, at *6 (E.D. Mich. Aug. 23, 2017) (excluding under FRE 403 stray remarks made by defendant in reverse discrimination case because it was remote in time and context from the employment decision at issue, and thus, its probative value was outweighed by the risk of unfair prejudice).

## 2.   The HR Recording And Transcript Are An Incomplete Snippet Of A Conversation, Making Them Untrustworthy And Lacking of Context

The HR recording and transcript both begin *in the middle of a sentence*. (*See* Pl's Ex. 55 ("--the expectations for this team because you guys are on the front lines working with leaders . . .")). A review of Exhibit 47 proves that its first two minutes have been conveniently excluded (beginning the recording at the 2:01 mark). (*See* Pl's Ex. 47). These first two minutes were never produced to BCBSM. And Plaintiff has not put forth any trial witness that was present during the HR meeting that can explain the substance of the communications before the two-minute mark.

The recording and transcript thus contain an incomplete snippet of a conversation, rendering them untrustworthy and lacking important context – both should be excluded. *See Lewis v. Tackett*, 697 F. Supp. 3d 702, 716 (E.D. Ky. 2023) (declining to consider snippet of an audio recording on summary judgment because the proffered recording was "so woefully incomplete and devoid of context as to render it untrustworthy"); *see also United States v. Aisenberg*, 120 F. Supp. 2d 1345, 1351, n.1 (M.D. Fla. 2000) ("The selective and deceptive . . . use of the contents of a recording is as improper as the receipt of only a fraction of a deposition or other writing, if meaning is dependent on completeness.").

3. **The Conversation Captured In The HR Recording And Transcript Was Illegally Recorded By A Non-Party To The Conversation**

Both Michigan and federal law permit only a party to a conversation to record that conversation without the consent of the other party. *See* 18 U.S.C. § 2511(2)(d) ("It shall not be unlawful . . . for a person . . . to intercept a wire, oral, or electronic communication where such person *is a party to the communication* or where one of the parties to the communication has given prior consent to such interception.") (emphasis added); *see also Sullivan v. Gray*, 117 Mich. App. 476, 482-83 (1982) ("[T]he statutory language [of M.C.L. 750.539(c)], on its face, unambiguously excludes participant recording from the definition of eavesdropping."). The transcript establishes that Ms. Boverhof, the recorder of the meeting, *never spoke* during the meeting. (*See* Pl's Ex. 55 ("Katie Boverhof – I was invited to the call as part of the TA team but didn't comment")). Accordingly, Ms. Boverhof was not a "party" to the recorded conversation within the meaning of the laws governing third-party recording, and her recording of the conversation without the consent of its actual participants was *illegal*. *See United States v. Eady*, 648 Fed. Appx. 188, 192 (3d Cir. 2016) ("[It] is clear that Congress intended to require *actual participation* in the conversation at issue to be considered a 'party' [under the Federal Wiretap Act].").

Because the HR recording was obtained illegally, the recording and transcript should be excluded from trial. *See Nix v. O'Malley*, 160 F.3d 343, 351 (6th Cir. 1998) (holding that public disclosure of the contents of an illegally intercepted communication is impermissible); *see also McQuade v. Michael Gassner Mechanical & Elec. Contractors, Inc.*, 587 F. Supp. 1183, 1189 (D. Conn. 1984) ("the illegality of [an] interception and recording . . . must be resolved before the court can determine whether the contents of the intercepted [] conversations or evidence derived from them should be denied admission at trial or otherwise prohibited from disclosure").

### C.   Plaintiff Failed To Seek Leave Prior To Filing Her Motion, And Therefore, It Should Be Denied

This Court made clear that a party seeking to move *in limine* after the deadline must seek leave of Court prior to doing so. *See* ECF No. 47, Ord. Dismissing Def's Mot. *in Limine* (dismissing BCBSM's motion *in limine* because it was filed after the deadline, and BCBSM never sought to enlarge that deadline). Plaintiff did not seek leave to file her Motion, which is the functional equivalent of a motion *in limine* (though it is strategically not labeled as such). Accordingly, Plaintiff's Motion should be denied for its failure to comply with this Court's procedural requirements.

## IV.   CONCLUSION

For the reasons stated herein, Plaintiff's Emergency Motion to Admit Plaintiff's Exhibit 47 should, respectfully, be denied and the Court should award any additional relief to BCBSM as it deems appropriate under the circumstances.

<div style="margin-left: 40%;">

Respectfully submitted,

DICKINSON WRIGHT PLLC

</div>

Date:  November 1, 2024

<div style="margin-left: 40%;">

/s/ *Nolan J. Moody*
Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
DICKINSON WRIGHT PLLC
123 W. Allegan St., Ste. 900
Lansing, MI 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
mmoody@dickinsonwright.com
*Attorneys for Defendant*

</div>