# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LISA DOMSKI,

      Plaintiff,

v.

BLUE CROSS BLUE SHIELD
OF MICHIGAN,

      Defendant.

Case No. 2:23-cv-12023

Hon. David M. Lawson

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
Brendan J. Childress (P85638)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., Suite 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com
Grant@hurwitzlaw.com
Brendan@hurwitzlaw.com

Jonathan R. Marko (P72450)
MARKO LAW, PLLC
*Attorneys for Plaintiff*
220 W. Congress, 4th Floor
Detroit, MI  48226
(313) 777-7529
jon@markolaw.com

Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Zachary L. Pelton (P85197)
DICKINSON WRIGHT PLLC
*Attorneys for Defendant*
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
zpelton@dickinsonwright.com

## **PLAINTIFFS' NOTICE OF LEGAL AUTHORITY REGARDING FRONT PAY DAMAGES, REINSTATEMENT, AND PLAINTIFF'S PRESENTATION OF ECONOMIC DAMAGES**

Plaintiff Lisa Domski, by and through her attorneys, Hurwitz Law PLLC and

Marko Law, PLLC, hereby submits the following Notice of Legal Authority Regarding Front Pay Damages, Reinstatement, and Plaintiff's Presentation of Economic Damages.

## BACKGROUND

This is an employment discrimination case where Plaintiff was terminated because of her religious observance, practice, and belief in violation of Title VII, 42 U.S.C. § 2000e, *et seq*., and the Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101, *et seq*.

## ARGUMENT

I. **THIS COURT ORDERING REINSTATEMENT OF PLAINTIFF TO AN EMPLOYER THAT ATTACKED HER RELIGIOUS FAITH AND ABANDONED HER AFTER 38 YEARS OF EMPLOYMENT WOULD BE INSULT ON TOP OF INJURY, TRIGGERING ADDITIONAL FEELINGS OF ABUSE AND PERPETUATING PLAINTIFF'S EMOTIONAL DISTRESS.**

Having heard Plaintiff testify that she "loved" her job in the past tense, it is certainly understandable that this Court would consider fashioning a remedy of reinstatement in lieu of front pay. However, doing so would be a disastrous mistake. This Court heard unembellished testimony of how torturous Plaintiff's upbring was and that she was able to find protection not only in her faith, but in Defendant giving her a job that helped her escape abusive familial relationships with a new professional family that would protect her for 38 years. Plaintiff's termination in January 2022 triggered new feelings of pain and abandonment. This was not merely

2

a reduction in force, but a termination for cause in which Plaintiff would be told point blank that her religious beliefs were adjudicated as fake and that a work family, in which her supervisor is her daughter's godmother, would be torn away from her. Three years later, Plaintiff has only just begun to recover emotionally, but as this Court witnessed that emotional pain was on display in the courtroom today. An order of reinstatement would be a cruel twist of fate, triggering feelings of pain and injustice that have followed Plaintiff around since she was a little girl. Frankly, it would be perceived more as a punitive measure against Plaintiff than any sort of remedial measure. And God knows that Plaintiff should be spared that additional trauma.

Plaintiff does not run from authority stating that reinstatement is presumptively the favored equitable remedy, but clearly it is not appropriate in situations where the Plaintiff has "been so damaged by the animosity that reinstatement is impracticable." *Maxfield v. Sinclair Int'l*, 766 F.2d 788, 796 (3d Cir. 1985). Moreover, reinstatement is not feasible where the evidence shows that the discrimination the plaintiff has been subjected to has resulted in intense and debilitating emotional distress. *Lewis v. Fed. Prison Indus.*, 953 F.2d 1277, 1281 (11th Cir. 1992).

The *Lewis* Court has held that future damages were appropriate because the plaintiff "emerged from an antagonistic, discriminatory work environment with an

emotional disturbance that rendered him unfit to return to that environment, within a time frame that left him only four years until the date of his mandatory retirement." *Id.* Based upon this distress, the *Lewis* Court held that the defendant's "offer of reinstatement, however sincere, became a futile gesture that did not, under the facts of the case, terminate Lewis' claim." *Id.* Similarly, the Michigan Court of Appeals in *Griffey v. Dep't of Corr.*, No. 354322, 2022 Mich. App. LEXIS 4265, at *134-36 (Ct. App. July 21, 2022), refused to reduce a jury's award of future economic damages based on testimony opining that the plaintiff was unable to perform future work based on the anguish caused by their discrimination. *See also, Armstrong v. Charlotte Cty. Bd. of Cty. Comm'rs*, 273 F. Supp. 2d 1312, 1315 (M.D. Fla. 2003) (holding that "reinstatement is not a viable remedy and that front pay should be awarded in lieu of reinstatement" where a case involves significant emotional distress caused by the defendant's discrimination). Reinstatement is likewise not an appropriate remedy here because Plaintiff was made to choose between her faith and her career. An employee terminated based on religious beliefs is supposed to receive "favored" treatment, not a cruelly ironic job reinstatement.

