UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA DOMSKI,

          Plaintiff,

v.

BLUE CROSS BLUE SHIELD
OF MICHIGAN,

          Defendant.

Case No. 2:23-cv-12023

Hon. David M. Lawson

Hon. Mag. Elizabeth A. Stafford

---

| | |
|---|---|
| Noah S. Hurwitz (P74063) | Scott R. Knapp (P61041) |
| HURWITZ LAW PLLC | Brandon C. Hubbard (P71085) |
| 340 Beakes Street, Suite 125 | Nolan J. Moody (P77959) |
| Ann Arbor, MI 48104 | Maureen J. Moody (P85032) |
| (844) 487-9489 | DICKINSON WRIGHT PLLC |
| noah@hurwitzlaw.com | 123 W. Allegan Street, Suite 900 |
| *Attorneys for Plaintiff* | Lansing, MI 48933 |
| | (517) 371-1730 |
| Jonathan R. Marko (P72450) | sknapp@dickinsonwright.com |
| MARKO LAW, PLLC | bhubbard@dickinsonwright.com |
| 220 W. Congress, Fourth Floor | nmoody@dickinsonwright.com |
| Detroit, MI 48226 | mmoody@dickinsonwright.com |
| (313) 777-7529 | *Attorneys for Defendant* |
| jon@markolaw.com | |
| *Attorneys for Plaintiff* | |

---

## DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S
## MOTION FOR REMITTITUR

Blue Cross Blue Shield of Michigan ("BCBSM"), by its attorneys Dickinson

Wright PLLC, moves for remittitur of the jury's damages award to Plaintiff Lisa Domski

(ECF No. 122). In support of its motion, BCBSM relies on the facts, law, and argument set forth in its accompanying brief, and the record made at trial.

On November 8, 2024, the Court entered an Order permitting BCBSM to file by November 17, 2024 a motion "relating to the amount of damages that should be included in the judgment." ECF No. 124, PageID.3805. BCBSM files this Motion pursuant to the Court's Order.

WHEREFORE, BCBSM respectfully requests that, as an alternative to granting a new trial, this Honorable Court enter an order: (1) granting BCBSM's Motion for Remittitur; (2) reducing the jury's verdict award commensurate with the evidence introduced at trial and the applicable statutory damages caps; and (3) awarding BCBSM any further relief this Court deems equitable and just.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By:/s/ Brandon C. Hubbard
Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com

Dated:  November 17, 2024          *Attorneys for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA DOMSKI,

      Plaintiff,

v.

BLUE CROSS BLUE SHIELD
OF MICHIGAN,

      Defendant.

Case No. 2:23-cv-12023

Hon. David M. Lawson

Hon. Mag. Elizabeth A. Stafford

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
340 Beakes Street, Suite 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
*Attorneys for Plaintiff*

Jonathan R. Marko (P72450)
MARKO LAW, PLLC
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7529
jon@markolaw.com
*Attorneys for Plaintiff*

Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
Maureen J. Moody (P85032)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
mmoody@dickinsonwright.com
*Attorneys for Defendant*

---

**DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S BRIEF IN
SUPPORT OF ITS MOTION FOR REMITTITUR**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

ISSUE PRESENTED .......................................................................................iv

MOST APPROPRIATE AUTHORITIES .............................................................v

    I.     INTRODUCTION.......................................................................1

    II.    ARGUMENT .............................................................................1

          A.    Legal Standard ...............................................................1

          B.    The Jury's Non-Economic Damages Award Is Beyond The Range Supported By Proof .........................................................1

          C.    The Jury's Front Pay Award Is Beyond The Range Supported By Proof.....................................................................................4

          D.    As A Matter Of Law, The Jury's Compensatory And Punitive Damage Awards Are Unsustainable ...........................................8

    III.   CONCLUSION .........................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Betts v. Costco Wholesale Corp.*,
 558 F.3d 461 (6th Cir. 2009) ...............................................................................1

*Cassino v. Reichhold Chemicals, Inc.*,
 817 F.2d 1347 (9th Cir.1987) ...............................................................................5