**II. PLAINTIFF NEED NOT RELY ON EXPERT TESTIMONY TO INTRODUCE EVIDENCE OF FUTURE ECONOMIC DAMAGES.**

Defendant grossly mischaracterizes the law for its proposition that Plaintiff is required to offer expert testimony to allow the jury to consider the amount of front

4

pay damages applicable in her case. This Court held in In *Hyldahl v. AT&T*, 642 F. Supp. 2d 707, 722 (E.D. Mich. 2009) that:

> In light of the proofs, an award of front pay was warranted. Plaintiff offered testimony regarding mitigation attempts, the anticipated date of retirement, and her inability to find employment that was similarly compensated. ***Defendant argues that Plaintiff's own testimony is insufficient to establish the propriety of front pay. Notwithstanding the fact that Plaintiff did not offer testimony from an economist, an award of front pay was proper in this circumstance. Plaintiff offered testimony concerning the factors addressed in Arban.*** In addition, the Court specifically inquired of Defendant's counsel whether Defendant was willing to reinstate Plaintiff's employment and it was not. Defendant elected to eliminate that equitable remedy, thus, leaving front pay as the reasonable alternative. Consequently, the Court submitted the question of front pay to the jury for an advisory verdict. *Id.* (emphasis added).

Similarly, this Court held in *Varlesi v Wayne State Univ*, 2014 U.S. Dist. LEXIS 85328, at *9 (ED Mich, June 24, 2014) that:

> After proofs were presented at trial, the Court allowed the issue of future damages to be brought to the jury. There was sufficient evidence for the jury to consider whether Plaintiff mitigated her damages. Although the Court did not allow Plaintiff to present expert testimony on the future damages issue because Plaintiff failed to disclose and designate an expert on this issue as required under Rule 26, the Court took judicial notice of the Bureau of Labor Statistics presented by Plaintiff. Courts have taken judicial notice of the publications of the Bureau of Labor Statistics of the U.S. Department of Labor. *See, Pierce v. New York Cent. R. Co., 304 F.Supp. 44, 45-46 (D.C. Mich. 1969)*. The Court finds it did not abuse its discretion in allowing the jury to consider the future damages issue. *Id.*

Thus, according to the Court holdings in *Hyldahl* and *Varlesi*, an expert economist testimony is not necessary to submit the issue of front pay damages to the

jury. As long as the plaintiff offers testimony that touches on the factors enumerated in *Arban*, there is sufficient evidence for the jury to determine this question of fact. Here, Plaintiff has done so because she testified that she has attempted to mitigate her damages by applying for and obtaining subsequent employment. Plaintiff also testified to her own work expectancy, the viability of alternative employment opportunities, and testified that her goal was to maintain her position with Defendant until retirement age. Plaintiff will testify regarding front pay damages sought in this case, with the requisite supporting sources and/or reliability to remove the damages sought from the realm of mere speculation. Such testimony offers proof that has been held to be sufficient to present a question of fact regarding front pay damages, leaving the precise amount of damages to the jury's determination.

Finally, any issues that Defendant raises with respect to the Plaintiff's mitigation efforts are reserved for the jury. Michigan Courts have been near-universal in holding that whether a plaintiff has unreasonably failed to mitigate their damages is a question of fact, not appropriately determined by the Court. The Michigan Supreme Court in *Rasheed v Chrysler Corp*, 445 Mich 109, 124; 517 NW2d 19 (1994) held that "***the question whether an employee was reasonable in not seeking or accepting particular employment is one to be decided by the trier of fact***." *Id.* (citing *Higgins v Kenneth R Lawrence*, DPM, PC, 107 Mich App 178, 181; 309 NW2d 194 (1981); *Riethmiller v Blue Cross & Blue Shield of Michigan*, 151

Mich App 188, 194-95; 390 NW2d 227 (1986); *Jenkins v Southeastern Michigan Chapter American Red Cross*, 141 Mich App 785, 797; 369 NW2d 223 (1985)). Moreover, the *Rasheed* Court held that "the failure of a discharged employee to mitigate damages, whether by seeking other employment or by rejecting an unconditional reinstatement offer, is an affirmative defense to be established by the employer." *Id*. (citing *Higgins*, 107 Mich App at 194-95). This Court has recognized in *Gorski* that even though a plaintiff has submitted sufficient evidence to permit the question of front pay damages to go to the jury:

> Nothing prohibits Defendant from arguing to the jury that Plaintiff is not entitled to such an award.
>
> In addition, Defendant asks the Court to determine what the appropriate duration of a front pay award is. It is not the obligation of the court, in a jury trial, to determine the duration of front pay damages. The jury determines the amount of the award. The primary cases relied on by Defendant where the court made the determination of the duration of front pay were bench trials, where the court was required to determine a duration. Nothing precludes Defendant from seeking remittitur if the jury awards an amount of front pay damages Defendant believes is unreasonable. *Id*. at *5-6 (internal citations omitted).