*Gilbert v. DaimlerChrysler Corp.*,
 470 Mich 749 (2004) ........................................................................................v, 9

*Gorski v. Myriad Genetics*,
 No. 06-11631, 2007 WL 2178315 (E.D. Mich. July 30, 2007)............................4

*Hubbell v. FedEx Smartpost, Inc.*,
 No. 14-13897, 2018 WL 1288988 (E.D,. Mich. Mar. 13, 2018).....................8, 9

*Hudson v. Chertoff*,
 473 F. Supp. 2d 1292 (S.D. Fla. 2007)..............................................................7, 8

*Lowe v. Walbro LLC,*
 No. 1:18-cv-12835, 2024 WL 4545961 (E.D. Mich. Oct. 22, 2024) .......... v, 3, 4

*Shull v. Dynamic Transportation, LLC*,
 No. 20-11299, 2021 WL 308137 (E.D. Mich. Jan. 29, 2021)..........................5, 6

*Stafford v. Elect. Data Sys. Corp.*,
 749 F. Supp. 781 (E.D. Mich. 1990) .....................................................................5

*Szeinbach v. Ohio State Univ.*,
 820 F.3d 814 (6th Cir. 2016) ............................................................................1, 8

*United Paperworkers Intern. Union v. Champion Intern. Corp.*,
 81 F.3d 798 (8th Cir. 1996) ......................................................................... 6, 7, 8

*Weber v. Infinity Broad. Corp.*,
 No. 02-74602, 2005 WL 3726303 (E.D. Mich. Dec. 14, 2005)................. 2, 3, 4

*Williams v. Dearborn Motors 1, LLC*,
 No. 17-12724, 2020 WL 1242821 (E.D. Mich., March 16, 2020)......................9

**Statutes**

42 U.S.C. § 1981a(b)(3)......................................................................................v, 7

42 U.S.C. § 1981a(b)(3)(D) .................................................................................7, 8

## ISSUE PRESENTED

Whether Blue Cross Blue Shield of Michigan, as an alternative to granting a new trial, is entitled to remittitur where the jury's verdict as to front pay, non-economic damages, and punitive damages exceeded applicable statutory caps, and was unsupported by the evidence introduced at trial?

|  |  |
|---|---|
| Defendant answers: | Yes. |
| Plaintiff answers: | No. |
| The Court Should Answer: | Yes. |

iv

# MOST APPROPRIATE AUTHORITIES

- 42 U.S.C. § 1981a(b)(3)

- *Gilbert v. DaimlerChrysler Corp.*, 470 Mich 749 (2004)

- *Lowe v. Walbro LLC*, No. 1:18-cv-12835, 2024 WL 4545961 (E.D. Mich. Oct. 22, 2024)

## I.   INTRODUCTION

This is a religious discrimination case brought under Title VII and Michigan's Elliott Larsen Civil Rights Act ("ELCRA"). A jury trial occurred between November 4 and November 7, 2024. The jury returned a verdict in Plaintiff Lisa Domski's ("Plaintiff") favor. The verdict included a non-economic damages award of $1 million, a front pay award of $1.3 million, and $10 million in punitive damages. The jury's awards are neither supported by the evidence presented at trial, nor within the statutory damages cap imposed by Title VII. Blue Cross Blue Shield of Michigan ("BCBSM"), thus, moves herein for remittitur.

## II.   ARGUMENT

### A.   Legal Standard

As an alternative to granting a new trial, the court may grant a remittitur when the jury's award is "(1) beyond the range supported by proof, (2) so excessive as to shock the conscience, or (3) the result of mistake." *Szeinbach v. Ohio State Univ.*, 820 F.3d 814, 820 (6th Cir. 2016).

### B.   The Jury's Non-Economic Damages Award Is Beyond The Range Supported By Proof

"[D]amages for mental and emotional distress will not be presumed, and must be proved by competent evidence." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 472-73 (6th Cir. 2009) (evidence did not support emotional distress damages where the plaintiff testified that she was "upset" because she "felt something wasn't right,"

1

that her treatment by the defendant was "a smack in the face," and that she could "only take so much"). The trial record does not contain competent evidence supporting the jury's non-economic damages award of $1,000,000.