In sum, Plaintiff has offered sufficient evidence in the form of her own testimony to meet the initial threshold showings that reinstatement is not a feasible remedy in this case, and that, under the factors adopted by the Sixth Circuit, there is proof for the jury to determine the amount of front pay damages applicable in this case as a question of fact.

7

### III. DEFENDANT'S OBJECTIONS RELATED TO FRONT PAY ARE UNTIMELY AS THEY SHOULD HAVE BEEN BROUGHT IN A MOTION FOR SUMMARY JUDGMENT AND PRESENT A QUESTION OF FACT FOR THE JURY.

Defendant's objections to Plaintiff's claim for front pay damages are not timely raised and should have been the subject of a motion for summary judgment. The Federal Rules of Civil Procedure provide the mechanism for seeking summary judgment of affirmative defenses. Pursuant to Fed. R. Civ. P. 56(a):

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

The Sixth Circuit Court in *Louzon v. Ford Motor Co,* 718 F3d 556, 561 (6th Cir. 2013) held that filing summary judgment motions in the form of a *motion in limine* is impermissible. Specifically, the Court held that:

> A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). "Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of material fact, a motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990). In other words, the motion in limine is an evidentiary device that "provides a useful adjunct to other devices for truncating the trial such as motions for summary judgment." 21 CHARLES ALAN WRIGHT & KENNETH W. GRAHAM, JR., FEDERAL PRACTICE AND PROCEDURE § 5037.10 (2005).

The Supreme Court has recognized this distinction, explaining that "[i]n a civil action, the question whether a particular affirmative defense is sufficiently supported by testimony to go to the jury may often be resolved on a motion for summary judgment, but of course motions for summary judgment are creatures of civil, not criminal, trials." *United States v. Bailey*, 444 U.S. 394, 412 n.9, 100 S. Ct. 624, 62 L. Ed. 2d 575 (1980).

In other words, a mechanism already exists in civil actions to resolve non-evidentiary matters prior to trial—the summary-judgment motion. ***Allowing a party to litigate matters that have been or should have been resolved at an earlier stage not only allows those dissatisfied with the court's initial ruling a chance to relitigate, but also deprives their opponents of the procedural protections that attach at summary judgment. Id.*** (emphasis added).

Applying the holding from *Louzon*, this Court in *Gazvoda v. Sec'y of Homeland Sec.*, No. 15-cv-14099, 2018 U.S. Dist. LEXIS 40734, at *7-9 (E.D. Mich. Mar. 13, 2018), specifically held that a motion brought to exclude the plaintiff from presenting evidence of front pay is inappropriate as a motion in limine, and is a summary judgment motion. Specifically, the *Gazvoda* Court held:

> Defendants argue, first, that "[b]ecause Plaintiff was a BPA for less than a year, has a demonstrated ability to earn a comparable salary, is currently working, and is early in his work expectancy, front pay is not appropriate as a matter of law." Mot. Preclude Front Pay at 8, ECF No. 95. Second, Defendants argue that "[e]ven if Plaintiff could establish an entitlement to front pay at trial, Plaintiff does not have sufficient evidence to support an award." *Id*.
>
> Defendants are essentially arguing that Gazvoda has identified insufficient evidence to justify an award of front pay. Defendants' requested remedy for that failure is to preclude Gazvoda from submitting any evidence supporting its claim of front pay. In other words, Defendants are seeking exactly what the Sixth Circuit forbade

9

in *Louzon*: the exclusion of an entire category of evidence based on the argument that the Plaintiff will produce insufficient evidence to support the theory. 718 F.3d at 561. Defendants' sufficiency of the evidence argument simply cannot be raised in a motion in limine.

The legal standards articulated above make clear that the propriety of a front pay award is fact-dependent. There is no per se rule governing whether to award front pay, and thus a variety of factors must be considered. *Wilson*, 83 F.3d at 756. In their motion in limine, Defendants argue consideration of those factors counsel against an award of front pay. But that argument goes to the merits of the inquiry. It is not an evidentiary issue regarding the admissibility of the underlying evidence. Defendants' argument thus begs the question: whether Gazvoda should be prevented from presenting evidence supporting a front pay claim because Gazvoda will produce insufficient evidence to prevail on that claim.