Indeed, while "medical evidence is not necessary in order for a plaintiff to be compensated for emotional distress" (*id.*), whether the plaintiff required medical treatment is highly relevant to an award of non-economic damages. In *Weber v. Infinity Broad. Corp.*, No. 02-74602, 2005 WL 3726303 (E.D. Mich. Dec. 14, 2005), for example, the plaintiff was awarded $2,000,000 in non-economic damages "based on her testimony that she suffered emotional trauma and mental anguish as a result of being effectively barred from the career that had been her passion for 25 years." *Id.* at *6. The plaintiff testified that "her job was a major part of her identity and pride," and that "[l]osing her job and the ability to be employed elsewhere in the industry radically altered her financial situation, placing stress on her family life, and causing her to worry about losing her home." *Id.*

Notwithstanding this testimony, the court held that the "evidence and circumstances of [the] case d[id] not support an award of mental distress damages in the amount of $2,000,000" because the plaintiff's testimony was uncorroborated, and she "did not seek or require any treatment for mental or emotional distress resulting from defendants' actions, nor did she take any medication for any such distress[.]" *Id.*

2

Similarly, in *Lowe v. Walbro LLC,* No. 1:18-cv-12835, 2024 WL 4545961 (E.D. Mich. Oct. 22, 2024), the court held that the trial record did "not support the jury's damages award" of $1,300,000 for non-economic emotional distress where, despite the plaintiff's testimony that he was "disturbed, embarrassed, and saddened[]—even depressed" about losing his job, he denied seeking psychological treatment, counseling, or any medical or professional treatment. *Id.* at *9. Even though the plaintiff's distress was supported by expert witness testimony from Dr. Gerald Shiener (the same expert Plaintiff attempted to use in this case), the court held that "[i]n the end, th[e] lack of supporting evidence for the jury's award suggest[ed] an impermissible partial and punitive design." *Id.* Accordingly, the court conditionally granted the defendant's motion for a new trial because the damages exceeded the proofs. *Id.*

Similar to *Weber* and *Lowe,* Plaintiff's claims of emotional distress were supported by testimony that she found it "humiliating" and "very hard" to apply for new jobs (ECF No. 125, PageID.3865, 60: 13-17), that "[i]t felt horrible" not to be selected for positions to which she applied (*id.* at PageID.3868-69, 64: 23 – 65: 2), that she gained weight, and that she "became withdrawn, isolat[ed] [her]self, [did] not want[] to spend time with people," and felt guilty. *Id.* at PageID.3873, 68: 5-7,

16-17.[1]  But absent from the record (also like *Weber* and *Lowe*) is any evidence that Plaintiff sought or required psychological treatment, counseling, or medical care for her alleged emotional distress.

Accordingly, because Plaintiff, just like in *Weber* and *Lowe*, did not prove by competent evidence the proposition that she suffered emotional distress justifying $1,000,000, remittitur is appropriate to reduce the non-economic damages award to a sum commensurate with the proofs submitted at trial.

## C.    The Jury's Front Pay Award Is Beyond The Range Supported By Proof

A defendant may "seek[] remittitur if the jury awards an amount of front pay damages [the] [d]efendant believes is unreasonable." *Gorski v. Myriad Genetics*, No. 06-11631, 2007 WL 2178315, *2 (E.D. Mich. July 30, 2007). Here, the jury's front pay award of $1.3 million—the rough equivalent of Plaintiff's full salary from the date of her termination through her eligible retirement age—is unreasonable and unsupported by the trial record. Accordingly, it should be reduced.

The purpose of front pay is "to assist the discharged employee during the transition to new employment of equal or similar status." *Shull v. Dynamic*

---

[1] ECF No. 120, PageID.3698, 112: 7-19 (Mr. Keller reiterating that Plaintiff was withdrawn following her termination); *id.* at PageID.3724, 28, 138: 20-23, 142:20-21 (Mr. Domski reiterating that "[i]t's devastating" and "depressing" to lose a job and Plaintiff was "devastated" to lose her job); *id.* at PageID.3755-56, 169: 15 – 170: 8 (Ms. Domski reiterating that Plaintiff had trouble sleeping and was embarrassed and less motivated following her termination).