A review of Defendants' factual arguments simply underscores this conclusion. Defendants argue, first, that a front pay award is inappropriate because Gazvoda has found other full-time employment. That may be true, but the ultimate question is whether front pay is necessary to make Gazvoda whole. *Wilson*, 83 F.3d at 757. The fact that Gazvoda has found other employment is relevant to that question, but does not operate as an automatic prohibition on front pay. Defendants also argue that "[t]he length of Plaintiff's remaining work expectancy . . . makes an award of front pay damages inappropriate." Mot. Preclude Front Pay at 7. A plaintiff's work and life expectancy is undoubtedly relevant to the determination of whether front pay is appropriate, but other factors must also be considered. *Arban*, 345 F.3d at 406. Defendants have not demonstrated that evidence of front pay is inadmissible for any purpose. To the contrary, Defendants' arguments can only be resolved through an adjudication on the merits of the front pay claim. The motion in limine to preclude evidence of front pay will be denied. *Id.*

Additionally, this Court in *Gostola v. Charter Communs., LLC*, No. 13-cv-15165, 2015 U.S. Dist. LEXIS 186472, at *1-4 (E.D. Mich. Apr. 22, 2015) held that despite the defendant titling their motion to bar the plaintiff from presenting future

10

damages at trial as a "motion in limine," applying *Louzon*, the motion is properly considered one for summary judgment. The *Gostola* Court found the defendant's "motion in limine" was really a second motion for summary judgment, which is impermissible without obtaining "leave of court to file a second motion for summary judgment." *Id*. at *4 (quoting E.D. Mich. LR 7.1(b)(2)).

Finally, this Court in *Peake v. Nat'l City Bank of Mich.*, No. 05-72520, 2007 U.S. Dist. LEXIS 21596, at *6 (E.D. Mich. Mar. 27, 2007) held that:

> Plaintiffs alleging violations of Title VII are required to engage in reasonable efforts to mitigate damages by seeking employment. *Coley v. Consolidated Rail Corp.*, 561 F.Supp. 645 (E.D. Mich. 1982). ***The reasonableness of Plaintiff's efforts to obtain other employment, as it relates to mitigation damages and recovery of back and front pay, is not properly before the Court on a Motion in Limine and is a question of fact to be determined by the jury***. Defendant's Motion in Limine to Bar Any Claim for Back Pay and/or Front Pay Damages After January 3, 2006 is DENIED. *Id.* (emphasis added).

Instead of filing an appropriate motion for summary judgment pursuant to this Court's scheduling order, Defendant has waited until trial to file its Notice which seeks to bar Plaintiff from presenting front pay damages to the jury at trial. Defendant is also asking this Court to issue an order, as a matter of law, precluding Plaintiff from pursuing economic damages in the form of front pay. Applying the above-cited opinions issued by this Court, Defendant's objections are a belated motion for summary judgment, impermissibly filed without leave of this Court. If this Court were to grant the relief sought by Defendant, a substantial portion of

11

Plaintiff's damages in this case would be precluded from appropriate and lawful recovery. Defendant's objection is being used as a tool to largely dismiss wholesale Plaintiff's case-in-chief just before the jury begins to deliberate. For this reason alone, Defendant's objections should be denied because they are untimely and improvidently filed.

### IV.     THE DETERMINATION OF FRONT PAY DAMAGES IS RESERVED FOR THE JURY, NOT THE COURT.

The issue of whether Plaintiff is entitled to front pay damages is a question of fact reserved for the jury. Under Michigan law, the Court has held that it is an abuse of discretion, warranting a new trial, for a trial court to deny a plaintiff from presenting future damages to the jury, where it is undisputed that the defendant made no unconditional offer of reinstatement. *Shawen-Worde v Alarm*, 1996 Mich. App. LEXIS 1311, at *16-18 (Ct App, Aug. 2, 1996). The *Shawen-Worde* Court held that:

> Next, plaintiff argues that the trial court abused its discretion in prohibiting evidence of future damages. We agree.
>
> The trial court would not allow plaintiff to present expert testimony regarding the amount of future damages resulting from defendant's discrimination. Plaintiff had an expert witness who was going to testify regarding how the discharge affected plaintiff's future earnings even if she was able to obtain a new position at comparable pay and that plaintiff still had future damages as a result of the break in employment. The trial court ultimately ruled that plaintiff could not request future damages because she was young and had good prospects for other employment, even though reinstatement was not a feasible remedy.