*Transportation, LLC*, No. 20-11299, 2021 WL 308137, *2 (E.D. Mich. Jan. 29,

2021), citing *Stafford v. Elect. Data Sys. Corp.*, 749 F. Supp. 781, 790 (E.D. Mich.

1990)). To that end, "an award of front pay is intended to be temporary in nature."

*Stafford*, 749 F. Supp. at 790, quoting *Cassino v. Reichhold Chemicals, Inc.*, 817

F.2d 1347 (9th Cir.1987). Further, "[i]t is clear that front pay awards, like backpay

awards, must be reduced by the amount plaintiff could earn using reasonable

mitigation efforts . . . . [T]he plaintiff's duty to mitigate must serve as a control on

front pay damage awards." *Id.*

　　For all these reasons, awarding front pay until such time as a plaintiff intends

to retire is inappropriate as it ignores the temporary nature of a front pay award and

a plaintiff's obligation to mitigate damages.

　　Here, the jury awarding Plaintiff 13 full years of front pay, until such

imaginary time when she may have retired ignores the temporary nature of front

pay.[2] *See e.g.*, *Stafford*, 749 F. Supp. at 790 (citations omitted). More importantly,

the jury award ignores the transitional purpose of front pay.  *See Shull*, 2021 WL

---

[2] At trial, Plaintiff testified that she did not have any plans to retire early. ECF
No. 125, PageID.3830, 25: 7-17; *id.* at PageID.3874, 69: 21-22 ("I would think I
would stay there until my late 60s."). However, contrary to this testimony, Plaintiff
admitted that for at least a year following her termination, she was informing
prospective employers that she was "retired" and looking for part-time work,
ostensibly because she was embarrassed. *Id.* at PageID.3895, 90: 1-25.

308137, at *2 (citations omitted). Additionally, awarding 13 years of front pay completely ignores Plaintiff's duty to mitigate.

At trial, Plaintiff testified that she was looking for part-time work. ECF No. 125, PageID.3895, 90: 1-25. Plaintiff also testified that she did not once apply for a job within the same industry as BCBSM. *Id.* at PageID.3896, 91: 13-17. Nor did Plaintiff write to a single potential employer in BCBSM's industry saying that, notwithstanding her lack of degree (a requirement of some prospective employers), she had 32 years of relevant experience. *Id.* at PageID.3896, 91: 18-25. Nor, for that matter, could Plaintiff recall a single full-time employment opportunity she actually reviewed during her job search. *Id.*, PageID.3897, 92: 16-25. Consistent with all of the above, Plaintiff is not currently working (*id.* at PageID.3874, 69: 2-3), and did not introduce at trial a single document showing that she applied for a job after March 22, 2023 through the date of trial.

Plaintiff's testimony and the documentary evidence make clear that she considers herself retired and never sought full-time employment. Plaintiff, therefore, failed to mitigate her damages, making remittitur appropriate.

In *United Paperworkers*, for example, the jury awarded the plaintiff 24 years of front pay, which compensated the plaintiff until he reached retirement. *United Paperworkers Intern. Union v. Champion Intern. Corp.*, 81 F.3d 798, 805 (8th Cir. 1996). But because an "award of front pay until retirement ignores the plaintiff's

duty to mitigate damages and the district court's corresponding obligation to estimate the financial impact of future mitigation," the front pay award could not stand. *Id.* The court ordered a new trial, expressing "grave doubt that an award of $495,000 in front pay could be upheld."

Similarly, in *Hudson v. Chertoff*, 473 F. Supp. 2d 1292, 1303 (S.D. Fla. 2007), the jury awarded the plaintiff 14 years of front pay following a trial on the plaintiff's Title VII retaliation claim. But because the plaintiff "made no effort to secure alternative employment since he was discharged," the court reduced the front pay award from 14 years, through the plaintiff's retirement date, to 18 months. *Id.* As the court noted, "front pay should be limited to what [the plaintiff] could have earned had he sought substantially equivalent employment," and "eighteen months . . . is a reasonable period in which the plaintiff could obtain alternative employment if he is diligent[.] *Id.* at 1302-03.