12

> Front pay is a monetary award that compensates victims of discrimination for lost employment extending beyond the date of the remedial order. Front pay refers to that part of an award that accrues after a decision is rendered. *Rasheed*, *supra*, p 117, n 8, citing 2 Larson, Employment Discrimination, § 55.39, p 11-96.1. **In this case, there was no unconditional offer of reinstatement by defendant. When the remedy of reinstatement is not appropriate, as here, front pay is an appropriate monetary award**. *Rasheed*, *supra*, p 133, n 42, citing 2 Larson, Employment Discrimination, § 55.39, p 11-96.121. Thus, the trial court's reliance on *Riethmiller v Blue Cross & Blue Shield of Michigan*, 151 Mich App 188; 390 NW2d 227 (1986) in denying plaintiff's request for front pay is misplaced **because this Court in *Riethmiller* held only that future damages should not be available in cases where reinstatement was an appropriate remedy.** *Id*., p 201.
>
> In the present case, because reinstatement was not a possible remedy, **the trial court should have permitted the jury to consider the issue of front pay**. In addition, the jury will have to be instructed on plaintiff's mitigation of her damages, therefore, no windfall will occur. *Rasheed*, *supra*, pp 123-124. **Accordingly, on retrial, plaintiff should be permitted to offer evidence regarding her claim for front pay**. *Id.* (emphasis added).

It is undisputed here that Defendant tendered no unconditional offer of reinstatement to Plaintiff, nor does Defendant contend that reinstatement is an appropriate remedy. Thus, as held by the *Shawen-Worde* Court, the question of front pay is most appropriately reserved for the jury.

Further, as held in *Landin v Healthsource Saginaw, Inc*, 305 Mich App 519, 537 (2014):

> "Front pay" is defined as "a monetary award that compensates victims of discrimination for lost employment extending beyond the date of the

13

remedial order." *Rasheed v Chrysler Corp*, 445 Mich 109, 117 n 8; 517 NW2d 19 (1994) (quotation marks and citation omitted). By extension, such pay would compensate victims of unlawful termination for lost employment extending beyond the date of a remedial order. Defendant primarily cites *Riethmiller v Blue Cross and Blue Shield of Michigan*, 151 Mich App 188; 390 NW2d 227 (1986), in support of the proposition that front pay issues are not submissible to the jury and, we presume, our Supreme Court's statement in that case that "the trial court should have discretion in deciding, based on circumstances of each case, whether to award future damages." *Id*. at 201. ***This is not, however, a proclamation that whether front pay is to be awarded is an issue of law for the trial court to decide.*** The *Riethmiller* Court was reviewing decisions made by the trial court *in a bench trial* and the issue whether such damages were awardable *at all*, as opposed to a defendant's remedy being limited simply to reinstatement. *Id*. 537-38. (emphasis added).

Finally, the Michigan Civil Jury Instructions, M Civ 105.41, specifically provide an instruction to guide a jury in calculating the amount of future damages it awards to a plaintiff, confirming that Michigan law permits a jury to determine the issue of future damages. In sum, because the parties do not dispute that Defendant did not make an unconditional offer of reinstatement and failed to timely raise whether Plaintiff is entitled to front pay damages, under Michigan law, the issue of future damages is reserved to the trier of fact.

The Sixth Circuit has held that the following non-exhaustive factors are relevant to the Court's determination of the propriety of a front pay award:

> (1) [T]he employee's future in the position from which she was terminated; (2) her work and life expectancy; (3) her obligation to mitigate her damages; (4) the availability of comparable employment opportunities and the time reasonably required to find substitute employment; (5) the discount tables to determine the present value of

future damages; and (6) other factors that are pertinent in prospective damage awards. Further, [w]hen a district court determines that front pay is appropriate because reinstatement is inappropriate or infeasible, the court must make its award of front pay reasonably specific as to duration and amount, and the amount of a front pay award must be reduced to present value.

*Madden v. Chattanooga City Wide Serv. Dept.*, 549 F.3d 666, 679 (6th Cir. 2008).

                                    Respectfully submitted,

                                    HURWITZ LAW PLLC

                                    */s/ Noah S. Hurwitz*
                                    Noah S. Hurwitz (P74063)
                                    Grant M. Vlahopoulos (P85633)
                                    Brendan J. Childress (P85638)
                                    HURWITZ LAW PLLC
Dated: November 6, 2024           *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 6, 2024, the foregoing document was served upon Defendant's counsel-of-record via ECF.

<em>/s/ Noah S. Hurwitz</em><br>Noah S. Hurwitz (P74063)