Here, as in *United Paperworkers,* the jury improperly awarded Plaintiff her full salary through her anticipated retirement date, thereby undermining the purpose of front pay. And similar to *Hudson*, the evidence at trial showed that Plaintiff failed to mitigate her damages by making diligent efforts to secure comparable employment. Indeed, Plaintiff stopped looking for employment entirely prior to the start of trial. Further, there is no competent evidence in the trial record that it would have taken Plaintiff 13 years to find comparable full-time employment, had she

7

diligently sought such opportunities. Thus, as in *United Paperworkers* and *Hudson*,

the jury's award of $1,300,000 in front pay—an amount that compensates Plaintiff

for full-time employment from the date of her termination until her retirement—is

unreasonable and unsupported. Remittitur is appropriate.

> **D.     As A Matter Of Law, The Jury's Compensatory And Punitive Damage Awards Are Unsustainable**

Even if the Court finds sufficient evidence in the record to support the jury's

award of non-economic and punitive damages, remittitur is still appropriate.

"42 U.S.C. § 1981a(b)(3) imposes a cap on the amount of compensatory [and

punitive] damages available in a cause of action under Title VII." *Szeinbach*, 820

F.3d at 820; *Hubbell v. FedEx Smartpost, Inc.*, No. 14-13897, 2018 WL 1288988,

\*4 (E.D. Mich. Mar. 13, 2018) ("Under Title VII, damage awards—both

compensatory and punitive—are capped . . . .") (internal quotation omitted).

For an employer such as BCBSM with more than 500 employees, the statute

provides that "[t]he sum of the amount of compensatory damages awarded under

this section for future pecuniary losses, emotional pain, suffering, inconvenience,

mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the

amount of punitive damages . . . shall not exceed . . . $300,000." 42 U.S.C.

§ 1981a(b)(3)(D). "The $300,000 limit is imposed on the sum of the compensatory

and punitive damage awards; there is no separate limit for each type of damage[]."

*Hubbell*, 2018 WL 1288988, at \*4.

8

ELCRA does not permit *any* award of punitive damages. *Gilbert v. DaimlerChrysler Corp.*, 470 Mich 749, 765 (2004) ("[T]he Civil Rights Act does not authorize punitive damages[.]"); *Hubbell*, 2018 WL 1288988, at *5 ("[P]unitive damages are not available under the ELCRA"); *Williams v. Dearborn Motors 1, LLC*, No. 17-12724, 2020 WL 1242821, *6 (E.D. Mich. Mar. 16, 2020) ("Punitive damages are not available under ELCRA.").

Thus, remittitur is appropriate to reduce the jury's compensatory and punitive damage awards to comply with the limits imposed by Title VII and ELCRA. If the Court grants BCBSM's Motion for Judgment as a Matter of Law (eliminating Plaintiff's ELCRA claim), the Court should, at a minimum, reduce the maximum combined total of Plaintiff's non-economic ($1 million) and punitive damage ($10 million) awards to $300,000. 42 U.S.C. § 1981a(b)(3)(D). If Plaintiff's ELCRA claim remains viable, the Court should, at a minimum, reduce the jury's verdict by $10 million to eliminate the punitive damages award. *Gilbert*, *supra*; *Hubbell*, *supra*; *Williams*, *supra*.

## III.  CONCLUSION

For the foregoing reasons, BCBSM respectfully requests that, as an alternative to granting a new trial, this Honorable Court enter an order: (1) granting BCBSM's Motion for Remittitur; (2) reducing the jury's verdict award commensurate with the

evidence introduced at trial and the applicable statutory caps; and (3) awarding

BCBSM any further relief this Court deems equitable and just.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By:*/s/ Brandon C. Hubbard*
Scott R. Knapp (P61041)
Brandon C. Hubbard (P71085)
Nolan J. Moody (P77959)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
sknapp@dickinsonwright.com
bhubbard@dickinsonwright.com
nmoody@dickinsonwright.com
*Attorneys for Defendant*

Dated:  November 17, 2024

10